

**Gideon Orion Oliver**
—ATTORNEY AT LAW—
He/him/his

277 Broadway, Suite 1501
New York, NY 10007

1825 Foster Avenue, Suite 1K
Brooklyn, NY 11230

Gideon@GideonLaw.com*
GideonLaw.com

**Office**: (718) 783-3682
**Signal**: (646) 263-3495
**Fax**: (646) 349-2914*

*Not for service*

October 13, 2023

**BY ECF**
Hon. Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

      Re:    <u>Adam White v. Sholem Klein, et al.,</u> 23-cv-6924(BMC)

Your Honor:

      I am co-counsel for Plaintiff Adam White in the case above. I write regarding the Court's Scheduling Order at ECF No. 5, and specifically the requirement that, in cases such as this one where the parties are required to confer pursuant to Fed.R.Civ.P. 26(f), "counsel for the parties shall confer in compliance therewith at least twenty-one (21) days prior to the scheduled conference to agree upon a proposed discovery plan." Plaintiff seeks a *nunc pro tunc* extension of time to conduct the 26(f) conference among Plaintiff and Defendants, which Plaintiff and Defendant City discussed and attempted to begin today, from yesterday until a later date after the remaining Defendants have appeared in the case. There has been no prior request for an extension of this deadline. Defendant City does not oppose this application.

      By way of background, Plaintiff served the Court's September 21, 2023 Initial Pretrial Conference order (ECF No. 5) — along with the complaint and summons — on Defendants[1] on September 26, 27, and 28. *See* ECF Nos. 9 and 10. Not having heard back about the case or scheduling the 26(f) conference by October 9, 2023, I followed up with the Law Department by e-mail also on that date, serving another copy of the Order along with a reminder that we would need to hold the 26(f) conference by October 12, 2023. On October 10, 2023, I heard back from the Law Department that the case was being assigned to an Assistant Corporation Counsel. Around 1:40 p.m. two days later, on October 12, 2023 (the date the Court ordered/the Fed.R.Civ.P. required the 26(f) to be complete), opposing counsel called me. At that time, I was on my way to sit shiva and was not available conduct the 26(f) immediately or to talk on such short notice. I offered my availability today and we were able to discuss the 26(f) conference at 4:30pm.

---

[1] In an abundance of caution, in addition to having served Defendant Barrett at One Police Plaza (*see* ECF No. 10), Plaintiff also served him at a different command on October 6, 2023. *See* ECF No. 11.

During that discussion, counsel for Defendant City stated that the Law Department does not represent the individual officer Defendants at this time, was still investigating the case and making representation decisions, and did not know when those investigations and decisions would be complete. Among other things, counsel for Defendant City asked Mr. White to execute a release covering records related to Mr. White's arrest and prosecution pursuant to New York Criminal Procedure Law Section 160.50, which he has since provided to us.[2] Additionally, counsel for Defendant City stated Defendant City would be making an application asking the Court to extend the time for the City and the individual officer Defendants to answer to December 18, 2023, and to move the initial pretrial conference date, by Monday, October 16, 2023.[3]

Beyond that, neither I nor the Law Department have not heard anything from any lawyer representing Defendant Sholem Klein or from Mr. Klein directly.

As it stands, therefore, the parties were not able to complete the 26(f) as directed, and Plaintiff is therefore seeking an extension, *nunc pro tunc*, of yesterday's deadline, to the extent the Court may deem appropriate under the circumstances.

Thank you for the Court's attention to these matters.

                  Respectfully submitted,

                  /S/

                  Gideon Orion Oliver

---

[2] We will provide that release as soon as possible. That said, Defendant City has long been on notice of the material facts of the case, including because the Law Department represented Defendant City in an action Mr. White filed seeking pre-litigation discovery in New York State Supreme Court, *see Adam D. White v. City of New York, et al.*, 150439/2034, as well as through the extremely detailed notice of claim, testimony at the resulting hearing, and complaint filed in this case. Additionally, the Law Department waited some time after service to request the release. Nevertheless, as a practical matter, it appears the Law Department has only assigned an attorney to the case recently, that attorney has represented he will pursue investigations and representation decisions diligently, and Plaintiff has not yet provided a release, which the Law Department just provided, that will assist in the Law Department's investigations and representation decisions.

[3] Plaintiff will likely not oppose such an application, noting, however, that he has a strong interest in having all parties enter appearances, represented by counsel, as soon as is reasonably possible, including in order to conduct the 26(f) conference, and to begin discovery, all of which could take place if the Court grants Defendant City's proposed application (as Plaintiff understands it).