

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | JOSEPH M. HIRAOKA, JR<br>*Senior Counsel*<br>jhiraoka@law.nyc.gov<br>Phone: (212) 356-241<br>Fax: (212) 356-114 |

October 16, 2023

**BY ECF**
Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: <u>Adam White v. The City of New York, et al.</u>, 23 CV 6924 (BMC)

Your Honor:

      I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to the defense of the above-referenced matter on behalf of defendant City of New York. I write to respectfully request an enlargement of time from October 17, 2023 until December 18, 2023 within which defendant City of New York may answer or otherwise respond to the complaint, and an adjournment of the initial conference scheduled for November 2, 2023 until after the pleadings have been joined. Consistent with ECF 12 at note 3, Plaintiff takes no position on Defendant City's application beyond noting Plaintiff's interest in having all parties enter appearances, including to conduct the 26(f) conference and to begin discovery, reasonably promptly. This is the first request for an enlargement of time and an adjournment of the initial conference by the City of New York.

      Plaintiff alleges, *inter alia*, that he was falsely arrested by members of the New York City Police Department. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations set forth in the complaint. Furthermore, it is our understanding that the arrest related records of the underlying matter, including police records, may have been sealed pursuant to New York Criminal Procedure Law § 160.50. Defendant has not received an executed consent and authorization for the release of sealed arrest records. However, I have spoken with plaintiff's attorney, Gideon Oliver, Esq., on October 13, and he has advised that the executed § 160.50 release will be provided as soon as possible. Once defendant City receives the release, we can access the information, evaluate the claims in the complaint, and properly respond to the allegations therein.

In addition to the City of New York, plaintiff names Sergeant Barrett, Sergeant Klenke, Officer Ali, Officer Kaur, Officer Phillips, Officer Rebolledocortes, and Officer Ullah as defendants. A decision concerning this Office's representation of these officers has not yet been made, and accordingly, this request for an extension of time is not made on their behalf. However, given the time involved in determining the representation of a police officer, and in the interest of judicial economy, we would hope that the Court may, *sua sponte*, extend the time to answer on behalf of these officers to December 18, 2023.

Pursuant to Section 50-k of the New York General Municipal Law, this Office must determine, based on our investigation and a review of the case, whether we may represent these officers, and they must then decide whether they wish to be represented by this Office. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). If so, we must obtain their written authorizations. Only after this procedure has been followed can we determine how to proceed in this case.

In view of the foregoing, it is respectfully requested that the Court grant the within requests. Thank you for your consideration herein.

Respectfully submitted,

/s/

Joseph M. Hiraoka, Jr.
Senior Counsel
Special Federal Litigation Division

cc:   Gideon Oliver, Esq. (by ECF)