UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------x

ADAMW HITE,

                                      Plaintiff,

                 -against-

CITY OF NEW YORK, ET AL.,

                                    Defendants.

-------------------------------------------------------------------------------x

**STIPULATION AND
ORDER OF
CONFIDENTIALITY**

23-cv-6924 (BMC)

        **WHEREAS**, the parties intend to produce certain documents pursuant to Rule 26 of the Federal Rules of Civil Procedure that they deem to be confidential or otherwise inappropriate for public disclosure; and

        **WHEREAS**, the parties seek to ensure that the confidentiality of these documents and information remain protected; and

        **WHEREAS,** good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the attorneys for plaintiff and defendants, as follows:

        1.      As used herein, "Action" shall mean the pending action captioned White v. Klein et al., 23-cv-6924 (BMC).

        2.      "Confidential Materials" shall mean any portion of documents that contains nonpublic business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others,

including but not limited to: (a) home addresses, non-business phone numbers, or personal e-mail addresses contained in New York City Police Department ("NYPD") records; (b) plaintiffs' and witness' medical records; and (c) records related to sealed arrests that were not related to the incident(s) underlying the Complaint in the Action. Documents shall not be designated "Confidential Materials" to the extent that they relate to the incident(s) underlying the Complaint or are otherwise publicly available. Where the confidential portion is reasonably separable from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated. For purposes of the protective order, otherwise publicly available shall include documents currently available to the public and those potentially available to the public under New York's Freedom of Information Law.

3.      As used herein, "Producing Party" shall mean the party requesting that a particular document or the information contained therein be deemed confidential, and "Receiving Party" shall mean any party in the Actions who is not the "Producing Party," as defined herein, for that document or information.

4.      A Receiving Party and that party's attorneys shall not use Confidential Materials produced in discovery in the Actions for any purpose other than the evaluation, preparation, presentation or settlement of claims or defenses in the Action.

5.      A Receiving Party shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

a.      Disclosure may be made for the purpose of preparing or presenting a party's claims or defenses in the Action.

b.      Disclosure may also be made to an expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for trial of the Action, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court.

c.      Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), the Receiving Party's attorney shall provide each such person with a copy of this Stipulation and Order of Confidentiality, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense, or settlement of the Action and not to make further disclosure of the Confidential Materials, except in testimony taken in the Action. The attorneys for a Receiving Party shall retain the signed consent and furnish a copy to the Producing Party's attorney upon request at a deposition or immediately before trial, although the name of an expert that the Receiving Party does not intend to call as a trial witness may be redacted from such a consent before it is produced.

6.      The Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the

transcript will be responsible for marking the relevant portions of copies of the designated transcript in their possession or under their control as directed by the Producing Party or that party's counsel.

7.      If a Receiving Party objects to the designation of any Confidential Materials as confidential, the Receiving Party shall state such objection in writing to the Producing Party, and counsel shall in good faith attempt to resolve such conflict.  If the conflict cannot be resolved among counsel, the Receiving Party's attorneys may request that the Court remove the designation. Any such materials or information shall be treated as Confidential until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

8.      Any party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall indicate whether any other party objects to that request.  No materials shall be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal.

9.      Nothing in this Stipulation shall be construed to limit a Producing Party's use of its own Confidential Materials in any manner, or to limit the use of Confidential Materials or their contents to the extent that they are publicly available or have been provided to a party through other lawful means, such as a public records request.

10.      This Stipulation shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

11.      This Stipulation will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed.

- 5 -

All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time.  Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by the Receiving Party for any purpose without prior Court approval.

12.     The Court will retain jurisdiction over all persons subject to this Stipulation to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.  Additionally, the Court reserves the right, in its sole discretion, to modify this Stipulation and Order of Confidentiality at any time.

**[SIGNATURES ON FOLLOWING PAGE]**

Dated: _____, 2023
      New York, NY

GIDEON OLIVER

HON. SYLVIA O. HINDS-RADIX

Attorney at Law

Corporation Counsel of the City of New York

*Attorney for Plaintiff*

*Attorney for Defendants City and all NYPD*

277 Broadway

*Member Defendants*

Suite 1501

100 Church Street

New York, NY 10007

New York, NY 10007

By: _____

By: _____

     GIDEON OLIVER

     JOSEPH HIRAOKA

HECTOR M. ROMAN
Law Office of Hector M. Roman, P.C.
*Attorney for Defendant Sholem Klein*
108-14 Jamaica Avenue
Richmond Hill, NY 11418

By: _____
     HECTOR M. ROMAN

SO ORDERED:

_____

THE HONORABLE BRIAN M. COGAN
UNITED STATES MAGISTRATE JUDGE

DATED: _____

<u>EXHIBIT A</u>

The undersigned hereby acknowledges that they have read the Stipulation and Order of Confidentiality entered in the United States District Court for the Eastern District of New York dated _____, 2023, in the action entitled <u>White v. Klein</u>, 23-cv-6924 (BMC), and understand the terms thereof.  The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____          _____

Date                                                                         Signature

_____

Print Name