UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ADAM D. WHITE,

                             Plaintiff,

                -against-

SHOLEM KLEIN, THE CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT
("NYPD") SERGEANT LEIGHTON BARRETT,
NYPD SERGEANT KURT KLENKE, NYPD
OFFICER AHMED ALI, NYPD OFFICER
PALAKPREET KAUR, NYPD OFFICER ADAM
PHILLIPS, NYPD OFFICER CARLOS
REBOLLEDOCORTES, and NYPD OFFICER
IKRAM ULLAH,

                        Defendants.

------------------------------------------------------------------------x

**DEFENDANTS CITY, BARRETT, KLENKE, ALI, KAUR, PHILLIPS, REBOLLEDOCORTES AND ULLAH'S ANSWER TO THE COMPLAINT**

**23-CV-06924 (BMC)**

Jury Trial Demanded

        Defendants City of New York, Barrett, Klenke, Ali, Kaur, Phillips, Rebolledocortes, and Ullah ("City Defendants") by their attorney, **SYLVIA O. HINDS-RADIX**, Corporation Counsel of the City of New York, for their answer to the Complaint, dated September 19, 2023, respectfully allege as follows:

        1.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Complaint.

        2.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the Complaint.

        3.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint.

        4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint, except admit that plaintiff removed the black piece of plastic from defendant Klein's vehicle, and that members from the 78th Precinct arrived.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint, except deny that defendant Klein provided police with false information about plaintiff's conduct.

7.      Deny the allegations set forth in paragraph "7" of the Complaint, except admit that plaintiff showed photographs to officers who arrived.

8.      Deny the allegations set forth in paragraph "8" of the Complaint.

9.      Deny the allegations set forth in paragraph "9" of the Complaint, except admit that the police held plaintiff before releasing him with a DAT for Criminal Mischief P.L. 145.00 01.

10.      Deny the allegations set forth in paragraph "10" of the Complaint, except deny knowledge or information sufficient to form a belief as to what defendant Klein told the District Attorney of Kings County.

11.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12.      Deny the allegations set forth in paragraph "12" of the Complaint.

13.      Deny the allegations set forth in paragraph "13" of the Complaint, except admit that plaintiff purports to proceed as stated herein.

14.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16.     Deny the allegations set forth in paragraph "16" of the Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York and City of New York and maintains its  police department consistent with all applicable laws and rules, and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City and the New York City Police Department.

17.     Deny the allegations set forth in paragraph "17" of the Complaint, except admit that defendant Barrett was employed by the City of New York as a member of the Police Department on November 11, 2022.

18.     Deny the allegations set forth in paragraph "18" of the Complaint, except admit that defendant Klenke was employed by the City of New York as a member of the Police Department on November 11, 2022.

19.     Deny the allegations set forth in paragraph "19" of the Complaint, except admit that defendant Ali was employed by the City of New York as a member of the Police Department on November 11, 2022.

20.     Deny the allegations set forth in paragraph "20" of the Complaint, except admit that defendant Kaur was employed by the City of New York as a member of the Police Department on November 11, 2022.

21.     Deny the allegations set forth in paragraph "21" of the Complaint, except admit that defendant Phillips was employed by the City of New York as a member of the Police Department on November 11, 2022.

22.     Deny the allegations set forth in paragraph "22" of the Complaint, except admit that defendant Rebolledocortes was employed by the City of New York as a member of the Police Department on November 11, 2022.

23.     Deny the allegations set forth in paragraph "23" of the Complaint, except admit that defendant Ullah was employed by the City of New York as a member of the Police Department on November 11, 2022.

24.     Deny the allegations set forth in paragraph "24" of the Complaint, except admit that defendants Barrett, Klenke, Ali, Kaur, Phillips, Rebolledocortes, and Ullah were employed by the City of New York as members of the Police Department on November 11, 2022.

25.     Deny the allegations set forth in paragraph "25" of the Complaint, and states that the allegations pertaining to "color of state law" are legal conclusions to which no response is required.

26. Deny the allegations set forth in paragraph "26" of the Complaint, except admit that defendants Barrett, Klenke, Ali, Kaur, Phillips, Rebolledocortes, and Ullah were employed by the City of New York as members of the Police Department on November 11, 2022 and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City and the New York City Police Department.

27.     Deny the allegations set forth in paragraph "27" of the Complaint.

28.     Deny the allegations set forth in paragraph "28" of the Complaint.

29.     Deny the allegations set forth in paragraph "29" of the Complaint.

30.     Deny the allegations set forth in paragraph "30" of the Complaint.

31. Paragraph "31" of the Complaint does not contain an averment of fact to which a response is required.

32.     Deny the allegations set forth in paragraph "32" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

33.     Deny the allegations set forth in paragraph "33" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

34.      Deny the allegations set forth in paragraph "34" of the Complaint, except admit that plaintiff purports to base venue as stated therein.

35.     Deny the allegations set forth in paragraph "35" of the Complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about February 9, 2023.

36.     Deny the allegations set forth in paragraph "36" of the Complaint, except admit that plaintiff provided testimony on or about May 25, 2023.

37.      Deny the allegations set forth in paragraph "37" of the Complaint, except admit that to date, this matter has not been resolved.

38.     Deny the allegations set forth in paragraph "38" of the Complaint  except admit that this action was commenced on or about  September 19, 2023.

39.     The allegations set forth in paragraph "39" of the Complaint are conclusions of law to which no response is required.

40.     The allegations set forth in paragraph "40" of the Complaint are conclusions of law to which no response is required.

41.     The allegations set forth in paragraph "41" of the Complaint are conclusions of law to which no response is required.

42.     The allegations set forth in paragraph "42" of the Complaint are conclusions of law to which no response is required.

43.     In response to the allegations set forth in paragraph "43" of the Complaint, defendants respectfully refer the Court to the cited statute for its full and accurate content and context therein.

44.     Deny the allegations set forth in paragraph "44" of the Complaint and respectfully refer the Court to the cited press release for its full and accurate content and context therein.

45.     Deny the allegations set forth in paragraph "45" of the Complaint and respectfully refer the Court to the cited press release for its full and accurate content and context therein.

46. Deny the allegations set forth in paragraph "46" of the Complaint and respectfully refer the Court to the cited press release for its full and accurate content and context therein.

47.     Deny the allegations set forth in paragraph "47" of the Complaint and respectfully refer the Court to the cited press release for its full and accurate content and context therein.

48.     Deny the allegations set forth in paragraph "48" of the Complaint and respectfully refer the Court to the cited press release for its full and accurate content and context therein.

49.     Deny the allegations set forth in paragraph "49" of the Complaint.

50.     Deny the allegations set forth in paragraph "50" of the Complaint.

51.     Deny the allegations set forth in paragraph "51" of the Complaint and respectfully refer the Court to the cited press release for its full and accurate content and context therein.

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the Complaint.

53.     Deny the allegations set forth in paragraph "53" of the Complaint and respectfully refer the Court to the cited link for its full and accurate content and context therein.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Complaint.

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Complaint.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the Complaint.

57.     Deny the allegations set forth in paragraph "57" of the Complaint.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the Complaint.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the Complaint.

60.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the Complaint.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the Complaint.

62.     Deny the allegations set forth in paragraph "62" of the Complaint and respectfully refer the Court to the cited press article for its full and accurate content and context therein.

63.     Deny the allegations set forth in paragraph "63" of the Complaint and respectfully refer the Court to the cited link for its full and accurate content and context therein.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the Complaint.

65.     Deny the allegations set forth in paragraph "65" of the Complaint and respectfully refer the Court to the cited press release for its full and accurate content and context therein.

66.     Deny the allegations set forth in paragraph "66" of the Complaint and respectfully refer the Court to the cited press release and case for their full and accurate content and context therein.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the Complaint, and respectfully refer the Court to the cited case for its full and accurate content and context therein.

68.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the Complaint.

69.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the Complaint.

70.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of the Complaint.

71.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" of the Complaint.

72.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the Complaint.

73.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73" of the Complaint.

74.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the Complaint.

75.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "75" of the Complaint.

76.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "76" of the Complaint.

77.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" of the Complaint.

78.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the Complaint, except admit that plaintiff removed the black piece of plastic from defendant Klein's vehicle.

79.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "79" of the Complaint.

80.     Deny the allegations set forth in paragraph "80" of the Complaint.

81.     Deny the allegations set forth in paragraph "81" of the Complaint.

82.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "82" of the Complaint.

83.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "83" of the Complaint.

84.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "84" of the Complaint.

85.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "85" of the Complaint, except admit that plaintiff was at the scene when NYPD officers arrived.

86.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "86" of the Complaint.

87.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "87" of the Complaint.

88.     Deny the allegations set forth in paragraph "88" of the Complaint, except admit that defendants Ali, Phillips, and Kaur arrived at the scene.

89.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "89" of the Complaint, except admit that defendant Klein held a piece of plastic at the scene.

90.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "90" of the Complaint, except admit that NYPD officers spoke to plaintiff and defendant Klein.

91.     Deny the allegations set forth in paragraph "91" of the Complaint.

92.     Deny the allegations set forth in paragraph "92" of the Complaint.

93.     Deny the allegations set forth in paragraph "93" of the Complaint, except admit that plaintiff stated he removed the piece of plastic from defendant Klein's vehicle.

94.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "94" of the Complaint, except admit that plaintiff showed pictures to NYPD officers at the scene.

95.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "95" of the Complaint.

96.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "96" of the Complaint, except admit that defendant Barrett arrived at the scene at some point.

97.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "97" of the Complaint, except admit that defendant Barrett was the highest ranking member among the defendant NYPD officers who arrived at the scene.

98.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "98" of the Complaint.

99.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "99" of the Complaint.

100.    Deny the allegations set forth in paragraph "100" of the Complaint.

101.    Deny the allegations set forth in paragraph "101" of the Complaint, except admit that plaintiff showed   defendant Kaur a "before" photo.

102.    Deny the allegations set forth in paragraph "102" of the Complaint.

103.    Deny the allegations set forth in paragraph "103" of the Complaint.

104.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "104" of the Complaint.

105.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "105" of the Complaint.

106.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "106" of the Complaint.

107.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "107" of the Complaint, except admit that defendant Klein told defendant Ali that plaintiff had damaged his car and broken off a piece, and that defendant Klein saw plaintiff do the same thing two weeks ago.

108.     Admit the truth of the allegations set forth in paragraph "108" of the Complaint.

109.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "109" of the Complaint, except admit that defendant Klein told defendant Ali that he did volunteer with a precinct and works with a national council.

110.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "110" of the Complaint.

111.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "111" of the Complaint.

112.     Deny the allegations set forth in paragraph "112" of the Complaint, except admit that defendant Ali spoke with defendants Kaur and Barrett at the scene.

113.     Deny the allegations set forth in paragraph "113" of the Complaint.

114.     Deny the allegations set forth in paragraph "114" of the Complaint.

115.     Deny the allegations set forth in paragraph "115" of the Complaint.

116.     Deny the allegations set forth in paragraph "116" of the Complaint, except admit that defendant Ali stated that plaintiff broke it off while at the scene.

117.     Deny the allegations set forth in paragraph "117" of the Complaint.

118.    Deny the allegations set forth in paragraph "118" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that there were not any tools in plaintiff's backpack.

119.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "119" of the Complaint.

120.    Deny the allegations set forth in paragraph "120" of the Complaint, except admit that plaintiff was handcuffed.

121.    Deny the allegations set forth in paragraph "121" of the Complaint, except admit that plaintiff mentioned the tightness of his handcuffs.

122.    Deny the allegations set forth in paragraph "122" of the Complaint, except admit that defendant Klein was not arrested.

123.    Deny the allegations set forth in paragraph "123" of the Complaint, except admit that plaintiff was taken to the 78 Precinct by defendants Phillips and Kaur.

124.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "124" of the Complaint, except admit that plaintiff asked officers whether they were issuing defendant Klein a summons.

125.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "125" of the Complaint, except admit that one of the officers responded they were not issuing defendant Klein a summons because they had not observed the license plate being obstructed.

126.    Deny the allegations set forth in paragraph "126" of the Complaint.

127.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "127" of the Complaint, except admit that plaintiff arrived at the 78 Precinct after being arrested, and that defendant Phillips is the arresting officer.

128.    Deny the allegations set forth in paragraph "128" of the Complaint, except admit that plaintiff was charged with Criminal Mischiff P.L. 145.00 01.

129.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "129" of the Complaint, except admit that a broken piece of a plate cover that was broken and cracked was vouchered.

130.    Deny the allegations set forth in paragraph "130" of the Complaint, except admit that plaintiff was in a holding cell at the 78 Precinct before being released with a  DAT bearing Serial No. 078-00212 signed by defendants Phillips and Klenke.

131.    Admit the allegations set forth in paragraph "131" of the Complaint.

132.    Admit the allegations set forth in paragraph "132" of the Complaint.

133.    Defendants state that the allegations set forth in paragraph "133" of the Complaint is a legal conclusion requiring no response.

134.    Admit the allegations set forth in paragraph "134" of the Complaint.

135.    Deny the allegations set forth in paragraph "135" of the Complaint.

136.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "136" of the Complaint.

137.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "137" of the Complaint.

138.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "138" of the Complaint.

139.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "139" of the Complaint.

140.    Deny the allegations set forth in paragraph "140" of the Complaint.

141.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "141" of the Complaint.

142.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "142" of the Complaint.

143.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "143" of the Complaint.

144.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "144" of the Complaint.

145.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "145" of the Complaint.

146.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "146" of the Complaint.

147.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "147" of the Complaint.

148.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "148" of the Complaint.

149.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "149" of the Complaint.

150.    Deny the allegations set forth in paragraph "150" of the Complaint.

151.    In response to the allegations set forth in paragraph "151" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

152.    Deny the allegations set forth in paragraph "152" of the Complaint.

153.    Deny the allegations set forth in paragraph "153" of the Complaint.

154.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "154" of the Complaint.

155.    Deny the allegations set forth in paragraph "155" of the Complaint.

156.    Deny the allegations set forth in paragraph "156" of the Complaint.

157.    Deny the allegations set forth in paragraph "157" of the Complaint.

158.    In response to the allegations set forth in paragraph "158" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

159.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "159" of the Complaint.

160.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "160" of the Complaint.

161.    Deny the allegations set forth in paragraph "161" of the Complaint.

162.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "162" of the Complaint.

163.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "163" of the Complaint.

164.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "164" of the Complaint.

165.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "165" of the Complaint.

166.    In response to the allegations set forth in paragraph "166" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

167.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "167" of the Complaint.

168.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "168" of the Complaint.

169.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "169" of the Complaint.

170.    In response to the allegations set forth in paragraph "170" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

171.    Deny the allegations set forth in paragraph "171" of the Complaint, except admit that the defendant officers did not have a judicial warrant to arrest plaintiff.

172.    Deny the allegations set forth in paragraph "172" of the Complaint.

173.    Deny the allegations set forth in paragraph "173" of the Complaint.

174.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "174" of the Complaint.

175.    Deny the allegations set forth in paragraph "175" of the Complaint.

176.    Deny the allegations set forth in paragraph "176" of the Complaint.

177.    Deny the allegations set forth in paragraph "177" of the Complaint.

178.    In response to the allegations set forth in paragraph "178" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

179.    Deny the allegations set forth in paragraph "179" of the Complaint.

180.    Deny the allegations set forth in paragraph "180" of the Complaint.

181.    Deny the allegations set forth in paragraph "181" of the Complaint.

182.    Deny the allegations set forth in paragraph "182" of the Complaint.

183.    Deny the allegations set forth in paragraph "183" of the Complaint.

184.    Deny the allegations set forth in paragraph "184" of the Complaint.

185.    In response to the allegations set forth in paragraph "185" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

186.    Deny the allegations set forth in paragraph "186" of the Complaint.

187.    Deny the allegations set forth in paragraph "187" of the Complaint, except admit that plaintiff was charged with damaging defendant Klein's plate cover causing $10 in damages.

188.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "188" of the Complaint.

189.    Deny the allegations set forth in paragraph "189" of the Complaint.

190.    Deny the allegations set forth in paragraph "190" of the Complaint.

191.    Deny the allegations set forth in paragraph "191" of the Complaint.

192.     In response to the allegations set forth in paragraph "192" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

193.     The allegations set forth in paragraph "193" of the Complaint are legal conclusions to which no response is required.

194.     Deny the allegations set forth in paragraph "194" of the Complaint.

195.     Deny the allegations set forth in paragraph "195" of the Complaint.

196.     Deny the allegations set forth in paragraph "196" of the Complaint.

197.     Deny the allegations set forth in paragraph "197" of the Complaint.

198.     Deny the allegations set forth in paragraph "198" of the Complaint.

199.     Deny the allegations set forth in paragraph "199" of the Complaint.

200.     Deny the allegations set forth in paragraph "200" of the Complaint, including all subparts therein.

201.     Deny the allegations set forth in paragraph "201" of the Complaint.

202.     Deny the allegations set forth in paragraph "202" of the Complaint.

203.     Deny the allegations set forth in paragraph "203" of the Complaint.

204.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "204" of the Complaint.

205.     Deny the allegations set forth in paragraph "205" of the Complaint and respectfully refer the Court to the cited press release for its full and accurate content and context therein.

206.     Deny the allegations set forth in paragraph "206" of the Complaint and respectfully refer the Court to the cited tweet for its full and accurate content and context therein.

207.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "207" of the Complaint.

208.    Deny the allegations set forth in paragraph "208" of the Complaint and respectfully refer the Court to the cited tweet for its full and accurate content and context therein.

209.    Deny the allegations set forth in paragraph "209" of the Complaint and respectfully refer the Court to the cited press article for its full and accurate content and context therein.

210.    Deny the allegations set forth in paragraph "210" of the Complaint and respectfully refer the Court to the cited press article for its full and accurate content and context therein.

211.    Deny the allegations set forth in paragraph "211" of the Complaint and respectfully refer the Court to the cited press article for its full and accurate content and context therein.

212.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "212" of the Complaint.

213.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "213" of the Complaint.

214.    Deny the allegations set forth in paragraph "214" of the Complaint and respectfully refer the Court to the cited press article for its full and accurate content and context therein.

215.    Deny the allegations set forth in paragraph "215" of the Complaint and respectfully refer the Court to the cited press article for its full and accurate content and context therein.

216.    Deny the allegations set forth in paragraph "216" of the Complaint and respectfully refer the Court to the cited press article for its full and accurate content and context therein.

217.    Deny the allegations set forth in paragraph "217" of the Complaint and respectfully refer the Court to the cited press article for its full and accurate content and context therein.

218.    Deny the allegations set forth in paragraph "218" of the Complaint and respectfully refer the Court to the cited interview for its full and accurate content and context therein.

219.    Deny the allegations set forth in paragraph "219" of the Complaint and respectfully refer the Court to the cited press articles for its full and accurate content and context therein.

220.    Deny the allegations set forth in paragraph "220" of the Complaint and respectfully refer the Court to the cited press article for its full and accurate content and context therein.

221.    Deny the allegations set forth in paragraph "221" of the Complaint and respectfully refer the Court to the cited press article for its full and accurate content and context therein.

222.    Deny the allegations set forth in paragraph "222" of the Complaint and respectfully refer the Court to the cited press article for its full and accurate content and context therein.

223.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "223" of the Complaint.

224.    Deny the allegations set forth in paragraph "224" of the Complaint and respectfully refer the Court to the cited tweet for its full and accurate content and context therein.

225.    Deny the allegations set forth in paragraph "225" of the Complaint and respectfully refer the Court to the cited press article for its full and accurate content and context therein.

226.    Deny the allegations set forth in paragraph "226" of the Complaint and respectfully refer the Court to the cited press article for its full and accurate content and context therein.

227.    Deny the allegations set forth in paragraph "227" of the Complaint.

228.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "228" of the Complaint.

229.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "229" of the Complaint.

230.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "230" of the Complaint.

231.    Deny the allegations set forth in paragraph "231" of the Complaint, except admit that plaintiff filed a motion for discovery that the City opposed.

232.    Deny the allegations set forth in paragraph "232" of the Complaint and respectfully refer the Court to the cited press article for its full and accurate content and context therein.

233.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "233" of the Complaint.

234.    Deny the allegations set forth in paragraph "234" of the Complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about February 9, 2023, and that plaintiff gave testimony.

235.    Deny the allegations set forth in paragraph "235" of the Complaint and respectfully refer the Court to the cited press article for its full and accurate content and context therein.

236.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "236" of the Complaint, and respectfully refer the Court to the cited case its full and accurate content and context therein..

237.    Deny the allegations set forth in paragraph "237" of the Complaint, except admit that plaintiff purports to incorporate by reference as stated therein.

238.    Deny the allegations set forth in paragraph "238" of the Complaint.

239.    Deny the allegations set forth in paragraph "239" of the Complaint.

240.    Deny the allegations set forth in paragraph "240" of the Complaint.

241.    Deny the allegations set forth in paragraph "241" of the Complaint.

242.    Deny the allegations set forth in paragraph "242" of the Complaint.

243.    Deny the allegations set forth in paragraph "243" of the Complaint.

244.    Deny the allegations set forth in paragraph "244" of the Complaint.

245.    Deny the allegations set forth in paragraph "245" of the Complaint.

246.    Deny the allegations set forth in paragraph "246" of the Complaint.

247.    Deny the allegations set forth in paragraph "247" of the Complaint.

248.     In response to the allegations set forth in paragraph "248" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

249.     Deny the allegations set forth in paragraph "249" of the Complaint.

250.     Deny the allegations set forth in paragraph "250" of the Complaint.

251.     Deny the allegations set forth in paragraph "251" of the Complaint.

252.     Deny the allegations set forth in paragraph "252" of the Complaint.

253.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "253" of the Complaint.

254.     Deny the allegations set forth in paragraph "254" of the Complaint.

255.     Deny the allegations set forth in paragraph "255" of the Complaint.

256.     Deny the allegations set forth in paragraph "256" of the Complaint.

257.     Deny the allegations set forth in paragraph "257" of the Complaint.

258.     Deny the allegations set forth in paragraph "258" of the Complaint.

259.     Deny the allegations set forth in paragraph "259" of the Complaint.

260.     In response to the allegations set forth in paragraph "260" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

261.     Deny the allegations set forth in paragraph "261" of the Complaint.

262.     Deny the allegations set forth in paragraph "262" of the Complaint.

263.     Deny the allegations set forth in paragraph "263" of the Complaint.

264.     In response to the allegations set forth in paragraph "264" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

265.     Deny the allegations set forth in paragraph "265" of the Complaint.

266.     Deny the allegations set forth in paragraph "266" of the Complaint.

267.     Deny the allegations set forth in paragraph "267" of the Complaint.

268.     Deny the allegations set forth in paragraph "268" of the Complaint.

269.     Deny the allegations set forth in paragraph "269" of the Complaint.

270.     Deny the allegations set forth in paragraph "270" of the Complaint.

271.     Deny the allegations set forth in paragraph "271" of the Complaint.

272.     Deny the allegations set forth in paragraph "272" of the Complaint.

**FIRST AFFIRMATIVE DEFENSE:**

273.     The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

274.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable and/or the negligent conduct of others for whom the City of New York is not responsible, and was not the proximate result of any act of the City Defendants.

**THIRD AFFIRMATIVE DEFENSE:**

275.     The City Defendants did not violate any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

## FOURTH AFFIRMATIVE DEFENSE:

276.    The City Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have City Defendants violated any act of Congress providing for the protection of civil rights.

## FIFTH AFFIRMATIVE DEFENSE:

277.    To the extent any force was used, such force was reasonable, justified, and necessary to accomplish official duties and to protect the officers' own physical safety and the safety of others.

## SIXTH AFFIRMATIVE DEFENSE:

278.    Punitive damages cannot be assessed against defendant City.

## SEVENTH AFFIRMATIVE DEFENSE:

279.    Plaintiff provoked any incident.

## EIGHTH AFFIRMATIVE DEFENSE:

280.    Plaintiff may have failed to mitigate their alleged damages.

## NINTH AFFIRMATIVE DEFENSE:

281.    Plaintiff have failed to state a claim under Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

## TENTH AFFIRMATIVE DEFENSE:

282.    At all times relevant to the acts alleged in the Complaint, the City Defendants acted reasonably in the proper and lawful exercise of their discretion. Therefore, they are entitled to immunity on state law claims.

## ELEVENTH AFFIRMATIVE DEFENSE:

283.     At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability under New York common law.

## TWELFTH AFFIRMATIVE DEFENSE:

284.     Any claims arising under New York State law may be barred, in whole or in part, by reason of plaintiff's failure to comply with the requirements of the N.Y. GEN. MUN. LAW § 50-(e), (h) and/or (i).

## THIRTEENTH AFFIRMATIVE DEFENSE:

285.     Plaintiff's claims may be barred, in whole or in part, by his own contributory and comparative negligence and by assumption of risk.

## FOURTEENTH AFFIRMATIVE DEFENSE:

286.     There was probable cause for plaintiff's arrest, detention and prosecution.

**WHEREFORE,** Defendants City of New York, Barrett, Klenke, Ali, Kaur, Phillips, Rebolledocortes, and Ullah request judgment dismissing the Complaint and all cross-claims in their entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           December 18, 2023

                    SYLVIA O. HINDS-RADIX
                    Corporation Counsel of the City of New York
                    *Attorney for Defendants City of New York, Barrett,*
                    *Klenke, Ali, Kaur, Phillips, Rebolledocortes, and*
                    *Ullah*
                    100 Church Street,
                    New York, New York 10007

(212) 356-2413
jhiraoka@law.nyc.gov

By: *Joseph M. Hiraoka, Jr. s/*
      Joseph M. Hiraoka, Jr.
      Senior Counsel
      Special Federal Litigation Division

cc:    **BY ECF**
       All Counsel

No. 23-cv-06924 (BMC)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ADAM D. WHITE,

                                         Plaintiffs,

                  -against-

KLEIN, et al.,

                                     Defendants.

### ANSWER TO COMPLAINT

**SYLVIA O. HINDS-RADIX**
Corporation Counsel of the City of New York
Attorney for City Defendants
100 Church Street
New York, New York  10007-2601

Of Counsel:  Joseph M. Hiraoka, Jr.
Tel.:  212-356-2413

*Service of which is hereby acknowledged:*

...................................., N.Y.  Dated:  ...............................

Signed:  .........................................................................

Print Name: ....................................................................

Attorney for: ..................................................................