**Gideon Orion Oliver**
—ATTORNEY AT LAW—
He/him/his

277 Broadway, Suite 1501
New York, NY 10007

1825 Foster Avenue, Suite 1K
Brooklyn, NY 11230

Gideon@GideonLaw.com*
GideonLaw.com

**Office**: (718) 783-3682
**Signal**: (646) 263-3495
**Fax**: (646) 349-2914*

*Not for service*

March 12, 2024

**BY ECF**
Hon. Marcia M. Henry, United States Magistrate Judge
United State District Court, Eastern District of New York

    Re: *Adam White v. Sholem Klein, et al.*, 23-cv-06924 (RER)(MMH)

Your Honor:

    I am co-counsel for Plaintiff. This is a pre-motion conference letter as required by the Court's Individual Rules of Practice in anticipation of a motion to compel appropriate discovery and for sanctions pursuant to Fed.R.Civ.P. Rules 33(b)(4), 34(b)(2)(B) and (b)(2)(C), and 37(a)(1) and (a)(3)(B), (a)(4), and (a)(5) related to discovery responses and objections provided by those Defendants aside from Defendant Sholem Klein (collectively, the "City Defendants"). As detailed below, the parties have met and conferred, as well as exchanged correspondence, extensively on these issues, and we have reached substantial impasses.

    **Background**. As pleaded in the Complaint (ECF 1), Adam White is an attorney who specializes in representing injured bicyclists and crash victims, who also has a history of documenting and lodging complaints with Defendant City of New York about vehicles with illegally obscured or otherwise modified "ghost plates." On November 11, 2022, Defendant Sholem Klein accused Mr. White of damaging his property and gave NYPD members, including a number of the individual NYPD members who are among the City Defendants, information they knew, or should have known, was false. As a result, several of the named NYPD members falsely arrested and sought to charge Mr. White for allegedly having committed "criminal mischief" – although the prosecutor ultimately declined to press charges at all, citing a lack of evidence. *See* Complaint ¶¶ 1-150. The Complaint pleads, among others, federal civil rights claims sounding in false arrest, First Amendment retaliation, and fair trial rights violations against the Individual NYPD Defendants (Complaint ¶¶ 170-191), a substantial, related municipal liability claim against Defendant City of New York (Complaint ¶¶ 192-247).

    On February 7, 2024, Defendants served responses and objections to Plaintiff's interrogatories and document demands, a true copy of which are attached as Exhibit 1 (the "D+I Responses"), along with 56 pages of documents (including many redactions unaccompanied by a privilege log). On February 12, 2024, the City Defendants provided a partial privilege log with only two entries, a copy of which is attached as Exhibit 2. On February 13, 2024, Plaintiff's counsel asked to meet and confer as soon as possible about deficiencies in the responses and objections. On February 21, 2024 – the City Defendants' earliest availability, they said - counsel for Plaintiff and the City Defendants met and conferred about for almost an hour and a half, including extensively about the topics in this letter.

On February 23, 2024, at counsel for the City Defendants' request, Plaintiff's counsel followed up on the meet and confer in writing, to outline some of the deficiencies the parties covered. A true copy of that letter is attached as Exhibit 3. On February 28, 2024, the City Defendants responded to Plaintiff's counsel's letter. A true copy of that letter is attached as Exhibit 4. On February 5, 2024, Plaintiff responded to the City Defendants' letter. A true copy of Plaintiff's response is attached as Exhibit 5. On March 11, 2024, the City Defendants provided what they characterized as supplemental responses pertaining to one interrogatory and 19 document demands, a true copy of which are attached as Exhibit 6 (the "Supplemental Responses"), along with an additional around 100 pages of records, two audio recordings, and several videos (including many redactions unexplained by a privilege log). In a March 11, 2024 e-mail, the City Defendants say they will produce a supplemental privilege log by March 15, 2024. This pre-motion letter, focusing on just a couple of the many deficiencies in the City Defendants' D+I Responses and Supplemental Responses, follows.

**The City Defendants' refusals to comply with Fed.R.Civ.P. 33(b)(4), 34(b)(2)(B)-(C), and the 2015 Amendments.** The D+I Responses and most of the Supplemental Responses fall far short of the requirements imposed by the above Rules, which make clear responses must "state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection)." *Fischer v Forrest*, 2017 US Dist LEXIS 28102, at *9 (SDNY Feb. 28, 2017) (warning, "[f]rom now own," failure to meet that floor "will be deemed a waiver of all objections (except as to privilege)"). They are also plagued by improper, "meaningless boilerplate" objections: Statements that (for example) requests are "overly broad and unduly burdensome" that do not explain bother to answer, "Why is it burdensome? How is it overly broad?," and therefore is "language [that] tells the Court [and Plaintiff] nothing.. *Id.* at *8. The City Defendants rarely indicate whether anything is being withheld, and even when they do, they do not indicate based on which objections. Few, if any, responses are anything beyond empty boilerplate. And those boilerplate objections violate the requirements that "if the objection recognizes that some part of the request is appropriate the objection should state the scope that is not overbroad" and produce documents for that part. As a representative example, consider the City Defendants' objections to Document Request 18, which compare fairly directly to the examples Judge Peck used in *Fischer* (full text juxtaposed in Ex. 3 at 2-3). Defendants say the request is "is over broad and vague," with no explanation. They say it, "seeks information that are not relevant to the parties' claims or defenses in this action," with no explanation.. And then they say they will "interpose no further response to this request," again with no explanation. There is little question here of what the Rules require. Any "objection ***must*** state whether any responsive materials are being withheld ***on the basis of that objection***." Fed. R. Civ. P. 34(b)(1)(C) (emphasis added). And even after *Fischer*'s "wake up call" — warning that "any discovery response that does not comply with Rule 34's requirement to state objections wisth specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection) will be deemed a waiver of all objections (except as to privilege)" — the City has served these boilerplate responses. 2017 US Dist LEXIS 28102, at *9.

As set out above, although Plaintiff has given the City Defendants every chance to comply with the Rules – the bare minimum – they have refused to "revise their Responses to comply with the Rules" (2017 US Dist LEXIS 28102, at *9) even after Plaintiff made clear if "Defendants do not specifically and in writing agree to amend their responses to make clear what is being withheld, based on which specific objections, and to delete their boilerplate objections, we are at an impasse and will move." Beyond that, even in the Supplemental Responses, the City Defendants continue to say they may produce some additional documents in the future. But because they have not said what

2

they have withheld or refused to search for as to each of their objections, and because they have refused to provide meaningful information about the nature and scope of their searches, their responses remain a moving target. Since there is no justification for the City Defendants' refusal to simply follow the Rules, the Court should "require[] defendants to revise their Responses to comply with the Rules"[1] — and consider, given the refusal to agree to amend, "deem[ing the responses] a waiver of all objections (except as to privilege). *Id.*

**Improper objections to what the City Defendants say is "*Monell* discovery."** In many cases, including Responses 42-44, 47, 53, and 55-57, the City Defendants have simply refused to respond, saying, "Defendants further object to this Request to the extent it seeks discovery pursuant to *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978), claiming Plaintiff has failed to state such a claim for relief and thus, any documents or information pertaining to this claim are not relevant to the claims or defenses in this action. They then say, "To the extent necessary, Defendants will seek a Court order sequencing *Monell* Discovery." However, the City Defendants have not moved to dismiss or for a stay, and, of course, there is no stay in place. It is not even clear what "sequencing" would mean. Moreover, there is a discovery end date, and the City Defendants are refusing to provide discovery on a live claim, in time for Plaintiff to obtain the required discovery about both his core constitutional, as well as to his *Monell*, claims.[2] Plaintiff first raised the City Defendants' failure to move to dismiss or for a stay on February 21, 2024, and they still have not moved. Moreover, even if Defendants' *Monell*-based objections were proper – which they are not – the nature and extent of NYPD policies and training in the relevant topics identified in the document requests at issue, as well as whether and when NYPD members received such training, is relevant to determining whether the police actions and responses were "reasonable" within the meaning of Plaintiff's core false arrest, First Amendment, and fair rights claims because "[t]he reasonableness of an officer's actions must be assessed in light of the officer's training"[3] and in light of the relevant law enforcement policies.[4] In other words, the majority of the discovery the City Defendants have objected to on this front is not just *Monell* discovery, but also discovery that relates to Plaintiff's core claims. So the Court should compel them to follow the Rules and the Court's Individual Practices, and serve appropriate and complete discovery responses on all live claims.

---

[1] To be clear, that means: (1) "[s]tat[ing] grounds for objections with specificity" and removing "meaningless boilerplate"; (2) "stat[ing] whether any responsive materials are being withheld on the basis of [each] objection", and (3) "if the objection recognizes that some part of the request is appropriate the objection should state the scope that is not" objectionable and actually produce documents for that part. *Fischer*, 2017 US Dist LEXIS 28102 at *2-8.

[2] Indeed, the Court's individual practices address the City Defendants' objection directly, warning: "There is no automatic stay of discovery, unless authorized by statute, should one or more defendants file a motion to dismiss" and "[d]iscovery is only stayed if a party files a letter motion to stay discovery ***and*** the Court grants such a motion." Ind'l Prac. R. of Hon. M.J. Marcia M. Henry § 3(B) (emphasis added).

[3] *Weigel v. Broad*, 544 F.3d 1143, 1154-55 (10th Cir. 2008), *cert. den'd,* 2009 U.S. LEXIS 3582 (May 18, 2009) (cited in *Jackson v Tellado*, 236 F Supp 3d 636, 665, n 27 (E.D.N.Y. 2017) (same)); *see also Wright v Wilburn*, 194 FRD 54, 61-62 (NDNY 2000) ("[d]efendant's conduct must be judged based on the objective reasonableness standard of a properly trained police officer"); *Davies v City of Lakewood*, No. 14-cv-01285 (RBJ), 2016 US Dist LEXIS 18355, at *8, n 2 (D. Colo. Feb. 16, 2016) ("an officer's training is relevant to the reasonableness of his conduct, and admissible").

[4] *See, e.g., Brown v. City of New* York, 798 F.3d 94, 101 at n. 11 (2d Cir. 2015) (consideration of NYPD Patrol Guide provisions is appropriate in the context of determining if a use of force is reasonable); *Tardif v. City of New York*, No. 13 CV 4056 (KMW), 2017 U.S. Dist. LEXIS 135607, at *17-19 (SDNY Aug. 23, 2017) ("Whether the officers violated the NYPD Patrol Guide remains a significant factor to be considered in ultimately determining whether the officers' actions that day were reasonable and subject to qualified immunity") (citing *Smith v. City of New York*, 2015 U.S. Dist. LEXIS 102669, 2015 WL 4643125, at *3 (S.D.N.Y. Aug. 5, 2015)); *Tardif v. City of New York*, 344 F.Supp.3d 579, 608 (S.D.N.Y. 2018) (allowing Patrol Guide provisions into evidence at trial over Defendants' objections).

3

Thank you for your attention to this matter.

                                                  Respectfully submitted,

                                                            /S/

                                                  Gideon Orion Oliver