UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ADAM D. WHITE,

                                        Plaintiff,

                    -against-

SHOLEM KLEIN, THE CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT
("NYPD") SERGEANT LEIGHTON BARRETT,
NYPD SERGEANT KURT KLENKE, NYPD
OFFICER AHMED ALI, NYPD OFFICER
PALAKPREET KAUR, NYPD OFFICER ADAM
PHILLIPS, NYPD OFFICER CARLOS
REBOLLEDOCORTES, and NYPD OFFICER
IKRAM ULLAH,

                                        Defendants.

**DEFENDANTS CITY,
BARRETT, KLENKE,
ALI, KAUR, PHILLIPS,
REBOLLEDOCORTES
AND ULLAH'S
RESPONSES TO
PLAINTIFF'S FIRST
SET OF
INTERROGATORIES
AND DOCUMENT
REQUESTS AND
DEMAND TO INSPECT**

**23-CV-06924
(RER)(MMH)**

------------------------------------------------------------------------x

        Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure,

Defendants City of New York, Barrett, Klenke, Ali, Kaur, Phillips, Rebolledocortes, and Ullah

("City Defendants") respond and object to Plaintiff's First Set of Interrogatories and Document

Requests and Demand to Inspect as follows:

                            **GENERAL STATEMENT**

        1.  By responding to any request, defendants do not concede the materiality of the

subject to which it refers.  Defendants' responses are made expressly subject to, and without

waiving or intending to waive, any questions, or objections as to the competency, relevancy,

materiality, privilege, or admissibility as evidence or for any other purpose, of any of the

documents or information produced, or of the subject matter thereof, in any proceeding including

the trial of this action or any subsequent proceeding.

2.   Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendants right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

3.   With respect to the request for the production of documents, defendants will provide, under separate cover, a privilege index, if appropriate.

## INTERROGATORIES

## INTERROGATORY NO. 1:

Identify each person who has Personal Knowledge regarding Plaintiff's conduct on August 5, 2022 with respect to Defendant Sholem Klein.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 1:

Defendants object to Interrogatory No. 1 on the grounds that it is vague and ambiguous as to what Plaintiff is seeking by referring to "Plaintiff's conduct," which is undefined and unqualified.  Defendant further objects to the extent that this request is not relevant to the claims or defenses in this action and is not proportional to the needs of the case in that any events that occurred on August 5, 2022 between plaintiff and Defendant Klein have no bearing to the subject incident that occurred on November 11, 2022.  Defendants further object as this request seeks information pertaining to co-defendants represented by separate counsel.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, Defendants are not currently aware of any person who has personal knowledge regarding plaintiff's conduct on August 5, 2022 with respect to Defendant Sholem Klein.

**INTERROGATORY NO. 2:**

Identify each person who has Personal Knowledge regarding Plaintiff's conduct on November 11, 2022 leading up to Plaintiff's arrest, including, but not limited to, any such conduct that any Defendant claims gave rise to, or contributed to, probable cause or justification to use force on, arrest, or prosecute Plaintiff.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 2:**

Defendant objects to Interrogatory No. 2 on the grounds that it is vague and ambiguous as to the meaning of "Plaintiff's conduct on November 11, 2022"; and over broad in that it asks defendants to identify "each person who has Personal Knowledge regarding Plaintiff's conduct on November 11, 2022. Defendants further object to the extent it seeks information that is not relevant to any claims or defenses in this action.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, Defendants are aware of the following individuals who have personal knowledge of Plaintiff's arrest:

1. Adam D. White;

2. Sergeant Leighton Barrett, Shield #1176, New York City Police Department, Community Affairs, 1 Police Plaza, New York, NY 10038;[1]

3. Sergeant Kurt Klenke, Shield #10582, New York City Police Department, 78 Precinct, 65 6th Avenue, Brooklyn, NY 11217;

4. Police Officer Ahmed Ali, Shield #64, New York City Police Department, Patrol Brooklyn South Specialized Unit, 397 Coney Island Avenue, Brooklyn, NY 11218;

5. Police Officer Palakpreet Kaur, Shield #21619, New York City Police Department, 78 Precinct, 65 6th Avenue, Brooklyn, NY 11217;

6.   Police Officer Adam Phillips, Shield #23871, New York City Police Department, 78 Precinct, 65 6th Avenue, Brooklyn, NY 11217;

7.   Police Officer Carlos Rebolledocortes, Shield #25185, New York City Police Department,  78 Precinct, 65 6th Avenue, Brooklyn, NY 11217;

8.   Police Officer Ikram Ullah, Shield #11914, New York City Police Department, 78 Precinct, 65 6th Avenue, Brooklyn, NY 11217;

9.   Police Officer Ifeanyichukwu Emeh, Shield #31307, New York City Police Department, 72 Precinct, 830 4th Avenue, Brooklyn, NY 11232;

10.  Sholem Klein; *defendant*;

**INTERROGATORY NO. 3:**

Identify each law, statute, code provision, order, regulation, or other ground that any Defendant claims gave rise to, or contributed to, probable cause to arrest Plaintiff.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 3:**

Defendants object to Interrogatory No. 3 on the grounds that this interrogatory is not limited in time or scope as it does not specify a limitation in time period or subject matter. Defendants further object on the grounds that it is vague and ambiguous in that "other ground" is undefined and unqualified.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to what plaintiff was arrested for on November 11, 2022, Defendants state that plaintiff was arrested for Criminal Mischief.

**INTERROGATORY NO. 4:**

Identify each person who determined, or participated in the determination, that Plaintiff should be arrested.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 4:**

Defendants object to Interrogatory No. 4 on the grounds that it is vague and ambiguous as to the phrase "determined, or participated in the determination" as this phrase is undefined and unqualified. Defendants further object to this interrogatory on the grounds that it is not limited in time or scope as it does not specify a limitation in time period or subject matter.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to the plaintiff's November 11, 2022 arrest, Defendants state that the co-defendant Klein, Sergeant Leighton Barrett, Officer Ahmed Ali, Officer Palakpreet Kaur, Officer Adam Phillips, Officer Carlos Rebolledocortes, and Officer Ikram Ullah participated in the determination that plaintiff should be arrested.

**INTERROGATORY NO. 5:**

Identify each person who placed Plaintiff in handcuffs.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 5:**

Defendants object to Interrogatory No. 5 on the grounds that it is not limited in time as it does not specify a limitation in time period.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to who placed plaintiff in handcuffs when he was under arrest, Defendants state that Officer Adam Phillips placed Plaintiff in handcuffs when he was under arrest.

**INTERROGATORY NO. 6:**

Identify each person who used physical force in any manner on Plaintiff on November 11, 2022 prior to or in connection with Plaintiff's arrest.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 6:**

Defendants object to Interrogatory No. 6 on the grounds that it is vague and ambiguous as to the term "physical force," which is undefined and unqualified.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, Defendants state that Officer Adam Phillips placed Plaintiff in handcuffs.

**INTERROGATORY NO. 7:**

Identify each person who decided, or participated in deciding, whether Plaintiff would be processed for release with a C-Summons or Desk Appearance Ticket, or for arraignment.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 7:**

Defendant objects to Interrogatory No. 7 on the grounds that it is vague and ambiguous as to the phrase "decided, or participated in deciding" as this phrase is undefined and unqualified. Defendants further object to this interrogatory on the grounds that it is not limited in time as it does not specify a limitation in time period.  Defendants further object to the extent that it seeks information that is not relevant to the claims or defenses in this action.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to responsive information pertaining to Plaintiff's November 11, 2022 arrest, Defendants state that Officer Adam Phillips decided to issue Plaintiff a Desk Appearance Ticket.

**INTERROGATORY NO. 8:**

Identify each person who has Personal Knowledge related to Plaintiff's detention from arrest to release, including, but not limited to, each step of Plaintiff's arrest processing.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 8:**

Defendant objects to Interrogatory No. 8 on the grounds that it is over broad and is unduly burdensome in that identifying "each person" who has personal knowledge related to Plaintiff's detention from arrest to release, and the burden and expense of locating "all" such persons outweighs any likely benefit to Plaintiff.  Defendants further object on the grounds that this interrogatory is vague and ambiguous as to the phrase  "each step of Plaintiff's arrest processing," which is undefined and unqualified.  Defendants further object to this interrogatory on the grounds that it is not limited in time as it does not specify a limitation in time period.  Defendants further object to the extent that it seeks information that is not relevant to the claims or defenses in this action.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to responsive information relating to plaintiff's November 11, 2022 arrest, Defendants state that they are aware of the following individuals who have personal knowledge of Plaintiff's detention from the time he was arrested ,to when he was released:

1.      Adam White;

2.      Sergeant Leighton Barrett, Shield #1176, New York City Police Department, Community Affairs, 1 Police Plaza, New York, NY  10038;

3.      Sergeant Kurt Klenke, Shield #10582, New York City Police Department, 78 Precinct, 65 6th Avenue, Brooklyn, NY 11217;

4.      Police Officer Ahmed Ali, Shield #64, New York City Police Department, Patrol Brooklyn South Specialized Unit, 397 Coney Island Avenue, Brooklyn, NY 11218;

5.      Police Officer Palakpreet Kaur, Shield #21619, New York City Police Department,78 Precinct, 65 6th Avenue, Brooklyn, NY 11217;

6.   Police Officer Adam Phillips, Shield #23871, New York City Police Department, 78 Precinct, 65 6th Avenue, Brooklyn, NY 11217;

7.   Police Officer Carlos Rebolledocortes, Shield #25185, New York City Police Department,  78 Precinct, 65 6th Avenue, Brooklyn, NY 11217;

8.   Police Officer Ikram Ullah, Shield #11914, New York City Police Department, 78 Precinct, 65 6th Avenue, Brooklyn, NY 11217;

**INTERROGATORY NO. 9:**

Identify each NYPD agent who assisted in or supervised the Individual NYPD Defendants' creation of arrest processing documents related to the Incident, including, but not limited to, Activity Log/Memo Book entries, Online Booking System Arrest Report ("OLBS") Reports, Property Voucher(s), Desk Appearance Ticket ("DAT") and related investigation documents, and all other arrest processing documents.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 9:**

Defendant objects to Interrogatory No. 9 on the grounds that it is over broad and is unduly burdensome to identify "each NYPD agent" who assisted in or supervised the creation of arrest processing documents related to the Incident, and the burden and expense of locating "each NYPD agent" outweighs any likely benefit to Plaintiff.  Defendants further object on the grounds that this interrogatory is vague and ambiguous as to the phrases  "assisted in or supervised" the creation of "arrest processing documents," and "related investigation documents" which are undefined and unqualified.  Defendants further object to the extent that it seeks information that is not relevant to the claims or defenses in this action.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to the individuals who participated in completing NYPD documents related to Plaintiff's November 11, 2022 arrest, Defendants state that they  are aware

of the following individuals Officer Adam Phillips, Officer Palakpreet Kaur, and Sergeant Kurt Klenke.

**INTERROGATORY NO. 10:**

For each Individual NYPD Defendant who was involved in processing Plaintiff's arrest, identify each NYPD agent with whom that Individual Defendant consulted in creating arrest processing paperwork related to the Protest.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 10:**

Defendants object to Interrogatory No. 10 on the grounds that it is vague and ambiguous as to the phrases "involved in processing Plaintiff's arrest" and "consulted in creating arrest processing paperwork related to the Protest" which are undefined and unqualified. Defendants further object on the grounds that it seeks information that is not relevant to the parties' claim or defenses in this action and on the grounds that this incident did not relate to a protest.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, Defendants state that there is no responsive information to this request.

**INTERROGATORY NO. 11:**

For each Individual NYPD Defendant who consulted with a NYPD Legal Bureau attorney in connection with Plaintiff's arrest, arrest processing, or prosecution, identify each such NYPD Legal Bureau attorney.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 11:**

Defendants object to Interrogatory No. 11 on the grounds that it is vague and ambiguous as to the terms "who consulted with" and "in connection with Plaintiff's arrest" which is undefined and unqualified. Defendants further object to this interrogatory on the grounds that it is not limited in time as it does not specify a limitation in time period. Defendants further object on the grounds

that information regarding this would be protected by the law enforcement, attorney-client, attorney work-product and/or other applicable privileges.   Defendants further object on the grounds that it seeks information that is not relevant to the parties' claim or defenses in this action.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to responsive information pertaining to plaintiff's November 11, 2022 arrest, Defendants state that there are none.

**INTERROGATORY NO. 12:**

Identify each person with whom Defendant Sholem Klein communicated regarding Plaintiff or the Incident between 2022 and the present, and all documents regarding or reflecting such communications.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 12:**

Defendants object to Interrogatory No. 12 to the extent that it is not sufficiently limited in time or scope as it demands communications and documents that post-dates plaintiff's arrest; is over broad and vague as it does not specify what type of communications regarding plaintiff are sought, and is not proportional to the needs of the case.  Defendants further object as this request to the extent it seeks information that are not relevant to the parties' claims or defenses in this action.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to responsive information pertaining to plaintiff's November 11, 2022 arrest, Defendants state that other than plaintiff, Officer Palakpreet Kaur, Officer Ahmed Ali, Officer Carlos Rebolledocortes, Sergeant Leighton Barrett, Officer Adam Phillips, Officer Ikram Ullah, and Officer Ifeanyichukwu Emeh,, Defendants are currently

unaware of anyone who communicated with Defendant Klein about the Incident. The officers' communications are shown on their BWC footage.

**INTERROGATORY NO. 13:**

Identify each Individual NYPD Defendant who communicated with Defendant Sholem Klein regarding Plaintiff or the Incident between 2022 and the present, and all documents regarding or reflecting such communications.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 13:**

Defendants object to Interrogatory No. 13 to the extent that it is not sufficiently limited in time or scope as it demands communications and documents that post-dates plaintiff's arrest; is over broad and vague as it does not specify what type of communications regarding plaintiff are sought; and is not proportional to the needs of the case. Defendants further object as this request seeks information that is not relevant to the parties' claims or defenses in this case.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to responsive information pertaining to plaintiff's November 11, 2022 arrest, Defendants state that Officer Palakpreet Kaur, Officer Ahmed Ali, Officer Carlos Rebolledocortes, Sergeant Leighton Barrett, Officer Adam Phillips, Officer Ikram Ullah, and Officer Ifeanyichukwu Emeh communicated with Defendant Klein on November 11, 2022. The officers' communications are shown on their BWC footage.

**INTERROGATORY NO. 14:**

For each Individual Defendant who communicated with Office of the Kings County District Attorney (the "KCDA's Office") regarding Plaintiff or the Incident between 2022 and the present, identify each such communication and all documents regarding or reflecting each such communication.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 14:**

Defendants object to Interrogatory No. 14 to the extent that it is not sufficiently limited in time or scope as it demands documents and communications that post-dates plaintiff's arrest, is over broad and vague as it does not specify what type of communications regarding plaintiff are sought, and is not proportional to the needs of the case. Defendants further object as this request seeks information that is not relevant to the parties' claims or defenses in this case.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to responsive information pertaining to plaintiff's November 11, 2022 arrest, Defendants state that Officer Adam Phillips communicated with the KCDA on the date of plaintiff's arrest, and provided the Arrest Checklist, District Attorney Body-Worn Camera Checklist, Voucher, NYPD 911, Desk Appearance Ticket Investigation, Kings County DAT Arrest Coversheet, Prisoner Movement Slip, Desk Appearance Ticket, Prisoner Pedigree Card, On-Line Booking System Arrest Worksheet, Activity Log, Omniform System Complaint, and Complaint Report Worksheet. Officer Adam Phillips also communicated with the KCDA by phone prior to the date plaintiff was to appear for his Desk Appearance Ticket, but no documents were created.

**INTERROGATORY NO. 15:**

Identify each statement (including, but not limited to, communications such as emails, text messages, and social media posts and messages) made by each Individual Defendant regarding Plaintiff or the Incident between 2022 and the present, and all documents regarding or reflecting such communications.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 15:**

Defendants object to Interrogatory No. 15 to the extent that it is not sufficiently limited in time or scope as it demands statements, documents and communications that post-dates plaintiff's arrest; is over broad and vague as it does not specify what type of statements regarding plaintiff are sought, and is not proportional to the needs of the case.  Defendants further object as this request seeks information that is not relevant to the parties' claims or defenses in this case.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to responsive information pertaining to plaintiff's November 11, 2022 arrest, Defendants state that they s are continuing to search, and will supplement this response within 30 days, if necessary.

**INTERROGATORY NO. 16:**

Identify all other documents (including, but not limited to, communications such as e-mails, text messages, and social media posts and messages) regarding Plaintiff or the Incident between 2022 and the present.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 16:**

Defendants object to Interrogatory No. 16 to the extent that it is not sufficiently limited in time or scope as it demands documents that post-dates plaintiff's arrest; is over broad and vague as it does not specify what type of documents regarding plaintiff are sought; to the extent that it demands information that are not within Defendants' possession, custody, or control; and is not proportional to the needs of the case.  Defendants further object as this request seeks information that is not relevant to the parties' claims or defenses in this action. Defendants will interpose no further response to this request.

**INTERROGATORY NO. 17:**

Identify by caption, venue, and docket number each legal proceeding in which an Individual Defendant was alleged to have engaged in abuse of their lawful authority, false swearing, or violation of any federal or state constitutional right or criminal law.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 17:**

Defendants object to Interrogatory No. 17 to the extent that it is vague and ambiguous as to the term "abuse of their lawful authority," which is undefined and unqualified. Defendants further object as this request seeks information that is not relevant to the parties' claims or defenses in this action. Defendants further object on the grounds that such information is publicly available.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, Defendants state that there is no responsive information to this request.

## INTERROGATORIES TO DEFENDANT KLEIN ONLY

**INTERROGATORY NO. 18:**

Identify the exact manufacturer, make or model number, and type of the license plate cover described in the Complaint.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 18:**

A response is not needed for City defendants as this demand is directed to defendant Klein only.

**INTERROGATORY NO. 19:**

State the date on which Defendant Klein obtained the license plate cover described in the Complaint.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 19:**

A response is not needed for City defendants as this demand is directed to defendant Klein only.

**INTERROGATORY NO. 20:**

State the exact manner in which Mr. White allegedly damaged Defendant Klein's property on August 5, 2022.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 20:**

A response is not needed for City defendants as this demand is directed to defendant Klein only.

**INTERROGATORY NO. 21:**

State the exact manner in which Mr. White allegedly damaged Defendant Klein's property on November 11, 2022.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 21:**

A response is not needed for City defendants as this demand is directed to defendant Klein only.

**INTERROGATORY NO. 22:**

Identify all summonses, tickets, or other citations issued to Defendant Klein regarding running red lights, speeding, or failing to pay tolls, between 2020 and the present.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 22:**

A response is not needed for City defendants as this demand is directed to defendant Klein only.

**DOCUMENT REQUESTS**

## DOCUMENT REQUEST NO. 1:

Produce all documents identified or consulted in responding to the interrogatories above.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 1:

Defendants reiterate the objections and responses made in defendants' responses to plaintiff's interrogatories. Defendants further object to Document Request No. 1 on the grounds that it is overbroad and not sufficiently limited in time or scope in seeking "all documents" without limitation. Defendants further object to Document Request No. 1 to the extent that it implicates the privacy interests and personal safety of the parties and non-parties; to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties; and to the extent that it seeks documents that are protected by the official information, law enforcement privileges, attorney-client, or work-product privileges  Defendants further object to this request because it, in part, is duplicative of defendants' obligations, pursuant to Rule 26(a)(i)(A) of the Federal Rules of Civil Procedure, and therefore, seeks information that has been previously provided to plaintiff as part of Defendants' Initial Disclosures.

Notwithstanding, and without waiving, or in any way limiting, these objections, Defendants refer plaintiff to the documents previously produced bearing Bates Stamp Nos. D_00001 – D_00042, and the documents produced herein bearing Bates Stamp Nos. D_00043 – D_00062 and D_00098 – D_00099.

## DOCUMENT REQUEST NO. 2:

Produce all videos related to Plaintiff's arrest or to the Incident, including, but not limited to, all:

a. NYPD body-worn camera footage, including, but not limited to, such footage from each Individual NYPD Defendant and every NYPD member within 30' of each Individual NYPD Defendant who created such footage related to the Incident, along with all related audit trails and metadata;

b. "ARGUS" footage;

c. New York City Department of Transportation ("NYCDOT") footage; and

d. All other video footage in Defendants' care, custody, or control.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 2:**

Defendant objects to Document Request No. 2 on the grounds that it is over broad and is unduly burdensome in that locating "all" videos encompasses videos that are not within Defendants' possession, custody or control, and the burden and expense of locating "all" such videos outweighs any likely benefit to Plaintiff.   Defendants also object to Document Request No. 2 to the extent that any videos of plaintiff's arrest or the incident are publicly available and therefore equally accessible to Plaintiff.

Notwithstanding, and without waiving or in any way limiting these specific objections, and limiting their response to video footage of plaintiff's arrest on November 22, 2022, the BWC footage of Sergeant Leighton Barrett, Officer Ahmed Ali, Officer Palakpreet Kaur, Officer Adam Phillips, officer Carlos Rebolledocortes, Officer Ikram Ullah, and Officer Ifeanyichukwu Emeh will be provided under separate cover.   Defendants further state that they are continuing to search for responsive material, and will supplement this response within 30 days, if necessary.

**DOCUMENT REQUEST NO. 3:**

Produce all photographs related to the Incident depicting Plaintiff or an Individual

NYPD Defendant or created in connection with or that relates to or concerns Plaintiff's arrest, pre-arrest conduct, arrest processing, or prosecution, including, but not limited to, all:

      a. Arrest photographs, whether taken at the scene of the arrest or other NYPD location, or otherwise;

      b. Prisoner movement slips; and

      c. All other photographs.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 3:

Defendant objects to Document Request No. 3 on the grounds that it is over broad and is unduly burdensome in that locating "all" photographs encompasses photographs that are not within Defendants' possession, custody or control, and the burden and expense of locating "all" such photographs outweighs any likely benefit to Plaintiff.

Notwithstanding, and without waiving or in any way limiting these specific objections, and limiting their response to plaintiff's arrest on November 22, 2022, defendants refer plaintiff to the Prisoner Movement Slip previously produced herein bearing Bates Stamp No. D_00037.

## DOCUMENT REQUEST NO. 4:

Produce all recorded (including NYPD) communications related to Plaintiff's arrest or the Incident, including, but not limited to:

      a. 911 calls related to the Incident, and all documents related to responses thereto;

      b. 311 calls related to the Incident, and all documents related to responses thereto;

      c. Internal NYPD communications on Citywide and other dedicated NYPD channels related to the Incident; and

d. Texts, e-mails, and other digitally recorded communications related to Plaintiff or the Incident.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 4:

Defendant objects to Document Request No. 4 on the grounds that it is over broad and is unduly burdensome in that locating "all" recorded communications that are not within Defendants' possession, custody or control, and the burden and expense of locating "all" such recorded communications outweighs any likely benefit to Plaintiff.   Defendants also object to Document Request No. 4 to the extent that any recorded communications of plaintiff's arrest or the incident are accessible to Plaintiff.

Notwithstanding, and without waiving or in any way limiting these specific objections, defendants refer plaintiff to the New York City Police Department 911 previously produced bearing Bates Stamp No. D_00036.  The 911 audio recordings will be provided under separate cover.  Defendants further state they are continuing to search for responsive material, and will supplement this response within 30 days, if necessary.

## DOCUMENT REQUEST NO. 5:

Produce all SPRINT reports related to the Incident.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 5:

Defendants state that they are continuing to search for responsive documents, and will supplement this response within 30 days, if necessary.

## DOCUMENT REQUEST NO. 6:

Produce all Event Chronologies and Event Summaries related to the Incident.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 6:**

Defendants object to this Document Request as vague and ambiguous as plaintiff seeking "Event Chronologies and Event Summaries" is undefined and unqualified.

Notwithstanding, and without waiving or in any way limiting these specific objections, defendants refer plaintiff to the Event Chronology produced herein bearing Bates Stamp Nos. D_00047 – D_00052.

**DOCUMENT REQUEST NO. 7:**

Produce all ICAD Chronologies and reports related to the Incident.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 7:**

Defendants object to this Document Request as vague and ambiguous as plaintiff seeking "reports" related to the incident is undefined and unqualified.

Notwithstanding, and without waiving or in any way limiting these specific objections, and limiting their response to plaintiff's arrest on November 22, 2022, Defendants refer plaintiff to the Event Chronology produced herein bearing Bates Stamp Nos. D_00047 – D_00052.

**DOCUMENT REQUEST NO. 8:**

Produce documents sufficient to interpret any NYPD codes included in any SPRINT reports, ICAD chronologies and reports, and event chronologies, including, but not limited to, any NYPD or other agency training manuals related to using and understanding such reports, such as user manuals or training materials related to the "I/NETDispatcher system."

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 8:**

Defendants object to Document Request No. 8 on the grounds that it is vague and ambiguous as to what Plaintiff is seeking by referring to "documents sufficient to interpret any NYPD codes," which is undefined and unqualified.  Defendants also object on the grounds that it

is overbroad, not sufficiently limited in time as it does not specify a time frame, and not proportional to the needs of the case in that it seeks documents that were not in effect on the date of plaintiff's arrest and not related to plaintiff's arrest.

Defendants state they are continuing to search for responsive material that were in effect on the date of plaintiff's arrest and pertaining to plaintiff's arrest on November 11, 2022, and will supplement this response within 30 days, if necessary.

**DOCUMENT REQUEST NO. 9:**

Produce all documents including statements made by each Individual Defendant or other person who has or may have Personal Knowledge related to Plaintiff's arrest or the Incident, including, but not limited to, all scratch and other NYPD arrest processing paperwork, and all e-mails, text messages, social media, and/or direct messages.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 9:**

Defendant objects to Document Request No. 9 on the grounds that it is over broad and is unduly burdensome in that locating "all documents" made by any "other person" encompasses documents that are not within Defendants' possession, custody or control, and the burden and expense of locating "all" such documents outweighs any likely benefit to Plaintiff. Defendants also object to Document Request No. 9 to the extent that any of the requested documents are equally accessible to Plaintiff.

Notwithstanding, and without waiving or in any way limiting these specific objections, Defendants refer plaintiff to documents previously produced bearing Bates Stamp Nos. D_00001 – D_00042, and to the documents produced herein bearing Bates Stamp Nos. D_00043- D_00062 and D_00098 – D_00099.

**DOCUMENT REQUEST NO. 10:**

Produce all other documents created related to Plaintiff's arrest, detention, or

prosecution, including, but not limited to, all copies of Activity Log/Memo Book entries, Online

Booking System Arrest Report ("OLBS") Reports, Desk Appearance Ticket ("DAT") and

related investigation documents.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 10:**

Defendant objects to Document Request No. 10 on the grounds that it is vague and

ambiguous as to what is meant by Defendants further object on the grounds that this request is not

proportional to the needs of the case considering the amount in controversy, the importance of the

discovery in resolving the issues, in insofar as the burden and expense of locating "all other

documents" and "related investigation documents" outweighs any likely benefit to Plaintiff.

Notwithstanding, and without waiving or in any way limiting these specific objections,

defendants refer plaintiff to documents previously produced bearing Bates Stamp Nos. D_00001

– D_00042, and to the documents produced herein bearing Bates Stamp Nos. D_00043- D_00062

and D_00098 – D_00099.

**DOCUMENT REQUEST NO. 11:**

Produce all documents regarding or reflecting internal NYPD communications

related to Plaintiff or the Incident, including, but not limited to, all e-mails, text messages, phone

call logs and recordings, and other digital documents reflecting or regarding such internal NYPD

communications,

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 11:**

Defendants object to Document Request No. 11 to the extent that it is not sufficiently

limited in time or scope as no time period or subject matter is specified; it is over broad and vague

as it does not specify what type of communications and documents regarding plaintiff are sought,

and is not proportional to the needs of the case.  Defendants further object as this request seeks
information that are not relevant to the parties' claims or defenses in this action.

Notwithstanding and without waiving, or in any way limiting the foregoing specific
objections, and limiting their response to material pertaining to plaintiff's November 11, 2022
arrest, Defendants  state that they are continuing to search for responsive material and will
supplement this response within 30 days, if necessary.

**DOCUMENT REQUEST NO. 12:**

Produce all documents regarding or reflecting communications to or from any of
the Individual Defendants regarding Plaintiff or the Incident, between August of 2022 and the
present.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 12:**

Defendants object to Document Request No. 12 to the extent that it is not sufficiently
limited in time or scope as it demands communications and documents that are unrelated to
plaintiff's November 11, 2022 arrest; is over broad and vague as it does not specify what type of
communications and documents regarding plaintiff are sought; and is not proportional to the needs
of the case.  Defendants further object as this request seeks information that are not relevant to the
parties' claims or defenses in this action.

Defendants state they are continuing to search for responsive material pertaining to
plaintiff's arrest, and will supplement this response within 30 days, if necessary.

**DOCUMENT REQUEST NO. 13:**

Produce a complete copy of all Command Log entries from the NYPD's 78th
Precinct on November 11, 2022.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 13:**

Defendants objects to Document Request No. 13 on the grounds that it is over broad and not properly limited in scope in that it seeks information that has no bearing on any of the claims and defenses in this matter.  Defendants further object to this request to the extent it implicates the privacy and security concerns of non-parties. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to the Command Log entry pertaining to plaintiff's November 11, 2022 arrest, Defendants refer plaintiff to the Command Log entry produced herein bearing Bates Stamp No.  D_00053.

**DOCUMENT REQUEST NO. 14:**

Produce all other NYPD records reflecting the seizure, disposition of any property seized from Plaintiff and/or related to the Incident, including, but not limited to, any Produce all Property Clerk Invoices (PD 521-141) and other NYPD Property and Evidence Tracking System ("PETS") documents.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 14:**

Defendants object to Document Request No. 14 to the extent that it is not sufficiently limited in time or scope as it not sufficiently limited in time period and subject matter; is over broad and vague as it does not specify what type of property regarding plaintiff is sought; and is not proportional to the needs of the case.  Defendants further object as this request seeks information that are not relevant to the parties' claims or defenses in this action.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to plaintiff's arrest on November 22, 2022, Defendants refer plaintiff to the voucher previously produced bearing Bates Stamp Nos. D_00034 – D_00035.

**DOCUMENT REQUEST NO. 15:**

Produce the Online Prisoner Arraignment ("OLPA") Report regarding Plaintiff's arrest and detention.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 15:**

Defendants object to Document Request No. 15 to the extent that it is not sufficiently limited in time as no time period is specified.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to the OLPA pertaining to Plaintiff's to November 11, 2022 arrest, Defendants refer plaintiff to the OLPA produced herein bearing Bates Stamp Nos. D_00098 - D_00099.

**DOCUMENT REQUEST NO. 16:**

For each Individual Defendant, produce all documents provided by or on behalf of that Individual Defendant to any prosecutor, including, but not limited to, a prosecutor from the KCDA's Office, or court, related to Plaintiff or the Incident.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 16:**

Defendants object to Document Request No. 16 as this request seeks information that is not proportional to the needs of the case; to the extent that it is not relevant to the parties' claims or defenses in this action; and that it is not limited in time or scope in that it seeks records that are not related to plaintiff's November 11, 2022 arrest.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to responsive documents pertaining to plaintiff's November 11, 2022 arrest, Defendants refer plaintiff to documents t set forth in Defendants' Objections and Response to Interrogatory No. 14, and refer plaintiff to documents previously produced bearing Bates Stamp Nos. D_00026 – D_00042, and the documents produced herein bearing Bates Stamp Nos. D_00043 -D_00046 and D_00054 – D_00062.

**DOCUMENT REQUEST NO. 17:**

Produce all documents reflecting the nature, extent, timing, and contents of each Individual Defendant's communications regarding Plaintiff or the Incident between 2022 and the present, including, but not limited to, all texts, e-mails, and social media posts and messages.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 17:**

Defendants object to Document Request No. 17 to the extent that it is not sufficiently limited in time or scope as it demands communications and documents that post-date plaintiff's arrest and no subject matter is specified. Defendants further object on the grounds that it is over broad and vague as it does not specify what type of communications and documents regarding plaintiff are sought, and is not proportional to the needs of the case. Defendants further object as this request seeks information that are not relevant to the parties' claims or defenses in this action.

Defendants state they are continuing to search for responsive material pertaining to plaintiff's November 11, 2022 arrest, and will supplement this response within 30 days, if necessary.

**DOCUMENT REQUEST NO. 18:**

Produce all documents reflecting communications between and among any other employees or agents of Defendant City of New York regarding Plaintiff or the Incident.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 18:**

Defendants object to Document Request No. 18 to the extent that it is not sufficiently limited in time or scope as it is not limited in time period or subject matter; is over broad and vague as it does not specify what type of communications and documents regarding plaintiff are sought; and is not proportional to the needs of the case. Defendants further object as this request seeks information that are not relevant to the parties' claims or defenses in this action. Defendant further objects to this request because it encompasses communications between Defendants and the Office of the Corporation Counsel of the City of New York that is protected by the attorney-client privilege. Defendants will interpose no further response to this request.

**DOCUMENT REQUEST NO. 19:**

Produce all documents reflecting statements made by each Individual Defendant or any other person to a prosecutor, including, but not limited to, one from the KCDA's Office, or court, related to Plaintiff or the Incident, including, but not limited to, e-mails, faxes, notifications, and all other documents.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 19:**

Defendants object to Document Request No. 19 as this request seeks documents that is not proportional to the needs of the case, and is not relevant to the parties' claims or defenses in this action in that it requests documents that are not related to plaintiff's November 11, 2022 arrest. Defendants also object on the grounds that it is over broad and is unduly burdensome in that locating "all documents" made by any "other person" encompasses documents that are not within Defendants' possession, custody or control, and the burden and expense of locating "all" such documents outweighs any likely benefit to Plaintiff.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to responsive documents pertaining to plaintiff's November 11, 2022 arrest, Defendants refer plaintiff to documents set forth in Defendants' Objections and Response to Interrogatory No. 14, and refer plaintiff to documents previously produced bearing Bates Stamp Nos. D_00026 – D_00042, and the documents produced herein bearing Bates Stamp Nos. D_00043 -D_00046 and D_00054 – D_00062.

**DOCUMENT REQUEST NO. 20:**

Produce all documents reflecting or including any other statements made by each Individual Defendant or other witness related to Plaintiff or the Incident, including, but not limited to, all texts, e-mails, and social media posts and messages.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 20:**

Defendants object to Document Request No. 20 to the extent that it is not sufficiently limited in time or scope as it demands documents that are unrelated to plaintiff's arrest, is over broad and vague as it does not specify what type of documents regarding plaintiff are sought, and is not proportional to the needs of the case. Defendants further object as this request seeks information that are not relevant to the parties' claims or defenses in this action. Defendant further objects to this request because it encompasses documents containing communications between Defendants and the Office of the Corporation Counsel of the City of New York that is protected by the attorney-client privilege. Defendants will interpose no further response to this request.

**DOCUMENT REQUEST NO. 21:**

Produce all documents provided by any Individual Defendant or NYPD member to a prosecutor, including, but not limited to, one from the KCDA's Office, or court, related to Plaintiff or the Incident.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 21:**

Defendants object to Document Request No. 21 to the extent that it is not sufficiently limited in time or scope as it demands communications and documents that are unrelated to plaintiff's arrest, is over broad and vague as it does not specify what type of communications and documents regarding plaintiff are sought, and is not proportional to the needs of the case. Defendants further object as this request seeks information that are not relevant to the parties' claims or defenses in this action.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to responsive documents pertaining to plaintiff's November 11, 2022 arrest, Defendants refer plaintiff to documents,  set forth in Defendants' Objections and Response to Interrogatory No. 14, and refer plaintiffs to documents previously produced bearing Bates Stamp Nos. D_00026 – D_00042, and the documents produced herein bearing Bates Stamp Nos. D_00043 -D_00046 and D_00054 – D_00062.

**DOCUMENT REQUEST NO. 22:**

Produce all other documents related to or reflecting communications between a prosecutor or court and an Individual Defendant related to Plaintiff's prosecution.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 22:**

Defendants object to Document Request No. 22 as this request is vague and ambiguous in seeking all documents related to or "reflecting communications," which is undefined and unqualified.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to responsive documents pertaining to plaintiff's November 11, 2022 arrest, Defendants refer plaintiff to documents  set forth in Defendants' Objections and

Response to Interrogatory No. 14, and refer plaintiffs to documents previously produced bearing Bates Stamp Nos. D_00026 – D_00042, and the documents produced herein bearing Bates Stamp Nos. D_00043 -D_00046 and D_00054 – D_00062.

**DOCUMENT REQUEST NO. 23:**

Produce all documents reflecting or related to any decisions by a prosecutor or court to decline to prosecute, or to dismiss, any potential charges against Plaintiff, including, but not limited to, any communications regarding any such decision.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 23:**

Defendants object to Document Request No. 23 as this request is vague and ambiguous in seeking all documents "reflecting" or "related to any decisions by a prosecutor or court," which is undefined and unqualified. Defendants also object on the grounds that this request encompasses documents that are not within Defendants' possession, custody or control. Defendants further object on the grounds that this request seeks documents that may be protected by attorney work product and/or attorney-client privilege.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to responsive documents pertaining to plaintiff's November 11, 2022 arrest, Defendants state that they are continuing to search for responsive documents, and will supplement this response within 30 days, if necessary.

**DOCUMENT REQUEST NO. 24:**

Produce all demands for preservation or litigation holds received or created by the NYPD related to the Incident, including, but not limited to, any such demands or holds created by the NYPD's Legal Bureau.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 24:**

Defendants object to Document Request No. 24 on the grounds that it seeks documents protected by attorney-client and/or attorney work product privileges; and is not relevant to the parties' claims or defenses in this action.  Defendants will interpose no further response to this request.

**DOCUMENT REQUEST NO. 25:**

Produce all documents concerning any NYPD Civilian Complaint Review Board ("CCRB") complaint or investigation concerning the Incident, including, but not limited to, all such documents within the CCRB's care, custody, or control, including, but not limited to, the CCRB Complaint Report; CTS+ Logs; Closing Report; and all notes, underlying documents, and communications, including e-mails, related to each such complaint or investigation.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 25:**

Defendants object to Document Request No. 25 on the grounds that it is overbroad as it requests "all documents."  Defendants further object to the extent that this request implicates the deliberative process privilege law enforcement privilege, attorney-client privilege, work product doctrine, and/or any other applicable privileges.  Defendants further object on the grounds that "all documents" from the CCRB are not within their possession, custody, or control. Defendants further object to the extent that it requests documents that are not relevant to the parties' claims or defenses in this action.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, Defendants state that there is no information responsive to this request.

**DOCUMENT REQUEST NO. 26:**

Produce all documents concerning each NYPD Internal Affairs Bureau ("IAB")

complaint or investigation concerning the Incident, including, but not limited to, all recordings of witness interviews or statements, and transcripts thereof, and all notes, Internal Case Management System ("ICMS") worksheets, logs, and attachments, and all underlying documents and communications, including e-mails, related to each such complaint or investigation.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 26:**

Defendants object to Document Request No. 26 on the grounds that it is overbroad as it requests "all documents." Defendants further object to the extent that this request implicates the deliberative process privilege law enforcement privilege, attorney-client privilege, work product doctrine, and/or any other applicable privileges. Defendants further object to the extent that it requests documents that are not relevant to the parties' claims or defenses in this action.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, Defendants state that they are continuing to search for responsive documents, and will supplement this response within 30 days, if necessary.

**DOCUMENT REQUEST NO. 27:**

Produce all other documents related to any discipline recommended and/or ultimately imposed related to the Incident, including, but not limited to, all e-mails and other communications related to any Command Discipline recommended and imposed.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 27:**

Defendants object to Document Request No. 27 on the grounds that it is overbroad as it requests "all other documents." Defendants further object to the extent that this request implicates the deliberative process privilege law enforcement privilege, attorney-client privilege, work product doctrine, and/or any other applicable privileges.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, Defendants state that they are continuing to search for responsive documents, and will supplement this response within 30 days, if necessary.

**DOCUMENT REQUEST NO. 28:**

Produce all documents concerning each Department of Investigation ("DOI") complaint or investigation concerning the Incident, including, but not limited to, all recordings of witness interviews or statements, and transcripts thereof, all notes, logs, and attachments, and all underlying documents and communications, including e-mails, related to each such complaint or investigation.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 28:**

Defendants object to Document Request No. 28 on the grounds that it is overbroad as it requests "all documents." Defendants further object on the grounds to the extent that this request implicates the deliberative process privilege law enforcement privilege, attorney-client privilege, work product doctrine, and/or any other applicable privileges.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, Defendants state that they are continuing to search for responsive documents, and will supplement this response within 30 days, if necessary.

**DOCUMENT REQUEST NO. 29:**

Produce all documents concerning any other complaint received, or investigation or prosecution, whether actual or potential, concerning the Incident undertaken by the City of New York or any of its agencies.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 29:**

Defendants object to Document Request No. 29 on the grounds that it is overbroad as it requests "all documents." Defendants further object to the extent that this request implicates the deliberative process privilege law enforcement privilege, attorney-client privilege, work product doctrine, and/or any other applicable privileges.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, Defendants state that they are continuing to search for responsive documents, and will supplement this response within 30 days, if necessary.

**DOCUMENT REQUEST NO. 30:**

Produce all documents concerning any other complaint received, or investigation or prosecution – actual or potential - concerning the Incident undertaken by any County, State, Federal, or other entity, including, but not limited to, the KCDA's Office.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 30:**

Defendants object to Document Request No. 30 on the grounds that it is overbroad as it requests "all documents." Defendants further object to the extent that this request implicates the deliberative process privilege law enforcement privilege, attorney-client privilege, work product doctrine, and/or any other applicable privileges. Defendants further object on the grounds that "all documents" from State or Federal agencies are not within their possession, custody, or control.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, Defendants state that they are continuing to search for responsive documents and will supplement this response within 30 days, if necessary.

**DOCUMENT REQUEST NO. 31:**

Produce each Individual NYPD Defendant's NYPD Academy transcript.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 31:**

Defendants objects to Document Request No. 31 on the grounds that it is not properly limited in time or scope as there is no specificity as to time period or subject matter. Defendants further object on the grounds that NYPD Academy transcripts are not relevant to the parties' claims and defenses in this matter. Defendants further object on the grounds that this request seeks an unwarranted invasion of defendants' privacy, and on the grounds that tis request is unduly burdensome and not proportional to the needs of the case.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, Defendants state that they are continuing to search for responsive documents, and will supplement this response within 30 days, if necessary.

**DOCUMENT REQUEST NO. 32:**

Produce each Individual NYPD Defendant's current NYPD Personnel Profile Report – All History.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 32:**

Defendants objects to Document Request No. 32 on the grounds that it is not properly limited in time or scope as there is no specificity as to time period or subject matter. Defendants further object on the grounds that NYPD Personnel Profile Reports are not relevant to the parties' claims and defenses in this matter. Defendants further object on the grounds that this request seeks an unwarranted invasion of defendants' privacy, and on the grounds that tis request is unduly burdensome and not proportional to the needs of the case.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to the named defendants' evaluations within 10 years

prior to plaintiff's arrest,   Defendants state that they are continuing to search for responsive

documents, , and will supplement this response within 30 days, if necessary.

**DOCUMENT REQUEST NO. 33:**

Produce each Individual NYPD Defendant's current NYPD Central Personnel

Index ("CPI") report.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 33:**

Defendants object to Document Request No. 33 on the grounds that this request is not

properly limited in scope as it requests documents about claims not alleged in this action and

beyond the scope of this litigation.  Defendants further object on the grounds that this request is

not limited in time as no time period is specified. Defendants further object on the grounds that

this request is overbroad as it is not properly tailored to the allegations in this lawsuit.

Defendants further object on the grounds that this request seeks documents regarding allegations

of misconduct that were not substantiated, did not result in a finding of misconduct, are not

similar in nature to the allegations herein, or are older than ten years and thus too remote to be

relevant or subsequent to the Incident. Defendants further object on the grounds that this request

seeks documents that implicate the security interests of non-parties and information sealed by

operation of law pursuant to New York Criminal Procedure Law §160.50. Defendants further

object on the grounds that some of the information requested may be protected from disclosure

by the law enforcement privilege, deliberative process privilege, and/or other applicable

privileges.

Notwithstanding and without waiving, or in any way limiting the foregoing specific

objections, and limiting their response to the CPI report containing allegations of misconduct

against Defendants that are of a similar nature to the allegations herein or that raise questions about their truthfulness, from  ten years prior to the date of plaintiff's arrest, Defendants refer plaintiff to the CPI's of Defendants produced herein bearing Bates Stamp Nos. D_00063 – D_00073.

## DOCUMENT REQUEST NO. 34:

Produce each Individual NYPD Defendant's current NYPD IAB resume and all related NYPD documents, including communications and documents reflecting the ultimate disposition of each IAB complaint or investigation, whether created within the NYPD's IAB or otherwise.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 34:

Defendants object to Document Request No. 34 on the grounds that this request is not properly limited in scope as it requests documents about claims not alleged in this action and beyond the scope of this litigation.  Defendants further object on the grounds that this request is not limited in time as no time period is specified. Defendants further object on the grounds that this request is overbroad as it is not properly tailored to the allegations in this lawsuit. Defendants further object on the grounds that this request seeks documents regarding allegations of misconduct that were not substantiated, did not result in a finding of misconduct, are not similar in nature to the allegations herein, or are older than ten years and thus too remote to be relevant or subsequent to the Incident. Defendants further object on the grounds that this request seeks documents that implicate the security interests of non-parties and information sealed by operation of law pursuant to New York Criminal Procedure Law §160.50. Defendants further object on the grounds that some of the information requested may be protected from disclosure

by the law enforcement privilege, deliberative process privilege, and/or other applicable privileges.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to responsive documents pertaining to plaintiff's November 11, 2022 arrest, and limiting their response to the IAB history of allegations of misconduct against Defendants that are similar in nature to the allegations herein or that raise questions about their truthfulness, from the ten years prior to the date of plaintiff's arrest, Defendants refer plaintiff to the IAB histories of Defendants produced herein bearing Bates Stamp Nos. D_00074 – D_00090.

**DOCUMENT REQUEST NO. 35:**

Produce each Individual NYPD Defendant's current CCRB history and all underlying CCRB documents, including communications and documents reflecting the ultimate disposition of each IAB complaint or investigation.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 35:**

Defendants object to Document Request No. 35 on the grounds that this request is not properly limited in scope as it requests documents about claims not alleged in this action and beyond the scope of this litigation. Defendants further object on the grounds that this request is not limited in time as no time period is specified. Defendants further object on the grounds that this request is overbroad as it is not properly tailored to the allegations in this lawsuit. Defendants further object on the grounds that this request seeks documents regarding allegations of misconduct that were not substantiated, did not result in a finding of misconduct, are not similar in nature to the allegations herein, or are older than ten years and thus too remote to be relevant or subsequent to the Incident. Defendants further object on the grounds that this request

seeks documents that implicate the security interests of non-parties and information sealed by operation of law pursuant to New York Criminal Procedure Law §160.50. Defendants further object on the grounds that some of the information requested may be protected from disclosure by the law enforcement privilege, deliberative process privilege, and/or other applicable privileges.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to the CCRB histories containing allegations of misconduct against Defendants that are similar in nature to the allegations herein or that raise questions about their truthfulness, from the ten years prior to the date of plaintiff's arrest, , Defendants refer plaintiff to the CCRB histories of Defendants produced herein bearing Bates Stamp Nos. D_00091 – D_00097.

**DOCUMENT REQUEST NO. 36:**

Produce all documents concerning internal police disciplinary action, letters in the personnel file, command discipline A or B, charges and specifications, transfers, and/or warnings and admonishment against any of the Individual NYPD Defendants, including, but not limited to, any GO-15 statements.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 36:**

Defendants object to Document Request No. 36 on the grounds that this request is not properly limited in time as it does not specify a timeframe. Defendants further object on the grounds that this request is not properly limited in scope as it requests documents about claims not alleged in this action and beyond the scope of this litigation. Defendants further object on the grounds that it is overbroad and burdensome as it requests "all documents. " Defendants further object on the grounds that this request seeks allegations of misconduct that are not similar in

nature to the allegations herein, or are older than ten years and thus too remote to be relevant or

subsequent to the Incident. Defendants further object on the grounds that this request is vague

with regards to

"letters in the personnel file, " as it does not specify what type of letter. Defendants further object

on the grounds that this request is not relevant, as the documents requested have no bearing on

the allegations in the Complaint. Defendants further object on the grounds that the documents

requested may be protected by the official information privilege, deliberative process privilege,

law enforcement privilege and/or other privileges.

## DOCUMENT REQUEST NO. 37:

Produce each Individual NYPD Defendant's complete NYPD personnel file.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 37:

Defendants objects to Document Request No. 37 on the grounds that it is overbroad and

not properly limited in scope, in seeking defendants' complete NYPD Personnel files that have no

bearing on any of the claims and defenses in this matter.  Defendants further object on the grounds

that this request seeks an unwarranted invasion of defendants' privacy, and on the grounds that tis

request is unduly burdensome and not proportional to the needs of the case.  Defendants further

object on the grounds that the documents sought, which have personally identifying information,

are protected by law enforcement privilege, official information privilege, and on the ground that

this request seeks documents that are private and/or sensitive in nature.  Defendants' further object

to the extent that it calls for the production of documents containing information of a private and

sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it

implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. §

164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, and psychotherapist-patient privileges.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to defendants' evaluations 10 years prior to the date of plaintiff's arrest Defendants state that they are continuing to search, and will supplement this response within 30 days, if necessary.

## DOCUMENT REQUEST NO. 38:

Produce all documents reflecting any early intervention monitoring or force monitoring or NYPD or external monitoring any Individual NYPD Defendant has been subjected to during their time as a NYPD member.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 38:

Defendants object to Document Request No. 38 on the grounds that this request is not properly limited in time as it does not specify a timeframe. Defendants further object on the grounds that this request is not properly limited in scope as it requests documents about claims not alleged in this action and beyond the scope of this litigation. Defendants further object on the grounds that it is overbroad and burdensome as it requests "all documents." Defendants further object on the grounds that this request seeks allegations of misconduct that were not substantiated, did not result in a finding of misconduct, are not similar in nature to the allegations herein, or are older than ten years and thus too remote to be relevant or subsequent to the Incident. Defendants further object on the grounds that this request is not relevant, as the documents requested have no bearing on the allegations in the Complaint. Defendants further object on the grounds that the documents requested may be protected by the official information privilege, deliberative process privilege, law enforcement privilege and/or other privileges.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to responsive documents pertaining to plaintiff's November 11, 2022 arrest, Defendants state they were not placed on any monitoring due to plaintiff's November 11, 2022 arrest.

**DOCUMENT REQUEST NO. 39:**

Produce all Risk Assessment Information Liability System ("RAILS") documents related to each Individual NYPD Defendant.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 39:**

Defendants object to Document Request No. 39 on the grounds that this request is not properly limited in time as it does not specify a timeframe. Defendants further object on the grounds that this request is not properly limited in scope as it requests documents about claims not alleged in this action and beyond the scope of this litigation. Defendants further object on the grounds that it is overbroad and burdensome as it requests "all documents." Defendants further object on the grounds that this request seeks allegations of misconduct that were not substantiated, did not result in a finding of misconduct, are not similar in nature to the allegations herein, or are older than ten years and thus too remote to be relevant or subsequent to the Incident. Defendants further object on the grounds that this request is not relevant, as the documents requested have no bearing on the allegations in the Complaint. Defendants further object on the grounds that the documents requested may be protected by the official information privilege, deliberative process privilege, law enforcement privilege and/or other privileges.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to allegations of misconduct against Defendants that are similar in nature to the allegations herein or that raise questions about their truthfulness, from the

ten years prior to the date of plaintiff's arrest, Defendants state that they are continuing to search for responsive documents, and will supplement this response within 30 days, if necessary.

**DOCUMENT REQUEST NO. 40:**

Produce any notices of claim, 50-h transcripts and exhibits, pleadings, discovery requests and responses, deposition transcripts and exhibits, settlement agreements, and judgments from each civil lawsuit against each Individual Defendant identified in response to Interrogatory No. 17.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 40:**

Defendants object to Document Request No. 40 to the extent that it demands records that are not relevant to the parties' claims or defenses in this matter.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, Defendants state that there are no responsive documents to this request.

**DOCUMENT REQUEST NO. 41:**

Produce any criminal court complaints, documents reflecting the dates or events at court proceedings, transcripts of testimony or proceedings, certificates or other proof of disposition, related to each criminal proceeding against each Individual Defendant identified in response to Interrogatory No. 17.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 41:**

Defendants object to Document Request No. 40 to the extent that it demands records that are not relevant to the parties' claims or defenses in this matter.  .

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, Defendnats state that there are no responsive documents to this request.

**DOCUMENT REQUEST NO. 42:**

Produce all documents reflecting the training each Individual NYPD Defendant received, whether at the NYPD Academy or afterward, prior to August of 2022, whether at the NYPD Academy or afterward, whomever and wherever from, including, but not limited to, any command-level, in-service, executive level, or other training, related to the following topics:

a. the requirements under VTL § 402(a) and/or (b), 34 RCNY § 4-08(j)(2), or other New York laws requiring that valid license plates must be properly and conspicuously displayed and kept in a clean and readable condition;

b. probable cause to arrest and/or issue a C-Summons or Desk Appearance Ticket ("DAT") for violating VTL § 402(a) and/or (b), 34 RCNY § 4-08(j)(2), or other New York laws requiring that valid license plates must be properly and conspicuously displayed and kept in a clean and readable condition;

c. identifying illegally obscured, covered, or defaced license plates (so-called "ghost plates") and/or so-called "ghost cars";

d. responding appropriately to such "ghost plates" once identified, including, but not limited to, through prompt and meaningful investigation and, where warranted, by issuing legal process and/or making arrests and/or taking other appropriate law enforcement action;

e. probable cause to arrest and/or prosecute for committing Criminal Mischief under New York Penal Law, including, but not limited to, under PL § 145.00(1);

f. whether and under what circumstances a NYPD member can detain, arrest, and/or issue a C-Summons or DAT to, a person who illegally obscures or obstructs their license plate, including, but not limited to, whether a NYPD

member must personally observe such a violation of the law in order to detain, arrest, and/or issue a C-Summons or DAT;

g. responding appropriately to citizen complaints about illegally obscured "ghost plates" including, but not limited to, through prompt and meaningful investigation and, where warranted, by issuing legal process and/or making arrests and/or taking other appropriate law enforcement action;

h. responding appropriately to citizen complaints about illegally obscured "ghost plates" in a manner that protects the rights of those who complain about such illegally parked vehicles; and

i. A private person's right(s) to make complaints to police about illegal conduct; and

j. Police retaliation in violation First Amendment rights, including, but not limited to, what constitutes such retaliation, and any prohibitions on such retaliation.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 42:

Defendants object to Document Request No. 42 on the grounds that it is vague and ambiguous as to what constitutes a document "reflecting the training." Defendants also object to the extent that it seeks documents that are not relevant to the parties' claims and defenses in this matter in that as written, it would request any email, text message, or other record from all defendants that even references training regarding the policies enumerated in sub-sections (a) through (j). Defendants further object to this request on the grounds that it is not properly limited in scope and not proportional to the needs of the case. Defendants further object to this request as over broad to the extent it seeks "all documents." Defendants further object to this Request to the extent it seeks discovery pursuant to Monell v. New York City Dep't of Social Services, 436 U.S.

658 (1978), on the ground that plaintiff has failed to state such a claim for relief and thus, any documents or information pertaining to this claim are not relevant to the claims or defenses in this action.  To the extent necessary, Defendants will seek a Court order sequencing <u>Monell</u> Discovery. Defendants will interpose no further response to this request on the basis of these objections.

**DOCUMENT REQUEST NO. 43:**

Produce all documents reflecting the substance of the training each Individual NYPD Defendant received, if any, whether at the NYPD Academy or afterward, whomever and wherever from, including, but not limited to, any command-level, in-service, executive level, or other training, related to the topics in Document Request No. 42.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 43:**

Defendants object to Document Request No. 43 on the grounds that it is vague and ambiguous as to what constitutes a document "reflecting the substance of the training." Defendants also object because it seeks documents that are not relevant to the claims and defenses in this matter, in that as written, it would request any email, text message, or other record from all defendants that even references training regarding the policies enumerated in sub-sections (a) through (j) of Document Request No. 42.  Defendants further object to this request on the grounds that it is not properly limited in scope and not proportional to the needs of the case.  Defendants further object to this request as overbroad, to the extent is seeks "all documents.". Defendants further object to this Request to the extent it seeks discovery pursuant to <u>Monell v. New York City Dep't of Social Services</u>, 436 U.S. 658 (1978), on the ground that plaintiff has failed to state such a claim for relief and thus, any documents or information pertaining to this claim are not relevant to the claims or defenses in this action.  To the extent necessary, Defendants will seek a Court

order sequencing <u>Monell</u> Discovery. Defendants will interpose no further response to this request on the basis of these objections.

**DOCUMENT REQUEST NO. 44:**

Produce all documents reflecting the NYPD's practices and policies that were in effect between 2020 and the present, related to the topics in Document Request No. 42, including, but not limited to, any related NYPD Patrol Guide and Administrative Guide provisions, and any related NYPD Legal Bureau or other guidance.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 44:**

Defendants object to Document Request No. 44 as overbroad, to the extent is seeks "all documents," without limitation. Defendants further object to this Request to the extent it seeks discovery pursuant to <u>Monell v. New York City Dep't of Social Services</u>, 436 U.S. 658 (1978), on the ground that plaintiff has failed to state such a claim for relief and thus, any documents or information pertaining to this claim are not relevant to the claims or defenses in this action.  To the extent necessary, Defendants will seek a Court order sequencing <u>Monell</u> Discovery. Defendants will interpose no further response to this request on the basis of these objections.

**DOCUMENT REQUEST NO. 45:**

Produce all documents reflecting or relating to press conferences, press coverage, news clips, social media postings, Internet links, related to the Incident gathered or maintained by or on behalf of any Defendant, including, but not limited to, any gathered by the NYPD's Deputy Commissioner for Public Information ("DCPI"), Intelligence Division, Counterterrorism Bureau, or otherwise.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 45:**

Defendants object to Document Request No. 45 on the grounds that it is overbroad and burdensome to the extent that it requests documents not within defendants' possession, custody, or control, which are equally accessible to plaintiff. Defendants also object on the grounds that it is overbroad  in that it seeks "all" press and media documents.Defendants further object as this request is vague and ambiguous as to what Plaintiff is seeking by referring to all documents "reflecting" press conferences, which is undefined and unqualified. Defendants' further object to the extent that this request seeks information that is not relevant to the parties' claims or defenses. Defendants will interpose no further response to this request on the basis of these objections.

**DOCUMENT REQUEST NO. 46:**

Produce all documents reflecting or related to, or responding to, press inquiries, press statements, and interviews related to the Incident.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 46:**

Defendants object to Document Request No. 46 on the grounds that it is overbroad and burdensome to the extent that it requests documents not within defendants' possession, custody, or control, which are equally accessible to plaintiff. Defendants also object as this request is unduly burdensome and not proportional to the needs of this case in that it requests "all documents reflecting or related to.." Defendants further object on the grounds that it is vague and ambiguous as to the phrase "reflecting or related to, which is undefined and unqualified.  . Defendants further object to the extent that this request seeks information that is not relevant to the parties' claims or defenses in this action. Further defendants object as this request is burdensome and overbroad, in that it seeks "all documents," without limitation in time or scope. Defendants will interpose no further response to this request on the basis of these objections.

**DOCUMENT REQUEST NO. 47:**

Produce all documents regarding the "NYPD and New York City Sheriff's

Office's joint "crack down" on "ghost cars" and "robust ghost car enforcement initiative"

described in ¶¶ 44 and 47-48 of the Complaint.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 47:**

Defendants object to Document Request No. 47 on the grounds that it is overbroad and

unduly burdensome, as it seeks "all documents" related to the joint "crack down" on "ghost cars."

Defendants further object on the grounds that it seeks information that is not relevant to the parties'

claims or defenses in this action.    Defendants further object to this Request to the extent it seeks

discovery pursuant to Monell v. New York City Dep't of Social Services, 436 U.S. 658 (1978), on

the ground that plaintiff has failed to state such a claim for relief and thus, any documents or

information pertaining to this claim are not relevant to the claims or defenses in this action.  To

the extent necessary, Defendants will seek a Court order sequencing Monell Discovery.

Defendants will interpose no further response to this request on the basis of these objections.

**DOCUMENT REQUEST NO. 48:**

Produce all documents regarding the "2022 Vehicle License Plates Working

Group" and the work of the NYPD's patrol officers and "several City agencies – including the

Sheriff's office"… "to crack down on obscured and illegal plates" in 2022 described in ¶¶ 44 and

47-48 of the Complaint.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 48:**

Defendants object to Document Request No. 48 to the extent that it is overbroad and

burdensome, and not sufficiently limited in time or scope to the extent that it seeks "all documents"

generally regarding the "2022 Vehicle License Plates Working Group" and "to crack down on

obscured and illegal plates." Defendants further object as this request is vague and ambiguous in seeking "all documents regarding" "the work" of the NYPD's patrol officers is undefined and unqualified. Defendants further object as this request seeks documents that are not relevant to the parties' claims or defenses in this action, and to the extent that the information sought is publicly available, and thus, equally available to all parties. Defendants further object to this Request to the extent it seeks discovery pursuant to <u>Monell v. New York City Dep't of Social Services</u>, 436 U.S. 658 (1978), on the ground that plaintiff has failed to state such a claim for relief and thus, any documents or information pertaining to this claim are not relevant to the claims or defenses in this action. To the extent necessary, Defendants will seek a Court order sequencing <u>Monell</u> Discovery. Defendants will interpose no further response to this request on the basis of these objections.

**DOCUMENT REQUEST NO. 49:**

Produce all documents regarding or reflecting the nature and extent of any investigations undertaken by Defendant City related to the 59 incidents of "ghost plates" on the cars of police officers, firefighters, and other law enforcement personnel documented in Gersh Kuntzmann's Criminal Mischief Article and the "Criminal Mischief follow up sheet" described and linked to in ¶¶ 215-216 of the Complaint.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 49:**

Defendants object to Document Request No. 49 to the extent that it is overbroad and burdensome, to the extent that it seeks "all documents" generally regarding "any investigations" undertaken by Defendant City related to the 59 incidents of "ghost plates". Defendants further object as this request is vague and ambiguous as to what constitutes "reflecting the nature and extent" of any investigations undertaken by Defendant City, which is undefined and unqualified. Defendants further object as this request seeks documents that are not relevant to the parties'

claims or defenses in this matter, and to the extent that the information sought is publicly available, and thus, equally available to all parties. . Defendants further object to this Request to the extent it seeks discovery pursuant to Monell v. New York City Dep't of Social Services, 436 U.S. 658 (1978), on the ground that plaintiff has failed to state such a claim for relief and thus, any documents or information pertaining to this claim are not relevant to the claims or defenses in this action. To the extent necessary, Defendants will seek a Court order sequencing Monell Discovery. Defendants will interpose no further response to this request on the basis of these objections.

**DOCUMENT REQUEST NO. 50:**

Produce all documents to support to the claim made by a spokesperson from Defendant City to Gersh Kuntzman that "The relevant city agency will review each incident of alleged violations and evaluate them for potential disciplinary action" described in ¶ 223 of the Complaint.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 50:**

Defendants object to Document Request No. 50 to the extent that it is overbroad and burdensometo the extent that it seeks "all documents" generally regarding the claim made to Gersh Kuntzman. Defendants further object as this request is vague and ambiguous as to what Plaintiff is seeking in referring to "all documents to support the claim made to Gersh Kuntzman", which is undefined and unqualified. Defendants further object as this request seeks documents that are not relevant to the parties' claims or defenses in this matter, and to the extent that the information sought is publicly available, and thus, equally available to all parties. Defendants further object to this Request to the extent it seeks discovery pursuant to Monell v. New York City Dep't of Social Services, 436 U.S. 658 (1978), on the ground that plaintiff has failed to state such a claim for relief and thus, any documents or information pertaining to this claim are not relevant to the claims or

defenses in this action.  To the extent necessary, Defendants will seek a Court order sequencing

Monell Discovery.  Defendants will interpose no further response to this request on the basis of

these objections.

**DOCUMENT REQUEST NO. 51:**

Produce all documents regarding the nature and extent of each investigation into

the 13 documented incidents of NYPD members' and/or employees' using "ghost plates" in the

Criminal Mischief follow up sheet ¶¶ 215-216 of the Complaint, *see id.* at ¶¶ 225

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 51:**

Defendants object to Document Request No. 51 to the extent that it is overbroad and

burdensome to the extent that it seeks "all documents" Defendants further object as this request is

vague and ambiguous in generally seeking "all documents regarding the nature and extent" of each

investigation; and on the grounds that this request implicates the official information,  law

enforcement, attorney-client, and/or attorney-work product privileges.  Defendants further object

as this request seeks documents that are not relevant to the parties' claims or defenses in this case.

Defendants further object to this Request to the extent it seeks discovery pursuant to Monell v.

New York City Dep't of Social Services, 436 U.S. 658 (1978), on the ground that plaintiff has

failed to state such a claim for relief and thus, any documents or information pertaining to this

claim are not relevant to the claims or defenses in this action.  To the extent necessary, Defendants

will seek a Court order sequencing Monell Discovery.  Defendants will interpose no further

response to this request on the basis of these objections.

**DOCUMENT REQUEST NO. 52:**

To the extent Defendant City investigated any of the other incidents documented

in the Criminal Mischief follow up sheet described in the Complaint, produce all documents

regarding the nature and extent of each such investigation, including, but not limited to, documents reflecting the outcome.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 52:**

Defendants object to Document Request No. 52 to the extent that it is overbroad and burdensome to the extent that it seeks "all documents" Defendants further object as this request is vague and ambiguous in that it is unclear as to what is referred to as the "Criminal Mischief follow up sheet," and generally seeking "all documents regarding the nature and extent" of each investigation;  and on the grounds that this request implicates the official information,  law enforcement, attorney-client, and/or attorney-work product privileges.  Defendants also object on the grounds that  what Plaintiff is seeking by referring to "the nature and extent" of each investigation,  is undefined and unqualified.  Defendants further object as this request seeks documents that are not relevant to the parties' claims or defenses in this case. Defendants further object to this Request to the extent it seeks discovery pursuant to Monell v. New York City Dep't of Social Services, 436 U.S. 658 (1978), on the ground that plaintiff has failed to state such a claim for relief and thus, any documents or information pertaining to this claim are not relevant to the claims or defenses in this action.  To the extent necessary, Defendants will seek a Court order sequencing Monell Discovery.  . Defendants will interpose no further response to this request on the basis of these objections.

**DOCUMENT REQUEST NO. 53:**

Produce all documents reflecting the nature and extent of the 5,000 inspections related to NYPD sidewalk parking, bent plate, license covers, and parking violations referred to in ¶ 226 of the Complaint, as well as the results of any related complaints or investigations (including any Command Disciplines or other consequences resulting therefrom).

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 53:**

Defendants object to Document Request No. 53 to the extent that it is overbroad and burdensome to the extent that it seeks "all documents" generally regarding the 5,000 inspections related to NYPD sidewalk parking, bent plate, license covers, and parking violations. Defendants further object on the grounds that the request is overbroad in that documents about sidewalk parking, bent plates, and parking violations are unrelated to the parties' claims or defenses in this action. Defendants further object as this request is vague and ambiguous in generally seeking "all documents regarding the nature and extent" of each inspection; and on the grounds that this request implicates the official information, law enforcement, attorney-client, and/or attorney-work product privileges. . Defendants further object as this request seeks documents that are not relevant to the parties' claims or defenses in this case. Defendants further object to this Request to the extent it seeks discovery pursuant to Monell v. New York City Dep't of Social Services, 436 U.S. 658 (1978), on the ground that plaintiff has failed to state such a claim for relief and thus, any documents or information pertaining to this claim are not relevant to the claims or defenses in this action. To the extent necessary, Defendants will seek a Court order sequencing Monell Discovery. Defendants will interpose no further response to this request on the basis of these objections.

**DOCUMENT REQUEST NO. 54:**

Produce all documents regarding 311 complaints made by Plaintiff regarding motor vehicles that are illegally parked and/or that have defaced, obscured, fake, and missing license plates between 2020 and the present, and Defendant City's responses thereto.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 54:**

Defendants object to Document Request No. 54 on the grounds that it is overbroad as it seeks "all documents." Defendants further object to the extent that it seeks documents that are not relevant to the parties' claims or defenses in this case.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, Defendants state that they are aware of two 311 calls plaintiff made pertaining to obscured or fake liceense plates on September 20, 2022 and September 29, 2022.   Defendants are continuing to search for responsive documents , and will supplement this response within 30 days, if necessary.

**DOCUMENT REQUEST NO. 55:**

Produce all documents regarding or reflecting 311 or 911 complaints regarding "ghost plates" or "ghost vehicles" between 2020 and the present, and Defendant City's responses thereto.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 55:**

Defendants object to Document Request No. 55 on the grounds that it is overbroad as it seeks "all documents" related to 311 or 911 complaints from 2020 to present. a Defendants further object to the extent that it seeks documents  that are not relevant to the parties' claims or defenses in this case.Defendants further object as this request is vague and ambiguous in that it seeks, without definition, documents "regarding or reflecting" 311 or 911 complaints, which is undefined and unqualified.  Defendants further object to this Request to the extent it seeks discovery pursuant to Monell v. New York City Dep't of Social Services, 436 U.S. 658 (1978), on the ground that plaintiff has failed to state such a claim for relief and thus, any documents or information pertaining to this claim are not relevant to the claims or defenses in this action.  To the extent necessary,

Defendants will seek a Court order sequencing <u>Monell</u> Discovery.  Defendants will interpose no further response to this request on the basis of these objections.

**DOCUMENT REQUEST NO. 56:**

Produce all documents regarding the Defendant City's position as to its formal and/or informal relationship with the Rockaway Nassau Safety Patrol ("RNSP") and other "Shomrim" groups between 2022 and the present.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 56:**

Defendants object to Document Request No. 56 to the extent that it is overbroad and burdensome to the extent that it seeks "all documents" generally regarding Defendant City's relationship with the RNSP; and on the grounds that the requested  documents are not relevant to the parties' claims or defenses in this action. Defendants further object as this request is vague and ambiguous as to what Plaintiff is seeking regarding the Defendant City's "formal and/or informal relationship" with the RNSP and "other 'Shomrim' groups," which is undefined and unqualified. Defendants further object to this Request to the extent it seeks discovery pursuant to <u>Monell v. New York City Dep't of Social Services</u>, 436 U.S. 658 (1978), on the ground that plaintiff has failed to state such a claim for relief and thus, any documents or information pertaining to this claim are not relevant to the claims or defenses in this action.  To the extent necessary, Defendants will seek a Court order sequencing <u>Monell</u> Discovery.  Defendants will interpose no further response to this request on the basis of these objections.

**DOCUMENT REQUEST NO. 57:**

Produce all documents, including e-mails, social media posts, and messages, regarding social events such as parties, barbeques, and other, similar events for NYPD and Shomrim members, including, but not limited to, such events with members of the NYPD's 78th,

100th, and/or 101st Precincts, and/or the 4th Precinct National Council, the events described in ¶¶ 62 and 63 of the Complaint, and other such events.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 57:**

Defendants object to Document Request No. 57 to the extent that it is overbroad and burdensome to the extent that it seeks "all documents" generally regarding events between the NYPD and Shomrim members. Defendants further object as this request is vague and ambiguous as to what Plaintiff is seeking regarding other "similar events" for NYPD and Shomrim members, which is undefined and unqualified. Defendants further object as this request seeks documents that are not relevant to the parties' claims or defenses in this case, and to the extent that the information sought is publicly available, and thus, equally available to all parties. Defendants further object to this Request to the extent it seeks discovery pursuant to Monell v. New York City Dep't of Social Services, 436 U.S. 658 (1978), on the ground that plaintiff has failed to state such a claim for relief and thus, any documents or information pertaining to this claim are not relevant to the claims or defenses in this action. To the extent necessary, Defendants will seek a Court order sequencing Monell Discovery. Defendants will interpose no further response to this request on the basis of these objections.

**DOCUMENT REQUEST NO. 58:**

Produce all documents released by the NYPD, the CCRB, the Office of the Comptroller, or any other City agency pursuant to the Freedom of Information Law regarding Plaintiff or the Incident.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 58:**

Defendants object to Document Request No. 58 on the grounds that it is vague, ambiguous, and overbroad in that it requests "all documents." Defendants further object on the grounds that

this request to the extent that it seeks documents that are not not relevant to the parties' claims or defenses in this case. Defendants will interpose no further response on the basis of these objections.

**DOCUMENT REQUEST NO. 59:**

Produce all documents received by defense counsel related to Plaintiff or the Incident pursuant to subpoena or to Plaintiff's authorization or Freedom of Information Law request or otherwise, along with copies of the request(s) made by the Law Department for such documents and any related correspondence.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 59:**

Defendants object to Document Request No. 59 on the grounds that it is vague, ambiguous, and overbroad, in that it requests "all documents." Defendants further object on the grounds that this request is not relevant to the parties' claims or defenses in this case.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to responsive documents pertaining to plaintiff's November 11, 2022 arrest, Defendants state that there are no documents Defendants have requested through subpoena to date. Defendants will supplement this response as appropriate.

**DOCUMENT REQUEST NO. 60:**

Produce all documents any Defendant intends to use at any deposition in this case, including for impeachment purposes.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 60:**

Defendants object to Document Request No. 60 on the grounds that this request is improper, premature and implicates the attorney work-product privilege.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, Defendants state that defendants will provide those documents as required by the Federal Rules and the individual judge's rules, as appropriate.

**DOCUMENT REQUEST NO. 61:**

Produce all documents any Defendant intends to use at the time of trial, including for impeachment purposes.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 61:**

Defendants object to Document Request No. 61 on the grounds that this request is improper, premature and implicates the attorney work-product privilege.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, Defendants state that they will provide those documents as required by the Federal Rules and the individual judge's rules, as appropriate.

**DOCUMENT REQUEST NO. 62:**

Produce all documents related to or reflecting requests by any Individual NYPD Defendant for representation and the City's responses thereto.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 62:**

Defendants object to Document Request No. 62 on the grounds that it is vague, ambiguous, and overbroad in that it requests "all documents;" and on the grounds that it seeks documents that are not relevant to the parties' claims or defenses in this action. Defendants further object on the grounds that the request seeks documents that are protected by the attorney-client, attorney work product, official information and law enforcement privileges, and/or other applicable privilege. Defendants will interpose no further response to this request.

**DOCUMENT REQUEST NO. 63:**

Produce all documents related to or reflecting whether any Individual NYPD

Defendant was acting under color of law and/or within the scope of his duty and/or employment

related to the Incident.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 63:**

Defendants object to Document Request No. 63 on the grounds that it is vague, ambiguous,

and overbroad in that requests "all documents," and to the extent that it seeks information that is

not relevant to the parties' claims or defenses in this action.  Defendants further object on the

grounds that there is another more practical method of obtaining this discovery, such as depositions

Notwithstanding and without waiving, or in any way limiting the foregoing specific

objections, and limiting their response to responsive documents pertaining to plaintiff's November

11, 2022 arrest, Defendants refer plaintiff to documents  previously produced bearing Bates

Stamp Nos. D_00001 – D_00042, and the documents produced herein bearing Bates Stamp

Nos. D_00043- D_00062, and D_00098 – D_00099.

**DOCUMENT REQUEST NO. 64:**

Produce all documents related to each Defendant's defenses.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 64:**

Defendants object to Document Request No. 64 on the grounds that it is vague, ambiguous,

and overbroad in that it requests "all documents;" and to the extent that it seeks documents that

are not relevant to the parties' claims or defenses in this case. Defendants further object on the

grounds that  there is another more practical method of obtaining discovery, such as depositions

regarding facts within the knowledge of individuals identified.  Defendants further object  to the

extent that it seeks documents that are not within defendants' possession, custody, or control; and

to the extent that it seeks documents that are protected by the attorney-client, attorney work product, official information, law enforcement privileges, and/or other applicable privileges.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to responsive documents pertaining to plaintiff's November 11, 2022 arrest, Defendants refer plaintiff to documents previously produced bearing Bates Stamp Nos. D_00001 – D_00042, and the documents produced herein bearing Bates Stamp Nos. D_00043- D_00062, and D_00098 – D_00099.

**DOCUMENT REQUEST NO. 65:**

Produce all documents related to each and all of Defendant Klein's cross-claims, including, but not limited to, any agreements, correspondence, or other documents any crossclaim is based on.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 65:**

Defendants object to Document Request No. 65 on the grounds that it is vague, ambiguous, and in that it requests "all documents;" and to the extent that it seeks documents that are not relevant to the parties' claims or defenses in this case. Defendants further object to the extent that it seeks documents that are not within defendants' possession, custody, or control.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to responsive documents pertaining to plaintiff's November 11, 2022 arrest, Defendants state that they have not received any documents related to Defendant Klein's cross-claims.

**DOCUMENT REQUEST NO. 66:**

Produce all other documents related to the Incident that are not otherwise requested, or disclosed in response to the requests, above.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 66:**

Defendants object to Document Request No. 66 on the grounds that it is vague, ambiguous, and overbroad in that it requests "all documents;" and to the extent that it seeks documents that are not relevant to the parties' claims or defenses in this case. Defendants further object to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified. Defendants further object to the extent that it seeks documents that are not within defendants' possession, custody, or control; and to the extent that it seeks documents that are protected by the attorney-client, attorney work product, official information, law enforcement privileges, and/or other applicable privileges.

**DOCUMENT REQUESTS TO DEFENDANT KLEIN ONLY.**

**DOCUMENT REQUEST NO. 67:**

Produce all photographs and videos depicting the SUV, license plate, and license plate cover described in the Complaint between 2020 and the present.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 67:**

A response is not needed for City defendants as this demand is directed to defendant Klein only.

**DOCUMENT REQUEST NO. 68:**

Produce all summonses, tickets, or other citations issued to Defendant Klein regarding running red lights, speeding, or failing to pay tolls, between 2010 and the present.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 68:**

A response is not needed for City defendants as this demand is directed to defendant Klein only.

**DOCUMENT REQUEST NO. 69:**

Produce all e-mails, texts, and social media posts and messages regarding Plaintiff, the Incident, or this lawsuit between August of 2022 and the present.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 69:**

A response is not needed for City defendants as this demand is directed to defendant Klein only.

**DOCUMENT REQUEST NO. 70:**

Produce all documents regarding or reflecting any of Defendant Klein's communications regarding Plaintiff or the Incident between August of 2022 and the present, including, but not limited to, any such communications with any prosecutor from the KCDA's Office, including, but not limited to, any e-mails, texts, voicemail messages, or other documents.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 70:**

A response is not needed for City defendants as this demand is directed to defendant Klein only.

**DOCUMENT REQUEST NO. 71:**

Produce all documents reflecting Defendant Klein's role and/or status in the Rockaway Nassau Safety Patrol ("RNSP") between 2010 and the present.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 72:**

A response is not needed for City defendants as this demand is directed to defendant Klein only.

**DEMAND TO INSPECT**

**DEMAND TO INSPECT NO. 72:**

Plaintiff demands to inspect the license plate described in the Complaint.

**OBJECTIONS AND RESPONSE TO DEMAND TO INSPECT NO. 72:**

Defendants do not have possession, custody or control over the license plate.

**DEMAND TO INSPECT NO. 73:**

Plaintiff demands to inspect the license plate cover described in the Complaint.

**OBJECTIONS AND RESPONSE TO DEMAND TO INSPECT NO. 73:**

Defendants do not have possession, custody or control over the license plate.

**DEMAND TO INSPECT NO. 74:**

Plaintiff demands to inspect the piece of plastic described in the Complaint.

**OBJECTIONS AND RESPONSE TO DEMAND TO INSPECT NO. 74:**

To the extent Defendants have possession, custody or control over the piece of plastic,

the parties can arrange for a mutually convenient date to inspect it.

**DEMAND TO INSPECT NO. 75:**

Plaintiff demands to inspect any and all property seized by the NYPD related to

the Incident.

**OBJECTIONS AND RESPONSE TO DEMAND TO INSPECT NO. 75:**

To the extent Defendants have possession, custody or control over any other property

seized, the parties can arrange for a mutually convenient date to inspect it.

Dated:     New York, New York
           February 6, 2024

                    SYLVIA O. HINDS-RADIX
                    Corporation Counsel of the City of New York
                    *Attorney for Defendants City of New York, Barrett,*
                    *Klenke, Ali, Kaur, Phillips, Rebolledocortes, and*
                    *Ullah*
                    100 Church Street,
                    New York, New York 10007
                    (212) 356-2413
                    jhiraoka@law.nyc.gov

By:   *Joseph M. Hiraoka, Jr. s/*
       Joseph M. Hiraoka, Jr.
       Senior Counsel
       Special Federal Litigation Division

cc:   **BY E-MAIL**
       All Counsel

No. 23-cv-06924 (RER)(MMH)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ADAM D. WHITE,

Plaintiffs,

-against-

KLEIN, et al.,

Defendants.

RESPONSES TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES AND DOCUMENT REQUESTS
AND DEMAND TO INSPECT

**SYLVIA O. HINDS-RADIX**
Corporation Counsel of the City of New York
Attorney for City Defendants
100 Church Street
New York, New York  10007-2601

Of Counsel:  Joseph M. Hiraoka, Jr.
Tel.:  212-356-2413

*Service of which is hereby acknowledged:*

..................................., N.Y.  Dated: ...............................

Signed: .........................................................................

Print Name: ...................................................................

Attorney for: .................................................................