

277 Broadway, Suite 1501
New York, NY 10007

1825 Foster Avenue, Suite 1K
Brooklyn, NY 11230

Gideon@GideonLaw.com*
GideonLaw.com

**Office**: (718) 783-3682
**Signal**: (646) 263-3495
**Fax**: (646) 349-2914*

*Not for service*

February 23, 2024

**BY E-MAIL AS A .PDF**
Joseph M. Hiraoka, Jr., Esq.
Assistant Corporation Counsel
New York City Law Department
Special Federal Litigation Division
100 Church Street
New York, NY  10007

    Re:    <u>Adam White v. Sholem Klein, et al.</u>, 23-cv-06924 (RER)(MMH)

Dear Counsel:

As discussed, here are some notes listing some of the issues we discussed during yesterday's meet and confer. As we made clear during that lengthy meet and confer, in our view, Defendants' responses and objections do not comply with the Federal Rules of Civil Procedure and require  As discussed, if Defendants do not affirmatively let us know by February 28, 2024 that they will be revising their responses by March 15, 2024, including to do what is set out below, we are at an impasse and intend to move.

**2015 Amendments/Boilerplate/Not Saying What Is Being Withheld or If Anything Is**

We discussed this issue at length. To be clear, it applies to every document request and almost every interrogatory.

Defendants' responses do not comply with the 2015 amendments to the relevant Federal Rules of Civil Procedure, including in that they fail (in every instance) to "state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection."  *Fischer v Forrest,* 2017 US Dist LEXIS 28102, at \*9 (SDNY Feb. 28, 2017). It made clear that "meaningless boilerplate" objections such as statements that requests are "overly broad and unduly burdensome" that does not explain why the requests are burdensome or how they are overbroad are "'improper unless based on particularized facts'" that are articulated as part of the objection. *Id.* at \*8. Here, virtually every objection is "meaningless boilerplate" of exactly the kind highlighted by Judge Peck in *Fischer* -- it never answers "Why is it burdensome? How is it overly broad?," and therefore it is "language [that] tells the Court [or us] nothing." *Id.* at \*8.

We discussed, as an example, specifically DR 18, which compares fairly directly to the examples Judge Peck used in *Fischer*:

Defendants object to Document Request No. 18 to the extent that it is not sufficiently limited in time or scope as it is not limited in time period or subject matter; is over broad and vague as it does not specify what type of communications and documents regarding plaintiff are sought; and is not proportional to the needs of the case. Defendants further object as this request seeks information that are not relevant to the parties' claims or defenses in this action. Defendant further objects to this request because it encompasses communications between Defendants and the Office of the Corporation Counsel of the City of New York that is protected by the attorney-client privilege. Defendants will interpose no further response to this request.

Compare:

Defendant objects to this Request for Production to the extent that it is overly broad and unduly burdensome, and not likely to lead to the discovery of relevant evidence. Defendant further objects to this Request as it requests information already in Plaintiff's possession.

We need you to agree to fully revise every response to (we are quoting this bullet point list from *Fischer*):

- "State grounds for objections with specificity; [and]
- An[y] objection must state whether any responsive materials are being withheld on the basis of *that* objection"

*Id* at *2 (emphasis added).

Additionally, "'[a]n objection may state that a request is overbroad, but if the objection recognizes that some part of the request is appropriate the objection should state the scope that is not overbroad" although "[a]n objection that states the limits that have controlled the search for responsive and relevant materials qualifies as a statement that the materials have been 'withheld.'" *Id*. at *2-4 (citing 2015 Advisory Committee Notes to Rule 34).

If, by February 28, Defendants do not specifically and in writing agree to amend their responses to make clear what is being withheld, based on which specific objections, and to delete their boilerplate objections, we are at an impasse and will move.

**Searches**

We are pleased to learn that you are searching for texts, emails, and so on, but still object to your categorical refusal to discuss collection and review methodology with us. We have no idea what you are search for, or how you are searching for whatever it is.

2

And your assertions that you are conducting searches are at odds with representations in the responses and objections

**"All Documents" Objection**

As we discussed, Defendants should withdraw this objection. To start, we note Defendants have no issue with this phrasing in their own requests -- indeed, virtually every single one of Defendants' document requests uses it. Moreover, as I reminded you, Courts have sanctioned the City in connection with this kind of objection:

[After an objection to producing "all" of anything]

THE COURT: Ms. Weiss, I have to say this line of argument makes no sense to me. From what I've gathered, what actually is typically happening is that City is producing some materials, the plaintiffs are noticing it's not all, you're conceding, as you just did now in your discourse that you then come up with it, and they're right, you did violate the order. [...]

***So no one is being set up when they're being told to produce all documents on a topic, that happens every single day in every single litigation.***

Parties then do a reasonable search and they don't feel they're being set up. They produce the documents and usually there's not an issue, and when there is an issue then we solve it through the mechanisms. And, you know, maybe we'll talk later about whether those are working or not.

But you're making me very concerned with these objections, the idea that you are incapable of producing, of doing a reasonable search to produce the documents, it makes no sense.

2022-02-11 Tr. at 14-15 (cleaned up, emphasis added) (awarding sanctions, among other things, for the City's failure to produce "all" documents it was ordered to).

That is, parties produce "all" documents "every single day in every single litigation." *Id*. And if the City is claiming it is refusing to do that, as Judge Gorenstein was, we are "very concerned" that the City is claiming it is incapable of doing the reasonable search every other litigant in every other case can do, and will move for appropriate relief.

Please let us know whether you will remove the "all" objection or whether we are at an impasse on removing it before February 28, 2024.

**Verifications.**

The City Defendants agreed to serve verifications by March 15, 2024.

3

**Privilege Log.**

Local Rule 26.2 requires a privilege log to list:  (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other."  (iii) and (iv) are missing entirely from the few entries that Defendants have provided in the privilege log. Additionally, to the extent that Defendants intend to rely on purported privilege assertions made in Defendants' boilerplate objections with respect to producing certain information or documents or categories thereof on purported privilege grounds, Defendants must provide appropriately detailed information in a privilege log – which they have not done.

If, by February 28, 2024, Defendants do not agree to provide that information, we are at an impasse and will move.

**Individual Responses:**

For the responses below, as discussed, we are at an impasse if Defendants do not agree to cure the identified deficiency -- and to be clear, that is *not* simply an agreement to "look at" or "consider" what we said today or spent (at your request) substantial attorney time spelling out in (what we view as) unnecessary detail. So, we look forward to either (1) an agreement to full withdraw the improper objections or produce documents as detailed below or (2) moving on the relevant impasse.

**Improper Limitations.**

As we explained at length, many of Defendants' responses contained improper limitations. None of these contained objections explaining the limitations (see above), but those we went through appear to simply be facially improper. Those are:

- Int. 3:  Adding the limitation "limiting their response to what plaintiff was arrested for" is facially improper. Defendants' response must cover any assertion of probable cause they may make in the case, not just what they happened to *in fact* make on the date of the incident. If Defendants delete the quoted text, we have no issue.

- Int. 5:  Adding the limitation " when he was under arrest" is improper. If Defendants alter their limitation to "on November 11, 2022," we have no issue.

- Int. 16:  Defendants do not explain their limitation at all, and their response is facially improper.

4

- Int. 17:  Defendants' claim not to understand " abuse of their lawful authority," as a category of allegation, is implausible. It also seems, as we discussed, unlikely the answer that there is no responsive information is accurate.

- DR 18:  As discussed above, this request is emblematic of an approach barred by the 2015 amendments. No objection here is non-boilerplate, and Defendants refusal to respond is not explained.

- DR 20:  Same as DR 18.

- DR 24:  Defendants' privilege claim is suspect, but will likely be resolved through the privilege log.

- DR 38:  Defendants' limitation to "documents pertaining to plaintiffs November 11,2022 arrest" -- and apparently specifically to whether Defendants were "placed on any monitoring due to plaintiff s November 11,2022 arrest" (as opposed to whether, for example, they were on force monitoring at the time of the arrest, which would be "pertaining to" the arrest) -- is improper. Defendants have articulated no basis (nor could they) to not produce each Individual Defendants' force monitoring history.

- DR 64:  Defendants' defenses are not limited to November 11, 2022. So the limitation is improper.

**Failure to Respond.**

- DR 36:  as discussed, Defendants never actually provided a response to this request.

- DRs 42-58:  Defendants have not moved to dismiss, and therefore the claim Defendants want to "sequenc[e]" *Monell* discovery does not make any sense -- sequence it after... what?  Defendants also failed to make any motion for any protective order or "sequencing," making the response particularly improper (especially on the short discovery schedule we have). Since Defendants have not lodged any cognizable objection, Defendants must produce documents in response to these requests.

**"Are You Sure?"**

As discussed, we wanted to flag that it seems *extremely* unlikely that it's true there are no responsive documents for DR 40.

**Confusing Responses**

5

- Int. 10: Defendants' seeming claim that no Defendant spoke to *anyone* (not even each other) in completing arrest paperwork is inconsistent with our experience and seems to make no sense.

- Int 13: This response, as we discussed, is inconsistent with your representation you are searching for texts.

**To Be Produced by March 7, 2024:**

Finally, these requests have outstanding responses that your responses say we will get by March 7, 2024. We agreed if we could reach agreement on other issues - in particular, the 2015 amendment issues - we could agree to slide this back to March 15, 2024. But otherwise, you represented to us that searches were on track to meet this deadline. Those requests are:

- Int 15
- DR 2
- DR 4
- DR 5
- DR 8
- DR 11
- DR 12
- DR 17
- DR 23
- DR 26
- DR 27
- DR 28
- DR 29
- DR 30
- DR 31
- DR 32
- DR 37
- DR 39
- DR 54

We look forward to hearing back from you by February 28, 2024.

Very truly yours,

/S/

Gideon Orion Oliver

cc:   Counsel for Defendant Klein (by e-mail)

6