

277 Broadway, Suite 1501
New York, NY 10007

1825 Foster Avenue, Suite 1K
Brooklyn, NY 11230

Gideon@GideonLaw.com*
GideonLaw.com

**Office**: (718) 783-3682
**Signal**: (646) 263-3495
**Fax**: (646) 349-2914*

*Not for service*

March 4, 2024

**BY E-MAIL AS A .PDF**
Joseph M. Hiraoka, Jr., Esq.
Assistant Corporation Counsel
New York City Law Department
Special Federal Litigation Division
100 Church Street
New York, NY  10007

    Re:    <u>Adam White v. Sholem Klein, et al.</u>, 23-cv-06924 (RER)(MMH)

Dear Counsel:

I write to respond to a few issues in your February 28, 2024 letter responding to my February 23, 2024 letter following up on our February 21, 2024 meet and confer.

With respect to "Searches", we agree that you informed us that the individual Defendant NYPD members have been advised to preserve whatever electronically stored information ("ESI") they already have. However, as you know, we have been asking to have meaningful discussions (as the Federal Rules of Civil Procedure and best ESI discovery practices require) regarding ESI custodians, search terms, and searches before, during, and since the Rule 26(f) conference, and the City Defendants have refused to do so – aside from representing that the individual Defendant NYPD members have been advised to preserve whatever ESI they have.

Next, we appreciate that, after our meet and confer about the deficiencies in the City Defendants' interrogatory and document demand responses and objections, the City Defendants have agreed to provide sworn interrogatory responses, to withdraw certain objections, and to supplement some responses and objections, by March 15, 2024.

However, we are at an impasse as to what is, in our view, the "bigger picture" problems that cut across all of the City Defendants' responses and objections – mainly, that they contain boilerplate objections, do not say what is being withheld based on which specific objections, and fail to respond to the parts of each of those requests that the City Defendants agree are unobjectionable. We will therefore write the Court a pre-motion conference letter regarding our anticipated motion with respect to those deficiencies in the City Defendants' responses and objections.

Relatedly, with respect to the supplemental responses the City Defendants promised to have by March 7, 2024, because we are at an impasse about those "bigger

picture" problems, we look forward to Defendants' supplemental responses, along with any privilege log (if documents are redacted or withheld on the basis of any purported privilege), by March 7, 2024.

Also, for the reasons discussed during our meet and confer, we are at an impasse and will write the Court a pre-motion conference letter regarding our anticipated motion to compel with respect to the City Defendants' responses to document requests 42-44, 47-53, and 55-57.

As to document requests 45, 46, 54, and 58, thank you for pointing out that we mistakenly grouped these with 42-58 in that the City Defendants have not objected to them on *Monell* grounds. To the extent that you have now objected that we "clarify what the objections" are, they contain boilerplate objections, do not say what is being withheld based on which specific objections, and fail to respond to the parts of each of those requests that the City Defendants agree are unobjectionable.

Thank you for your attention to these matters.

Very truly yours,

/S/

Gideon Orion Oliver