UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

ADAM D. WHITE,

                                        Plaintiff,

                    -against-

SHOLEM KLEIN, THE CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT
("NYPD") SERGEANT LEIGHTON BARRETT,
NYPD SERGEANT KURT KLENKE, NYPD
OFFICER AHMED ALI, NYPD OFFICER
PALAKPREET KAUR, NYPD OFFICER ADAM
PHILLIPS, NYPD OFFICER CARLOS
REBOLLEDOCORTES, and NYPD OFFICER
IKRAM ULLAH,

                                        Defendants.

-----------------------------------------------------------------------x

**DEFENDANTS CITY, BARRETT, KLENKE, ALI, KAUR, PHILLIPS, REBOLLEDOCORTES AND ULLAH'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS AND DEMAND TO INSPECT**

**23-CV-06924 (RER)(MMH)**

    Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Defendants City of New York, Barrett, Klenke, Ali, Kaur, Phillips, Rebolledocortes, and Ullah ("City Defendants") hereby supplement their Responses and Objections to Plaintiff's First Set of Interrogatories and Document Requests and Demand to Inspect as follows:

## GENERAL STATEMENT

    1.  By responding to any request, defendants do not concede the materiality of the subject to which it refers.  Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the

documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2.   Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendants right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

3.   With respect to the request for the production of documents, defendants will provide, under separate cover, a privilege index, if appropriate.

## INTERROGATORIES

### INTERROGATORY NO. 15:

Identify each statement (including, but not limited to, communications such as emails, text messages, and social media posts and messages) made by each Individual Defendant regarding Plaintiff or the Incident between 2022 and the present, and all documents regarding or reflecting such communications.

### OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 15:

Defendants object to Interrogatory No. 15 to the extent that it is not sufficiently limited in scope as it demands statements, documents and communications that do not pertain to plaintiff's November 11, 2022 arrest; is over broad and vague as it does not specify what type of statements regarding plaintiff are sought, and is not proportional to the needs of the case in that it requests statements, documents and communications that are unrelated to plaintiff's November 11, 2022 arrest.  Defendants further object as this request to the extent it seeks information that is not

relevant to the parties' claims or defenses in this case in that it requests information unrelated to

claims of false arrest, false imprisonment, assault and battery, malicious prosecution, abuse of

process, fabrication of evidence, or negligent supervision, retention, and training.

Notwithstanding and without waiving, or in any way limiting the foregoing specific

objections, and limiting their response to responsive information pertaining to plaintiff's

November 11, 2022 arrest, Defendants refer plaintiff to the following link that Sergeant Barrett

texted to Sergeant Klenke on November 20, 2022: https://nyc.streetsblog.org/2022/11/16/brooklyn-

council-member-blasts-cops-for-arresting-famed-bike-lawyer-for-fixing-defaced-plate.   Defendants

will produce the responsive text chain within 30 days.

## DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 2:

Produce all videos related to Plaintiff's arrest or to the Incident, including, but not

limited to, all:

a. NYPD body-worn camera footage, including, but not limited to, such footage

from each Individual NYPD Defendant and every NYPD member within 30' of

each Individual NYPD Defendant who created such footage related to the

Incident, along with all related audit trails and metadata;

b. "ARGUS" footage;

c. New York City Department of Transportation ("NYCDOT") footage; and

d. All other video footage in Defendants' care, custody, or control.

### OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 2:

Defendant objects to Document Request No. 2 on the grounds that it is over broad

and is unduly burdensome in that the videos needed to prosecute and defend against plaintiff's

action are recorded on the BWC of the individual defendants and officers who responded to the location where plaintiff was arrested, and that ARGUS footage, NYCDOT footage, and any other footage in defendants' control would likely not contain any substantive information regarding plaintiff's arrest that is not recorded on the BWC of the individual defendants and officers who responded to the location where plaintiff was arrested.   Defendants also object to Document Request No. 2 to the extent that any videos of plaintiff's arrest or the incident are publicly available and therefore equally accessible to Plaintiff.

Notwithstanding, and without waiving or in any way limiting these specific objections, and limiting their response to video footage of plaintiff's arrest on November 22, 2022, the BWC footage of Sergeant Leighton Barrett, Officer Ahmed Ali, Officer Palakpreet Kaur, Officer Adam Phillips, officer Carlos Rebolledocortes, Officer Ikram Ullah, and Officer Ifeanyichukwu Emeh have been provided via Kiteworks on March 11, 2024.  Defendants further state that they are continuing to search for responsive material, and will supplement this response within 30 days, if necessary.

**DOCUMENT REQUEST NO. 3:**

Produce all photographs related to the Incident depicting Plaintiff or an Individual NYPD Defendant or created in connection with or that relates to or concerns Plaintiff's arrest, pre-arrest conduct, arrest processing, or prosecution, including, but not limited to, all:

a. Arrest photographs, whether taken at the scene of the arrest or other NYPD location, or otherwise;

b. Prisoner movement slips; and

c. All other photographs.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 3:**

Defendant objects to Document Request No. 3 on the grounds that it is over broad in that the demand encompasses locating photographs that are not within Defendants' possession, custody or control, and is unduly burdensome in that locating photographs relating to the Incident or plaintiff that are not within defendants' possession, custody or control outweighs any likely benefit to Plaintiff in that such photographs are not likely to record any substantive information that is not already shown in photographs taken by the individual defendants and officers who responded to the location where plaintiff was arrested.

Notwithstanding, and without waiving or in any way limiting these specific objections, and limiting their response to responsive photographs within defendants' possession, custody or control, , defendants refer plaintiff to the Prisoner Movement Slip previously produced herein bearing Bates Stamp No. D_00037.  Defendants further state that they are continuing to search for responsive material, and will supplement this response within 30 days, if necessary.

**DOCUMENT REQUEST NO. 4:**

Produce all recorded (including NYPD) communications related to Plaintiff's arrest or the Incident, including, but not limited to:

> a. 911 calls related to the Incident, and all documents related to responses thereto;
>
> b. 311 calls related to the Incident, and all documents related to responses thereto;
>
> c. Internal NYPD communications on Citywide and other dedicated NYPD channels related to the Incident; and
>
> d. Texts, e-mails, and other digitally recorded communications related to Plaintiff or the Incident.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 4:**

Defendant objects to Document Request No. 4 on the grounds that it is over broad and is unduly burdensome to the extent that the demand requests recorded communications that are not within Defendants' possession, custody or control, and the burden of producing recorded communications that are not within Defendants' possession, custody or control outweighs any likely benefit to Plaintiff in that any such communications are not likely to contain any substantive information that is not recorded on NYPD's communications related to plaintiff's arrest. Defendants also object to Document Request No. 4 to the extent that any recorded communications of plaintiff's arrest or the incident are accessible to Plaintiff.

Notwithstanding, and without waiving or in any way limiting these specific objections, defendants refer plaintiff to the New York City Police Department 911 previously produced bearing Bates Stamp No. D_00036. Defendants also refer plaintiff to the following link that Sergeant Barrett texted to Sergeant Klenke on November 20, 2022:

https://nyc.streetsblog.org/2022/11/16/brooklyn-council-member-blasts-cops-for-arresting-famed-bike-lawyer-for-fixing-defaced-plate. Defendants will produce the responsive text chain within 30 days. Defendants also refer plaintiff to the 911 audio recording and NYPD Radio messages that have been provided via Kiteworks on March 11, 2024.

**DOCUMENT REQUEST NO. 5:**

Produce all SPRINT reports related to the Incident.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 5:**

Defendants state that they are continuing to search for responsive documents, and will supplement this response within 30 days, if necessary.

**DOCUMENT REQUEST NO. 8:**

Produce documents sufficient to interpret any NYPD codes included in any

SPRINT reports, ICAD chronologies and reports, and event chronologies, including, but not limited to, any NYPD or other agency training manuals related to using and understanding such reports, such as user manuals or training materials related to the "I/NETDispatcher system."

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 8:**

Defendants object to Document Request No. 8 on the grounds that it is vague and ambiguous as to what Plaintiff is seeking by referring to "documents sufficient to interpret any NYPD codes," which is undefined and unqualified. Defendants also object on the grounds that it is overbroad, not sufficiently limited in time as it does not specify a time frame, and not proportional to the needs of the case to the extent that it seeks documents that were not in effect on the date of plaintiff's arrest and not related to plaintiff's arrest.

Defendants state they are continuing to search for responsive material that were in effect on November 11, 2022, the date of plaintiff's arrest, and will supplement this response within 30 days, if necessary.

**DOCUMENT REQUEST NO. 11:**

Produce all documents regarding or reflecting internal NYPD communications related to Plaintiff or the Incident, including, but not limited to, all e-mails, text messages, phone call logs and recordings, and other digital documents reflecting or regarding such internal NYPD communications,

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 11:**

Defendants object to Document Request No. 11 to the extent that it is not sufficiently limited in time or scope as no time period or subject matter is specified; and it is over broad and vague as it does not specify what type of communications and documents regarding plaintiff are sought. Defendants further object on the grounds that the demand is not proportional to the needs

of the case and seeks documents that are not relevant to the parties' claims or defenses in this action to the extent that it demands communications that are not related to plaintiff's November 11, 2022 arrest.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to responsive documents pertaining to plaintiff's November 11, 2022 arrest, Defendants refer plaintiff to the following link that Sergeant Barrett texted to Sergeant Klenke on November 20, 2022: https://nyc.streetsblog.org/2022/11/16/brooklyn-council-member-blasts-cops-for-arresting-famed-bike-lawyer-for-fixing-defaced-plate. Defendants will produce the responsive text chain within 30 days. Defendants further refer plaintiff to the 911 audio recording and NYPD Radio messages that have been provided via Kiteworks on March 11, 2024.

**DOCUMENT REQUEST NO. 12:**

Produce all documents regarding or reflecting communications to or from any of the Individual Defendants regarding Plaintiff or the Incident, between August of 2022 and the present.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 12:**

Defendants object to Document Request No. 12 to the extent that it is not sufficiently limited in time or scope as it demands communications and documents that are unrelated to plaintiff's November 11, 2022 arrest; is over broad and vague as it does not specify what type of communications and documents regarding plaintiff are sought. Defendants further object on the grounds that the demand is not proportional to the needs of the case and seeks documents that are not relevant to the parties' claims or defenses in this action to the extent that it demands communications that are not related to plaintiff's November 11, 2022 arrest.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to documents pertaining to plaintiff's November 11, 2022 arrest, Defendants refer plaintiff to the following link that Sergeant Barrett texted to Sergeant Klenke on November 20, 2022: https://nyc.streetsblog.org/2022/11/16/brooklyn-council-member-blasts-cops-for-arresting-famed-bike-lawyer-for-fixing-defaced-plate.  Defendants will produce the responsive text chain within 30 days.

**DOCUMENT REQUEST NO. 17:**

Produce all documents reflecting the nature, extent, timing, and contents of each Individual Defendant's communications regarding Plaintiff or the Incident between 2022 and the present, including, but not limited to, all texts, e-mails, and social media posts and messages.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 17:**

Defendants object to Document Request No. 17 to the extent that it is not sufficiently limited in scope to the extent that it demands communications and documents that do not pertain to plaintiff's November 11, 2022 arrest.  Defendants further object on the grounds that it  is over broad and vague as it does not specify what type of communications and documents regarding plaintiff are sought.  Defendants further object on the grounds that the demand is not proportional to the needs of the case  and seeks documents that are not relevant to the parties' claims or defenses in this action to the extent that it demands communications that are not related to plaintiff's November 11, 2022 arrest.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to responsive documents pertaining to plaintiff's November 11, 2022 arrest, Defendants refer plaintiff to the following link that Sergeant Barrett texted to Sergeant Klenke on November 20, 2022: https://nyc.streetsblog.org/2022/11/16/brooklyn-

council-member-blasts-cops-for-arresting-famed-bike-lawyer-for-fixing-defaced-plate. Defendants will produce the responsive text chain within 30 days.

**DOCUMENT REQUEST NO. 23:**

Produce all documents reflecting or related to any decisions by a prosecutor or court to decline to prosecute, or to dismiss, any potential charges against Plaintiff, including, but not limited to, any communications regarding any such decision.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 23:**

Defendants object to Document Request No. 23 as this request is vague and ambiguous in seeking all documents "reflecting" or "related to any decisions by a prosecutor or court," which is undefined and unqualified.   Defendants further object to the extent that this request seeks documents that may be protected by attorney work product and/or attorney-client privilege.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to responsive documents pertaining to plaintiff's November 11, 2022 arrest,  Defendants refer plaintiff to the documents from the Kings County District Attorney's file produced herein bearing Bates Stamp Nos. D_00100 - D_00167.

**DOCUMENT REQUEST NO. 26:**

Produce all documents concerning each NYPD Internal Affairs Bureau ("IAB") complaint or investigation concerning the Incident, including, but not limited to, all recordings of witness interviews or statements, and transcripts thereof, and all notes, Internal Case Management System ("ICMS") worksheets, logs, and attachments, and all underlying documents and communications, including e-mails, related to each such complaint or investigation.

**<u>OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 26:</u>**

Defendants object to Document Request No. 26 to the extent that this request implicates the deliberative process, law enforcement, attorney-client, attorney work product, and/or any other applicable privileges.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, Defendants state that there are no documents responsive to this request.

**<u>DOCUMENT REQUEST NO. 27:</u>**

Produce all other documents related to any discipline recommended and/or ultimately imposed related to the Incident, including, but not limited to, all e-mails and other communications related to any Command Discipline recommended and imposed.

**<u>OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 27:</u>**

Defendants object to Document Request No. 27 to the extent that this request implicates the deliberative process, law enforcement, attorney-client, attorney work product, and/or any other applicable privileges.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, Defendants state that there are no documents  responsive to this request.

**<u>DOCUMENT REQUEST NO. 28:</u>**

Produce all documents concerning each Department of Investigation ("DOI") complaint or investigation concerning the Incident, including, but not limited to, all recordings of witness interviews or statements, and transcripts thereof, all notes, logs, and attachments, and all underlying documents and communications, including e-mails, related to each such complaint or investigation.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 28:**

Defendants object to Document Request No. 28 to the extent that this request implicates the deliberative process, law enforcement, attorney-client, attorney work product, and/or any other applicable privileges.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, Defendants state that there are no documents responsive to this request.

**DOCUMENT REQUEST NO. 29:**

Produce all documents concerning any other complaint received, or investigation or prosecution, whether actual or potential, concerning the Incident undertaken by the City of New York or any of its agencies.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 29:**

Defendants object to Document Request No. 29 to the extent that this request implicates the deliberative process, law enforcement, attorney-client, attorney work product, and/or any other applicable privileges.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, Defendants state that there are no documents responsive to this request.

**DOCUMENT REQUEST NO. 30:**

Produce all documents concerning any other complaint received, or investigation or prosecution – actual or potential - concerning the Incident undertaken by any County, State, Federal, or other entity, including, but not limited to, the KCDA's Office.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 30:**

Defendants object to Document Request No. 30 to the extent that this request implicates the deliberative process, law enforcement, attorney-client, attorney work product, and/or any other

applicable privileges. Defendants further object to the extent this request seeks documents not within defendants' possession, custody, or control.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, Defendants further state that they are continuing to search for responsive material, and will supplement this response within 30 days, if necessary.

**DOCUMENT REQUEST NO. 31:**

Produce each Individual NYPD Defendant's NYPD Academy transcript.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 31:**

Defendants objects to Document Request No. 31 on the grounds that it is not properly limited in time or scope as there is no specificity as to time period or subject matter. Defendants further object on the grounds that NYPD Academy transcripts are not relevant to the parties' claims and defenses in this matter and not proportional to the needs of the case in that the transcripts contain information that is unrelated to plaintiff's November 11, 2022 arrest. Defendants further object on the grounds that this request seeks an unwarranted invasion of defendants' privacy.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, Defendants state that they are continuing to search for responsive documents, and will supplement this response within 30 days, if necessary.

**DOCUMENT REQUEST NO. 32:**

Produce each Individual NYPD Defendant's current NYPD Personnel Profile Report – All History.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 32:**

Defendants objects to Document Request No. 32 on the grounds that it is not properly limited in time or scope as there is no specificity as to time period or subject matter. Defendants

further object on the grounds that NYPD Personnel Profile Reports are not relevant to the parties' claims and defenses in this matter.  Defendants further object on the grounds that this request is an unwarranted invasion of defendants' privacy.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, Defendants refer plaintiff to the NYPD Personnel Profile Reports for Defendants Barrett, Klenke, Ali, Kaur, Phillips, Rebolledocortes and Ullah produced herein bearing Bates Stamp Nos. D_00168 – D_00195.

**DOCUMENT REQUEST NO. 37:**

Produce each Individual NYPD Defendant's complete NYPD personnel file.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 37:**

Defendants objects to Document Request No. 37 on the grounds that it is overbroad and not properly limited in scope in that it seeks defendants' complete NYPD Personnel files that have no bearing on any of the claims and defenses in this matter.  Defendants further object on the grounds that this request is an unwarranted invasion of defendants' privacy in that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties.  Defendants further object to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, and psychotherapist-patient privileges.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and  limiting their response to production of defendants' evaluations 10 years prior to the date of plaintiff's November 11, 2022 arrest,

Defendants state that they are continuing to search, and will supplement this response within 30 days, if necessary.

**DOCUMENT REQUEST NO. 39:**

Produce all Risk Assessment Information Liability System ("RAILS") documents related to each Individual NYPD Defendant.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 39:**

Defendants object to Document Request No. 39 on the grounds that this request is not properly limited in time as it does not specify a timeframe. Defendants further object on the grounds that this request is not properly limited in scope as it requests documents about claims not alleged in this action and beyond the scope of this litigation.  Defendants further object on the grounds that this request seeks allegations of misconduct that were not substantiated, did not result in a finding of misconduct, are not similar in nature to the allegations herein, or are older than ten years and thus too remote to be relevant or subsequent to the Incident.  Defendants further object on the grounds that this request is not relevant, as the documents requested have no bearing on the allegations in the Complaint.  Defendants further object on the grounds that the documents requested may be protected by the official information privilege, deliberative process privilege, law enforcement privilege and/or other privileges.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, Defendants refer plaintiff to the RAILS documents produced herein bearing Bates Stamp Nos. D_00196 - D_00202.

**DOCUMENT REQUEST NO. 54:**

Produce all documents regarding 311 complaints made by Plaintiff regarding motor vehicles that are illegally parked and/or that have defaced, obscured, fake, and missing

license plates between 2020 and the present, and Defendant City's responses thereto.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 54:**

Defendants object Document Request No. 54 on the grounds that it is  over broad as it is

not sufficiently limited in time and scope and seeks documents unrelated to plaintiff's November

11, 2022 arrest.  Defendants further object on the grounds that it seeks documents that are not

relevant to the parties' claims or defenses in this case to the extent that it seeks documents that do

not relate to  plaintiff's November 11, 2022 arrest.

Notwithstanding and without waiving, or in any way limiting the foregoing specific

objections, Defendants refer plaintiff to the 311 documents produced herein bearing Bates Stamp

Nos. D_00203 – D_00205.

Dated:       New York, New York
             March 11, 2024

                                        SYLVIA O. HINDS-RADIX
                                        Corporation Counsel of the City of New York
                                        *Attorney for Defendants City of New York, Barrett,*
                                        *Klenke, Ali, Kaur, Phillips, Rebolledocortes, and*
                                        *Ullah*
                                        100 Church Street,
                                        New York, New York 10007
                                        (212) 356-2413
                                        jhiraoka@law.nyc.gov

                                        By:    *Joseph M. Hiraoka, Jr. s/*
                                               Joseph M. Hiraoka, Jr.
                                               Senior Counsel
                                               Special Federal Litigation Division

cc:    **BY E-MAIL**
       All Counsel