

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK , NEW YORK 10007

JOSEPH M. HIRAOKA, JR.
*Senior Counsel*
jhiraoka@law.nyc.gov
Phone: (212) 356-2413
Fax: (212) 356-1148

March 28, 2024

**BY ECF**
Honorable Marcia M. Henry
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

Re: <u>Adam White v. The City of New York, et al.</u>, 23 CV 6924 (RER)(MMH)

Your Honor:

 I am a Senior Counsel in the Office of Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and represent the defendants City of New York, New York City Police Department, and the defendant police officers ("City defendants") in the above-referenced matter.  City Defendants write in opposition to plaintiff's motion to compel discovery and for sanctions. (Dkt. No. 26).

 **Background.** This case arises from an incident that occurred on November 11, 2022 whereby the co-defendant Sholem Klein called the police.  When NYPD officers responded, co-defendant Klein informed them that plaintiff broke his vehicle and showed them the broken piece of plastic.  Plaintiff was arrested for Criminal Mischief.  Plaintiff claims the co-defendant Klein provided the officers with false information, and that the police arrested plaintiff even though they should have known there was no probable cause to arrest him. (Dkt. No. 1 at 3 and 4).

 Plaintiff served his First Set of Interrogatories and Document Demands on December 29, 2023. City defendants served their initial response on February 7, 2024 (Dkt. No. 26-1), and advised certain items would be supplemented within 30 days (by March 7, 2024 that was extended to March 11, 2024).  City defendants then served a privilege log on February 13, 2024. (Dkt. No. 26-2).

 Plaintiff and City defendants met and conferred on February 21, 2024 regarding alleged deficiencies in City defendants' discovery responses.  Plaintiff then outlined what he believed were deficiencies in City defendants' discovery responses in a letter dated February 23, 2024. (Dkt. No. 26-3). Plaintiff also stated that he wanted City defendants to advise by February 28, 2024 if they would supplement their responses by March 15, 2024. (Dkt. No 26-3 at 1).

 City defendants responded to plaintiff on February 28, 2024 (Dkt. No. 26-4), and agreed to withdraw certain objections as plaintiff requested; produce a supplemental privilege log by March 15, 2024 (later extended to March 25, 2024); and supplement certain responses to plaintiff's interrogatories and document demands that were set forth in plaintiff's February 23, 2024 letter by March 15, 2024 (later

extended to March 22, 2024) as plaintiff's letter dated February 23, 2024 had requested. City defendants also agreed to review each of their other responses to plaintiff's interrogatories and document demands, and supplement them as appropriate by March 15, 2024 (later extended to March 22, 2024).

City defendants served a Supplemental Response to Plaintiff's First Set of Interrogatories and Document Demands on March 11, 2024 (annexed hereto as **Exhibit A** without its attachments) that supplemented the responses as agreed.

Plaintiff served the instant motion to compel and for sanctions on March 12, 2024 (before the date of March 15, 2024 by which the parties agreed that City defendants would  serve further supplemental discovery responses as set forth in their February 28, 2024 letter).

City defendants served their Second Supplemental Response to Plaintiff's First Set of Interrogatories and Document Demands (annexed hereto as **Exhibit B** without attachments) that addressed the plaintiff's concerns set forth in plaintiff's letter dated February 23, 2024 as agreed.  City defendants then served a supplemental privilege log (annexed hereto as **Exhibit C**) on March 25, 2024 as agreed.

**Defendants' Responses to Plaintiff's Interrogatories and Document Requests are Consistent with the Federal Rules and the Objections should be Upheld.** The plaintiff's discovery demands  are not proportional to the needs of the case and are overbroad.  As set forth in New Falls Corp. v. Soni, 2020 U.S. Dist. LEXIS 94747, Rule 26(b)(1) of the Federal Rules of Civil Procedure, as amended in December 2015, governs the scope of discovery in federal court cases. Under Rule 26(b)(1), a party is entitled to discover "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). "This rule is liberally construed and is necessarily [*4] broad in scope." MacCartney v. O'Dell, No. 14-CV-3925, 2018 U.S. Dist. LEXIS 178650, 2018 WL 5023947, at *2 (S.D.N.Y. Oct. 17, 2018).  "Information is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Relevance is a matter of degree, and the standard is applied more liberally in discovery than it is at trial." Vaigasi v. Solow Mgmt. Corp., No. 11-CV-5088, 2016 U.S. Dist. LEXIS 18460, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (internal quotations and citations omitted). Still, even relevant information must be "reasonably proportional to the value of the requested information, the needs of the case, and the parties' resources." Huggins v. Chestnut Holdings Inc., No. 18-CV-1037, 2019 U.S. Dist. LEXIS 107888, 2019 WL 2616252, at *2 (S.D.N.Y. June 25, 2019) (citing Chen-Oster v. Goldman, Sachs & Co., 293 F.R.D. 557, 562 (S.D.N.Y. 2013) (internal citation omitted)). Proportionality, which "focuses on the marginal utility of the discovery sought," goes hand-in-hand with relevance, such that "the greater the relevance of the information in issue, the less likely its discovery will be found to be disproportionate." Vaigasi, 2016 U.S. Dist. LEXIS 18460, 2016 WL 616386, at *14. Federal Rule 26 sets forth the parameters for reviewing proportionality, namely "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Gilead Sciences, Inc. v. Safe Chain Solutions LLC, 2024 U.S. Dist. LEXIS at *28 (E.D.N.Y. 2024).

Further, "[t]he party seeking discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." Mamakos v. United Airlines, Inc., No. 14-CV-7294, 2018 U.S. Dist. LEXIS 168803, 2018 WL 4861392, at *2 (E.D.N.Y. Sept. 28, 2018) (citations omitted); see also Citizens Union of City of New York v. Attorney Gen. of New York, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017); ("The party seeking discovery bears the initial burden of proving the discovery is relevant.").  Discovery demands that are too broad constitute impermissible fishing expeditions that warrant denying a demand for discovery.  Walsh v. Top Notch Home Designs Corp., 2022 U.S. Dist. LEXIS 143801, 20-CV-05087 (GRB)(JMW) (E.D.N.Y. 2022).  Indeed, discovery demands must neither be

unreasonable nor unduly burdensome or expensive from the start. Bat LLC v. T.D. Bank, N.A., 2018 U.S. Dist LEXIS 127387, 15-CV-5839 (RRM)(CLP) (E.D.N.Y. 2018). In Bat LLC, the Court held that several discovery demands for communications and documents were overbroad because they were not limited by subject matter or time period, or were not relevant. Courts have limited and denied discovery requests where the "requests were duplicative, overly broad, not relevant, and/or privileged." Jablonski v. Special Counsel, Inc., 2023 U.S. LEXIS 52127 *3 (S.D.N.Y. 2023).

City defendants' responses satisfy the Federal Rules by interposing valid objections based on the disproportionate, overbroad, and vague nature of plaintiff's demands, and plainly set forth specific reasons why the demands were disproportionate, overbroad, and vague by stating they were not sufficiently limited in time or scope, and used terms that were undefined and unqualified. Furthermore, City defendants supported the objections by pointing out that the demands had no relation to plaintiff's arrest, and had no bearing on whether probable cause existed to arrest plaintiff.

With respect to Document Request No. 18 to which plaintiff refers to in his motion, the responses provided demonstrate the validity of City defendants' objections. City defendants set forth specific grounds for their objections in their initial response, stating that the demand was not limited in time period or subject matter, and did not specify what type of communications and documents regarding plaintiff were sought. (Dkt. No. 26-1 at 27). City defendants then supplemented their response by specifying that the demand seeks documents that are unrelated to plaintiff's arrest, and have no bearing on whether probable cause existed to arrest plaintiff. (Ex. B at 24-25). Furthermore, City defendants limited their response to the plaintiff's arrest, and stated that "they are continuing to search for responsive material, and will supplement this response within 30 days, if necessary." (Ex. B at 25). In addition, City defendants advised whether documents were being withheld where applicable (See City defendants' responses to Interrogatory Nos. 1 and 17 and Document Request Nos. 24, 25, 38, 40, 41, and 62 in Ex. B). Because plaintiff's demands encompass records and information that have no relevance to plaintiff's arrest or whether probable cause existed to arrest plaintiff, they constitute an impermissible fishing expedition.

Despite the invalid nature of plaintiff's discovery demands, City defendants have already produced 212 pages of responsive documents. Providing such a vast quantity of responsive documents demonstrates that plaintiff does not have a credible basis to request a further revision of City defendants' responses. This case involves a single plaintiff who was arrested based on a complaining victim, the co-defendant Klein, reporting to officers that plaintiff damaged his vehicle.

With respect to plaintiff's demands for Monell discovery, City defendants' objections based on vagueness, relevance, overbreadth, and disproportionality were likewise appropriate. City defendants also objected on the grounds that plaintiff failed to state a Monell claim, and would seek to bifurcate Monell discovery. Given the disproportionate Monell discovery that plaintiff is seeking in a complainant/victim case, City defendants respectfully request that the Court bifurcate the Monell claim in order to promote a quick, efficient, and streamlined process to the case that will conserve judicial resources as well as the parties' resources. "Courts in this circuit favor bifurcating Monell claims." Mineo v. City of New York, 2013 U.S. Lexis Dist. 46953 * 4 (E.D.N.Y. 2013). Bifurcation would also assist in keeping discovery within the parameters of Fed. R. Civ. P. 1 and Fed. R. Civ. P. 26(b)(1).

Plaintiff's discovery demands are clearly not proportional to the needs of the case, overbroad and vague, or irrelevant in that they have no relation to plaintiff's arrest or whether the officers had probable cause to arrest plaintiff. Therefore, City defendants should not be compelled to further supplement their responses, and respectfully submit that sanctions are not warranted.

Thank you for your time and attention.

Respectfully submitted,

*Joseph M. Hiraoka, Jr.*

Joseph M. Hiraoka, Jr.
Senior Counsel
Special Federal Litigation Division

cc: All Counsel (via ECF)

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

ADAM D. WHITE,

                                        Plaintiff,

                -against-

SHOLEM KLEIN, THE CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT
("NYPD") SERGEANT LEIGHTON BARRETT,
NYPD SERGEANT KURT KLENKE, NYPD
OFFICER AHMED ALI, NYPD OFFICER
PALAKPREET KAUR, NYPD OFFICER ADAM
PHILLIPS,    NYPD    OFFICER    CARLOS
REBOLLEDOCORTES,   and   NYPD   OFFICER
IKRAM ULLAH,

                                        Defendants.

-------------------------------------------------------------------x

**DEFENDANTS CITY,
BARRETT, KLENKE,
ALI, KAUR, PHILLIPS,
REBOLLEDOCORTES
AND ULLAH'S
SUPPLEMENTAL
RESPONSES TO
PLAINTIFF'S FIRST
SET OF
INTERROGATORIES
AND DOCUMENT
REQUESTS AND
DEMAND TO INSPECT**


**23-CV-06924
(RER)(MMH)**

          Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure,

Defendants City of New York, Barrett, Klenke, Ali, Kaur, Phillips, Rebolledocortes, and Ullah

("City Defendants") hereby supplement their Responses and Objections to Plaintiff's First Set of

Interrogatories and Document Requests and Demand to Inspect as follows:

## GENERAL STATEMENT

          1.   By responding to any request, defendants do not concede the materiality of the

subject to which it refers.  Defendants' responses are made expressly subject to, and without

waiving or intending to waive, any questions, or objections as to the competency, relevancy,

materiality, privilege, or admissibility as evidence or for any other purpose, of any of the

documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2.   Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendants right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

3.   With respect to the request for the production of documents, defendants will provide, under separate cover, a privilege index, if appropriate.

## **INTERROGATORIES**

### **INTERROGATORY NO. 15:**

Identify each statement (including, but not limited to, communications such as emails, text messages, and social media posts and messages) made by each Individual Defendant regarding Plaintiff or the Incident between 2022 and the present, and all documents regarding or reflecting such communications.

### **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 15:**

Defendants object to Interrogatory No. 15 to the extent that it is not sufficiently limited in scope as it demands statements, documents and communications that do not pertain to plaintiff's November 11, 2022 arrest; is over broad and vague as it does not specify what type of statements regarding plaintiff are sought, and is not proportional to the needs of the case in that it requests statements, documents and communications that are unrelated to plaintiff's November 11, 2022 arrest.   Defendants further object as this request to the extent it seeks information that is not

relevant to the parties' claims or defenses in this case in that it requests information unrelated to claims of false arrest, false imprisonment, assault and battery, malicious prosecution, abuse of process, fabrication of evidence, or negligent supervision, retention, and training.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to responsive information pertaining to plaintiff's November 11, 2022 arrest, Defendants refer plaintiff to the following link that Sergeant Barrett texted to Sergeant Klenke on November 20, 2022: https://nyc.streetsblog.org/2022/11/16/brooklyn-council-member-blasts-cops-for-arresting-famed-bike-lawyer-for-fixing-defaced-plate.  Defendants will produce the responsive text chain within 30 days.

## DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 2:

Produce all videos related to Plaintiff's arrest or to the Incident, including, but not limited to, all:

a. NYPD body-worn camera footage, including, but not limited to, such footage from each Individual NYPD Defendant and every NYPD member within 30' of each Individual NYPD Defendant who created such footage related to the Incident, along with all related audit trails and metadata;

b. "ARGUS" footage;

c. New York City Department of Transportation ("NYCDOT") footage; and

d. All other video footage in Defendants' care, custody, or control.

### OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 2:

Defendant objects to Document Request No. 2 on the grounds that it is over broad and is unduly burdensome in that the videos needed to prosecute and defend against plaintiff's

action are recorded on the BWC of the individual defendants and officers who responded to the location where plaintiff was arrested, and that ARGUS footage, NYCDOT footage, and any other footage in defendants' control would likely not contain any substantive information regarding plaintiff's arrest that is not recorded on the BWC of the individual defendants and officers who responded to the location where plaintiff was arrested.   Defendants also object to Document Request No. 2 to the extent that any videos of plaintiff's arrest or the incident are publicly available and therefore equally accessible to Plaintiff.

Notwithstanding, and without waiving or in any way limiting these specific objections, and limiting their response to video footage of plaintiff's arrest on November 22, 2022, the BWC footage of Sergeant Leighton Barrett, Officer Ahmed Ali, Officer Palakpreet Kaur, Officer Adam Phillips, officer Carlos Rebolledocortes, Officer Ikram Ullah, and Officer Ifeanyichukwu Emeh have been provided via Kiteworks on March 11, 2024.  Defendants further state that they are continuing to search for responsive material, and will supplement this response within 30 days, if necessary.

**DOCUMENT REQUEST NO. 3:**

Produce all photographs related to the Incident depicting Plaintiff or an Individual NYPD Defendant or created in connection with or that relates to or concerns Plaintiff's arrest, pre-arrest conduct, arrest processing, or prosecution, including, but not limited to, all:

a. Arrest photographs, whether taken at the scene of the arrest or other NYPD location, or otherwise;

b. Prisoner movement slips; and

c. All other photographs.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 3:

Defendant objects to Document Request No. 3 on the grounds that it is over broad in that the demand encompasses locating photographs that are not within Defendants' possession, custody or control, and is unduly burdensome in that locating photographs relating to the Incident or plaintiff that are not within defendants' possession, custody or control outweighs any likely benefit to Plaintiff in that such photographs are not likely to record any substantive information that is not already shown in photographs taken by the individual defendants and officers who responded to the location where plaintiff was arrested.

Notwithstanding, and without waiving or in any way limiting these specific objections, and limiting their response to responsive photographs within defendants' possession, custody or control, , defendants refer plaintiff to the Prisoner Movement Slip previously produced herein bearing Bates Stamp No. D_00037.  Defendants further state that they are continuing to search for responsive material, and will supplement this response within 30 days, if necessary.

## DOCUMENT REQUEST NO. 4:

Produce all recorded (including NYPD) communications related to Plaintiff's arrest or the Incident, including, but not limited to:

a. 911 calls related to the Incident, and all documents related to responses thereto;

b. 311 calls related to the Incident, and all documents related to responses thereto;

c. Internal NYPD communications on Citywide and other dedicated NYPD channels related to the Incident; and

d. Texts, e-mails, and other digitally recorded communications related to Plaintiff or the Incident.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 4:

Defendant objects to Document Request No. 4 on the grounds that it is over broad and is unduly burdensome to the extent that the demand requests recorded communications that are not within Defendants' possession, custody or control, and the burden of producing recorded communications that are not within Defendants' possession, custody or control outweighs any likely benefit to Plaintiff in that any such communications are not likely to contain any substantive information that is not recorded on NYPD's communications related to plaintiff's arrest. Defendants also object to Document Request No. 4 to the extent that any recorded communications of plaintiff's arrest or the incident are accessible to Plaintiff.

Notwithstanding, and without waiving or in any way limiting these specific objections, defendants refer plaintiff to the New York City Police Department 911 previously produced bearing Bates Stamp No. D_00036. Defendants also refer plaintiff to the following link that Sergeant Barrett texted to Sergeant Klenke on November 20, 2022:

https://nyc.streetsblog.org/2022/11/16/brooklyn-council-member-blasts-cops-for-arresting-famed-bike-lawyer-for-fixing-defaced-plate. Defendants will produce the responsive text chain within 30 days. Defendants also refer plaintiff to the 911 audio recording and NYPD Radio messages that have been provided via Kiteworks on March 11, 2024.

### DOCUMENT REQUEST NO. 5:

Produce all SPRINT reports related to the Incident.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 5:

Defendants state that they are continuing to search for responsive documents, and will supplement this response within 30 days, if necessary.

### DOCUMENT REQUEST NO. 8:

Produce documents sufficient to interpret any NYPD codes included in any

SPRINT reports, ICAD chronologies and reports, and event chronologies, including, but not limited to, any NYPD or other agency training manuals related to using and understanding such reports, such as user manuals or training materials related to the "I/NETDispatcher system."

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 8:

Defendants object to Document Request No. 8 on the grounds that it is vague and ambiguous as to what Plaintiff is seeking by referring to "documents sufficient to interpret any NYPD codes," which is undefined and unqualified. Defendants also object on the grounds that it is overbroad, not sufficiently limited in time as it does not specify a time frame, and not proportional to the needs of the case to the extent that it seeks documents that were not in effect on the date of plaintiff's arrest and not related to plaintiff's arrest.

Defendants state they are continuing to search for responsive material that were in effect on November 11, 2022, the date of plaintiff's arrest, and will supplement this response within 30 days, if necessary.

## DOCUMENT REQUEST NO. 11:

Produce all documents regarding or reflecting internal NYPD communications related to Plaintiff or the Incident, including, but not limited to, all e-mails, text messages, phone call logs and recordings, and other digital documents reflecting or regarding such internal NYPD communications,

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 11:

Defendants object to Document Request No. 11 to the extent that it is not sufficiently limited in time or scope as no time period or subject matter is specified; and it is over broad and vague as it does not specify what type of communications and documents regarding plaintiff are sought. Defendants further object on the grounds that the demand is not proportional to the needs

of the case and seeks documents that are not relevant to the parties' claims or defenses in this action to the extent that it demands communications that are not related to plaintiff's November 11, 2022 arrest.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to responsive documents pertaining to plaintiff's November 11, 2022 arrest, Defendants refer plaintiff to the following link that Sergeant Barrett texted to Sergeant Klenke on November 20, 2022: https://nyc.streetsblog.org/2022/11/16/brooklyn-council-member-blasts-cops-for-arresting-famed-bike-lawyer-for-fixing-defaced-plate. Defendants will produce the responsive text chain within 30 days. Defendants further refer plaintiff to the 911 audio recording and NYPD Radio messages that have been provided via Kiteworks on March 11, 2024.

**DOCUMENT REQUEST NO. 12:**

Produce all documents regarding or reflecting communications to or from any of the Individual Defendants regarding Plaintiff or the Incident, between August of 2022 and the present.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 12:**

Defendants object to Document Request No. 12 to the extent that it is not sufficiently limited in time or scope as it demands communications and documents that are unrelated to plaintiff's November 11, 2022 arrest; is over broad and vague as it does not specify what type of communications and documents regarding plaintiff are sought. Defendants further object on the grounds that the demand is not proportional to the needs of the case and seeks documents that are not relevant to the parties' claims or defenses in this action to the extent that it demands communications that are not related to plaintiff's November 11, 2022 arrest.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to documents pertaining to plaintiff's November 11, 2022 arrest, Defendants refer plaintiff to the following link that Sergeant Barrett texted to Sergeant Klenke on November 20, 2022: https://nyc.streetsblog.org/2022/11/16/brooklyn-council-member-blasts-cops-for-arresting-famed-bike-lawyer-for-fixing-defaced-plate.  Defendants will produce the responsive text chain within 30 days.

**DOCUMENT REQUEST NO. 17:**

Produce all documents reflecting the nature, extent, timing, and contents of each Individual Defendant's communications regarding Plaintiff or the Incident between 2022 and the present, including, but not limited to, all texts, e-mails, and social media posts and messages.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 17:**

Defendants object to Document Request No. 17 to the extent that it is not sufficiently limited in scope to the extent that it demands communications and documents that do not pertain to plaintiff's November 11, 2022 arrest.  Defendants further object on the grounds that it  is over broad and vague as it does not specify what type of communications and documents regarding plaintiff are sought.  Defendants further object on the grounds that the demand is not proportional to the needs of the case  and seeks documents that are not relevant to the parties' claims or defenses in this action to the extent that it demands communications that are not related to plaintiff's November 11, 2022 arrest.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to responsive documents pertaining to plaintiff's November 11, 2022 arrest, Defendants refer plaintiff to the following link that Sergeant Barrett texted to Sergeant Klenke on November 20, 2022: https://nyc.streetsblog.org/2022/11/16/brooklyn-

council-member-blasts-cops-for-arresting-famed-bike-lawyer-for-fixing-defaced-plate. Defendants will produce the responsive text chain within 30 days.

**DOCUMENT REQUEST NO. 23:**

Produce all documents reflecting or related to any decisions by a prosecutor or court to decline to prosecute, or to dismiss, any potential charges against Plaintiff, including, but not limited to, any communications regarding any such decision.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 23:**

Defendants object to Document Request No. 23 as this request is vague and ambiguous in seeking all documents "reflecting" or "related to any decisions by a prosecutor or court," which is undefined and unqualified. Defendants further object to the extent that this request seeks documents that may be protected by attorney work product and/or attorney-client privilege.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to responsive documents pertaining to plaintiff's November 11, 2022 arrest, Defendants refer plaintiff to the documents from the Kings County District Attorney's file produced herein bearing Bates Stamp Nos. D_00100 - D_00167.

**DOCUMENT REQUEST NO. 26:**

Produce all documents concerning each NYPD Internal Affairs Bureau ("IAB") complaint or investigation concerning the Incident, including, but not limited to, all recordings of witness interviews or statements, and transcripts thereof, and all notes, Internal Case Management System ("ICMS") worksheets, logs, and attachments, and all underlying documents and communications, including e-mails, related to each such complaint or investigation.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 26:**

Defendants object to Document Request No. 26 to the extent that this request implicates the deliberative process, law enforcement, attorney-client, attorney work product, and/or any other applicable privileges.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, Defendants state that there are no documents responsive to this request.

**DOCUMENT REQUEST NO. 27:**

Produce all other documents related to any discipline recommended and/or ultimately imposed related to the Incident, including, but not limited to, all e-mails and other communications related to any Command Discipline recommended and imposed.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 27:**

Defendants object to Document Request No. 27 to the extent that this request implicates the deliberative process, law enforcement, attorney-client, attorney work product, and/or any other applicable privileges.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, Defendants state that there are no documents responsive to this request.

**DOCUMENT REQUEST NO. 28:**

Produce all documents concerning each Department of Investigation ("DOI") complaint or investigation concerning the Incident, including, but not limited to, all recordings of witness interviews or statements, and transcripts thereof, all notes, logs, and attachments, and all underlying documents and communications, including e-mails, related to each such complaint or investigation.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 28:**

Defendants object to Document Request No. 28  to the extent that this request implicates the deliberative process, law enforcement, attorney-client, attorney work product, and/or any other applicable privileges.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, Defendants state that there are no documents responsive to this request.

**DOCUMENT REQUEST NO. 29:**

Produce all documents concerning any other complaint received, or investigation or prosecution, whether actual or potential, concerning the Incident undertaken by the City of New York or any of its agencies.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 29:**

Defendants object to Document Request No. 29 to the extent that this request implicates the deliberative process, law enforcement, attorney-client, attorney work product, and/or any other applicable privileges.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, Defendants state that there are no documents responsive to this request.

**DOCUMENT REQUEST NO. 30:**

Produce all documents concerning any other complaint received, or investigation or prosecution – actual or potential - concerning the Incident undertaken by any County, State, Federal, or other entity, including, but not limited to, the KCDA's Office.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 30:**

Defendants object to Document Request No. 30 to the extent that this request implicates the deliberative process, law enforcement, attorney-client, attorney work product, and/or any other

applicable privileges. Defendants further object to the extent this request seeks documents not within defendants' possession, custody, or control.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, Defendants further state that they are continuing to search for responsive material, and will supplement this response within 30 days, if necessary.

**DOCUMENT REQUEST NO. 31:**

Produce each Individual NYPD Defendant's NYPD Academy transcript.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 31:**

Defendants objects to Document Request No. 31 on the grounds that it is not properly limited in time or scope as there is no specificity as to time period or subject matter. Defendants further object on the grounds that NYPD Academy transcripts are not relevant to the parties' claims and defenses in this matter and not proportional to the needs of the case in that the transcripts contain information that is unrelated to plaintiff's November 11, 2022 arrest. Defendants further object on the grounds that this request seeks an unwarranted invasion of defendants' privacy.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, Defendants state that they are continuing to search for responsive documents, and will supplement this response within 30 days, if necessary.

**DOCUMENT REQUEST NO. 32:**

Produce each Individual NYPD Defendant's current NYPD Personnel Profile Report – All History.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 32:**

Defendants objects to Document Request No. 32 on the grounds that it is not properly limited in time or scope as there is no specificity as to time period or subject matter. Defendants

further object on the grounds that NYPD Personnel Profile Reports are not relevant to the parties' claims and defenses in this matter. Defendants further object on the grounds that this request is an unwarranted invasion of defendants' privacy.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, Defendants refer plaintiff to the NYPD Personnel Profile Reports for Defendants Barrett, Klenke, Ali, Kaur, Phillips, Rebolledocortes and Ullah produced herein bearing Bates Stamp Nos. D_00168 – D_00195.

**DOCUMENT REQUEST NO. 37:**

Produce each Individual NYPD Defendant's complete NYPD personnel file.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 37:**

Defendants objects to Document Request No. 37 on the grounds that it is overbroad and not properly limited in scope in that it seeks defendants' complete NYPD Personnel files that have no bearing on any of the claims and defenses in this matter. Defendants further object on the grounds that this request is an unwarranted invasion of defendants' privacy in that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties. Defendants further object to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, and psychotherapist-patient privileges.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to production of defendants' evaluations 10 years prior to the date of plaintiff's November 11, 2022 arrest,

Defendants state that they are continuing to search, and will supplement this response within 30 days, if necessary.

## DOCUMENT REQUEST NO. 39:

Produce all Risk Assessment Information Liability System ("RAILS") documents related to each Individual NYPD Defendant.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 39:

Defendants object to Document Request No. 39 on the grounds that this request is not properly limited in time as it does not specify a timeframe. Defendants further object on the grounds that this request is not properly limited in scope as it requests documents about claims not alleged in this action and beyond the scope of this litigation. Defendants further object on the grounds that this request seeks allegations of misconduct that were not substantiated, did not result in a finding of misconduct, are not similar in nature to the allegations herein, or are older than ten years and thus too remote to be relevant or subsequent to the Incident. Defendants further object on the grounds that this request is not relevant, as the documents requested have no bearing on the allegations in the Complaint. Defendants further object on the grounds that the documents requested may be protected by the official information privilege, deliberative process privilege, law enforcement privilege and/or other privileges.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, Defendants refer plaintiff to the RAILS documents produced herein bearing Bates Stamp Nos. D_00196 - D_00202.

## DOCUMENT REQUEST NO. 54:

Produce all documents regarding 311 complaints made by Plaintiff regarding motor vehicles that are illegally parked and/or that have defaced, obscured, fake, and missing

license plates between 2020 and the present, and Defendant City's responses thereto.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 54:

Defendants object Document Request No. 54 on the grounds that it is  over broad as it is not sufficiently limited in time and scope and seeks documents unrelated to plaintiff's November 11, 2022 arrest.  Defendants further object on the grounds that it seeks documents that are not relevant to the parties' claims or defenses in this case to the extent that it seeks documents that do not relate to  plaintiff's November 11, 2022 arrest.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, Defendants refer plaintiff to the 311 documents produced herein bearing Bates Stamp Nos. D_00203 – D_00205.

Dated:      New York, New York
            March 11, 2024


                        SYLVIA O. HINDS-RADIX
                        Corporation Counsel of the City of New York
                        *Attorney for Defendants City of New York, Barrett,*
                        *Klenke, Ali, Kaur, Phillips, Rebolledocortes, and*
                        *Ullah*
                        100 Church Street,
                        New York, New York 10007
                        (212) 356-2413
                        jhiraoka@law.nyc.gov

                        By:   *Joseph M. Hiraoka, Jr. s/*
                              Joseph M. Hiraoka, Jr.
                              Senior Counsel
                              Special Federal Litigation Division


cc:    **BY E-MAIL**
       All Counsel

EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ADAM D. WHITE,

|  |  |
|---|---|
| Plaintiff, | **DEFENDANTS CITY, BARRETT, KLENKE, ALI, KAUR, PHILLIPS, REBOLLEDOCORTES AND ULLAH'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

-against-

SHOLEM KLEIN, THE CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT
("NYPD") SERGEANT LEIGHTON BARRETT,
NYPD SERGEANT KURT KLENKE, NYPD
OFFICER AHMED ALI, NYPD OFFICER
PALAKPREET KAUR, NYPD OFFICER ADAM
PHILLIPS, NYPD OFFICER CARLOS
REBOLLEDOCORTES, and NYPD OFFICER
IKRAM ULLAH,

**23-CV-06924
(RER)(MMH)**

Defendants.

------------------------------------------------------------------------x

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants City of New York, Barrett, Klenke, Ali, Kaur, Phillips, Rebolledocortes, and Ullah ("Defendants") hereby further supplement their Responses and Objections to Plaintiff's First Set of Interrogatories as follows:

## GENERAL STATEMENT

1. By responding to any request, defendants do not concede the materiality of the subject to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2.   Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendants right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

3.   With respect to the request for the production of documents, defendants will provide, under separate cover, a privilege index, if appropriate.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each person who has Personal Knowledge regarding Plaintiff's conduct on August 5, 2022 with respect to Defendant Sholem Klein.

### OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 1:

Defendants object to Interrogatory No. 1 on the grounds that it is vague and ambiguous as to what Plaintiff is seeking by referring to "Plaintiff's conduct," which is undefined and unqualified.  Defendant further objects to the extent that this request is not relevant to the claims or defenses in this action and is not proportional to the needs of the case in that any events that occurred on August 5, 2022 between plaintiff and co-Defendant Klein have no bearing to the subject incident that occurred on November 11, 2022, and has no bearing on whether probable cause existed to arrest plaintiff on November 11, 2022.  Defendants further object as this request seeks information pertaining to a co-defendant represented by separate counsel.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, Defendants state that information is not being withheld based upon the objections and

that they are not aware of any person who has personal knowledge regarding plaintiff's conduct on August 5, 2022 with respect to co-Defendant Sholem Klein.

**INTERROGATORY NO. 2:**

Identify each person who has Personal Knowledge regarding Plaintiff's conduct on November 11, 2022 leading up to Plaintiff's arrest, including, but not limited to, any such conduct that any Defendant claims gave rise to, or contributed to, probable cause or justification to use force on, arrest, or prosecute Plaintiff.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 2:**

Defendants object to Interrogatory No. 2 on the grounds that it is vague and ambiguous as to the meaning of Plaintiff's "conduct" on November 11, 2022, which is undefined and unqualified; and over broad in that it asks defendants to identify "each person who has Personal Knowledge regarding Plaintiff's conduct on November 11, 2022 leading up to plaintiff's arrest," but is not sufficiently limited in time or scope and encompasses plaintiff's conduct that is unrelated to plaintiff's arrest. Defendants further object to the extent it seeks information that is not relevant to any claims or defenses in this action in that it requests information about plaintiff's conduct that preceded the arrest that has no bearing on whether probable cause existed to arrest plaintiff on November 11, 2022.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, Defendants state that information is not being withheld based upon the objections and that they are aware of the following individuals who have personal knowledge of what lead to Plaintiff's November 11, 2022 arrest:

1. Adam D. White;

2. Sergeant Leighton Barrett, Shield #1176, New York City Police Department, Community Affairs, 1 Police Plaza, New York, NY 10038;

3.     Sergeant Kurt Klenke, Shield #2107, New York City Police Department, 78 Precinct, 65 6th Avenue, Brooklyn, NY 11217;

4.     Police Officer Ahmed Ali, Shield #64, New York City Police Department, Patrol Brooklyn South Specialized Unit, 397 Coney Island Avenue, Brooklyn, NY 11218;

5.     Police Officer Palakpreet Kaur, Shield #21619, New York City Police Department,78 Precinct, 65 6th Avenue, Brooklyn, NY 11217;

6.     Police Officer Adam Phillips, Shield #23871, New York City Police Department,78 Precinct, 65 6th Avenue, Brooklyn, NY 11217;

7.     Police Officer Carlos Rebolledocortes, Shield #25185, New York City Police Department,  78 Precinct, 65 6th Avenue, Brooklyn, NY 11217;

8.     Police Officer Ikram Ullah, Shield #11914, New York City Police Department,78 Precinct, 65 6th Avenue, Brooklyn, NY 11217;

9.     Police Officer Ifeanyichukwu Emeh, Shield #31307, New York City Police Department, 72 Precinct, 830 4th Avenue, Brooklyn, NY 11232;

10.    Police Officer Christian Gonzalez, Shield #20384, New York City Police Department, 62 Precinct, 1925 Bath Avenue, Brooklyn, NY  11214;

11.    Sholem Klein; *co-defendant.*

## INTERROGATORY NO. 3:

Identify each law, statute, code provision, order, regulation, or other ground that any Defendant claims gave rise to, or contributed to, probable cause to arrest Plaintiff.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 3:

Defendants object to Interrogatory No. 3 on the grounds that this interrogatory is not limited in time or scope as it does not specify a limitation in time period or subject matter. Defendants further object on the grounds that it is vague and ambiguous in that "other ground" is undefined and unqualified.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to plaintiff's November 11, 2022 arrest, Defendants state that there was probable cause for plaintiff's arrest for Criminal Mischief.

**INTERROGATORY NO. 4:**

Identify each person who determined, or participated in the determination, that Plaintiff should be arrested.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 4:**

Defendants object to Interrogatory No. 4 on the grounds that it is vague and ambiguous as to the phrase "determined, or participated in the determination" as this phrase is undefined and unqualified. Defendants further object to this interrogatory on the grounds that it is not limited in time or scope as it does not specify a limitation in time period or subject matter.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to the plaintiff's November 11, 2022 arrest, Defendants state that the co-defendant Klein, Sergeant Leighton Barrett, Officer Ahmed Ali, Officer Palakpreet Kaur, Officer Adam Phillips, Officer Carlos Rebolledocortes, and Officer Ikram Ullah participated in the determination that plaintiff should be arrested.

**INTERROGATORY NO. 5:**

Identify each person who placed Plaintiff in handcuffs.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 5:**

Defendants object to Interrogatory No. 5 on the grounds that it is not limited in time as it does not specify a limitation in time period.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objection, and limiting their response to who placed plaintiff in handcuffs when he was under

arrest at the location where he was arrested on November 11, 2022, Defendants state that Officer Adam Phillips placed Plaintiff in handcuffs when he was under arrest at the location where he was arrested on November 11, 2022.

**INTERROGATORY NO. 6:**

Identify each person who used physical force in any manner on Plaintiff on November 11, 2022 prior to or in connection with Plaintiff's arrest.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 6:**

Defendants object to Interrogatory No. 6 on the grounds that it is vague and ambiguous as to the term "physical force," which is undefined and unqualified.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, Defendants state that information is not being withheld based upon the objection and that Officer Adam Phillips placed Plaintiff in handcuffs.

**INTERROGATORY NO. 7:**

Identify each person who decided, or participated in deciding, whether Plaintiff would be processed for release with a C-Summons or Desk Appearance Ticket, or for arraignment.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 7:**

Defendant objects to Interrogatory No. 7 on the grounds that it is vague and ambiguous as to the phrase "decided, or participated in deciding" as this phrase is undefined and unqualified. Defendants further object to this interrogatory on the grounds that it is not limited in time as it does not specify a limitation in time period. Defendants further object to the extent that it seeks information that is not relevant to the claims or defenses in this action in that it requests information that has no bearing on whether probable cause existed to arrest plaintiff on November 11, 2022.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to responsive information pertaining to Plaintiff's November 11, 2022 arrest, Defendants state that Officer Adam Phillips decided to issue Plaintiff a Desk Appearance Ticket.

## INTERROGATORY NO. 8:

Identify each person who has Personal Knowledge related to Plaintiff's detention from arrest to release, including, but not limited to, each step of Plaintiff's arrest processing.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 8:

Defendant objects to Interrogatory No. 8 on the grounds that it is over broad and is unduly burdensome in that identifying "each person" who has personal knowledge related to Plaintiff's detention from arrest to release in that it calls for the identification of individuals of whom defendants may not be aware and have no way of identifying. Defendants further object to this interrogatory on the grounds that it is not limited in time as it does not specify a limitation in time period. Defendants further object on the grounds that identifying "each person" outweighs any likely benefit to Plaintiff since identifying such individuals has no bearing on whether probable cause existed to arrest plaintiff on November 11, 2022. Defendants further object on the grounds that this interrogatory is vague and ambiguous as to the phrase "each step of Plaintiff's arrest processing," which is undefined and unqualified. Defendants further object to this interrogatory on the grounds that it is not limited in time as it does not specify a limitation in time period. Defendants further object to the extent that it seeks information that is not relevant to the claims or defenses in this action in that it requests information that has no bearing on whether probable cause existed to arrest plaintiff on November 11, 2022.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to responsive information relating to plaintiff's November 11, 2022 arrest, Defendants state that they are aware of the following individuals who have personal knowledge of Plaintiff's detention from the time he was arrested to when he was released:

1.   Adam White;

2.   Sergeant Leighton Barrett, Shield #1176, New York City Police Department, Community Affairs, 1 Police Plaza, New York, NY 10038;

3.   Sergeant Kurt Klenke, Shield #2107, New York City Police Department, 78 Precinct, 65 6th Avenue, Brooklyn, NY 11217;

4.   Police Officer Ahmed Ali, Shield #64, New York City Police Department, Patrol Brooklyn South Specialized Unit, 397 Coney Island Avenue, Brooklyn, NY 11218;

5.   Police Officer Palakpreet Kaur, Shield #21619, New York City Police Department, 78 Precinct, 65 6th Avenue, Brooklyn, NY 11217;

6.   Police Officer Adam Phillips, Shield #23871, New York City Police Department, 78 Precinct, 65 6th Avenue, Brooklyn, NY 11217;

7.   Police Officer Carlos Rebolledocortes, Shield #25185, New York City Police Department, 78 Precinct, 65 6th Avenue, Brooklyn, NY 11217;

8.   Police Officer Ikram Ullah, Shield #11914, New York City Police Department, 78 Precinct, 65 6th Avenue, Brooklyn, NY 11217;

9.   Police Officer Steven Klambatsen, Shield #25600, New York City Police Department, 78 Precinct, 65 6th Avenue, Brooklyn, NY 11217;

10.  Sholem Klein;

**INTERROGATORY NO. 9:**

Identify each NYPD agent who assisted in or supervised the Individual NYPD Defendants' creation of arrest processing documents related to the Incident, including, but not

limited to, Activity Log/Memo Book entries, Online Booking System Arrest Report ("OLBS") Reports, Property Voucher(s), Desk Appearance Ticket ("DAT") and related investigation documents, and all other arrest processing documents.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 9:

Defendant objects to Interrogatory No. 9 on the grounds that identifying "each NYPD agent" outweighs any likely benefit to Plaintiff in that identifying NYPD agents who assisted in or supervised the creation of arrest processing documents has no bearing on whether probable cause existed to arrest plaintiff on November 11, 2022. Defendants further object on the grounds that this interrogatory is vague and ambiguous as to the phrases "assisted in or supervised" the creation of "arrest processing documents," and "related investigation documents," which are undefined and unqualified. Defendants further object to the extent that it seeks information that is not relevant to the claims or defenses in this action in that it requests information that has no bearing on whether probable cause existed to arrest plaintiff on November 11, 2022.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to the individuals who participated in completing NYPD documents related to Plaintiff's November 11, 2022 arrest, Defendants state that they are aware of the following individuals Officer Adam Phillips, Officer Palakpreet Kaur, and Sergeant Kurt Klenke.

## INTERROGATORY NO. 10:

For each Individual NYPD Defendant who was involved in processing Plaintiff's arrest, identify each NYPD agent with whom that Individual Defendant consulted in creating arrest processing paperwork related to the Protest.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 10:

Defendants object to Interrogatory No. 10 on the grounds that it is vague and ambiguous as to the phrases "involved in processing Plaintiff's arrest" and "consulted in creating arrest processing paperwork related to the Protest," which are undefined and unqualified. Defendants further object on the grounds that it seeks information that is not relevant to the parties' claim or defenses in this action and on the grounds that this incident did not relate to a protest, and that it requests information that has no bearing on whether probable cause existed to arrest plaintiff on November 11, 2022.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to responsive information relating to plaintiff's November 11, 2022 arrest, Defendants state that Police Officer Adam Phillips, Police Officer Palakpreet Kaur, and Sgt. Kurt Klenke spoke with each other while creating the NYPD documents related to plaintiff's arrest of November 11, 2022.

## INTERROGATORY NO. 11:

For each Individual NYPD Defendant who consulted with a NYPD Legal Bureau attorney in connection with Plaintiff's arrest, arrest processing, or prosecution, identify each such NYPD Legal Bureau attorney.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 11:

Defendants object to Interrogatory No. 11 on the grounds that it is vague and ambiguous as to the terms "who consulted with" and "in connection with Plaintiff's arrest" which is undefined and unqualified. Defendants further object to this interrogatory on the grounds that it is not limited in time as it does not specify a limitation in time period. Defendants further object on the grounds

that information regarding this would be protected by the law enforcement, attorney-client, attorney work-product and/or other applicable privileges.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to responsive information pertaining to plaintiff's November 11, 2022 arrest, Defendants state that there are none.

**INTERROGATORY NO. 12:**

Identify each person with whom Defendant Sholem Klein communicated regarding Plaintiff or the Incident between 2022 and the present, and all documents regarding or reflecting such communications.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 12:**

Defendants object to Interrogatory No. 12 to the extent that it is not sufficiently limited in time or scope as this demand encompasses communications and documents that do not pertain to plaintiff's November 11, 2022 arrest; is over broad and vague as it does not specify what type of communications regarding plaintiff are sought, and is not proportional to the needs of the case in that it requests communications with plaintiff that are unrelated to the November 11, 2022 arrest. Defendants further object to this request to the extent it seeks information that are not relevant to the parties' claims or defenses in this action in that it requests information that has no bearing on whether probable cause existed to arrest plaintiff on November 11, 2022.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to responsive information pertaining to plaintiff's November 11, 2022 arrest, Defendants state that other than plaintiff, Officer Palakpreet Kaur, Officer Ahmed Ali, Officer Carlos Rebolledocortes, Sergeant Leighton Barrett, Officer Adam Phillips, Officer Ikram Ullah, Officer Ifeanyichukwu Emeh, and Officer Christian Gonzalez,

Defendants are currently unaware of anyone who communicated with co-Defendant Klein about the Incident. Defendants further state that the officers' communications are shown on the BWC footage of Officer Palakpreet Kaur, Officer Ahmed Ali, Officer Carlos Rebolledocortes, Sergeant Leighton Barrett, Officer Adam Phillips, Officer Ikram Ullah, and Officer Ifeanyichukwu Emeh that were previously provided via Kiteworks on March 11, 2024.

**INTERROGATORY NO. 13:**

Identify each Individual NYPD Defendant who communicated with Defendant Sholem Klein regarding Plaintiff or the Incident between 2022 and the present, and all documents regarding or reflecting such communications.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 13:**

Defendants object to Interrogatory No. 13 to the extent that it is not sufficiently limited in time or scope as this demand encompasses communications and documents that do not pertain to plaintiff's November 11, 2022 arrest; is over broad and vague as it does not specify what type of communications regarding plaintiff are sought; and is not proportional to the needs of the case in that it requests communications with plaintiff that are unrelated to the November 11, 2022 arrest. Defendants further object as this request seeks information that is not relevant to the parties' claims or defenses in this case in that it requests information that has no bearing on whether probable cause existed to arrest plaintiff on November 11, 2022.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to responsive information pertaining to plaintiff's November 11, 2022 arrest, Defendants state that Officer Palakpreet Kaur,  Officer Ahmed Ali, Officer Carlos Rebolledocortes, Sergeant Leighton Barrett, Officer Adam Phillips, and Officer Ikram Ullah,  communicated with co--Defendant Klein on November 11, 2022.  The officers'

communications are shown on the BWC footage of Officer Palakpreet Kaur, Officer Ahmed Ali, Officer Carlos Rebolledocortes, Sergeant Leighton Barrett, Officer Adam Phillips, and Officer Ikram Ullah that were previously provided via Kiteworks on March 11, 2024.

## INTERROGATORY NO. 14:

For each Individual Defendant who communicated with Office of the Kings County District Attorney (the "KCDA's Office") regarding Plaintiff or the Incident between 2022 and the present, identify each such communication and all documents regarding or reflecting each such communication.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 14:

Defendants object to Interrogatory No. 14 to the extent that it is not sufficiently limited in time or scope as this demand encompasses documents and communications that do not pertain to plaintiff's November 11, 2022 arrest, is over broad and vague as it does not specify what type of communications regarding plaintiff are sought, and is not proportional to the needs of the case in that it requests communications regarding plaintiff that are unrelated to the November 11, 2022 arrest. Defendants further object as this request seeks information that is not relevant to the parties' claims or defenses in this case in that it requests information unrelated to the November 11, 2022 arrest, and that has no bearing on whether probable cause existed to arrest plaintiff on November 11, 2022.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to responsive information pertaining to plaintiff's November 11, 2022 arrest, Defendants state that Officer Adam Phillips communicated with the KCDA on the date of plaintiff's arrest, and provided the Arrest Checklist, District Attorney Body-Worn Camera Checklist, Voucher, NYPD 911, Desk Appearance Ticket Investigation, Kings County DAT

Arrest Coversheet, Prisoner Movement Slip, Desk Appearance Ticket, Prisoner Pedigree Card,

On-Line Booking System Arrest Worksheet, Activity Log, Omniform System Complaint, and

Complaint Report Worksheet.  Officer Adam Phillips also communicated with the KCDA by

phone prior to the date plaintiff was to appear for his Desk Appearance Ticket, but no documents

were created.

**INTERROGATORY NO. 15:**

Identify each statement (including, but not limited to, communications such as emails,

text messages, and social media posts and messages) made by each Individual Defendant

regarding Plaintiff or the Incident between 2022 and the present, and all documents regarding or

reflecting such communications.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 15:**

Defendants object to Interrogatory No. 15 to the extent that it is not sufficiently limited in

time or scope as it demands statements, documents and communications that do not pertain to

plaintiff's November 11, 2022 arrest; is over broad and vague as it does not specify what type of

statements regarding plaintiff are sought, and is not proportional to the needs of the case in that it

requests statements, documents and communications that are unrelated to plaintiff's November 11,

2022 arrest.  Defendants further object to this request to the extent it seeks information that is not

relevant to the parties' claims or defenses in this case in that it requests information unrelated to

claims of false arrest, false imprisonment, assault and battery, malicious prosecution, abuse of

process, fabrication of evidence, or negligent supervision, retention, and training.

Notwithstanding and without waiving, or in any way limiting the foregoing specific

objections, and limiting their response to responsive information pertaining to plaintiff's

November 11, 2022 arrest, Defendants refer plaintiff to the following link that Sergeant Barrett

texted      to      Sergeant      Klenke      on      November      20,      2022:
https://nyc.streetsblog.org/2022/11/16/brooklyn-council-member-blasts-cops-for-arresting-
famed-bike-lawyer-for-fixing-defaced-plate, and to the text chain between Sergeant Barrett and

Sgt. Klenke produced herein bearing Bates Stamp Nos. D00206 - D_00209.Defendants also refer

plaintiff to the text chain between Officer Phillips and Officer Kaur produced herein bearing Bates

Stamp Nos. D_00210 - D_00212.

**INTERROGATORY NO. 16:**

Identify all other documents (including, but not limited to, communications such

as e-mails, text messages, and social media posts and messages) regarding Plaintiff or the

Incident between 2022 and the present.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 16:**

Defendants object to Interrogatory No. 16 to the extent that it is not sufficiently limited in

time or scope as this demands encompasses information and documents that do not pertain to

plaintiff's November 11, 2022 arrest; is over broad and vague as it does not specify what type of

documents regarding plaintiff are sought; and to the extent that it demands information that are not

within Defendants' possession, custody, or control.  Defendants further object on the grounds that

itis not proportional to the needs of the case to the extent that it requests information regarding

plaintiff that is unrelated to plaintiff's November 11, 2022 arrest.  Defendants further object to this

request to the extent that it seeks information that is not relevant to the parties' claims or defenses

in this action to the extent  that it requests information that has no bearing on whether probable

cause existed to arrest plaintiff on November 11, 2022.

Notwithstanding and without waiving, or in any way limiting the foregoing specific

objections, and limiting their response to responsive information pertaining to plaintiff's

November 11, 2022 arrest, Defendants refer plaintiff to the following link that Sergeant Barrett texted to Sergeant Klenke on November 20, 2022: https://nyc.streetsblog.org/2022/11/16/brooklyn-council-member-blasts-cops-for-arresting-famed-bike-lawyer-for-fixing-defaced-plate, and to the text chain between Sergeant Barrett and Sgt. Klenke produced herein bearing Bates Stamp Nos. D00206 - D_00209.

Defendants also refer plaintiff to the text chain between Officer Phillips and Officer Kaur produced herein bearing Bates Stamp Nos. D_00210 - D_00212.

**INTERROGATORY NO. 17:**

Identify by caption, venue, and docket number each legal proceeding in which an Individual Defendant was alleged to have engaged in abuse of their lawful authority, false swearing, or violation of any federal or state constitutional right or criminal law.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 17:**

Defendants object to Interrogatory No. 17 to the extent that it is vague and ambiguous as to the term "abuse of their lawful authority," which is undefined and unqualified.  Defendants further object as this request seeks information that is not relevant to the parties' claims or defenses in this action in that it requests information that is not related to plaintiff's November 11, 2022 arrest, and that has no bearing on whether probable cause existed to arrest plaintiff on November 11, 2022. Defendants further object on the grounds that such information is publicly available.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, Defendants state that information is not being withheld based upon the objections and that there is no responsive information to this request.

Dated:      New York, New York
                 March 22, 2024

                                          SYLVIA O. HINDS-RADIX
                                          Corporation Counsel of the City of New York
                                          *Attorney for Defendants City of New York, Barrett, Klenke, Ali, Kaur, Phillips, Rebolledocortes, and Ullah*
                                            100 Church Street,
                                          New York, New York 10007
                                          (212) 356-2413
                                          jhiraoka@law.nyc.gov

                                 By:    *Joseph M. Hiraoka, Jr. s/*
                                            Joseph M. Hiraoka, Jr.
                                            Senior Counsel
                                          Special Federal Litigation Division

cc:     **BY E-MAIL**
        All Counsel

## VERIFICATION

Leighton Barrett declares pursuant to 28 U.S.C. § 1746 under penalty of perjury, state the following to be true:

I am a defendant in the action entitled <u>Adam D. White v. Sholem Klein, et al.,</u> 23-CV-6924 (RER)(MMH).  I have read the answers to the Interrogatories 1, 2, 3, 4, 5, 6, 8 (except for Officer Klambatsen), 12, 13, 15 (with respect to the texts between Leighton Barrett and Kurt Klenke), 16 (with respect to the texts between Leighton Barrett and Kurt Klenke), and 17 (with respect to Leighton Barrett), and they are true and correct to the best of my knowledge, except as to any objections interposed by counsel and any matters stated therein to be upon information and belief, and as to those matters I believe them to be true.

Dated: March 22, 2024

_____
LEIGHTON BARRETT

# VERIFICATION

Kurt Klenke declares pursuant to 28 U.S.C. § 1746 under penalty of perjury, state the following to be true:

I am a defendant in the action entitled <u>Adam D. White v. Sholem Klein, et al.,</u> 23-CV-6924 (RER)(MMH).  I have read the answers to the Interrogatories 1, 2, 3, 7, 8, 9, 10, 11, 12, 13, 15 (with respect to the texts between Leighton Barrett and Kurt Klenke), 16 (with respect to the texts between Leighton Barrett and Kurt Klenke), and 17 (with respect to Kurt Klenke), and they are true and correct to the best of my knowledge, except as to any objections interposed by counsel and any matters stated therein to be upon information and belief, and as to those matters I believe them to be true.

Dated: March 22, 2024

_____
KURT KLENKE

# VERIFICATION

Ahmed Ali declares pursuant to 28 U.S.C. § 1746 under penalty of perjury, state the following to be true:

I am a defendant in the action entitled <u>Adam D. White v. Sholem Klein, et al.</u>, 23-CV-6924 (RER)(MMH).  I have read the answers to the Interrogatories 1, 2, 3, 4, 5, 6, 8 (except for Officer Klambatsen), 12, 13, and 17 (with respect to Ahmed Ali), and they are true and correct to the best of my knowledge, except as to any objections interposed by counsel and any matters stated therein to be upon information and belief, and as to those matters I believe them to be true.

Dated: March 22, 2024

_____
AHMED ALI

# VERIFICATION

Palakpreet Cheema (formerly Palakpreet Kaur) declares pursuant to 28 U.S.C. § 1746 under penalty of perjury, state the following to be true:

I am a defendant in the action entitled <u>Adam D. White v. Sholem Klein, et al.</u>, 23-CV-6924 (RER)(MMH).  I have read the answers to the Interrogatories 1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 15 (with respect to the texts between Palakpreet Cheema and Adam Phillips), 16 (with respect to the texts between Palakpreet Cheema and Adam Phillips), and 17 (with respect to Palakpreet Cheema), and they are true and correct to the best of my knowledge, except as to any objections interposed by counsel and any matters stated therein to be upon information and belief, and as to those matters I believe them to be true.

Dated: March 22, 2024

_____

PALAKPREET CHEEMA

# VERIFICATION

Adam Phillips declares pursuant to 28 U.S.C. § 1746 under penalty of perjury, state the following to be true:

I am a defendant in the action entitled Adam D. White v. Sholem Klein, et al., 23-CV-6924 (RER)(MMH).  I have read the answers to the Interrogatories 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 (with respect to the texts between Palakpreet Cheema and Adam Phillips), 16 (with respect to the texts between Palakpreet Cheema and Adam Phillips), and 17 (with respect to Adam Phillips), and they are true and correct to the best of my knowledge, except as to any objections interposed by counsel and any matters stated therein to be upon information and belief, and as to those matters I believe them to be true.

Dated: March 22, 2024

_____
ADAM PHILLIPS

## VERIFICATION

Carlos Rebolledocortes declares pursuant to 28 U.S.C. § 1746 under penalty of perjury, state the following to be true:

I am a defendant in the action entitled <u>Adam D. White v. Sholem Klein, et al.,</u> 23-CV-6924 (RER)(MMH).  I have read the answers to the Interrogatories 1, 2, 3, 4, 5, 6, 8 (except for Officer Klambatsen), 12, 13, and 17 (with respect to Carlos Rebolledocortes), and they are true and correct to the best of my knowledge, except as to any objections interposed by counsel and any matters stated therein to be upon information and belief, and as to those matters I believe them to be true.

Dated: March 22, 2024

_____
CARLOS REBOLLEDOCORTES

# <u>V E R I F I C A T I O N</u>

      Ikram Ullah declares pursuant to 28 U.S.C. § 1746 under penalty of perjury, state the following to be true:

      I am a defendant in the action entitled <u>Adam D. White v. Sholem Klein, et al.</u>, 23-CV-6924 (RER)(MMH).  I have read the answers to the Interrogatories 1, 2, 3, 4, 5, 6, 8 (except for Officer Klambatsen), 12, 13, and 17 (with respect to Ikram Ullah), and they are true and correct to the best of my knowledge, except as to any objections interposed by counsel and any matters stated therein to be upon information and belief, and as to those matters I believe them to be true.

Dated: March 22, 2024

_____
IKRAM ULLAH

No. 23-cv-06924 (RER)(MMH)

---

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ADAM D. WHITE,

Plaintiffs,

-against-

KLEIN, et al.,

Defendants.

---

SECOND SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES

---

**SYLVIA O. HINDS-RADIX**
Corporation Counsel of the City of New York
Attorney for City Defendants
100 Church Street
New York, New York  10007-2601

Of Counsel:  Joseph M. Hiraoka, Jr.
Tel.:  212-356-2413

---

*Service of which is hereby acknowledged:*

....................:..................., N.Y.  Dated: ...............................

Signed:  ...........................................................................

Print Name: ....................................................................

Attorney for: ...................................................................

- 18 -

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

ADAM D. WHITE,

                          Plaintiff,

            -against-

SHOLEM KLEIN, THE CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT
("NYPD") SERGEANT LEIGHTON BARRETT,
NYPD SERGEANT KURT KLENKE, NYPD
OFFICER AHMED ALI, NYPD OFFICER
PALAKPREET KAUR, NYPD OFFICER ADAM
PHILLIPS, NYPD OFFICER CARLOS
REBOLLEDOCORTES, and NYPD OFFICER
IKRAM ULLAH,

                      Defendants.

**DEFENDANTS CITY,
BARRETT, KLENKE,
ALI, KAUR, PHILLIPS,
REBOLLEDOCORTES
AND ULLAH'S SECOND
SUPPLEMENTAL
RESPONSES TO
PLAINTIFF'S FIRST
SET OF DOCUMENT
REQUESTS AND
DEMAND TO INSPECT**

**23-CV-06924
(RER)(MMH)**

-------------------------------------------------------------------x

      Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants

City of New York, Barrett, Klenke, Ali, Kaur, Phillips, Rebolledocortes, and Ullah ("Defendants")

hereby further supplement their Responses and Objections to  Plaintiff's First Set of Document

Requests and Demand to Inspect as follows:

## GENERAL STATEMENT

      1.  By responding to any request, defendants do not concede the materiality of the

subject to which it refers.  Defendants' responses are made expressly subject to, and without

waiving or intending to waive, any questions, or objections as to the competency, relevancy,

materiality, privilege, or admissibility as evidence or for any other purpose, of any of the

documents or information produced, or of the subject matter thereof, in any proceeding including

the trial of this action or any subsequent proceeding.

2.  Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendants right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

3.  With respect to the request for the production of documents, defendants will provide, under separate cover, a privilege index, if appropriate.

## DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 1:

Produce all documents identified or consulted in responding to the interrogatories above.

### OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 1:

Defendants reiterate the objections and responses made in defendants' responses to plaintiff's interrogatories. Defendants further object to Document Request No. 1 to the extent that it implicates the privacy interests and personal safety of the parties and non-parties; to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties; and to the extent that it seeks documents that are protected by the official information, law enforcement privileges, attorney-client, or work-product privileges  Defendants further object to this request because it, in part, is duplicative of defendants' obligations, pursuant to Rule 26(a)(i)(A) of the Federal Rules of Civil Procedure, and therefore, seeks information that has been previously provided to plaintiff as part of Defendants' Initial Disclosures.

Notwithstanding, and without waiving, or in any way limiting, these objections, and limiting this response to non-privileged responsive documents[1], Defendants refer plaintiff to the documents previously produced bearing Bates Stamp Nos. D_00001 – D_00062 and D_00098 – D_00099, and the documents produced herein bearing Bates Stamp Nos. D_00206 – D_00212.

## DOCUMENT REQUEST NO. 9:

Produce all documents including statements made by each Individual Defendant or other person who has or may have Personal Knowledge related to Plaintiff's arrest or the Incident, including, but not limited to, all scratch and other NYPD arrest processing paperwork, and all e-mails, text messages, social media, and/or direct messages.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 9:

Defendants object to Document Request No. 9 to the extent that it calls for production of documents that are not within Defendants' possession, custody or control.   Defendants also object to Document Request No. 9 to the extent that any of the requested documents are equally accessible to Plaintiff.

Notwithstanding, and without waiving or in any way limiting these specific objections, Defendants state that non-privileged documents are not being withheld based upon the objections and refer plaintiff to documents previously produced bearing Bates Stamp Nos. D_00001 – D_00062 and D_00098 – D_00099.   Defendants also refer plaintiff to the following link that Sergeant   Barrett   texted   to   Sergeant   Klenke   on   November   20,   2022: https://nyc.streetsblog.org/2022/11/16/brooklyn-council-member-blasts-cops-for-arresting-famed-bike-lawyer-for-fixing-defaced-plate, and to the text chain between Sergeant Barrett and Sgt. Klenke produced herein bearing Bates Stamp Nos. D_00206 - D_00209.   Defendants also

---

[1] The supplemental privilege log will be produced under separate cover.

refer plaintiff to the text chain between Officer Phillips and Officer Kaur produced herein bearing Bates Stamp Nos. D_00210 - D_00212.

## DOCUMENT REQUEST NO. 10:

Produce all other documents created related to Plaintiff's arrest, detention, or prosecution, including, but not limited to, all copies of Activity Log/Memo Book entries, Online Booking System Arrest Report ("OLBS") Reports, Desk Appearance Ticket ("DAT") and related investigation documents.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 10:

Defendants object to Document Request No. 10 on the grounds that it is vague and ambiguous as to what is meant by "related investigation" documents, which is undefined and unqualified.

Notwithstanding, and without waiving or in any way limiting this specific objection, Defendants state that non-privileged documents are not being withheld based upon the objections and refer plaintiff to documents previously produced bearing Bates Stamp Nos. D_00001 – D_00062and D_00098 – D_00167, and the documents produced herein bearing Bates Stamp Nos. D_00206 – D_00212.

## DOCUMENT REQUEST NO. 13:

Produce a complete copy of all Command Log entries from the NYPD's 78th Precinct on November 11, 2022.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 13:

Defendants object to Document Request No. 13 on the grounds that it is over broad and not properly limited in scope to the extent that it seeks documents that do not pertain to plaintiff's November 11, 2022 arrest. Defendants further object on the grounds that it is not relevant to the

parties' claims or defenses in this matter to the extent that it calls for documents that do not pertain to plaintiff's November 11, 2022 arrest. Defendants further object to this request to the extent it implicates the privacy and security concerns of non-parties. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to the Command Log entry pertaining to plaintiff's November 11, 2022 arrest, Defendants refer plaintiff to the Command Log entry previously produced bearing Bates Stamp No. D_00053.

**DOCUMENT REQUEST NO. 14:**

Produce all other NYPD records reflecting the seizure, disposition of any property seized from Plaintiff and/or related to the Incident, including, but not limited to, any Produce all Property Clerk Invoices (PD 521-141) and other NYPD Property and Evidence Tracking System ("PETS") documents.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 14:**

Defendants object to Document Request No. 14 to the extent that it is not sufficiently limited in time or scope as it not sufficiently limited in time period and subject matter to the extent that it seeks documents that do not pertain to plaintiff's November 11, 2022 arrest; and is not relevant to the parties' claims or defenses in this action to the extent that it seeks documents that are not related to plaintiff's November 11, 2022 arrest.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to responsive documents pertaining to plaintiff's arrest on

November 22, 2022, Defendants refer plaintiff to the voucher previously produced bearing Bates Stamp Nos. D_00034 – D_00035.

**DOCUMENT REQUEST NO. 16:**

For each Individual Defendant, produce all documents provided by or on behalf of that Individual Defendant to any prosecutor, including, but not limited to, a prosecutor from the KCDA's Office, or court, related to Plaintiff or the Incident.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 16:**

Defendants object to Document Request No. 16 on the grounds that it is not proportional to the needs of the case to the extent that it seeks documents that are not related to plaintiff's November 11, 2022 arrest.  Defendants further object on the grounds that it is not relevant to the parties' claims or defenses in this action to the extent that it seeks documents that are not related to plaintiff's November 11, 2022 arrest; and that it is not limited in scope to the extent that it seeks documents that are not related to plaintiff's November 11, 2022 arrest.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to responsive documents pertaining to plaintiff's November 11, 2022 arrest, Defendants refer plaintiff to documents previously produced bearing Bates Stamp Nos. D_00026 – D_00046,  D_00054 – D_00062, and D_00100 – D_00167.

**DOCUMENT REQUEST NO. 18:**

Produce all documents reflecting communications between and among any other employees or agents of Defendant City of New York regarding Plaintiff or the Incident.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 18:**

Defendants object to Document Request No. 18 on the grounds that it is not sufficiently limited in time or scope as it is not limited in time period or subject matter;; and is not proportional

to the needs of the case in that it seeks documents   regarding plaintiff that are unrelated to plaintiff's November 11, 2022 arrest.  Defendants further object on the grounds that it seeks documents that are not relevant to the parties' claims or defenses in this action in that it seeks documents that have no bearing on whether probable cause existed to arrest plaintiff on November 11, 2022.  Defendants further object to this request because it encompasses communications between Defendants and the Office of the Corporation Counsel of the City of New York that is protected by the attorney-client and/or attorney work product privileges.

Notwithstanding, and without waiving or in any way limiting these specific objections, and limiting their response to plaintiff's arrest on November 22, 2022, defendants further state that they are continuing to search for responsive material, and will supplement this response within 30 days, if necessary.

**DOCUMENT REQUEST NO. 19:**

Produce all documents reflecting statements made by each Individual Defendant or any other person to a prosecutor, including, but not limited to, one from the KCDA's Office, or court, related to Plaintiff or the Incident, including, but not limited to, e-mails, faxes, notifications, and all other documents.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 19:**

Defendants object to Document Request No. 19 on the grounds that this request seeks documents that are not proportional to the needs of the case, and is not relevant to the parties' claims or defenses in this action in that it requests documents that are not related to plaintiff's November 11, 2022 arrest.  Defendants also object to the extent that it seeks documents that are not within Defendants' possession, custody or control.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to responsive documents pertaining to plaintiff's November 11, 2022 arrest, Defendants refer plaintiff to documents previously produced bearing Bates Stamp Nos. D_00026 – D_00046, D_00054 – D_00062, and D_00100 – D_00167.

**DOCUMENT REQUEST NO. 20:**

Produce all documents reflecting or including any other statements made by each Individual Defendant or other witness related to Plaintiff or the Incident, including, but not limited to, all texts, e-mails, and social media posts and messages.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 20:**

Defendants object to Document Request No. 20 to the extent that it is not sufficiently limited in scope as it demands documents that are unrelated to plaintiff's November 11, 2022 arrest, is over broad and vague as it does not specify what type of documents regarding plaintiff are sought, and is not proportional to the needs of the case to the extent that it seeks documents that are unrelated to plaintiff's November 11, 2022 arrest. Defendants further object to this request on the grounds that it seeks documents that are not relevant to the parties' claims or defenses in this action to the extent that it requests documents that have no bearing on whether probable cause existed to arrest plaintiff on November 11, 2022. Defendants further object to this request because it encompasses documents containing communications between Defendants and the Office of the Corporation Counsel of the City of New York that is protected by the attorney-client and/or attorney-work product privileges.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to non-privileged responsive information pertaining to plaintiff's November 11, 2022 arrest, Defendants refer plaintiff to the following link that Sergeant

Barrett    texted    to    Sergeant    Klenke    on    November    20,    2022:

https://nyc.streetsblog.org/2022/11/16/brooklyn-council-member-blasts-cops-for-arresting-famed-bike-lawyer-for-fixing-defaced-plate, and to the text chain between Sergeant Barrett and

Sgt. Klenke produced herein bearing Bates Stamp Nos. D_00206 - D_00209.  Defendants also

refer plaintiff to the text chain between Officer Phillips and Officer Kaur produced herein bearing

Bates Stamp Nos. D_00210 - D_00212.

## DOCUMENT REQUEST NO. 21:

Produce all documents provided by any Individual Defendant or NYPD member

to a prosecutor, including, but not limited to, one from the KCDA's Office, or court, related to

Plaintiff or the Incident.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 21:

Defendants object to Document Request No. 21 to the extent that it is not sufficiently

limited in scope to the extent that it demands documents that are unrelated to plaintiff's November

11, 2022 arrest, and is not proportional to the needs of the case to the extent that it demands

documents that are unrelated to plaintiff's November 11, 2022 arrest.  Defendants further object

on the grounds that it seeks documents that are not relevant to the parties' claims or defenses in

this action to the extent that it seeks documents that are unrelated to plaintiff's November 11, 2022

arrest and have no bearing on whether probable cause existed to arrest plaintiff on November 11,

2022.

Notwithstanding and without waiving, or in any way limiting the foregoing specific

objections, and limiting their response to responsive documents pertaining to plaintiff's November

11, 2022 arrest, Defendants refer plaintiff to documents previously produced bearing Bates Stamp

Nos. D_00026 – D_00046,  D_00054 – D_00062, and D_00100 – D_00167.

**DOCUMENT REQUEST NO. 22:**

Produce all other documents related to or reflecting communications between a prosecutor or court and an Individual Defendant related to Plaintiff's prosecution.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 22:**

Defendants object to Document Request No. 22 as this request is vague and ambiguous in seeking all documents related to or "reflecting communications," which is undefined and unqualified.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to responsive documents pertaining to plaintiff's November 11, 2022 arrest, Defendants refer plaintiff to documents previously produced bearing Bates Stamp Nos. D_00026 – D_00046, D_00054 – D_00062, and D_00100 – D_00167.

**DOCUMENT REQUEST NO. 24:**

Produce all demands for preservation or litigation holds received or created by the NYPD related to the Incident, including, but not limited to, any such demands or holds created by the NYPD's Legal Bureau.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 24:**

Defendants object to Document Request No. 24 on the grounds that it seeks documents protected by attorney-client and/or attorney work product privileges.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to responsive documents pertaining to plaintiff's November 11, 2022 arrest, Defendants are withholding an Evidence Preservation Request dated January 24, 2023 from the New York City Law Department to the New York City Police Department. Defendants will interpose no further response to this request.

## DOCUMENT REQUEST NO. 25:

Produce all documents concerning any NYPD Civilian Complaint Review Board ("CCRB") complaint or investigation concerning the Incident, including, but not limited to, all such documents within the CCRB's care, custody, or control, including, but not limited to, the CCRB Complaint Report; CTS+ Logs; Closing Report; and all notes, underlying documents, and communications, including e-mails, related to each such complaint or investigation.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 25:

Defendants object to Document Request No. 25 to the extent that this request implicates the deliberative process privilege, law enforcement privilege, attorney-client privilege, attorney-work product privilege, and/or any other applicable privileges.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, Defendants state that documents are not being withheld based upon the objections and there are no documents responsive to this request.

## DOCUMENT REQUEST NO. 36:

Produce all documents concerning internal police disciplinary action, letters in the personnel file, command discipline A or B, charges and specifications, transfers, and/or warnings and admonishment against any of the Individual NYPD Defendants, including, but not limited to, any GO-15 statements.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 36:

Defendants object to Document Request No. 36 on the grounds that this request is not properly limited in time as it does not specify a timeframe. Defendants further object on the grounds that this request is not properly limited in scope as it requests documents about claims not alleged in this action and beyond the scope of this litigation. Defendants further object on the

grounds that this request seeks allegations of misconduct that are not similar in nature to the allegations herein, or are older than ten years and thus too remote to be relevant or subsequent to the Incident. Defendants further object on the grounds that this request is not relevant to the parties' claims or defenses in this action, as the documents requested have no bearing on the allegations in the Complaint. Defendants further object on the grounds that the documents requested may be protected by the official information privilege, deliberative process privilege, law enforcement privilege and/or other privileges.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to documents for allegations similar to those in the complaint or that pertain to veracity for 10 years prior to the incident, Defendants state that they are continuing to search, and will supplement this response by April 10, 2024, if necessary.

**DOCUMENT REQUEST NO. 38:**

Produce all documents reflecting any early intervention monitoring or force monitoring or NYPD or external monitoring any Individual NYPD Defendant has been subjected to during their time as a NYPD member.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 38:**

Defendants object to Document Request No. 38 on the grounds that this request is not properly limited in time as it does not specify a timeframe. Defendants further object on the grounds that this request is not properly limited in scope as it requests documents about claims not alleged in this action and beyond the scope of this litigation. Defendants further object on the grounds that this request seeks allegations of misconduct that were not substantiated, did not result in a finding of misconduct, are not similar in nature to the allegations herein, or are older than ten years and thus too remote to be relevant or subsequent to the Incident. Defendants further object

on the grounds that this request is not relevant to the parties' claims or defenses in this action, as the documents requested have no bearing on the allegations in the Complaint. Defendants further object on the grounds that the documents requested may be protected by the official information privilege, deliberative process privilege, law enforcement privilege and/or other privileges.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, Defendants state that documents are not being withheld based upon the objections and state they have not been placed on any NYPD monitoring.

**DOCUMENT REQUEST NO. 40:**

Produce any notices of claim, 50-h transcripts and exhibits, pleadings, discovery requests and responses, deposition transcripts and exhibits, settlement agreements, and judgments from each civil lawsuit against each Individual Defendant identified in response to Interrogatory No. 17.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 40:**

Defendants object to Document Request No. 40 to the extent that it demands documents that are not relevant to the parties' claims or defenses in this matter in that it seeks documents that are unrelated to plaintiff's November 11, 2022 arrest and requests documents that have no bearing on whether probable cause existed to arrest plaintiff on November 11, 2022.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, Defendants state that documents are not being withheld based upon the objections and there are no documents responsive to this request.

**DOCUMENT REQUEST NO. 41:**

Produce any criminal court complaints, documents reflecting the dates or events at court proceedings, transcripts of testimony or proceedings, certificates or other proof of

disposition, related to each criminal proceeding against each Individual Defendant identified in response to Interrogatory No. 17.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 41:

Defendants object to Document Request No. 41 to the extent that it demands documents that are not relevant to the parties' claims or defenses in this matter in that it seeks documents that are unrelated to plaintiff's November 11, 2022 arrest and requests documents that have no bearing on whether probable cause existed to arrest plaintiff on November 11, 2022.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, Defendants state that documents are not being withheld based upon the objections and there are no documents responsive to this request.

## DOCUMENT REQUEST NO. 45:

Produce all documents reflecting or relating to press conferences, press coverage, news clips, social media postings, Internet links, related to the Incident gathered or maintained by or on behalf of any Defendant, including, but not limited to, any gathered by the NYPD's Deputy Commissioner for Public Information ("DCPI"), Intelligence Division, Counterterrorism Bureau, or otherwise.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 45:

Defendants object to Document Request No. 45 to the extent that it seeks documents not within defendants' possession, custody, or control, and to the extent that it seeks documents that are equally accessible to plaintiff or are publicly available. Defendants further object as this request is vague and ambiguous as to what Plaintiff is seeking by referring to documents "reflecting" press conferences, which is undefined and unqualified. Defendants further object on the grounds that this request seeks documents that are not relevant to the parties' claims or defenses

in that action in that it seeks documents that have no bearing on whether probable cause existed to arrest plaintiff on November 11, 2022.

Notwithstanding, and without waiving or in any way limiting these specific objections, and limiting their response to plaintiff's arrest on November 22, 2022, Defendants further state that they are continuing to search for responsive material, and will supplement this response within 30 days, if necessary.

## DOCUMENT REQUEST NO. 46:

Produce all documents reflecting or related to, or responding to, press inquiries, press statements, and interviews related to the Incident.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 46:

Defendants object to Document Request No. 46 to the extent that it requests documents not within defendants' possession, custody, or control, and to the extent they are equally accessible to plaintiff or are publicly available. Defendants also object as this request is not proportional to the needs of this case in that it requests documents that have no bearing on whether probable cause existed to arrest plaintiff on November 11, 2022. Defendants further object on the grounds that it is vague and ambiguous as to the phrase "reflecting or related to, which is undefined and unqualified. Defendants further object to the extent that documents reflecting interviews "related to the Incident" encompasses documents protected by attorney-client and/or attorney work-product privileges.

Notwithstanding, and without waiving or in any way limiting these specific objections, and limiting their response to plaintiff's arrest on November 22, 2022, Defendants further state that

they are continuing to search for responsive material, and will supplement this response within 30 days, if necessary.

**DOCUMENT REQUEST NO. 58:**

Produce all documents released by the NYPD, the CCRB, the Office of the Comptroller, or any other City agency pursuant to the Freedom of Information Law regarding Plaintiff or the Incident.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 58:**

Defendants object to Document Request No. 58 on the grounds that it is overbroad in that it requests documents regarding plaintiff that are not related to plaintiff's November 11, 2022 arrest. Defendants further object on the grounds that this request to the extent that it seeks documents that are not relevant to the parties' claims or defenses in this case in that it requests documents that have no bearing on whether probable cause exited to arrest plaintiff on November 11, 2022. Defendants further object on the grounds that the documents requested are equally accessible to plaintiff.

Notwithstanding, and without waiving or in any way limiting these specific objections, and limiting their response to plaintiff's arrest on November 22, 2022, Defendants further state that they are continuing to search for responsive material, and will supplement this response within 30 days, if necessary.

**DOCUMENT REQUEST NO. 59:**

Produce all documents received by defense counsel related to Plaintiff or the Incident pursuant to subpoena or to Plaintiff's authorization or Freedom of Information Law request or otherwise, along with copies of the request(s) made by the Law Department for such documents and any related correspondence.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 59:**

Defendants object to Document Request No. 59 on the grounds that it is overbroad to the extent that it requests documents regarding plaintiff that are not related to plaintiff's November 11, 2022 arrest.  Defendants further object on the grounds that this request is not relevant to the parties' claims or defenses in this case to the extent that it requests documents that have no bearing on whether probable cause exited to arrest plaintiff on November 11, 2022.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to responsive documents pertaining to plaintiff's November 11, 2022 arrest,  Defendants state that there are no documents Defendants have requested through subpoena to date.   Defendants will supplement this response as appropriate.

**DOCUMENT REQUEST NO. 62:**

Produce all documents related to or reflecting requests by any Individual NYPD Defendant for representation and the City's responses thereto.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 62:**

Defendants object to Document Request No. 62  on the grounds that the request seeks documents that are protected by the attorney-client, attorney work product, official information and law enforcement privileges, and/or other applicable privilege.

Notwithstanding, and without waiving or in any way limiting these specific objections, Defendants state that non-privileged documents are not being withheld based upon the objections.

**DOCUMENT REQUEST NO. 63:**

Produce all documents related to or reflecting whether any Individual NYPD Defendant was acting under color of law and/or within the scope of his duty and/or employment related to the Incident.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 63:**

Defendants object to Document Request No. 63 on the grounds that there is another more practical method of obtaining this discovery, such as depositions. Defendants further object on the grounds that the request encompasses documents protected by attorney-client and/or attorney-work product privileges.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to responsive documents pertaining to plaintiff's November 11, 2022 arrest, Defendants refer plaintiff to documents previously produced bearing Bates Stamp Nos. D_00001 – D_00042, and the documents produced herein bearing Bates Stamp Nos. D_00043- D_00062, and D_00098 – D_00099.

**DOCUMENT REQUEST NO. 64:**

Produce all documents related to each Defendant's defenses.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 64:**

Defendants object to Document Request No. 64 on the grounds that it is vague and ambiguous in that it requests documents "related" to each Defendant's defenses, which is undefined and unqualified. Defendants further object on the grounds that the request is pre-mature in that discovery is still ongoing, and there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified. Defendants further object to the extent that it seeks documents that are not within defendants' possession, custody, or control; and to the extent that it seeks documents that are protected by the attorney-client, attorney work product, official information, law enforcement privileges, and/or other applicable privileges.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to responsive documents pertaining to plaintiff's November 11, 2022 arrest, Defendants refer plaintiff to documents previously produced bearing Bates Stamp Nos. D_00001 – D_00062, D_00098 – D_00167, and D_00203 – D_00205.

## DOCUMENT REQUEST NO. 65:

Produce all documents related to each and all of Defendant Klein's cross-claims, including, but not limited to, any agreements, correspondence, or other documents any crossclaim is based on.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 65:

Defendants object to Document Request No. 65 on the grounds that it is vague and ambiguous in that it requests "other documents any crossclaim is based on" is undefined and unqualified.   Defendants further object to the extent that it seeks documents that are not within defendants' possession, custody, or control.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and limiting their response to responsive documents pertaining to plaintiff's November 11, 2022 arrest, Defendants state that they have not received any documents related to co—defendant Klein's cross-claims.

## DOCUMENT REQUEST NO. 66:

Produce all other documents related to the Incident that are not otherwise requested, or disclosed in response to the requests, above.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 66:

Defendants object to Document Request No. 66 to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of

individuals identified.  Defendants further object to the extent that it seeks documents that are not within defendants' possession, custody, or control; and to the extent that it seeks documents that are protected by the attorney-client, attorney work product, official information, law enforcement privileges, and/or other applicable privileges.

Notwithstanding, and without waiving or in any way limiting these specific objections, Defendants state that non-privileged documents are not being withheld based upon the objections.

Dated:      New York, New York
            March 22, 2024

SYLVIA O. HINDS-RADIX
Corporation Counsel of the City of New York
*Attorney for Defendants City of New York, Barrett, Klenke, Ali, Kaur, Phillips, Rebolledocortes, and Ullah*
100 Church Street,
New York, New York 10007
(212) 356-2413
jhiraoka@law.nyc.gov

By:   *Joseph M. Hiraoka, Jr. s/*
            Joseph M. Hiraoka, Jr.
            Senior Counsel
            Special Federal Litigation Division

cc:   **BY E-MAIL**
      All Counsel

EXHIBIT C

*Adam D. White v. City of New York, et al.* – Docket No. 23-CV-6924 (RER)(MMH)
Defendants' Supplemental Privilege Log Updated March 25, 2024

| From | To | Subject and Description | Date | Privilege Type/Reason Withheld or Redacted |
|------|-----|------------------------|------|--------------------------------------------|
| NYPD Sgt. Kurt Klenke | ACC Joseph Hiraoka | E-mail regarding police records for plaintiff's arrest | 10/20/23 | Attorney Work Product and/or Attorney-Client Privilege |
| NYPD Sgt. Kurt Klenke | ACC Joseph Hiraoka | E-mail regarding whether CCRB investigated plaintiff's arrest | 10/23/23 | Attorney Work Product and/or Attorney-Client Privilege |
| NYPD Sgt. Kurt Klenke | ACC Joseph Hiraoka | E-mail regarding whether CCRB investigated plaintiff's arrest | 11/8/23 | Attorney Work Product and/or Attorney-Client Privilege |
| NYPD Sgt. Kurt Klenke | ACC Joseph Hiraoka | E-mail regarding whether CCRB investigated plaintiff's arrest | 11/9/23 | Attorney Work Product and/or Attorney-Client Privilege |
| NYPD Sgt. Kurt Klenke | ACC Joseph Hiraoka | E-mail regarding communications pertaining to plaintiff's arrest | 2/2/24 | Attorney Work Product and/or Attorney-Client Privilege |
| NYPD Sgt. Kurt Klenke | ACC Joseph Hiraoka | E-mail regarding communications with plaintiff and defendant Klein | 3/4/24 | Attorney Work Product and/or Attorney-Client Privilege |
| NYPD Sgt. Kurt Klenke | ACC Joseph Hiraoka | E-mail regarding communications pertaining to plaintiff's arrest | 3/12/24 | Attorney Work Product and/or Attorney-Client Privilege |
| NYPD Sgt. Kurt Klenke | ACC Joseph Hiraoka | E-mail regarding case analysis | 3/20/24 | Attorney Work Product and/or Attorney-Client Privilege |

| ACC Joseph Hiraoka | NYPD Sgt. Kurt Klenke | E-mail regarding whether CCRB investigated plaintiff's arrest | 11/5/23 | Attorney and/or Privilege | Work Product Attorney-Client |
|---|---|---|---|---|---|
| ACC Joseph Hiraoka | NYPD Sgt. Kurt Klenke | E-mail regarding whether CCRB investigated plaintiff's arrest | 11/8/23 | Attorney and/or Privilege | Work Product Attorney-Client |
| ACC Joseph Hiraoka | NYPD Sgt. Kurt Klenke | E-mail regarding whether CCRB investigated plaintiff's arrest | 11/9/23 | Attorney and/or Privilege | Work Product Attorney-Client |
| ACC Joseph Hiraoka | NYPD Sgt. Kurt Klenke | E-mail regarding communications pertaining to plaintiff's arrest | 11/21/23 | Attorney and/or Privilege | Work Product Attorney-Client |
| ACC Joseph Hiraoka | NYPD Sgt. Kurt Klenke | E-mail regarding communications pertaining to plaintiff's arrest | 2/1/24 | Attorney and/or Privilege | Work Product Attorney-Client |
| ACC Joseph Hiraoka | NYPD Sgt. Kurt Klenke | E-mail regarding communications pertaining to plaintiff's arrest | 2/2/24 | Attorney and/or Privilege | Work Product Attorney-Client |
| ACC Joseph Hiraoka | NYPD Sgt. Kurt Klenke | E-mail regarding police records for plaintiff's arrest | 2/3/24 | Attorney and/or Privilege | Work Product Attorney-Client |
| ACC Joseph Hiraoka | NYPD Sgt. Kurt Klenke | E-mail regarding case analysis | 3/19/24 | Attorney and/or Privilege | Work Product Attorney-Client |
| NYPD P.O. Adam Phillips | ACC Joseph Hiraoka | E-mail regarding police records for plaintiff's arrest | 10/21/23 | Attorney and/or Privilege | Work Product Attorney-Client |
| NYPD P.O. Adam Phillips | ACC Joseph Hiraoka | E-mail regarding police records for plaintiff's arrest | 11/8/23 | Attorney and/or Privilege | Work Product Attorney-Client |

| | | | | | |
|---|---|---|---|---|---|
| NYPD P.O. Adam Phillips | ACC Joseph Hiraoka | E-mail regarding property vouchered from plaintiff | 11/12/23 | Attorney and/or Privilege | Work Product Attorney-Client |
| NYPD P.O. Adam Phillips | ACC Joseph Hiraoka | E-mail regarding communications pertaining to plaintiff's arrest | 2/28/24 | Attorney and/or Privilege | Work Product Attorney-Client |
| NYPD P.O. Adam Phillips | ACC Joseph Hiraoka | E-mail regarding communications with plaintiff and defendant Klein | 2/29/24 | Attorney and/or Privilege | Work Product Attorney-Client |
| NYPD P.O. Adam Phillips | ACC Joseph Hiraoka | E-mail regarding police records for plaintiff's arrest | 3/12/24 | Attorney and/or Privilege | Work Product Attorney-Client |
| ACC Joseph Hiraoka | NYPD P.O. Adam Phillips | E-mail regarding providing contact information for Law Department | 10/20/23 | Attorney and/or Privilege | Work Product Attorney-Client |
| ACC Joseph Hiraoka | NYPD P.O. Adam Phillips | E-mail regarding police records for plaintiff's arrest | 11/5/23 | Attorney and/or Privilege | Work Product Attorney-Client |
| ACC Joseph Hiraoka | NYPD P.O. Adam Phillips | E-mail regarding police records for plaintiff's arrest | 11/11/23 | Attorney and/or Privilege | Work Product Attorney-Client |
| ACC Joseph Hiraoka | NYPD P.O. Adam Phillips | E-mail regarding property recovered pertaining to plaintiff's arrest | 11/12/23 | Attorney and/or Privilege | Work Product Attorney-Client |
| ACC Joseph Hiraoka | NYPD P.O. Adam Phillips | E-mail regarding communications pertaining to plaintiff's arrest | 11/21/23 | Attorney and/or Privilege | Work Product Attorney-Client |
| ACC Joseph Hiraoka | NYPD P.O. Adam Phillips | E-mail regarding communications pertaining to plaintiff's arrest | 2/27/24 | Attorney and/or Privilege | Work Product Attorney-Client |

| ACC Joseph Hiraoka | NYPD P.O. Adam Phillips | E-mail regarding communications pertaining to plaintiff's arrest | 2/28/24 | Attorney Work Product and/or Attorney-Client Privilege |
|---|---|---|---|---|
| ACC Joseph Hiraoka | NYPD P.O. Adam Phillips | E-mail regarding communications pertaining to plaintiff's arrest | 2/29/24 | Attorney Work Product and/or Attorney-Client Privilege |
| ACC Joseph Hiraoka | NYPD P.O. Adam Phillips | E-mail regarding police records for plaintiff's arrest | 3/11/24 | Attorney Work Product and/or Attorney-Client Privilege |
| NYPD P.O. Palakpreet Cheema (a/k/a) Palakpreet Kaur | ACC Joseph Hiraoka | E-mail regarding police records for plaintiff's arrest | 11/14/23 | Attorney Work Product and/or Attorney-Client Privilege |
| NYPD P.O. Palakpreet Cheema (a/k/a) Palakpreet Kaur | ACC Joseph Hiraoka | E-mail regarding communications with plaintiff and defendant Klein | 2/28/24 | Attorney Work Product and/or Attorney-Client Privilege |
| NYPD P.O. Palakpreet Cheema (a/k/a) Palakpreet Kaur | ACC Joseph Hiraoka | E-mail regarding communications with plaintiff and defendant Klein | 3/2/24 | Attorney Work Product and/or Attorney-Client Privilege |
| ACC Joseph Hiraoka | NYPD P.O. Palakpreet Cheema (a/k/a) Palakpreet Kaur | E-mail regarding police records for plaintiff's arrest | 11/5/23 | Attorney Work Product and/or Attorney-Client Privilege |
| ACC Joseph Hiraoka | NYPD P.O. Palakpreet Cheema (a/k/a) Palakpreet Kaur | E-mail regarding communications pertaining to plaintiff's arrest | 11/21/23 | Attorney Work Product and/or Attorney-Client Privilege |
| ACC Joseph Hiraoka | NYPD P.O. Palakpreet Cheema (a/k/a) Palakpreet Kaur | E-mail regarding communications pertaining to plaintiff's arrest | 2/27/24 | Attorney Work Product and/or Attorney-Client Privilege |

4

| ACC Joseph Hiraoka | NYPD P.O. Palakpreet Cheema (a/k/a) Palakpreet Kaur | E-mail regarding communications pertaining to plaintiff's arrest | 2/28/24 | Attorney and/or Privilege | Work Product Attorney-Client |
|---|---|---|---|---|---|
| ACC Joseph Hiraoka | NYPD P.O. Palakpreet Cheema (a/k/a) Palakpreet Kaur | E-mail regarding communications pertaining to plaintiff's arrest | 3/2/24 | Attorney and/or Privilege | Work Product Attorney-Client |
| ACC Joseph Hiraoka | NYPD P.O. Palakpreet Cheema (a/k/a) Palakpreet Kaur | E-mail regarding communications pertaining to plaintiff's arrest | 3/3/24 | Attorney and/or Privilege | Work Product Attorney-Client |
| ACC Joseph Hiraoka | NYPD P.O. Palakpreet Cheema (a/k/a) Palakpreet Kaur | E-mail regarding communications pertaining to plaintiff's arrest | 3/13/24 | Attorney and/or Privilege | Work Product Attorney-Client |
| ACC Joseph Hiraoka | NYPD P.O. Palakpreet Cheema (a/k/a) Palakpreet Kaur | E-mail regarding case analysis | 3/19/24 | Attorney and/or Privilege | Work Product Attorney-Client |
| NYPD Sgt. Leighton Barrett | ACC Joseph Hiraoka | E-mail regarding police records for plaintiff's arrest | 10/19/23 | Attorney and/or Privilege | Work Product Attorney-Client |
| NYPD Sgt. Leighton Barrett | ACC Joseph Hiraoka | E-mail regarding communications pertaining to plaintiff's arrest | 11/21/23 | Attorney and/or Privilege | Work Product Attorney-Client |
| NYPD Sgt. Leighton Barrett | ACC Joseph Hiraoka | E-mail regarding communications with plaintiff and defendant Klein | 2/27/24 | Attorney and/or Privilege | Work Product Attorney-Client |
| ACC Joseph Hiraoka | NYPD Sgt. Leighton Barrett | E-mail regarding communications pertaining to plaintiff's arrest | 11/21/23 | Attorney and/or Privilege | Work Product Attorney-Client |

| ACC Joseph Hiraoka | NYPD Sgt. Leighton Barrett | E-mail regarding communications pertaining to plaintiff's arrest and case analysis | 2/27/24 | Attorney Work Product and/or Attorney-Client Privilege |
|---|---|---|---|---|
| ACC Joseph Hiraoka | NYPD Sgt. Leighton Barrett | E-mail regarding case analysis | 3/19/24 | Attorney Work Product and/or Attorney-Client Privilege |
| NYPD P.O. Carlos Rebolledocortes | ACC Joseph Hiraoka | E-mail regarding police records for plaintiff's arrest | 11/6/23 | Attorney Work Product and/or Attorney-Client Privilege |
| NYPD P.O. Carlos Rebolledocortes | ACC Joseph Hiraoka | E-mail regarding communications with plaintiff and defendant Klein | 3/3/24 | Attorney Work Product and/or Attorney-Client Privilege |
| NYPD P.O. Carlos Rebolledocortes | ACC Joseph Hiraoka | E-mail regarding communications with plaintiff and defendant Klein | 3/4/24 | Attorney Work Product and/or Attorney-Client Privilege |
| ACC Joseph Hiraoka | NYPD P.O. Carlos Rebolledocortes | E-mail regarding police records for plaintiff's arrest | 11/5/23 | Attorney Work Product and/or Attorney-Client Privilege |
| ACC Joseph Hiraoka | NYPD P.O. Carlos Rebolledocortes | E-mail regarding communications pertaining to plaintiff's arrest and communications with plaintiff and defendant Klein | 11/21/23 | Attorney Work Product and/or Attorney-Client Privilege |
| ACC Joseph Hiraoka | NYPD P.O. Carlos Rebolledocortes | E-mail regarding communications pertaining to plaintiff's arrest and communications with plaintiff and defendant Klein | 2/27/24 | Attorney Work Product and/or Attorney-Client Privilege |

| ACC Joseph Hiraoka | NYPD P.O. Carlos Rebolledocortes | E-mail regarding communications pertaining to plaintiff's arrest and communications with plaintiff and defendant Klein | 3/2/24 | Attorney Work Product and/or Attorney-Client Privilege |
|---|---|---|---|---|
| ACC Joseph Hiraoka | NYPD P.O. Carlos Rebolledocortes | E-mail regarding communications pertaining to plaintiff's arrest and communications with plaintiff and defendant Klein | 3/3/24 | Attorney Work Product and/or Attorney-Client Privilege |
| ACC Joseph Hiraoka | NYPD P.O. Carlos Rebolledocortes | E-mail regarding communications pertaining to plaintiff's arrest and communications with plaintiff and defendant Klein | 3/4/24 | Attorney Work Product and/or Attorney-Client Privilege |
| ACC Joseph Hiraoka | NYPD P.O. Carlos Rebolledocortes | E-mail regarding case analysis | 3/19/24 | Attorney Work Product and/or Attorney-Client Privilege |
| NYPD P.O. Ahmed Ali | ACC Joseph Hiraoka | E-mail regarding police records for plaintiff's arrest | 10/19/23 | Attorney Work Product and/or Attorney-Client Privilege |
| NYPD P.O. Ahmed Ali | ACC Joseph Hiraoka | E-mail regarding communications pertaining to plaintiff's arrest | 11/28/23 | Attorney Work Product and/or Attorney-Client Privilege |
| NYPD P.O. Ahmed Ali | ACC Joseph Hiraoka | E-mail regarding communications with plaintiff and defendant Klein | 2/27/24 | Attorney Work Product and/or Attorney-Client Privilege |

| NYPD P.O. Ahmed Ali | ACC Joseph Hiraoka | E-mail regarding case analysis | 3/19/24 | Attorney Work Product and/or Privilege | Attorney-Client |
|---|---|---|---|---|---|
| ACC Joseph Hiraoka | NYPD P.O. Ahmed Ali | E-mail regarding communications pertaining to plaintiff's arrest | 11/21/23 | Attorney Work Product and/or Privilege | Attorney-Client |
| ACC Joseph Hiraoka | NYPD P.O. Ahmed Ali | E-mail regarding communications with plaintiff and defendant Klein | 2/27/24 | Attorney Work Product and/or Privilege | Attorney-Client |
| ACC Joseph Hiraoka | NYPD P.O. Ahmed Ali | E-mail regarding request to discuss plaintiff allegations | 3/11/24 | Attorney Work Product and/or Privilege | Attorney-Client |
| ACC Joseph Hiraoka | NYPD P.O. Ahmed Ali | E-mail regarding case analysis | 3/19/24 | Attorney Work Product and/or Privilege | Attorney-Client |
| ACC Joseph Hiraoka | NYPD P.O. Ahmed Ali | E-mail regarding case analysis | 3/22/24 | Attorney Work Product and/or Privilege | Attorney-Client |
| NYPD P.O. Ikram Ullah | ACC Joseph Hiraoka | E-mail regarding police records for plaintiff's arrest | 10/20/23 | Attorney Work Product and/or Privilege | Attorney-Client |
| NYPD P.O. Ikram Ullah | ACC Joseph Hiraoka | E-mail regarding request to discuss plaintiff allegations | 11/19/23 | Attorney Work Product and/or Privilege | Attorney-Client |
| NYPD P.O. Ikram Ullah | ACC Joseph Hiraoka | E-mail regarding communications pertaining to plaintiff's arrest and communications with plaintiff and defendant Klein | 3/3/24 | Attorney Work Product and/or Privilege | Attorney-Client |

| ACC Joseph Hiraoka | NYPD P.O. Ikram Ullah | E-mail regarding police records for plaintiff's arrest | 11/15/23 | Attorney Work Product and/or Privilege Attorney-Client |
|---|---|---|---|---|
| ACC Joseph Hiraoka | NYPD P.O. Ikram Ullah | E-mail regarding communications pertaining to plaintiff's arrest | 11/21/23 | Attorney Work Product and/or Privilege Attorney-Client |
| ACC Joseph Hiraoka | NYPD P.O. Ikram Ullah | E-mail regarding communications pertaining to plaintiff's arrest and communications with plaintiff and defendant Klein | 2/27/24 | Attorney Work Product and/or Privilege Attorney-Client |
| ACC Joseph Hiraoka | NYPD P.O. Ikram Ullah | E-mail regarding communications pertaining to plaintiff's arrest and communications with plaintiff and defendant Klein | 3/2/24 | Attorney Work Product and/or Privilege Attorney-Client |
| ACC Joseph Hiraoka | NYPD P.O. Ikram Ullah | E-mail regarding communications pertaining to plaintiff's arrest and communications with plaintiff and defendant Klein | 3/3/24 | Attorney Work Product and/or Privilege Attorney-Client |
| ACC Joseph Hiraoka | NYPD P.O. Ikram Ullah | E-mail regarding case analysis | 3/19/24 | Attorney Work Product and/or Privilege Attorney-Client |
| ACC Joshua Copperman | NYPD Lieutenant Michael Cappello | Evidence Preservation Request to preserve documents | 1/24/23 | Attorney Work Product and/or Privilege Attorney-Client |

| | | | | |
|---|---|---|---|---|
| | | concerning the underlying matter | | |
| N/A | N/A | Documents concerning conversations and representation of defendant police officers between Assistant Corporation Counsels and defendant officers regarding case analysis and strategy | 10/18/23, 10/19/23, and 10/20/23 | Attorney Work Product and/or Attorney-Client Privilege |
| N/A | N/A | BWC of Officer Adam Phillips at the arrest scene at 15:29 – 15:36, 15:43 – 15:47, and 15:55 – 16:00; and BWC of Officer Adam Phillips at the 78 Precinct at 1:09 – 1:10 that contains plaintiff's address, date of birth, and cell phone number | 11/11/22 | Personally Identifiable Information/Privacy |
| N/A | N/A | BWC of Officer Palakpreet Kaur at 9:37 – 9:58, 15:25 – 15:37, 15:44 – 15:46, and 15:55 – 16:00 that contains plaintiff's address, date of birth, and cell phone number, and co-defendant Klein's cell phone number | 11/11/22 | Personally Identifiable Information/Privacy |