


277 Broadway, Suite 1501  
New York, NY 10007

1825 Foster Avenue, Suite 1K  
Brooklyn, NY 11230

Gideon@GideonLaw.com*  
GideonLaw.com

**Office**: (718) 783-3682  
**Signal**: (646) 263-3495  
**Fax**: (646) 349-2914*

*Not for service*

April 21, 2024

**BY ECF**
Hon. Marcia M. Henry
United States Magistrate Judge
United States District Court
Eastern District of New York
224 Cadman Plaza East
Brooklyn, NY 11201

    Re:    <u>Adam White v. Klein, et al.,</u> 23-CV-6924 (RER)(MMH)

Your Honor:

    I am co-counsel for Plaintiff Adam White. I write to request that the Court (1) either extend tomorrow's April 22, 2024 joint status report deadline on the order of a week, or consider the below as Plaintiff's portion of the status report and (2) extend the Tuesday, April 23, 2024 deadline for adding parties and amending the pleadings until the current close of fact discovery. I made a mistake and did not take Passover into account around scheduling those deadlines. There has been no prior request for the relief requested herein. I e-mailed opposing counsel for their positions on these proposed applications at around 12:05pm yesterday and 11:45am today, but I have not yet heard back.

    With respect to the joint letter due April 22, 2024, I have long-standing plans to be out of the office for Passover tomorrow and Tuesday, and the parties have not yet discussed begun the joint status letter.[1] I therefore ask that the Court either adjourn the joint status report deadline on the order of the week, or consider the below update as Plaintiff's status report covering the period since the February 26, 2024 joint status update (ECF 24).

- Plaintiff has provided written responses and objections, and produced documents and information, in response to the City Defendants' interrogatories and demands. When the City Defendants raised concerns about them in a letter, Plaintiff responded in writing, including by supplementing

---

[1] The parties did not speak about or exchange drafts of the joint status report last week, although there were e-mail communication about other aspects of the case. I planned to contact opposing counsel early Friday afternoon about the two deadlines that are the subject of this application, but the self-immolation in front of the courthouse-which I unfortunately stumbled upon while returning from a lunch break-derailed the rest of the afternoon, and a hearing I was required to conduct in a criminal case also ran until after close of business, in part as a result of the chaos from to the incident outside.

Plaintiff's responses and objections, where appropriate. The City Defendants have not raised any further concerns. The parties are working to schedule Plaintiff's deposition on a mutually agreeable date.

- Defendant Klein has not propounded any interrogatories or document demands or served any deposition notices. Defendant Klein provided supplemental responses and objections to Plaintiff's interrogatories and document demands on March 19, 2024. Plaintiff immediately responded that day to inform Defendant Klein that they did not comply with the Federal Rules of Civil Procedure and the dictates of *Fischer v. Forrest*, 2017 US Dist. LEXIS 28102 (SDNY Feb. 28, 2017*)*, among other things. Plaintiff's counsel and Defendant Klein's counsel met and conferred on March 20, 2024. Defendant Klein then provided a second round of amended responses and objections on March 27, 2024, which did not cure many of the defects Plaintiff had identified on March 19th and 20th. The parties began Defendant Klein's deposition on April 11, 2024. The parties ended the testimony that day without closing the deposition and have agreed to continue it. Defendant Klein's testimony made it clear that he had not searched for or produced basic documents and information in response to Plaintiff's interrogatories and document demands and called into question the accuracy of representations in his written responses and objections to Plaintiff's interrogatories and document demands. Plaintiff intends to meet and confer with defense counsel for Mr. Klein as soon as possible after Passover, and to follow that meeting promptly with a motion to compel appropriate interrogatory and document demands, and seeking sanctions.

- The parties' dispute over the sufficiency of the City Defendants' responses and objections to Plaintiff's interrogatories and document demands (ECF 26 and 28) is pending. On March 26, 2024, Plaintiff asked to schedule a meet and confer about the City Defendants' March 23, 2024 supplemental responses to Plaintiff's interrogatories and document demands. On March 28, 2024, the City Defendants produced a piece of physical evidence in NYPD custody for Plaintiff's counsel to inspect at their offices. The City Defendants made a further supplemental responses and objections on April 10, 2024. Last week, the parties scheduled a meet and confer about both sets of supplemental responses and objections, which is to take place on the afternoon of April 26, 2024. The parties are working to schedule the City Defendants' depositions on mutually agreeable dates. As the Court knows from the pending application, it is Plaintiff's position that some of the documents and information in dispute are necessary to conduct these depositions fully and effectively.

- There has not yet been any third-party discovery. Plaintiff anticipates seeking documents and testimony from the Office of the Kings County District Attorney regarding the statements Defendant Klein and some of the City

2

      Defendants made to prosecutors about the incident, as well as the office's decision not to prosecute Mr. White. It is not clear whether, or what, other third-party discovery may be necessary, because it is not clear what the City Defendants will produce related to Plaintiff's *Monell* claim.

- The parties have not had any further settlement discussions. On Plaintiff's view, it makes sense to wait until after the pending discovery motion, as well as Plaintiff's anticipated motion to compel and for sanctions related to Defendant Klein's discovery misconduct.

      Finally as to the status update, given the significant disputes about the sufficiency of Defendant Klein's and the City Defendants' responses and objections to Plaintiff's interrogatories and document demands, as well as the fact that only one party's deposition has proceeded to date, leaving Plaintiff's and all but one Defendants' depositions to be taken, Plaintiff respectfully submits that it may be necessary for the parties to seek an extension of the current fact discovery cutoff.

      As to the April 23, 2024 joinder and amendment deadlines, although Plaintiff is hopeful it will not be necessary to seek to amend the pleading (including to join new parties), it appears from the City Defendants' interrogatory and document demand responses that the City Defendants have identified a number of NYPD members as having personal knowledge of (and apparently perhaps also involvement in) the incident, but they have not disclosed body-worn camera footage or other NYPD records making it clear what their knowledge and involvement were. It appears that information will need to come either through the resolution of the ongoing dispute over the sufficiency of Defendant City's responses and objections, or through deposition testimony. In any event, as things stand, Plaintiff does not have the information necessary to determine if joinder or amendment will be necessary, and therefore request an extension of the relevant deadlines until the current close of fact discovery.

      Thank you for your attention to these matters.

      Respectfully submitted,

Gideon Orion Oliver