

277 Broadway, Suite 1501
New York, NY 10007

1825 Foster Avenue, Suite 1K
Brooklyn, NY 11230

Gideon@GideonLaw.com*
GideonLaw.com

**Office**: (718) 783-3682
**Signal**: (646) 263-3495
**Fax**: (646) 349-2914*

*Not for service*

**Gideon Orion Oliver**
—ATTORNEY AT LAW—
He/him/his

May 14, 2024

**BY ECF**
Hon. Marcia M. Henry, United States Magistrate Judge
United States District Court, Eastern District of New York

  Re: <u>Adam White v. Sholem Klein, et al.,</u> 23-cv-06924 (RER)(MMH)

Your Honor:

  I am co-counsel for Plaintiff. I write to request a 90-day extension of all remaining deadlines in the case (*see* ECF 25). Attached as Exhibit 1 is a revised Proposed Discovery Plan and Scheduling Order to that effect, which also incorporates Plaintiff's proposed deadlines for amending the pleadings and/or adding parties (*see* ECF 29). The Court has previously granted a motion for an extension of time to complete discovery on February 23, 2024 (ECF 23, 25) and Plaintiff's April 21, 2024 motion for an extension of the April 23, 2024 deadline for adding parties and amending the pleadings (ECF 29) is pending. Counsel for Defendant Sholem Klein consents to this request. Counsel for the remaining Defendants (collectively, the "City Defendants") consent to a 30-day extension of all current deadlines. Per counsel, the City Defendants "respectfully submit that a request for a longer extension is pre-mature and unwarranted at this time." In support of Plaintiff's application, and by way of status updates since Plaintiff's April 22, 2024 status letter (ECF 29):

- **Plaintiff:** Plaintiff's deposition is set to take place this Wednesday, May 15, 2024.

- **Defendant Klein:** The parties continued Defendant Klein's deposition on May 10, 2024. Plaintiff held the deposition open pending updated responses to Defendant Klein's March 27, 2024 responses and objections to Plaintiff's interrogatories and document demands – which both the April 11, 2024 beginning of the deposition and the May 10, 2024 continuation of the deposition made clear were both incorrect and incomplete – and the around 30 follow-up requests for documents and information that Plaintiff's counsel made on the record during the first part of the deposition on April 11, 2024. The deadline to provide responses and objections to those follow-up requests ran yesterday. At his deposition last Friday, Defendant Klein testified that he had not yet begun searching for responsive documents and information related to the April 11, 2024 requests, or related to Defendant Klein's incorrect and insufficient March 27, 2024 responses and objections. Yesterday morning, counsel for Defendant Klein requested Plaintiff's consent to a 1-week extension of yesterday's deadline to provide the supplemental responses and objections from the April 11, 2024 requests. Under the circumstances, Plaintiff has consented to that request. Against that backdrop, with respect to the deficient responses and objections to Plaintiff's interrogatories and document demands, Plaintiff's counsel intend to meet

and confer with counsel for Defendant Klein as soon as and to follow that meeting with a motion to compel appropriate responses and objections, and seeking sanctions, including, but not limited to, further deposition of Defendant Klein.

- **The City Defendants:** The parties' disputes related to the City Defendants' responses and objections to Plaintiff's interrogatories and demands (ECF 26 and 28) is pending.[1] Although the City Defendants have not moved to bifurcate the proceedings or to dismiss Plaintiff's *Monell* claims, they also have not provided *any* documents they view as having any potential bearing on them, including documents reflecting policies and training that will be relevant at the City Defendants' upcoming depositions. Since Plaintiff filed the motion to compel, the City Defendants have made *five* rounds of purported "supplemental" responses, some of which are simply "do-overs" of prior responses, and many of which demonstrate that the City Defendants still have not complied with Fed.R.Civ.P. 33(b)(4), 34(b)(2)(B)-(C), the 2015 Amendments, and the dictates of *Fischer v. Forrest*, 2017 US Dist. LEXIS 28102 (SDNY Feb. 28, 2017)[2]. Beyond that, many responses and objections say the City Defendants will supplement them if appropriate within 30 days - making completion of discovery on the current schedule impossible - without saying what the City Defendants have been searching for (or how they are limiting their searches), why they could not complete their searches in a timely manner, or what they are withholding.

    As an example, the most recent "supplemental" response, dated May 10, 2024, which the City Defendants have denominated their "Fifth Supplemental" response, is attached as Exhibit 2. Consider the third and most recent iteration of the City Defendants' response to Plaintiff's Document Request No. 2, seeking video related to the Incident, and compare it to their initial response (ECF 26-1). This is not a "supplemental" response – it is a moving target. Notably, the only NYPD body-worn camera ("BWC") footage the City Defendants have produced is from the named individual NYPD member-Defendants, although at least one non-party NYPD member, NYPD Officer Christian Gonzalez, Shield No. 20384, interacted with Defendant Klein, out of earshot of anyone else, and – if he were following NYPD policy and procedure – his BWC should have been active, as well. And, the City Defendants have neither produced City-maintained ARGUS or New York City Department of Transportation ("NYCDOT") footage that Plaintiff has specifically requested, nor stated they have searched for or withheld it, nor otherwise accounted for it, in any version of their responses and objections.[3] Was Officer Gonzalez's

---

[1] Although the examples of improper objections to what the City Defendants say is *Monell* discovery that Plaintiff gave in the application were Document Requests 42-44, 47, 53, and 55-57, on reviewing Defendants' responses and objections (ECF 26-1) again recently, 48-52 fall into the same category.

[2] To wit: (1) "[s]tat[ing] grounds for objections with specificity" and removing "meaningless boilerplate"; (2) "stat[ing] whether any responsive materials are being withheld on the basis of [each] objection", and (3) "if the objection recognizes that some part of the request is appropriate the objection should state the scope that is not" objectionable and actually produce documents for that part. *Fischer*, 2017 US Dist LEXIS 28102 at *2-8.

[3] Notably, here, Plaintiff sought pre-action discovery and a preservation order in New York State Supreme Court and, on January 23, 2024, the Court ordered that the City Defendants preserve, *inter alia*, ARGUS and

BWC on? Is there ARGUS or NYCDOT footage related to the Incident? Based on the City Defendants' responses and objections, there is no way to know. And, for the first time, the City Defendants now object to producing Audit Trails – which are created for all BWC footage, which the City Defendants have never previously identified as having been withheld (let alone based on any particular non-boilerplate objection) – on new grounds. The many other, similar moving targets in the City Defendants' supplemental responses have required repeated rounds of meet-and-confers. In the most recent, on April 29, 2024, Plaintiff's counsel made the same general complaints about the ongoing problems identified in the pending motion to compel outlined here, promising to provide a follow-up letter as a courtesy, but recognizing explicitly that the parties have been, and remain, at an impasse as to the City Defendants' ongoing failures to cure the problems identified in the motion. After Plaintiff provides the City Defendants with that letter as a courtesy, unless the parties reach a prompt agreement, Plaintiff intends to file a second motion to compel and for sanctions.

Notwithstanding the significant outstanding discovery disputes around the City Defendants' objections and responses, Plaintiff has noticed, and the parties have scheduled, the depositions of 8 individual NYPD member City Defendants to take place between May 20, 2024 and May 31, 2024. Plaintiff has also noticed the deposition of a third-party NYPD member witness, also to take place within that time period, although the City Defendants have not agreed to produce that witness or moved for a protective order. If the Court grants this application (to any extent), the parties will likely adjourn some of the currently-scheduled depositions on consent.

- **Third-Party Discovery:** No third-party discovery has yet taken place. At Defendant Klein's deposition, he repeatedly testified that he did not know critical information – but that certain third-parties, many of whom he has still not identified, did. Plaintiff therefore anticipates seeking discovery from not only the KCDA's Office regarding the statements Defendant Klein and some of the City Defendants made to prosecutors about the Incident, as well as the decision not to prosecute Mr. White, but also several additional third-parties.

- **Settlement**: The parties have discussed requesting a settlement conference and are consulting about potential dates to propose in late June or early July.

As seen above, the requested 90-day extension of all deadlines is necessary because there remains a great deal of discovery to complete and the 30-day extension to which the City Defendants are willing to consent is not a realistic time period within which to complete the remaining discovery from Defendant Klein, the City Defendants, and third parties – particularly given the City Defendants' Stalingrad defense.

---

NYCDOT footage Plaintiff has now requested. So, saying whether it exists and whether the City Defendants have withheld it should be easy. And yet, that has not happened.

Thank you for your attention to this matter.

> Respectfully submitted,
>
> **/S/**
>
> Gideon Orion Oliver