UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

ADAM D. WHITE,

                         Plaintiff,

                -against-

SHOLEM KLEIN, THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT ("NYPD") SERGEANT LEIGHTON BARRETT, NYPD SERGEANT KURT KLENKE, NYPD OFFICER AHMED ALI, NYPD OFFICER PALAKPREET KAUR, NYPD OFFICER ADAM PHILLIPS, NYPD OFFICER CARLOS REBOLLEDOCORTES, and NYPD OFFICER IKRAM ULLAH,

                         Defendants.

**DEFENDANTS CITY, BARRETT, KLENKE, ALI, KAUR, PHILLIPS, REBOLLEDOCORTES AND ULLAH'S FIFTH SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS AND DEMAND TO INSPECT**

23-CV-06924
(RER)(MMH)

----------------------------------------------------------------------x

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants City of New York, Barrett, Klenke, Ali, Kaur, Phillips, Rebolledocortes, and Ullah ("Defendants") hereby supplement their Responses and Objections to Plaintiff's First Set of Interrogatories and Document Requests and Demand to Inspect as follows:

## **GENERAL STATEMENT**

1. By responding to any request, defendants do not concede the materiality of the subject to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the

documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendants right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

3. With respect to the request for the production of documents, defendants will provide, under separate cover, a privilege index, if appropriate.

## DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 2:**

Produce all videos related to Plaintiff's arrest or to the Incident, including, but not limited to, all:

a. NYPD body-worn camera footage, including, but not limited to, such footage from each Individual NYPD Defendant and every NYPD member within 30' of each Individual NYPD Defendant who created such footage related to the Incident, along with all related audit trails and metadata;

b. "ARGUS" footage;

c. New York City Department of Transportation ("NYCDOT") footage; and

d. All other video footage in Defendants' care, custody, or control.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 2:**

Defendants object to Document Request No. 2 to the extent that the request seeks documents not in defendants' custody, possession or control. Defendants further object on the grounds that the request for "all related audit trails and metadata" seeks documents that are not relevant and not proportional to the needs of the case, as there are no issues concerning the authenticity of the body worn camera footage.

Notwithstanding, and without waiving or in any way limiting these specific objections, and limiting their response to video footage of plaintiff's arrest on November 11, 2022 in defendants' custody, possession or control, defendants refer plaintiff to the body-worn camera footage of Sergeant Leighton Barrett, Officer Ahmed Ali, Officer Palakpreet Kaur, Officer Adam Phillips, Officer Carlos Rebolledocortes, Officer Ikram Ullah, and Officer Ifeanyichukwu Emeh previously provided via Kiteworks on March 11, 2024.

**DOCUMENT REQUEST NO. 8:**

Produce documents sufficient to interpret any NYPD codes included in any SPRINT reports, ICAD chronologies and reports, and event chronologies, including, but not limited to, any NYPD or other agency training manuals related to using and understanding such reports, such as user manuals or training materials related to the "I/NETDispatcher system."

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 8:**

Defendants object to Document Request No. 8 on the grounds that it is vague and ambiguous as to what Plaintiff is seeking by referring to "documents sufficient to interpret any NYPD codes," which is undefined and unqualified. Defendants also object on the grounds that it is overbroad, is not sufficiently limited in time as it does not specify a time frame, seeks documents that are not relevant, and is not proportional to the needs of the case to the extent that it seeks

documents that were not in effect on the date of plaintiff's arrest and not related to plaintiff's arrest. Defendants also object on the grounds that there are more practical means by which to obtain the information requested, such as a deposition. Defendants further object to the extent that this request seeks documents protected by the law enforcement privilege and/or any other applicable privileges.

Consistent with these objections, defendants will not further respond.

**DOCUMENT REQUEST NO. 30:**

Produce all documents concerning any other complaint received, or investigation or prosecution – actual or potential - concerning the Incident undertaken by any County, State, Federal, or other entity, including, but not limited to, the KCDA's Office.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 30:**

Defendants object to Document Request No. 30 to the extent that this request implicates the deliberative process, law enforcement, attorney-client, attorney work product, and/or any other applicable privileges. Defendants further object to the extent this request seeks documents not within defendants' possession, custody, or control. Defendants further object on the grounds that it is vague and ambiguous as to what Plaintiff is seeking by referring to any "other" complaint and "other entity," which are undefined and unqualified. Defendants further object to this request on the grounds that it assumes facts not established, specifically, that an "other" complaint was received or an "other" investigation or prosecution was undertaken concerning the incident.

Notwithstanding and without waiving, or in any way limiting the foregoing specific objections, and construing this request as seeking documents concerning (i) complaints made by someone other than plaintiff, (ii) investigations of someone other than plaintiff conducted by an

- 5 -

entity other than this office, and (iii) prosecutions (actual or potential) of someone other than plaintiff, defendants state that they are not aware of any documents responsive to this request.

Dated:   New York, New York
        May 10, 2024

                                        SYLVIA O. HINDS-RADIX
                                        Corporation Counsel of the City of New York
                                        *Attorney for Defendants City of New York, Barrett, Klenke, Ali, Kaur, Phillips, Rebolledocortes, and Ullah*
                                          100 Church Street,
                                          New York, New York 10007
                                          (212) 356-2413
                                          jhiraoka@law.nyc.gov

                              By:  *Joseph M. Hiraoka, Jr. s/*
                                          Joseph M. Hiraoka, Jr.
                                          Senior Counsel
                                          Special Federal Litigation Division

cc:    **BY E-MAIL**
          All Counsel