

277 Broadway, Suite 1501  
New York, NY 10007

1825 Foster Avenue, Suite 1K  
Brooklyn, NY 11230

June 14, 2024

Gideon@GideonLaw.com*  
GideonLaw.com

**Office**: (718) 783-3682  
**Signal**: (646) 263-3495  
**Fax**: (646) 349-2914*

*Not for service*

**BY ECF**

Hon. Marcia M. Henry, United States Magistrate Judge  
United State District Court, Eastern District of New York

Re: <u>Adam White v. Sholem Klein, et al.</u>, 23-cv-06924 (RER)(MMH)

Your Honor:

I am co-counsel for Plaintiff. This is a letter-motion as required by the Court's Individual Rules of Practice in anticipation of a motion to compel appropriate discovery and for sanctions pursuant to Fed.R.Civ.P. Rules 33(b)(4), 34(b)(2)(B) and (b)(2)(C), and 37(a)(1), (a)(3)(B), (a)(4), (a)(5), (c)(1)(A), (c)(1)(B), and (c)(1)(C) related to (1) multiple rounds of discovery responses and objections provided by Defendant Sholem Klein that were not based on proper searches for responsive information and documents and which contained improper responses and objections; (2) Defendant Klein's failure to respond to Plaintiff's supplemental discovery requests made on the record during his April 11, 2024 deposition; and (3) counsel for Defendant Klein's failures to respond to multiple requests to meet and confer about the above.

**Background.** On December 29, 2023, Plaintiff served his interrogatories and discovery requests, true copies of which are attached as Exhibit 1. On February 6, 2024, Defendants served responses and objections to Plaintiff's interrogatories and document requests, a true copy of which are attached as Exhibit 2, along with 10 pages of documents. On February 13, 2024, Plaintiff's counsel asked to meet and confer as soon as possible about deficiencies in the responses and objections. On February 21, 2024, counsel for Plaintiff and Defendant Klein met and conferred about deficiencies in the D+I Responses, including, but not limited to, that the "General Objections" at pp. 1-2 were improper, that they contained boilerplate objections that did not indicate whether responsive material was being withheld (and if so, on the basis of which objection(s)), and that they violate the requirements that "if the objection recognizes that some part of the request is appropriate the objection should state the scope that is not overbroad" and produce documents for that part. *See, e.g., Fischer v Forrest*, 2017 US Dist LEXIS 28102 (SDNY Feb. 28, 2017). As a result, Defendant Klein agreed, among other things, to take Plaintiff's concerns raised at the meet and confer under advisement "and if [Defendant Klein's counsel] find it appropriate to supplement any of the responses" they would do so by a date the parties agreed on and subsequently extended to March 19, 2024.

On March 18, 2024, Defendant Klein provided revised responses and objections to Plaintiff's interrogatories and document requests, a true copy of which are attached as Exhibit 3 (the "Revised Responses"), along with the same 10 pages of previously-produced documents. On March 19, 2024, I e-mailed counsel for Defendant Klein to point out the ongoing problems described in the foregoing paragraphs and signaling our intent to make a motion focusing on some of the deficient responses. A true copy of that e-mail is attached as Exhibit 4. On March 20, 2024, I met and conferred with counsel for Defendant Klein on the phone, and agreed to follow up with an e-mail identifying certain deficiencies, which I did in a March 21, 2024 e-mail,

a true copy of which is attached as Exhibit 5. Also in that e-mail, I said Plaintiff would not move with respect to the deficient responses if Defendant Klein agreed to revise the responses by March 22, 2024. On that date, Defendant Klein agreed to do so by March 26, 2024. On March 26, 2024, Defendant Klein provided another round of revised responses and objections along with the same 10 pages of previously-produced documents. A true copy of those "Second Supplemental Responses" is attached as Exhibit 6. The Second Supplemental Responses

On April 11, 2024, Defendant Klein stat for several hours of deposition testimony. True excerpts of that testimony related to this application are attached as Exhibit 7 (the "Tr."). During the deposition, Defendant Klein admitted that the only documents or information he had searched for related to Plaintiff's interrogatories and document requests were photographs available on his iPhone going back around a year, and that he had not searched for *any* other information or documents, including, among other things, the SUV lease, documents regarding the license plate borders, as well as text and WhatsApp messages, e-mails, and social media posts related to the incident, Defendant Klein's claimed injuries, and Defendant Klein's communications with prosecutors about Plaintiff and the Incident. On April 21, 2024, I again asked to meet and confer about Defendant Klein's deficient discovery responses, this time in light of Defendant Klein's deposition testimony. *See* ECF 29. Defendant Klein's counsel did not respond. On April 22, 2024, the Court Reporter made the deposition transcript available to Defendant Klein's counsel. On May 3, 2024, I provided a courtesy copy to Defendant Klein's counsel for him to review. On May 10, 2024, Defendant Klein gave additional deposition testimony, during which he stated in substance that he had not begun conducting any additional searches for documents or information in response to Plaintiff's interrogatories and discovery requests, or Plaintiff's supplemental requests for documents and information made during Defendant Klein's April 11, 2024 deposition. True excerpts of that testimony related to this application are attached as Exhibit 8. Also on May 10, 2024, I provided Defendant Klein's counsel with a letter including a written list following up on the supplemental discovery requests made on the record at Defendant Klein's deposition, a true copy of which is attached as Exhibit 9. On May 14, 2024, I consented to Defendant Klein's request to extend Defendant Klein's time to respond to the supplemental discovery requests until May 20, 2024. Also on May 14, 2024, I again asked by e-mail that counsel for Defendant Klein let me know when we could meet and confer about Defendant Klein's deficient discovery responses and objections. *See* ECF 31. I followed up by e-mail on May 22, 2024, renewing those prior requests to meet and confer and also asking to meet and confer about the lack of response on the May 20, 2024 deadline for Defendant Klein's responses to the supplemental discovery requests made during the first day of Defendant Klein's deposition on April 11, 2024.

Finally, on June 4, 2024, I sent an email titled "Final request to meet and confer in advance of motion to compel and for sanctions" to Defendant Klein, where I pointed out that counsel has not responded to multiple requests to meet and confer, an dmaking it clear that, if we had not met and conferred by close of business on Wednesday, June 5, 2024, we would make a motion to compel and for sanctions. A true copy of that e-mail is attached as Exhibit 10. Despite the stated June 5th deadline, we waited an additional week-long grace period. Defendant Klein's counsel has not responded, so this motion, focusing on some of the deficient responses and objections, as well as Defendant Klein's counsel's lack of response to Plaintiff's counsel's repeated meet and confer requests, follows.

**Discussion.** For purposes of the prong of this motion that seeks to compel complete and appropriate responses and objections, Plaintiff is moving on Interrogatories 12, 13, 14, 15, 16, 18, 19, 22 and Document Requests 3, 4, 9, 12, 16, 17, 20-21, 40, 41, 57, 60 (?), 61 (?), 64, 65, 68, 69, 71 (the "Disputed Discovery"). Because of the number of interrogatories and document requests at issue and page limitations, Plaintiff has included an appendix of the requests at issue, including (1) the request, (2) the objections and statement of what was produced in Defendant Klein's Second Supplemental Responses, and (3) citations to some of Defendant Klein's testimony showing the responses and objections are materially insufficient or false and/or a description of at least some of Plaintiff's issues with the response or objections. For illustrative purposes, consider Doc. Req. 69. It seeks communications about the Incident, a defined term. Defendant Klein's formal responses say he "hast no responsive information or documents in his care, custody, or control," but at his deposition, he repeatedly testified otherwise. *See, e.g.,* Tr. at 183 ("People were forwarding me messages"). And candidly he admitted he conducted no search whatsoever for giant categories of relevant documents. *See, e.g.,* Tr. at 161-162 ("Q: …did you search any email accounts related to responding to the interrogatories and document ? A: No."); 229-230.

Rather than meeting and conferring about these issues, Defendant Klein's counsel has simply gone silent — even when told this motion to compel and seeking sanctions would follow. The federal rules, and the Court's rules, require good faith conferral among counsel. Silence and refusal to engage at all, following obviously deficient discovery responses, is obviously not that. Notably, the Court has already sanctioned him for similar conduct. *See* Nov. 27, 2023 Minute Order ("defendant Klein's counsel is sanctioned $150 under Federal Rule of Civil Procedure 16(f) payable to the Clerk of the Court for his failure to appear at the conference"). The failures above are similar in kind, and the Court's first sanction apparently did not have the desired effect.

As far as Plaintiff is concerned, Defendant Klein's discovery misconduct is clear. That leaves the question of which remedies are appropriate. Rule 37 allows a wide array of sanctions here. First, the Court should deem all objections (except as to privilege) waived based on the insufficient responses and the fact that Defendant Klein has not amended them. *See, e.g. Fischer v Forrest*, 2017 US Dist LEXIS 28102 at *9 (SDNY Feb. 28, 2017). Second, the Court should order Defendant Klein to provide appropriate responses to the Disputed Discovery, which comply with the applicable Federal Rules of Civil Procedure and the precepts in *Fischer v. Forrest,* by a reasonable, prompt date certain. Third, under these circumstances, fees on at least this motion – as well as, potentially, in connection with any follow-up discovery that may be necessary - are mandatory under Fed.R.Civ.P. 37, regardless of whether Defendant Klein or his counsel acted in good faith. *See, e.g., Underdog Trucking, LLC v. Verizon Servs. Corp.*, 273 F.R.D. 372, 377 (S.D.N.Y. 2011); *Jackson v. Nassau Cnty.*, No. 18-CV-3007, 2022 U.S. Dist. LEXIS 83333, at *4–5 (E.D.N.Y. May 9, 2022). Fourth, in light of the degree to which this case has progressed, and Defendant Klein's multiple rounds of improper responses, Plaintiff asks the Court to issue an order directing that it will "inform the jury of the party's failure" (Fed. R. Civ. P. 37(c)(1)(B)) to conduct appropriate searches for documents and information in responding to discovery to date would be a good starting point — with further potential sanctions to follow to the extent the Court deems them appropriate. And finally, we ask that the Court admonish counsel for Defendant Klein that they are required to respond to requests to meet and confer expeditiously, and cannot fail to meet and confer when necessary within a reasonable, prompt, time period.

Thank you for your attention to this matter.

                                    Respectfully submitted,

                                          /S/

                                  Gideon Orion Oliver