<u>White v. Klein, et al.</u>, 23-cv-06924(RER)(MMH)
**June 14, 2024 Appendix**

| **Request** | **Response** | **Relevant Testimony or Issue (Partial Summary)** |
|---|---|---|
| **Interrogatories:** | | |
| **12**: Identify each person with whom Defendant Sholem Klein communicated regarding Plaintiff or the Incident between 2022 and the present, and all documents regarding or reflecting such communications. | Kings County District Attorney's Office. Defendant Sholem does not recall any specific individual at the Kings County District Attorney's Office. Defendant Sholem is not in possession of any documents reflecting such communications. | Defendant Klein admitted he did not search for relevant documents, and admitted that there were (or should have been) relevant documents, including electronically stored information. In fact, aside from the searches for photographs referred to in the note on Document Request No. 3 below, Defendant Klein testified at his deposition that he did not conduct searches for any other documents or information. *See generally*, Tr[1]. 160-164, 183-189.<br><br>Tr. at 183 and at 161:<br>Q: Did you get messages from people ["with respect to Mr. White" (from the previous questions] on any other social media -- social media platforms aside from Twitter?<br>A: People were forwarding me messages.<br>[…]<br>Q: Did you search social media accounts at all related to this lawsuit?<br>A: No.<br><br>Tr: at 106:<br>Q: Have you searched for texts between you and your brother -- you and Joel Rutner, [the person who leased the SUV and who may have purchased or modified the license plate covers that were on it on August 5, 2022 and November 22, 2022] related to the SUV in 2022, and 2023?<br>A: No. No.<br><br>Tr. at 120-121:<br>Q: Did you search the [family WhatsApp] group [message thread] for pictures of the SUV overall between 2019 and 2022?<br>A: No. No.<br>Q: Did you search the group for communications that relate to either incident?<br>A: No. |

---

[1] The first deposition of Mr. Klein is denoted "Tr."  The second is "2d Tr."

White v. Klein, et al., 23-cv-06924(RER)(MMH)
June 14, 2024 Appendix

| **Request** | **Response** | **Relevant Testimony or Issue (Partial Summary)** |
|---|---|---|
| | | Tr. 161-162:<br>Q: … did you search any email accounts related to responding to the interrogatories and document demands?<br>A: No.<br>Q: No. Okay. Did you search social media accounts for communications related to the incident?<br>A: No.<br><br>Tr. 229-230:<br>[after being shown a video of himself apparently texting during the incident]<br>Q: On November 11th, 2022, when you were at the location where Mr. White was arrested, you were texting on your phone, weren't you?<br>A: I don't know.<br>Q: You don't know, have you looked for any texts or records related to texts from that day?<br>A: I don't know.<br>Q: What was the answer?<br>A: I'm not sure.<br>Q: You're not sure if you looked for any texts related to communications from November 11th, 2022?<br>A: I did not. I did not.<br><br>2d Tr. at 31, 40-41:<br>Q: What were you doing with your phone at the time depicted in the clip?<br>A: It looks to me holding my phone.<br>Q: Were you talking to someone?<br>A: Maybe. Not sure.<br>Q: Were you texting with someone?<br>A: I don't know.<br>Q: Do you know who you would have been talking to or texting with if you were?<br>A: No<br>[…]<br>Q: In the clip we just watched, could you see what you were doing with your phone? |

| Request | Response | Relevant Testimony or Issue (Partial Summary) |
|---|---|---|
| | | A: Holding it, putting it in my pocket.<br>Q: Do you see yourself putting the phone up to your mouth?<br>A: Yes.<br>Q: Did you use on November 11, 2022 some kind of, like, voice-to-text feature on your phone?<br>A: Not sure.<br>Q: Okay. Do you typically use voice-to-text on your phone?<br>A: Sometimes.<br><br>Tr. at 233 (see also Tr. at 231-237 and 2d Tr. at 64-66):<br>Q: …if you looked at your phone records, let's assume you did have access to them from the time period November 11th through November 29th, would you expect to see a number of calls from your phone to the Kings County DA's Office[?]<br>A: Sure. |
| 14: For each Individual Defendant who communicated with Office of the Kings County District Attorney (the "KCDA's Office") regarding Plaintiff or the Incident between 2022 and the present, identify each such communication and all documents regarding or reflecting each such communication. | Defendant Klein objects to the Interrogatory as unduly burdensome in that it may refer to oral communications that were not recorded electronically or otherwise, including because information about such oral communications is more readily obtained through other means, such as through deposition testimony. In response, Defendant Klein communicated with the KCDA's office, however Defendant Sholem is not in possession of any documents reflecting such communications. | See note on Interrogatory 12 above. |
| 16: Identify all other documents (including, but not limited to, communications such as e-mails, text messages, and social media posts and messages) regarding Plaintiff or the Incident between 2022 and the present. | Defendant Klein does not have any communications or documents, as referenced. | See note on Interrogatory 12 above. |
| 18: Identify the exact manufacturer, make or model number, and type of the license plate cover described in the Complaint. | Defendant Klein obtained the vehicle at a Chevy Dealer in Monroe County, NY in 2019. The Vehicle is a 2019 Chevy Tahoe. The license plate cover came stock from the dealership. No modifications to the license plate cover was made or purchased | Defendant Klein claimed not to know when or where he had leased the SUV, or surrendered the SUV within a couple of weeks after the Incident. See, e.g., Tr. at 67, 140-142; 2d Tr. at 69-70. Defendant Klein gave conflicting testimony at his deposition about whether he had the same license plate border on October 5, 2022 and November 11, 2022, as well as whether the license plate borders had been modified. See, e.g., Tr. at 36-37, 39, 67-68, 98, 102-103, 106-107, 124, 192; 2d Tr. at 67-68. |

## White v. Klein, et al., 23-cv-06924(RER)(MMH)
## June 14, 2024 Appendix

| Request | Response | Relevant Testimony or Issue (Partial Summary) |
|---|---|---|
| | | Defendant Klein should have searched for documents and information related to the SUV and license plate border prior to his deposition. He has yet to do so. |
| 19: State the date on which Defendant Klein obtained the license plate cover described in the Complaint. | Defendant Klein obtained the vehicle at a Chevy Dealer in Monroe County, NY in 2019. The Vehicle is a 2019 Chevy Tahoe. The license plate cover came stock from the dealership. No modifications to the license plate cover was made or purchased. | *See* note on Interrogatory 18 above. |
| 22: Identify all summonses, tickets, or other citations issued to Defendant Klein regarding running red lights, speeding, or failing o pay tolls, between 2020 and the present. | Defendant Klien objects to this Interrogatory because it seeks information that is private and sensitive, and not relevant to any party's claims or defenses, and therefore exceeds the scope of Federal Rule of Civil Procedure 26(b)(1).<br>On the same grounds, the Interrogatory is burdensome and not proportional to the needs of the case, considering that such discovery would have no value in resolving the issues in the case, but disclosing an unspecified period of would impose serious burdens on Defendant's privacy interests that would outweigh any potential benefit of disclosure to any issue in this litigation.<br>Defendant also objects that it is overbroad in time in seeking an unspecified period of time of information. | At Defendant Kleins's deposition, confronted with documents Plaintiff's counsel obtained from other sources, Defendant Klein testified about his extensive history of receiving parking, speeding, red light, and other summonses and tickets – though he had not searched for any related records, and he stated he utilized a company (that he did not know the name or address of) to deal with them. *See, e.g.,* Tr. at 124-129, 132-138, 153-155.<br><br>Mr. Klein's history of tickets, tolls, and summonses is relevant because he *claims* he had no idea his license plate was obscured on two separate dates and why two separate license plate borders on his SUV were modified in similar ways in apparent attempts to evade tickets, tolls, and summonses.. His lengthy public record of summonses and tickets alone calls into question his credibility on this issue. At any rate, bbeyond that, the history of tickets provides potential motive for Mr. Klein's obscuring of his license plate, which is core to both the claims and defenses in the case.<br><br>The boilerplate response that fails to address any of the actual facts of this case. Notably, Defendant Klein's discovery response mis-quotes Plaintiff's interrogatory, which *is* limited in time. |
| **Document Requests:** | | |
| 3: Produce all photographs related to the Incident depicting Plaintiff or an Individual NYPD Defendant or created in connection with or that relates to or concerns Plaintiff's arrest, pre-arrest conduct, arrest processing, or prosecution, including, but not limited to, all: | See Attached as Response to Document Request 1 and 3. | Defendant Klein admitted he barely looked for photographs, and the phone he searched did not include anything older than a year, including, but not limited to, in the excerpts cited to below.<br><br>Tr. at 114:<br>Q: And are those the only pictures that you took on November 11th, 2022, related to your interactions with Mr. White? |

White v. Klein, et al., 23-cv-06924(RER)(MMH)
June 14, 2024 Appendix

| Request | Response | Relevant Testimony or Issue (Partial Summary) |
|---|---|---|
| a. Arrest photographs, whether taken at the scene of the arrest or other NYPD location, or otherwise; <br> b. Prisoner movement slips; and <br> c. All other photographs. | | A Not sure. <br> […] <br> Q Are these all of the pictures that you took from that day? <br> A I am not sure. <br><br> 2d Tr. at 44: <br> Q: [Does it l]ook to you like you were taking a picture with your phone? <br> A: Maybe. <br> Q: What else do you think you might have been 7 doing, having watched that clip? <br> A: Holding my phone. <br> Q: Well, you held it out outstretching your right arm, right? <br> A: Right. <br> Q: And then it looked like you pressed a button on the phone like one does when taking a picture, right? <br> A: Possible. <br><br> Tr. at 116-118: <br> Q: Aside from the two pictures [on] pages 11 and 12 of Exhibit 7, do you have any pictures of the SUV from 2022? <br> A: I don't know. <br> […] <br> Q: Where did you look to see if you had any pictures? <br> A: I -- I was scrolling through my pictures … Like, [I went] into the picture app, and [] just scroll[ed] through pictures. <br> […] <br> Q: When's the last time you bought a new phone? <br> A: I think about a year ago. <br> Q: So are these just pictures from the last year <br> A: Yeah. <br> […] <br> Q: Do you have an iCloud account? <br> A: Yes. <br> Q: What's your -- what's your account name? <br> A: I don't know. <br> Q: Can you look it up? It's on your phone, right? |

*White v. Klein, et al.*, 23-cv-06924(RER)(MMH)
**June 14, 2024 Appendix**

| Request | Response | Relevant Testimony or Issue (Partial Summary) |
|---|---|---|
|  |  | A: I don't know how to look it up. I'm not so phone sav[vy]. I'm not so good. |
| 4: Produce all recorded (including NYPD) communications related to Plaintiff's arrest or the Incident, including, but not limited to:<br>**a. 911 calls related to the Incident, and all documents related to responses thereto;**<br>**b. 311 calls related to the Incident, and all documents related to responses thereto;**<br>**c. Internal NYPD communications on Citywide and other dedicated NYPD channels related to the Incident; and**<br>**d. Texts, e-mails, and other digitally recorded communications related to Plaintiff or the Incident.** | Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control. | Defendant Klein's response ignores that this request seeks all communications. At his deposition, Defendant Klein admitted he did not search for relevant documents related to communications in various forms of electronically stored information. *See, e.g.,* note on Interrogatory 12 above. |
| 9: Produce all documents including statements made by each Individual Defendant or other person who has or may have Personal Knowledge related to Plaintiff's arrest or the Incident, including, but not limited to, all scratch and other NYPD arrest processing paperwork, and all e-mails, text messages, social media, and/or direct messages. | Defendant Klein hast no responsive information or documents in his care, custody, or control. | Defendant Klein admitted he did not search for relevant documents and information. *See* note on Interrogatory 12 above. |
| 12: Produce all documents regarding or reflecting communications to or from any of the Individual Defendants regarding Plaintiff or the Incident, between August of 2022 and the present. | Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control. | Defendant Klein admitted he did not search for relevant documents and information. *See* note on Interrogatory 12 above. |
| 16: . For each Individual Defendant, produce all documents provided by or on behalf of | Defendant Klein hast no responsive information or documents in his care, custody, or control. | *See* note on Interrogatory 12 above. Defendant Klein admitted phone records he has access to would be responsive: |

<u>White v. Klein, et al.</u>, 23-cv-06924(RER)(MMH)
**June 14, 2024 Appendix**

| Request | Response | Relevant Testimony or Issue (Partial Summary) |
|---|---|---|
| that Individual Defendant to any prosecutor, including, but not limited to, a prosecutor from the KCDA's Office, or court, related to Plaintiff or the Incident. | | Tr. at 233:<br>Q: …if you looked at your phone records, let's assume you did have access to them from the time period November 11th through November 29th, would you expect to see a number of calls from your phone to the Kings County DA's Office[?]<br>A: Sure. |
| 17: Produce all documents reflecting the nature, extent, timing, and contents of each Individual Defendant's communications regarding Plaintiff or the Incident between 2022 and the present, including, but not limited to, all texts, e-mails, and social media posts and messages. | Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control | Defendant Klein admitted he did not search for relevant documents and information. *See* note on Interrogatory 12 above. |
| 20: Produce all documents reflecting or including any other statements made by each Individual Defendant or other witness related to Plaintiff or the Incident, including, but not limited to, all texts, e-mails, and social media posts and messages. | Defendant Klein hast no responsive information or documents in his care, custody, or control. | Defendant Klein admitted he did not search for relevant documents and information. *See* note on Interrogatory 12 above. |
| 21: Produce all documents provided by any Individual Defendant or NYPD member to a prosecutor, including, but not limited to, one from the KCDA's Office, or court, related to Plaintiff or the Incident | Defendant Klein hast no responsive information or documents in his care, custody, or control. | Defendant Klein admitted he did not search for relevant documents and information. *See* note on Interrogatory 12 above. |
| 41: Produce any criminal court complaints, documents reflecting the dates or events at court proceedings, transcripts of testimony or proceedings, certificates or other proof of disposition, related to each criminal proceeding against each Individual Defendant identified in response to Interrogatory No. 17. | Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control. | Defendant Klein identifies "*United States v. Jacobowitz* (1:03-mj-01253)" in his response to Interrogatory 17. This is the criminal case against Defendant Klein identified in the Complaint. Defendant Klein testified about this case and his involvement in it during his deposition. *See, e.g.,* Tr. 149-152. It stands to reason that documents related to that prosecution would be in his possession, custod,y, or control. |
| 57: Produce all documents, including e-mails, social media posts, and messages, regarding social events such as parties, barbeques, and | Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control. | Mr. Klein is a member of Shomrim. *See, e.g.,* Tr. a 66. He testified that as part of his work with Shomrim and RNSP, he "attend[s] social events with NYPD members and Shomrim," such as "appreciation events" |

White v. Klein, et al., 23-cv-06924(RER)(MMH)
**June 14, 2024 Appendix**

| Request | Response | Relevant Testimony or Issue (Partial Summary) |
|---|---|---|
| other, similar events for NYPD and Shomrim members, including, but not limited to, such events with members of the NYPD's 78th,100th, and/or 101st Precincts, and/or the 4th Precinct National Council, the events described in ¶¶ 62 and 63 of the Complaint, and other such events. | | (which are "barbecues" — Mr. Klein testified "I'm into barbecue, not sports." ""holiday meetings, security meeting[s]," and so on. Tr. at 87-89. He has gone to "Quite a few," in his words. *Id.*<br><br>Defendant Klein's claim this request does not seek records in his custody is, by his own admission, not based on any search of e-mails, social media messages, or the like. |
| **64:** Produce all documents related to each Defendant's defenses. | Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control. | Defendant Klein has asserted no less than 16 affirmative defenses. ECF No. 15 at pp. 37. Those include, for example, a claim that "Defendant Klein suffered vandalism by Plaintiff's conduct." *Id.* at 37. (How this would constitute a viable ***affirmative*** defense is unexplained). Presumably Defendant Klein has a good faith basis for his defenses, and based them on *something*. For the example above, if Defendant Klein believes Mr. White damaged his vehicle, he would have — for example — receipts documenting the supposed costs of repair. He must produce documents to support his affirmative defenses, or the Court should preclude him from raising them. |
| 65: Produce all documents related to each and all of Defendant Klein's cross-claims, including, but not limited to, any agreements, correspondence, or other documents any crossclaim is based on. | Defendant Klein hast no responsive information or documents in his care, custody, or control. The Defendant reserves the right to supplement this response if and when responsive information or documents related to this request come into Defendant Klein's possession. | Defendant Klein has made cross-claims in this matter, including a claim that the other Defendants "will be obligated to indemnify Defendant Klein, for common-law indemnification and/or contract law." *See, e.g.,* ECF No. 15 at 40. Presumably he has a good faith basis for this claim, and based it on *something*. So he must produce documents. Additionally, he testified at his deposition in sum and substance that he knew nothing about the cross-claims. *See, e.g.,* Tr. at 156-158. |
| 68: Produce all summonses, tickets, or other citations issued to Defendant Klein regarding running red lights, speeding, or failing to pay tolls, between 2010 and the present. | Defendant Klien objects to this Interrogatory because it seeks information that is private and sensitive, and not relevant to any party's claims or defenses, and therefore exceeds the scope of Federal Rule of Civil Procedure 26(b)(1).<br><br>On the same grounds, the Interrogatory is burdensome and not proportional to the needs of the case, considering that such discovery would have no value in resolving the issues in the case, but disclosing an unspecified period of would impose serious burdens on Defendant's privacy interests | Mr. Klein's history of tickets is relevant because he *claims* he had no idea his license plate was obscured, in the same manner, on two separate dates, in a manner that scofflaws typically use to avoid . His lengthy public record of deliberate traffic infractions alone calls into question his credibility on this issue, and Beyond that, the history of tickets provides potential motive for Mr. Klein's obscuring of his license plate, which is core to both the claims and defenses in the case.<br><br>The boilerplate response that fails to address any of the actual facts of this case is insufficient to address those issues. |

8

White v. Klein, et al., 23-cv-06924(RER)(MMH)
June 14, 2024 Appendix

| Request | Response | Relevant Testimony or Issue (Partial Summary) |
|---|---|---|
|  | that would outweigh any potential benefit of disclosure to any issue in this litigation.<br><br>Defendant also objects that it is overbroad in time in seeking an unspecified period of time of information. | In fact, the boilerplate does not even match the request: Mr. Klein claims the request "is overbroad in time in seeking an unspecified period of time of information," but the time period is specified. This careless copy paste is not consistent with Defendant's obligation under the Rules. |
| 69: Produce all e-mails, texts, and social media posts and messages regarding Plaintiff, the incident, or this lawsuit between August of 2022 and the present. | Defendant Klein hast no responsive information or documents in his care, custody, or control. | As set out in the note regarding Interrogatory 12 above, there are responsive documents, and Defendant Klein has not conducted searches for relevant documents and information. In addition, he testified that specifically about the incident, "I started getting messages from a lot of people up on Twitter," and "People were forwarding me messages" about the incident." Tr. at 183. In fact, "all of [his] brothers" — and his "brother-in-laws" — "received messages related to this incident." Id. at 184. |
| 71: Produce all documents reflecting Defendant Klein's role and/or status in the Rockaway Nassau Safety Patrol ("RNSP") between 2010 and the present. | Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control | Defendant Klein has been involved with RNSP for "[a]bout 12 years." Tr. at 20. Setting aside that he did not search any of his e-mail, social media accounts, or the like, see, e.g., note on Interrogatory 12 above, Defendant Klein further admitted he has relevant records he never bothered searching for. See, for example, Tr. at 21 ("I might have a certificate somewhere. Not sure," finding it would take a "half-an-hour, maybe. Depends where -- where it is, where I put it"); at 23 ("when RNSP is going to have one of those safety meetings…" "We send out a message to the members."). |