# Law Office of Hector M. Roman, P.C.
## 108-14 Jamaica Avenue
## Richmond Hill, New York 11418

Hector M. Roman*

718.533.8444

Sender's office extension: 1020
Sender's email:
hroman@roman-law.org

FACSIMILE
718.732-2151
NOT FOR SERVICE

*also admitted in CA and NJ

www.roman-law.org

July 1, 2024

*Via ECF*

Honorable Marcia M. Henry
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   Adam White v. The City of New York. et al.,
> Civ. No.:   23 CV 6924 (RER)(MMH)

Your Honor:

I am the principal of Law Office of Hector M. Roman, P.C., attorneys for the individual named defendant Sholem Klein ("Klein Defendant") in connection with the above-referenced matter. Klein Defendant writes in opposition to plaintiff s motion to compel discovery and for sanctions. (Dkt. No. 34).

### *Case Background*

This case arises from an incident that occurred on November 11, 2022 whereby Defendant Klein called the police. When NYPD officers responded, Defendant Klein informed them that plaintiff broke his vehicle and showed them the broken piece of plastic. Plaintiff was arrested for Criminal Mischief. Plaintiff claims the Defendant Klein provided the officers with false information, and that the police arrested plaintiff even though they should have known there was no probable cause to arrest him. (Dkt. No. 1 at 3 and 4).

Plaintiff served his First Set of Interrogatories and Document Demands on December 29,2023. On February 6, 2024, Defendant Klein served responses and objections to plaintiff's interrogatories and document requests (Exh. 1), along with 10 pages of documents. On February 13, 2024, plaintiff's counsel asked to meet and confer as soon as possible about deficiencies in the responses and objections. On February 21, 2024, counsel for plaintiff and counsel for Defendant Klein met and conferred about deficiencies in the D+I Responses. As a result, Defendant Klein agreed, among other things, to take plaintiff's concerns raised at the meet and confer under advisement "and if [Defendant Klein's counsel] find it appropriate to supplement any of the responses" they would do so by a date the parties agreed on and subsequently extended to March 19, 2024. On March 18, 2024, Defendant Klein provided revised responses and objections to plaintiff's interrogatories and document requests (Exh. 2). On March 20, 2024, counsel for plaintiff and Defendant Klein again met and conferred and agreed to follow up with an e-mail identifying certain deficiencies. On March 26, 2024, Defendant Klein provided another round of revised responses and objections (Exh. 3)

1

On April 11, 2024, Defendant Klein stat for approximately 5.5 hours of deposition testimony conducted by plaintiff's counsel. On May 10, 2024, Defendant Klein gave approximately 1.5 more hours additional deposition testimony conducted by plaintiff's counsel. During the sitting of each deposition session, plaintiff made certain supplemental discovery requests which was reduced to writing by the plaintiff by letter dated May 10, 2024. On June 20, 2024, Defendant Klein served supplemental responses to plaintiff's May 10, 2024 supplemental discovery requests (Exh. 4).

On June 21, 2024, the parties conferenced this matter before Your Honor. At that time, Your Honor ordered my office to meet and confer with plaintiff's counsel on or before June 28, 2024 regarding open discovery issues. On June 26, 2024, counsel and my office held the meet and confer via Zoom at 1 p.m. At that time, it was agreed by and between counsel for plaintiff and counsel for Defendant Klein that open discovery requests would either be produced, if located, by a date to be determined somtime in July (I believe we agreed upon July 21, 2024) or Defendant Klein would provide a more detailed explanation of all attempts made to obtain the requested discovery. It is Defendant Klein's hope that said supplemental responses will resolve the instant motion.

### *Discussion*

Defendant's Responses to Plaintiff's interrogatories and Document Requests are consistent with the Federal Rules. Despite the plaintiff s discovery demands not being proportional to the needs of the case. overbroad and unduly burdensome, Defendant Klein has made good faith efforts to comply with same. As set forth in *New Falls Corp. v. Soni*, 2020 U.S. Dist. LEXIS 94747, Rule 26(b)(1) of the Federal Rules of Civil Procedure, as amended in December 2075, governs the scope of discovery in federal court cases. Under Rule 26(b)(1), a party is entitled to discover "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case". FED. R. CIV. P.26(b)(l). "This rule is liberally construed and is necessarily [*4]-l broad in scope." *MacCartnev v. O'Dell*, No. 14-CV-3925, 2018 U.S. Dist. LEXIS 178650, 2018 WL 5023947 at *2 (S.D.N.Y. Oct. 17. 2018). "Information is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Relevance is a matter of degree, and the standard is applied more liberally in discovery than it is at trial." *Vaigasi v. Solow Mgmt. Corp.*, No. 11-CV-5088, 2016 U.S. Dist. LEXIS 18460, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (internal quotations and citations omitted). Still, even relevant information must be "reasonably proportional to the value of the requested information, the needs of the case, and the parties' resources." *Huggins v. Chestnut Holdings Inc.*, No. 18-CV-1037.2019 U.S. Dist. LEXIS 107888. 2019 WL 2616252. at *2 (S.D.N.Y. June 25. 2019) (citing *Chen-Oster v. Goldman. Sachs & Co.,* 293 F.R.D. 557 (internal citation omitted)). Proportionality, which "focuses on the marginal utility of the discovery sought," goes hand-in-hand with relevance, such that "the greater the relevance of the information in issue, the less likely its discovery will be found to be disproportionate." *Vaigasi*, 2016 U.S. Dist. LEXIS 18460, 2016 WL 616386, at *14. Federal Rule 26 sets forth the parameters for reviewing proportionality, namely "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Gilead Sciences. Inc. v. Safe Chain Solutions LLC,* 2024 U.S. Dist. LEXIS at *28 (E.D.N.Y. 2024).

Further, "[t]he party seeking discovery must make a prima facie showing that the discovery sought is more than merely a fishing expedition." *Mamakos v.United Airlines. Inc.*, No. 14-CV-7294, 2018 U.S. Dist. LEXIS 168803, 2018 WL 4861392, at *2 (E.D.N.Y. Sept. 28, 2018 (citations omitted); see also *Citizens Union of City of New York v. Gen. of New York*, 269 F. Supp. 3d 124. 139 (S.D.N.Y.

2017); ("The party seeking discovery bears the initial burden of proving the discovery is relevant."). Discovery demands that are too broad constitute impermissible fishing expeditions that warrant denying a demand for discovery. *Walsh v. Top Notch Home Designs Corp.*, 2022 U.S. Dist. LEXIS 143801, 20-CV-05087 (GRB) (JMW) (E.D.N.Y. 2022). Indeed, discovery demands must neither be unreasonable nor unduly burdensome or expensive from the start. *Bat LLC v. T.D. Bank. N,A.*, 2018 U.S. Dist. LEXIS 127387, 15-CV-5839 (RRM) (CLP) (E.D.N.Y. 2018). In *Bat LLC*, the Court held that several discovery demands for communications and documents were over broad because they were not limited by subject matter or time period, or were not relevant. Courts have limited and denied discovery requests where the "requests were duplicative, overly broad, not relevant, and/or privileged." *Jablonski v. Special Counsel. Inc.*, 2023 U.S. LEXIS 52127 *3 (S.D.N.Y.2023).

Despite many of plaintiff's discovery demands having no relation to plaintiff's arrest, and no bearing on whether probable cause existed to arrest the plaintiff, Defendant Klein has made good faith attempts to respond to the said discovery requests. If said responses are unavailable after continued due diligence to obtain same, Defendant Klein will supplement his responses with a detailed explanation of the attempts made to obtain same pursuant to the meet and confer between counsel for the plaintiff and Defendant Klein on June 26, 2024. In the instance, the Defendant Klein is an individual defendant with a full time job and charged with supporting his 6 school aged children per his deposition testimony. He is not a deep pocketed fortune 500 company with limitless resources. This case involves a single plaintiff who was arrested based on a complaining victim, Defendant Klein, reporting to officers that plaintiff damaged his vehicle. It is Defendant Klein's position that many of the random discovery requests are unduly burdensome and provide little to zero probative value to the case at hand, and constitute an impermissible fishing expedition. Defendant Klein does not have the resources to endlessly be "papered to death" without good cause ringing up thousands in legal fees in the process to either comply or expend limited resources objecting to same. Defendant Klein, however, will continue to make his best efforts to respond to the discovery requests or submit a detailed explanation of efforts made should the requests still remain available after due diligence to obtain same pursuant to the aforesaid meet and confer on June 26, 2024.

Despite plaintiff's discovery demands clearly being not proportional to the needs of the case, over broad, vague, or irrelevant in that they have no relation to plaintiff's arrest or whether the officers had probable cause to arrest plaintiff. At all times, Defendant Klein has been fully engaged in participating in discovery including submitting multiple responses and multiple supplemental responses to plaintiff's repeated discovery demands. In addition, Defendant Klein has sat for 7 hours of deposition testimony and subjected to further discovery demands to which has responded to and will continue to respond to subject to availability to Defendant Klein of the discovery demands responses. As such, Defendant Klein respectfully submits that sanctions are not warranted in that he has and will continue to make best efforts to respond to same or supply a detailed explanation on efforts to supply same.

Thank you for your kind consideration herein.

Very truly yours,

**HECTOR M. ROMAN**

HMR/me
Attachments

3

# EXHIBIT 1

Hector Roman, Esq
Law Office of Hector M. Roman, P.C.
108-14 Jamaica Avenue
Richmond Hill, NY 11418
(718) 533-8444
hroman@roman-law.org
Attorney for DEFENDANT SHOLEM KLEIN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------

ADAM D. WHITE.,                                           Civ. No.: 1:23-cv-6924

      v.                                   Plaintiff(s),

SHOLEM KLEIN, THE CITY OF NEW YOK, NEW YORK
CITY POLICE DEPARTMENT ("NYPD") SERGEANT
LEIGHTON BARRETT, NYPD SERGEANT KURT KLENKE,
NYPD OFFICER AHMED ALI, NYPD OFFICER PALAKPREET
KAUR, NYPD OFFICER ADMAM PHILLIPS, NYPD OFFICER
CARLOS REBOLLEDOCORTES, and NYPD OFFICER IKRAM
ULLAH,

                                  Defendant(s)

-----------------------------------------------------------------------------------------

## DEFENDANT KLEIN RESPONSES TO PLAINTIFF'S
## INTERROGATORIES AND DOCUMENT REQUESTS

### GENERAL OBJECTIONS

1.     Defendants object to each instruction, definition, and document request to the extent that

it purports to impose any requirement or discovery obligation greater than or different from those

under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.     Defendants object to each document request that is overly broad, unduly burdensome, or

not reasonably calculated to lead to the discovery of admissible evidence.

3.     Defendants object to each definition, instruction, and document requests, to the extent

that it seeks documents protected from disclosure by the attorney-client privilege, deliberative

process privilege, attorney work product doctrine, or any other applicable privilege. Should any

such disclosure by Defendant occur, it is inadvertent and shall not constitute a waiver of any

privilege.

4.     Defendants object to each definition, instruction, and document request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to Plaintiff from Plaintiff's own files or documents that Plaintiff previously produced to Defendant. Responding to such requests would be oppressive, unduly burdensome and unnecessarily expensive, and the burden of responding to such requests is substantially the same or less for Plaintiff as for Defendant.

5.     To the extent any of Plaintiff's document requests seek documents that include expert material, including but not limited to survey materials, Defendant objects to any such requests as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports to be determined by the Court.

6.     Defendants incorporate by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Defendant does not waive its right to amend its responses.

### RESPONSES TO PLAINTIFF'S INTERROGATORIES

1.     Identify each person who has Personal Knowledge regarding Plaintiff's conduct on August 5, 2022 with respect to Defendant Sholem Klein.

Response:     Defendant Klein objects in part to the interrogatory to the extent that Defendant Klein does not personally know any of the co-defendants or their names, or anyone else associated with the Plaintiff.

Response:     None

2.     Identify each person who has Personal Knowledge regarding Plaintiff's conduct on November 11, 2022 leading up to Plaintiff's arrest, including, but not limited to, any such

conduct that any Defendant claims gave rise to, or contributed to, probable cause or justification to use force on, arrest, or prosecute Plaintiff.

Response:        Defendant Klein objects in part to the interrogatory to the extent that Defendant Klein does not personally know any of the co-defendants or their names, or anyone else associated with the Plaintiff.

Response:        None

3.        Identify each law, statute, code provision, order, regulation, or other ground that any Defendant claims gave rise to, or contributed to, probable cause to arrest Plaintiff.

Response:        Defendant Klein objects in part to the interrogatory to the extent that Defendant Klein did not arrest Plaintiff White.

Response:        None

4. Identify each person who determined, or participated in the determination, that Plaintiff should be arrested.

Response:        Defendant Klein objects in part to the interrogatory to the extent that Defendant Klein did not arrest Plaintiff White.

Response:        Generally, NYPD. Individual NYPD agents names, while provided are unknown to the Defendant Klein.

5.        Identify each person who placed Plaintiff in handcuffs.

Response:        Defendant Klein objects in part to the interrogatory to the extent that Defendant Klein did not arrest Plaintiff White.

Response:        Generally, NYPD. Individual NYPD agents names, while provided by Plaintiff's initial disclosures are unknown to the Defendant Klein.

6.        Identify each person who used physical force in any manner on Plaintiff on November 11, 2022 prior to or in connection with Plaintiff's arrest.

Response:     Defendant Klein objects in part to the interrogatory to the extent that Defendant Klein did not arrest Plaintiff White.

Response:     None.

7.     Identify each person who decided, or participated in deciding, whether Plaintiff would be processed for release with a C-Summons or Desk Appearance Ticket, or for arraignment.

Response:     Defendant Klein objects in part to the interrogatory to the extent that Defendant Klein does not have personal knowledge of this information.

8.     Identify each person who has Personal Knowledge related to Plaintiff's detention from arrest to release, including, but not limited to, each step of Plaintiff's arrest processing.

Response:     Defendant Klein objects in part to the interrogatory to the extent that Defendant Klein does not have personal knowledge of this information.

9.     Identify each NYPD agent who assisted in or supervised the Individual NYPD Defendants' creation of arrest processing documents related to the Incident, including, but not limited to, Activity Log/Memo Book entries, Online Booking System Arrest Report ("OLBS") Reports, Property Voucher(s), Desk Appearance Ticket ("DAT") and related investigation documents, and all other arrest processing documents.

Response:     Defendant Klein objects in part to the interrogatory to the extent that Defendant Klein did not arrest Plaintiff White and does not have any personal knowledge thereof.

10. For each Individual NYPD Defendant who was involved in processing Plaintiff's arrest, identify each NYPD agent with whom that Individual Defendant consulted in creating arrest processing paperwork related to the Protest.

Response:     Defendant Klein objects in part to the interrogatory to the extent that Defendant Klein did not arrest Plaintiff White and does not have any personal knowledge thereof.

11.     For each Individual NYPD Defendant who consulted with a NYPD Legal Bureau attorney in connection with Plaintiff's arrest, arrest processing, or prosecution, identify each such NYPD Legal Bureau attorney.

Response:      Defendant Klein objects in part to the interrogatory to the extent that Defendant

Klein did not arrest Plaintiff White and does not have any personal knowledge thereof.

12.      Identify each person with whom Defendant Sholem Klein communicated

regarding Plaintiff or the Incident between 2022 and the present, and all documents regarding or

reflecting such communications.

Response:      Defendant Klein objects in part to the interrogatory to the extent that Defendant

Klein did not arrest Plaintiff White and does not have any personal knowledge thereof.

13.      Identify each Individual NYPD Defendant who communicated with Defendant Sholem

Klein regarding Plaintiff or the Incident between 2022 and the present, and all documents

regarding or reflecting such communications.

Response:      Defendant Klein objects in part to the interrogatory to the extent that Defendant

Klein did not arrest Plaintiff White and does not have any personal knowledge thereof.

14.      For each Individual Defendant who communicated with Office of the Kings County District

Attorney (the "KCDA's Office") regarding Plaintiff or the Incident between 2022 and the present,

identify each such communication and all documents regarding or reflecting each such

communication.

Response:      Defendant Klein objects in part to the interrogatory to the extent that Defendant

Klein does not have any communications or documents, as referenced.

15.      Identify each statement (including, but not limited to, communications such as emails,

text messages, and social media posts and messages) made by each Individual Defendant

regarding Plaintiff or the Incident between 2022 and the present, and all documents regarding or

reflecting such communications.

Response:      Defendant Klein objects in part to the interrogatory to the extent that Defendant

Klein does not have any communications or documents, as referenced.

16.      Identify all other documents (including, but not limited to, communications such

as e-mails, text messages, and social media posts and messages) regarding Plaintiff or the

Incident between 2022 and the present.

Response:     Defendant Klein objects in part to the interrogatory to the extent that Defendant

Klein does not have any communications or documents, as referenced.

17. Identify by caption, venue, and docket number each legal proceeding in which an Individual

Defendant was alleged to have engaged in abuse of their lawful authority, false swearing, or

violation of any federal or state constitutional right or criminal law.

Response:     Defendant Klein objects in part to the interrogatory to the extent that Defendant

Klein did not arrest Plaintiff White and does not have any personal knowledge thereof.

## INTERROGATORIES TO DEFENDANT KLEIN ONLY

18.     Identify the exact manufacturer, make or model number, and type of the license

plate cover described in the Complaint.

Response:     Defendant Klein obtained the vehicle at a Chevy Dealer in Monroe County, NY in

2019. The Vehicle is a 2019 Chevy Tahoe. The license plate cover came stock from the

dealership.

19.     State the date on which Defendant Klein obtained the license plate cover described in the

Complaint.

Response:     Defendant Klein obtained the vehicle at a Chevy Dealer in Monroe County, NY in

2019. The Vehicle is a 2019 Chevy Tahoe. The license plate cover came stock from the

dealership.

20.     State the exact manner in which Mr. White allegedly damaged Defendant Klein's

property on August 5, 2022.

Response:     The Plaintiff used his hands or a tool on his person to break and damage the license

plate cover.

21.     State the exact manner in which Mr. White allegedly damaged Defendant Klein's

property on November 11, 2022.

Response:     The Plaintiff used his hands or a tool on his person to break and damage the license plate cover.

22.     Identify all summonses, tickets, or other citations issued to Defendant Klein

Response:     Defendant Klien objects to this request as it is not likely to lead to discoverable information, not relevant, overbroad, and overburdensome.

## DOCUMENT REQUESTS

1.     Produce all documents identified or consulted in responding to the interrogatories above.

Response:     See Attached as Response to Document Request 1

2.     Produce all videos related to Plaintiff's arrest or to the Incident, including, but not limited to, all:

a. NYPD body-worn camera footage, including, but not limited to, such footage from each Individual NYPD Defendant and every NYPD member within 30' of each Individual NYPD Defendant who created such footage related to the Incident, along with all related audit trails and metadata;

b. "ARGUS" footage;

c. New York City Department of Transportation ("NYCDOT") footage; and

d. All other video footage in Defendants' care, custody, or control.

3.     Produce all photographs related to the Incident depicting Plaintiff or an Individual NYPD Defendant or created in connection with or that relates to or concerns Plaintiff's arrest, pre-arrest conduct, arrest processing, or prosecution, including, but not limited to, all:

a. Arrest photographs, whether taken at the scene of the arrest or other NYPD location, or otherwise;

b. Prisoner movement slips; and

c. All other photographs.

4. Produce all recorded (including NYPD) communications related to Plaintiff's arrest or the Incident, including, but not limited to:

a. 911 calls related to the Incident, and all documents related to responses thereto;

b. 311 calls related to the Incident, and all documents related to responses thereto;

c. Internal NYPD communications on Citywide and other dedicated NYPD channels related to the Incident; and

d. Texts, e-mails, and other digitally recorded communications related to Plaintiff or the Incident.

5. Produce all SPRINT reports related to the Incident.

6. Produce all Event Chronologies and Event Summaries related to the Incident.

7. Produce all ICAD Chronologies and reports related to the Incident.

8. Produce documents sufficient to interpret any NYPD codes included in any SPRINT reports, ICAD chronologies and reports, and event chronologies, including, but not limited to, any NYPD or other agency training manuals related to using and understanding such reports, such as user manuals or training materials related to the "I/NETDispatcher system."

9. Produce all documents including statements made by each Individual Defendant or other person who has or may have Personal Knowledge related to Plaintiff's arrest or the Incident, including, but not limited to, all scratch and other NYPD arrest processing paperwork, and all e-mails, text messages, social media, and/or direct messages.

10. Produce all other documents created related to Plaintiff's arrest, detention, or prosecution, including, but not limited to, all copies of Activity Log/Memo Book entries, Online Booking System Arrest Report ("OLBS") Reports, Desk Appearance Ticket ("DAT") and related investigation documents.

11. Produce all documents regarding or reflecting internal NYPD communications related to Plaintiff or the Incident, including, but not limited to, all e-mails, text messages, phone call logs and recordings, and other digital documents reflecting or regarding such internal NYPD

communications,

12. Produce all documents regarding or reflecting communications to or from any of the Individual Defendants regarding Plaintiff or the Incident, between August of 2022 and the present.

13. Produce a complete copy of all Command Log entries from the NYPD's 78th Precinct on November 11, 2022.

14. Produce all other NYPD records reflecting the seizure, disposition of any property seized from Plaintiff and/or related to the Incident, including, but not limited to, any Produce all Property Clerk Invoices (PD 521-141) and other NYPD Property and Evidence Tracking System ("PETS") documents.

15. Produce the Online Prisoner Arraignment ("OLPA") Report regarding Plaintiff's arrest and detention.

16. For each Individual Defendant, produce all documents provided by or on behalf of that Individual Defendant to any prosecutor, including, but not limited to, a prosecutor from the KCDA's Office, or court, related to Plaintiff or the Incident.

17. Produce all documents reflecting the nature, extent, timing, and contents of each Individual Defendant's communications regarding Plaintiff or the Incident between 2022 and the present, including, but not limited to, all texts, e-mails, and social media posts and messages.

18. Produce all documents reflecting communications between and among any other employees or agents of Defendant City of New York regarding Plaintiff or the Incident.

19. Produce all documents reflecting statements made by each Individual Defendant or any other person to a prosecutor, including, but not limited to, one from the KCDA's Office, or court, related to Plaintiff or the Incident, including, but not limited to, e-mails, faxes, notifications, and all other documents.

20. Produce all documents reflecting or including any other statements made by each Individual Defendant or other witness related to Plaintiff or the Incident, including, but not

limited to, all texts, e-mails, and social media posts and messages.

21. Produce all documents provided by any Individual Defendant or NYPD member to a prosecutor, including, but not limited to, one from the KCDA's Office, or court, related to Plaintiff or the Incident.

22. Produce all other documents related to or reflecting communications between a prosecutor or court and an Individual Defendant related to Plaintiff's prosecution.

23. Produce all documents reflecting or related to any decisions by a prosecutor or court to decline to prosecute, or to dismiss, any potential charges against Plaintiff, including, but not limited to, any communications regarding any such decision.

24. Produce all demands for preservation or litigation holds received or created by the NYPD related to the Incident, including, but not limited to, any such demands or holds created by the NYPD's Legal Bureau.

25. Produce all documents concerning any NYPD Civilian Complaint Review Board ("CCRB") complaint or investigation concerning the Incident, including, but not limited to, all such documents within the CCRB's care, custody, or control, including, but not limited to, the CCRB Complaint Report; CTS+ Logs; Closing Report; and all notes, underlying documents, and communications, including e-mails, related to each such complaint or investigation.

26. Produce all documents concerning each NYPD Internal Affairs Bureau ("IAB") complaint or investigation concerning the Incident, including, but not limited to, all recordings of witness interviews or statements, and transcripts thereof, and all notes, Internal Case Management System ("ICMS") worksheets, logs, and attachments, and all underlying documents and communications, including e-mails, related to each such complaint or investigation.

27. Produce all other documents related to any discipline recommended and/or ultimately imposed related to the Incident, including, but not limited to, all e-mails and other communications related to any Command Discipline recommended and imposed.

28. Produce all documents concerning each Department of Investigation ("DOI")

complaint or investigation concerning the Incident, including, but not limited to, all recordings of witness interviews or statements, and transcripts thereof, all notes, logs, and attachments, and all underlying documents and communications, including e-mails, related to each such complaint or investigation.

29. Produce all documents concerning any other complaint received, or investigation or prosecution, whether actual or potential, concerning the Incident undertaken by the City of New York or any of its agencies.

30. Produce all documents concerning any other complaint received, or investigation or prosecution – actual or potential - concerning the Incident undertaken by any County, State, Federal, or other entity, including, but not limited to, the KCDA's Office.

31. Produce each Individual NYPD Defendant's NYPD Academy transcript.

32. Produce each Individual NYPD Defendant's current NYPD Personnel Profile Report – All History.

33. Produce each Individual NYPD Defendant's current NYPD Central Personnel Index ("CPI") report.

34. Produce each Individual NYPD Defendant's current NYPD IAB resume and all related NYPD documents, including communications and documents reflecting the ultimate disposition of each IAB complaint or investigation, whether created within the NYPD's IAB or otherwise.

35. Produce each Individual NYPD Defendant's current CCRB history and all underlying CCRB documents, including communications and documents reflecting the ultimate disposition of each IAB complaint or investigation.

36. Produce all documents concerning internal police disciplinary action, letters in the personnel file, command discipline A or B, charges and specifications, transfers, and/or warnings and admonishment against any of the Individual NYPD Defendants, including, but not limited to, any GO-15 statements.

37. Produce each Individual NYPD Defendant's complete NYPD personnel file.

38. Produce all documents reflecting any early intervention monitoring or force monitoring or NYPD or external monitoring any Individual NYPD Defendant has been subjected to during their time as a NYPD member.

39. Produce all Risk Assessment Information Liability System ("RAILS") documents related to each Individual NYPD Defendant.

40. Produce any notices of claim, 50-h transcripts and exhibits, pleadings, discovery requests and responses, deposition transcripts and exhibits, settlement agreements, and judgments from each civil lawsuit against each Individual Defendant identified in response to Interrogatory No. 17.

41. Produce any criminal court complaints, documents reflecting the dates or events at court proceedings, transcripts of testimony or proceedings, certificates or other proof of disposition, related to each criminal proceeding against each Individual Defendant identified in response to Interrogatory No. 17.

42. Produce all documents reflecting the training each Individual NYPD Defendant received, whether at the NYPD Academy or afterward, prior to August of 2022, whether at the NYPD Academy or afterward, whomever and wherever from, including, but not limited to, any command-level, in-service, executive level, or other training, related to the following topics:

a. the requirements under VTL § 402(a) and/or (b), 34 RCNY § 4-08(j)(2), or other New York laws requiring that valid license plates must be properly and conspicuously displayed and kept in a clean and readable condition;

b. probable cause to arrest and/or issue a C-Summons or Desk Appearance Ticket ("DAT") for violating VTL § 402(a) and/or (b), 34 RCNY § 4-08(j)(2), or other New York laws requiring that valid license plates must be properly and conspicuously displayed and kept in a clean and readable condition;

c. identifying illegally obscured, covered, or defaced license plates (so-called "ghost

plates") and/or so-called "ghost cars";

d. responding appropriately to such "ghost plates" once identified, including, but not limited to, through prompt and meaningful investigation and, where warranted, by issuing legal process and/or making arrests and/or taking other appropriate law enforcement action;

e. probable cause to arrest and/or prosecute for committing Criminal Mischief under New York Penal Law, including, but not limited to, under PL § 145.00(1);

f. whether and under what circumstances a NYPD member can detain, arrest, and/or issue a C-Summons or DAT to, a person who illegally obscures or obstructs their license plate, including, but not limited to, whether a NYPD member must personally observe such a violation of the law in order to detain, arrest, and/or issue a C-Summons or DAT;

g. responding appropriately to citizen complaints about illegally obscured "ghost plates" including, but not limited to, through prompt and meaningful investigation and, where warranted, by issuing legal process and/or making arrests and/or taking other appropriate law enforcement action;

h. responding appropriately to citizen complaints about illegally obscured "ghost plates" in a manner that protects the rights of those who complain about such illegally parked vehicles; and

i. A private person's right(s) to make complaints to police about illegal conduct; and

j. Police retaliation in violation First Amendment rights, including, but not limited to, what constitutes such retaliation, and any prohibitions on such retaliation.

43. Produce all documents reflecting the substance of the training each Individual NYPD Defendant received, if any, whether at the NYPD Academy or afterward, whomever and wherever from, including, but not limited to, any command-level, in-service, executive level, or other training, related to the topics in Document Request No. 42.

44. Produce all documents reflecting the NYPD's practices and policies that were in effect between 2020 and the present, related to the topics in Document Request No. 42, including, but not limited to, any related NYPD Patrol Guide and Administrative Guide provisions, and any related NYPD Legal Bureau or other guidance.

45. Produce all documents reflecting or relating to press conferences, press coverage, news clips, social media postings, Internet links, related to the Incident gathered or maintained by or on behalf of any Defendant, including, but not limited to, any gathered by the NYPD's Deputy Commissioner for Public Information ("DCPI"), Intelligence Division, Counterterrorism Bureau, or otherwise.

46. Produce all documents reflecting or related to, or responding to, press inquiries, press statements, and interviews related to the Incident.

47. Produce all documents regarding the "NYPD and New York City Sheriff's Office's joint "crack down" on "ghost cars" and "robust ghost car enforcement initiative" described in ¶¶ 44 and 47-48 of the Complaint.

48. Produce all documents regarding the "2022 Vehicle License Plates Working Group" and the work of the NYPD's patrol officers and "several City agencies – including the Sheriff's office"… "to crack down on obscured and illegal plates" in 2022 described in ¶¶ 44 and 47-48 of the Complaint.

49. Produce all documents regarding or reflecting the nature and extent of any investigations undertaken by Defendant City related to the 59 incidents of "ghost plates" on the cars of police officers, firefighters, and other law enforcement personnel documented in Gersh Kuntzmann's Criminal Mischief Article and the "Criminal Mischief follow up sheet" described and linked to in ¶¶ 215-216 of the Complaint.

50. Produce all documents to support to the claim made by a spokesperson from Defendant City to Gersh Kuntzman that "The relevant city agency will review each incident of alleged violations and evaluate them for potential disciplinary action" described in ¶ 223 of the

Complaint.

51. Produce all documents regarding the nature and extent of each investigation into the 13 documented incidents of NYPD members' and/or employees' using "ghost plates" in the Criminal Mischief follow up sheet ¶¶ 215-216 of the Complaint, *see id.* at ¶¶ 225

52. To the extent Defendant City investigated any of the other incidents documented in the Criminal Mischief follow up sheet described in the Complaint, produce all documents regarding the nature and extent of each such investigation, including, but not limited to, documents reflecting the outcome.

53. Produce all documents reflecting the nature and extent of the 5,000 inspections related to NYPD sidewalk parking, bent plate, license covers, and parking violations referred to in ¶ 226 of the Complaint, as well as the results of any related complaints or investigations (including any Command Disciplines or other consequences resulting therefrom).

54. Produce all documents regarding 311 complaints made by Plaintiff regarding motor vehicles that are illegally parked and/or that have defaced, obscured, fake, and missing license plates between 2020 and the present, and Defendant City's responses thereto.

55. Produce all documents regarding or reflecting 311 or 911 complaints regarding "ghost plates" or "ghost vehicles" between 2020 and the present, and Defendant City's responses thereto.

56. Produce all documents regarding the Defendant City's position as to its formal and/or informal relationship with the Rockaway Nassau Safety Patrol ("RNSP") and other "Shomrim" groups between 2022 and the present.

57. Produce all documents, including e-mails, social media posts, and messages, regarding social events such as parties, barbeques, and other, similar events for NYPD and Shomrim members, including, but not limited to, such events with members of the NYPD's 78th, 100th, and/or 101st Precincts, and/or the 4th Precinct National Council, the events described in ¶¶ 62 and 63 of the Complaint, and other such events.

58. Produce all documents released by the NYPD, the CCRB, the Office of the Comptroller, or any other City agency pursuant to the Freedom of Information Law regarding Plaintiff or the Incident.

59. Produce all documents received by defense counsel related to Plaintiff or the Incident pursuant to subpoena or to Plaintiff's authorization or Freedom of Information Law request or otherwise, along with copies of the request(s) made by the Law Department for such documents and any related correspondence.

60. Produce all documents any Defendant intends to use at any deposition in this case, including for impeachment purposes.

61. Produce all documents any Defendant intends to use at the time of trial, including for impeachment purposes.

62. Produce all documents related to or reflecting requests by any Individual NYPD Defendant for representation and the City's responses thereto.

63. Produce all documents related to or reflecting whether any Individual NYPD Defendant was acting under color of law and/or within the scope of his duty and/or employment related to the Incident.

64. Produce all documents related to each Defendant's defenses.

65. Produce all documents related to each and all of Defendant Klein's cross-claims, including, but not limited to, any agreements, correspondence, or other documents any crossclaim is based on.

66. Produce all other documents related to the Incident that are not otherwise requested, or disclosed in response to the requests, above.

**Defendant Klein's Response to Document Request 2-66**

Defendant Klein does not have any documents in his possession relating to these requests.

## DOCUMENT REQUESTS TO DEFENDANT KLEIN ONLY

67. Produce all photographs and videos depicting the SUV, license plate, and license plate cover described in the Complaint between 2020 and the present.

Response:     See Attached as Response to Document Request 67

68. Produce all summonses, tickets, or other citations issued to Defendant Klein regarding running red lights, speeding, or failing to pay tolls, between 2010 and the present.

Response:     Defendant Klien objects to this request as it is not likely to lead to discoverable information, not relevant, overbroad, and overburdensome.

69. Produce all e-mails, texts, and social media posts and messages regarding Plaintiff, the Incident, or this lawsuit between August of 2022 and the present.

Response:     Defendant Klien objects to this request to the extent that Defendant Klein is not in possession of any e-mails, texts, or social media posts and messages, in reference to this request.

70. Produce all documents regarding or reflecting any of Defendant Klein's communications regarding Plaintiff or the Incident between August of 2022 and the present, including, but not limited to, any such communications with any prosecutor from the KCDA's Office, including, but not limited to, any e-mails, texts, voicemail messages, or other documents.

Response:     None

71. Produce all documents reflecting Defendant Klein's role and/or status in the Rockaway Nassau Safety Patrol ("RNSP") between 2010 and the present.

Response:     Defendant Klien objects to this request as it is not likely to lead to discoverable information, not relevant, overbroad, and overburdensome.

## VERIFICATION OF RESPONSES

I, Sholem Klein, one of the named Co-Defendant's, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information and belief.

Sholem Klein

**RESPONSE TO DOCUMENT REQUEST (#1)**

















**RESPONSE TO DOCUMENT REQUEST FROM KLEIN ONLY (#67)**





# EXHIBIT 2

Hector Roman, Esq
Law Office of Hector M. Roman, P.C.
108-14 Jamaica Avenue
Richmond Hill, NY 11418
(718) 533-8444
hroman@roman-law.org
Attorney for DEFENDANT SHOLEM KLEIN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------------X

ADAM D. WHITE.,                                                          Civ. No.: 1:23-cv-6924

                        v.

                                             Plaintiff(s),

SHOLEM KLEIN, THE CITY OF NEW YOK, NEW YORK
CITY POLICE DEPARTMENT ("NYPD") SERGEANT
LEIGHTON BARRETT, NYPD SERGEANT KURT KLENKE,
NYPD OFFICER AHMED ALI, NYPD OFFICER PALAKPREET
KAUR, NYPD OFFICER ADMAM PHILLIPS, NYPD OFFICER
CARLOS REBOLLEDOCORTES, and NYPD OFFICER IKRAM
ULLAH,

                                             Defendant(s)
-----------------------------------------------------------------------------------X

## DEFENDANT KLEIN RESPONSES TO PLAINTIFF'S
## INTERROGATORIES AND DOCUMENT REQUESTS

### GENERAL OBJECTIONS

1.      Defendants object to each instruction, definition, and document request to the extent that

it purports to impose any requirement or discovery obligation greater than or different from those

under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Defendants object to each document request that is overly broad, unduly burdensome, or

not reasonably calculated to lead to the discovery of admissible evidence.

3.      Defendants object to each definition, instruction, and document requests, to the extent

that it seeks documents protected from disclosure by the attorney-client privilege, deliberative

process privilege, attorney work product doctrine, or any other applicable privilege. Should any

such disclosure by Defendant occur, it is inadvertent and shall not constitute a waiver of any

privilege.

4.      Defendants object to each definition, instruction, and document request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to Plaintiff from Plaintiff's own files or documents that Plaintiff previously produced to Defendant. Responding to such requests would be oppressive, unduly burdensome and unnecessarily expensive, and the burden of responding to such requests is substantially the same or less for Plaintiff as for Defendant.

5.      To the extent any of Plaintiff's document requests seek documents that include expert material, including but not limited to survey materials, Defendant objects to any such requests as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports to be determined by the Court.

6.      Defendants incorporate by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Defendant does not waive its right to amend its responses.

## **RESPONSES TO PLAINTIFF'S INTERROGATORIES**

1.      Identify each person who has Personal Knowledge regarding Plaintiff's conduct on August 5, 2022 with respect to Defendant Sholem Klein.

Response:      Sholem Klein.

2.      Identify each person who has Personal Knowledge regarding Plaintiff's conduct on November 11, 2022 leading up to Plaintiff's arrest, including, but not limited to, any such conduct that any Defendant claims gave rise to, or contributed to, probable cause or justification to use force on, arrest, or prosecute Plaintiff.

Response:      Sholem Klein.

3.      Identify each law, statute, code provision, order, regulation, or other ground that any Defendant claims gave rise to, or contributed to, probable cause to arrest Plaintiff.

Response:      Defendant Klein objects to this Interrogatory because it seeks information that is not within its possession, custody, or control.

4.      Identify each person who determined, or participated in the determination, that Plaintiff should be arrested.

Response:      Defendant Klein objects to this Interrogatory because it seeks information that is not within its possession, custody, or control. Generally, NYPD. Individual NYPD agents names, while provided are unknown to the Defendant Klein.

5.      Identify each person who placed Plaintiff in handcuffs.

Response:      Defendant Klein objects in part to the interrogatory to the extent that Defendant Klein did not arrest Plaintiff White.

Response:      Generally, NYPD. Individual NYPD agents names, while provided by Plaintiff's initial disclosures are unknown to the Defendant Klein.

6.      Identify each person who used physical force in any manner on Plaintiff on November 11, 2022 prior to or in connection with Plaintiff's arrest.

Response:      Defendant Klein objects in part to the interrogatory to the extent that Defendant Klein did not arrest Plaintiff White.

Response:      None.

7.      Identify each person who decided, or participated in deciding, whether Plaintiff would be processed for release with a C-Summons or Desk Appearance Ticket, or for arraignment.

Response:      Defendant Klein objects in part to the interrogatory to the extent that Defendant Klein does not have personal knowledge of this information.

8.      Identify each person who has Personal Knowledge related to Plaintiff's detention from arrest to release, including, but not limited to, each step of Plaintiff's arrest processing.

Response:      Defendant Klein objects in part to the interrogatory to the extent that Defendant

Klein does not have personal knowledge of this information.

9.       Identify each NYPD agent who assisted in or supervised the Individual NYPD Defendants'

creation of arrest processing documents related to the Incident, including, but not limited to,

Activity Log/Memo Book entries, Online Booking System Arrest Report ("OLBS") Reports,

Property Voucher(s), Desk Appearance Ticket ("DAT") and related investigation documents, and

all other arrest processing documents.

Response:      Defendant Klein objects in part to the interrogatory to the extent that Defendant

Klein did not arrest Plaintiff White and does not have any personal knowledge thereof.

10. For each Individual NYPD Defendant who was involved in processing Plaintiff's arrest,

identify each NYPD agent with whom that Individual Defendant consulted in creating arrest

processing paperwork related to the Protest.

Response:      Defendant Klein objects in part to the interrogatory to the extent that Defendant

Klein did not arrest Plaintiff White and does not have any personal knowledge thereof.

11.      For each Individual NYPD Defendant who consulted with a NYPD Legal Bureau

attorney in connection with Plaintiff's arrest, arrest processing, or prosecution, identify each such

NYPD Legal Bureau attorney.

Response:      Defendant Klein objects in part to the interrogatory to the extent that Defendant

Klein did not arrest Plaintiff White and does not have any personal knowledge thereof.

12.      Identify each person with whom Defendant Sholem Klein communicated regarding

Plaintiff or the Incident between 2022 and the present, and all documents regarding or

reflecting such communications.

Response:      Kings County District Attorney's Office.  Defendant Sholem does not recall any

specific individual at the Kings County District Attorney's Office. Defendant Sholem is not in

possession of any documents reflecting such communications.

13.    Identify each Individual NYPD Defendant who communicated with Defendant Sholem Klein regarding Plaintiff or the Incident between 2022 and the present, and all documents regarding or reflecting such communications.

Response:    Defendant Klein cannot recall or identify each individual NYPD Defendant who communicated with Defendant Klein regarding Plaintiff or the Incident between 2022 and the present. Defendant Sholem is not in possession custody or control of any documents reflecting such communications.

14.    For each Individual Defendant who communicated with Office of the Kings County District Attorney (the "KCDA's Office") regarding Plaintiff or the Incident between 2022 and the present, identify each such communication and all documents regarding or reflecting each such communication.

Response:    Defendant Klein objects to the Interrogatory as unduly burdensome in that it may refer to oral communications that were not recorded electronically or otherwise, including because information about such oral communications is more readily obtained through other means, such as through deposition testimony. In response,  Defendant Klein communicated with the KCDA's office, however Defendant Sholem is not in possession of any documents reflecting such communications.

15.    Identify each statement (including, but not limited to, communications such as emails, text messages, and social media posts and messages) made by each Individual Defendant regarding Plaintiff or the Incident between 2022 and the present, and all documents regarding or reflecting such communications.

Response:    Defendant Klein does not have any communications or documents, as referenced.

16.    Identify all other documents (including, but not limited to, communications such as e-mails, text messages, and social media posts and messages) regarding Plaintiff or the Incident between 2022 and the present.

Response:    Defendant Klein does not have any communications or documents, as referenced.

17.     Identify by caption, venue, and docket number each legal proceeding in which an Individual Defendant was alleged to have engaged in abuse of their lawful authority, false swearing, or violation of any federal or state constitutional right or criminal law.

Response:     Defendant Klien objects to this Interrogatory because it seeks information that is private and sensitive, and not relevant to any party's claims or defenses, and therefore exceeds the scope of Federal Rule of Civil Procedure 26(b)(1).

On the same grounds, the Interrogatory is burdensome and not proportional to the needs of the case, considering that such discovery would have no value in resolving the issues in the case, but disclosing an unspecified period of would impose serious burdens on Defendant's privacy interests that would outweigh any potential benefit of disclosure to any issue in this litigation.

Defendant also objects that it is overbroad in time in seeking an unspecified period of time of information.

## INTERROGATORIES TO DEFENDANT KLEIN ONLY

18.     Identify the exact manufacturer, make or model number, and type of the license plate cover described in the Complaint.

Response:     Defendant Klein obtained the vehicle at a Chevy Dealer in Monroe County, NY in 2019. The Vehicle is a 2019 Chevy Tahoe.  The license plate cover came stock from the dealership.  No modifications to the license plate cover was made or purchased.

19.     State the date on which Defendant Klein obtained the license plate cover described in the Complaint.

Response:     Defendant Klein obtained the vehicle at a Chevy Dealer in Monroe County, NY in 2019. The Vehicle is a 2019 Chevy Tahoe.  The license plate cover came stock from the dealership. No modifications to the license plate cover was made or purchased.

20.     State the exact manner in which Mr. White allegedly damaged Defendant Klein's property on August 5, 2022.

Response:     The Plaintiff used his hands or a tool on his person to break and damage the license

plate cover.

21.     State the exact manner in which Mr. White allegedly damaged Defendant Klein's property on November 11, 2022.

Response:     The Plaintiff used his hands or a tool on his person to break and damage the license plate cover.

22.     Identify all summonses, tickets, or other citations issued to Defendant Klein

Response:     Defendant Klien objects to this Interrogatory because it seeks information that is private and sensitive, and not relevant to any party's claims or defenses, and therefore exceeds the scope of Federal Rule of Civil Procedure 26(b)(1).

On the same grounds, the Interrogatory is burdensome and not proportional to the needs of the case, considering that such discovery would have no value in resolving the issues in the case, but disclosing an unspecified period of would impose serious burdens on Defendant's privacy interests that would outweigh any potential benefit of disclosure to any issue in this litigation.

Defendant also objects that it is overbroad in time in seeking an unspecified period of time of information.

## DOCUMENT REQUESTS

1.     Produce all documents identified or consulted in responding to the interrogatories above.

Response:     See Attached as Response to Document Request 1 and 3.

2.     Produce all videos related to Plaintiff's arrest or to the Incident, including, but not limited to, all:

a. NYPD body-worn camera footage, including, but not limited to, such footage from each Individual NYPD Defendant and every NYPD member within 30' of each Individual NYPD Defendant who created such footage related to the Incident, along with all related audit trails and metadata;

b. "ARGUS" footage;

c. New York City Department of Transportation ("NYCDOT") footage; and

d. All other video footage in Defendants' care, custody, or control.

Response: Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

3.      Produce all photographs related to the Incident depicting Plaintiff or an Individual NYPD Defendant or created in connection with or that relates to or concerns Plaintiff's arrest, pre-arrest conduct, arrest processing, or prosecution, including, but not limited to, all:

a. Arrest photographs, whether taken at the scene of the arrest or other NYPD location, or otherwise;

b. Prisoner movement slips; and

c. All other photographs.

See Attached as Response to Document Request 1 and 3.

4. Produce all recorded (including NYPD) communications related to Plaintiff's arrest or the Incident, including, but not limited to:

a. 911 calls related to the Incident, and all documents related to responses thereto;

b. 311 calls related to the Incident, and all documents related to responses thereto;

c. Internal NYPD communications on Citywide and other dedicated NYPD channels related to the Incident; and

d. Texts, e-mails, and other digitally recorded communications related to Plaintiff or the Incident.

Response:      Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

5. Produce all SPRINT reports related to the Incident.

Response:      Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

6. Produce all Event Chronologies and Event Summaries related to the Incident.

Response:       Defendant Klein objects to this request because it seeks information that is not

within its possession, custody, or control.

7. Produce all ICAD Chronologies and reports related to the Incident.

Response:       Defendant Klein objects to this request because it seeks information that is not

within its possession, custody, or control.

8. Produce documents sufficient to interpret any NYPD codes included in any

SPRINT reports, ICAD chronologies and reports, and event chronologies, including, but not

limited to, any NYPD or other agency training manuals related to using and understanding such

reports, such as user manuals or training materials related to the "I/NETDispatcher system."

Response:       Defendant Klein objects to this request because it seeks information that is not

within its possession, custody, or control.

9. Produce all documents including statements made by each Individual Defendant

or other person who has or may have Personal Knowledge related to Plaintiff's arrest or the

Incident, including, but not limited to, all scratch and other NYPD arrest processing paperwork,

and all e-mails, text messages, social media, and/or direct messages.

Response:       Defendant Klein objects to this request because it seeks information that is not

within its possession, custody, or control.

10. Produce all other documents created related to Plaintiff's arrest, detention, or

prosecution, including, but not limited to, all copies of Activity Log/Memo Book entries, Online

Booking System Arrest Report ("OLBS") Reports, Desk Appearance Ticket ("DAT") and

related investigation documents.

Response:       Defendant Klein objects to this request because it seeks information that is not

within its possession, custody, or control.

11. Produce all documents regarding or reflecting internal NYPD communications

related to Plaintiff or the Incident, including, but not limited to, all e-mails, text messages, phone

call logs and recordings, and other digital documents reflecting or regarding such internal NYPD

communications,

Response:        Defendant Klein objects to this request because it seeks information that is not
within its possession, custody, or control.

12. Produce all documents regarding or reflecting communications to or from any of
the Individual Defendants regarding Plaintiff or the Incident, between August of 2022 and the
present.

13. Produce a complete copy of all Command Log entries from the NYPD's 78th
Precinct on November 11, 2022.

Response:        Defendant Klein objects to this request because it seeks information that is not
within its possession, custody, or control.

14. Produce all other NYPD records reflecting the seizure, disposition of any property
seized from Plaintiff and/or related to the Incident, including, but not limited to, any Produce all
Property Clerk Invoices (PD 521-141) and other NYPD Property and Evidence Tracking System
("PETS") documents.

Response:        Defendant Klein objects to this request because it seeks information that is not
within its possession, custody, or control.

15. Produce the Online Prisoner Arraignment ("OLPA") Report regarding Plaintiff's
arrest and detention.

Response:        Defendant Klein objects to this request because it seeks information that is not
within its possession, custody, or control.

16. For each Individual Defendant, produce all documents provided by or on behalf
of that Individual Defendant to any prosecutor, including, but not limited to, a prosecutor from
the KCDA's Office, or court, related to Plaintiff or the Incident.

Response:        Defendant Klein objects to this request because it seeks information that is not
within its possession, custody, or control.

17. Produce all documents reflecting the nature, extent, timing, and contents of each

Individual Defendant's communications regarding Plaintiff or the Incident between 2022 and the

present, including, but not limited to, all texts, e-mails, and social media posts and messages.

18. Produce all documents reflecting communications between and among any other

employees or agents of Defendant City of New York regarding Plaintiff or the Incident.

Response:      Defendant Klein objects to this request because it seeks information that is not

within its possession, custody, or control.

19. Produce all documents reflecting statements made by each Individual Defendant

or any other person to a prosecutor, including, but not limited to, one from the KCDA's Office,

or court, related to Plaintiff or the Incident, including, but not limited to, e-mails, faxes,

notifications, and all other documents.

Response:      Defendant Klein objects to this request because it seeks information that is not

within its possession, custody, or control.

20. Produce all documents reflecting or including any other statements made by each

Individual Defendant or other witness related to Plaintiff or the Incident, including, but not

limited to, all texts, e-mails, and social media posts and messages.

Response:      Defendant Klein objects to this request because it seeks information that is not

within its possession, custody, or control.

21. Produce all documents provided by any Individual Defendant or NYPD member to a

prosecutor, including, but not limited to, one from the KCDA's Office, or court, related to

Plaintiff or the Incident.

Response:      Defendant Klein objects to this request because it seeks information that is not

within its possession, custody, or control.

22. Produce all other documents related to or reflecting communications between a prosecutor or

court and an Individual Defendant related to Plaintiff's prosecution.

Response:      Defendant Klein objects to this request because it seeks information that is not

within its possession, custody, or control.

23. Produce all documents reflecting or related to any decisions by a prosecutor or court to decline to prosecute, or to dismiss, any potential charges against Plaintiff, including, but not limited to, any communications regarding any such decision.

Response:        Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

24. Produce all demands for preservation or litigation holds received or created by the NYPD related to the Incident, including, but not limited to, any such demands or holds created by the NYPD's Legal Bureau.

Response:        Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

25. Produce all documents concerning any NYPD Civilian Complaint Review Board ("CCRB") complaint or investigation concerning the Incident, including, but not limited to, all such documents within the CCRB's care, custody, or control, including, but not limited to, the CCRB Complaint Report; CTS+ Logs; Closing Report; and all notes, underlying documents, and communications, including e-mails, related to each such complaint or investigation.

Response:        Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

26. Produce all documents concerning each NYPD Internal Affairs Bureau ("IAB") complaint or investigation concerning the Incident, including, but not limited to, all recordings of witness interviews or statements, and transcripts thereof, and all notes, Internal Case Management System ("ICMS") worksheets, logs, and attachments, and all underlying documents and communications, including e-mails, related to each such complaint or investigation.

Response:        Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

27. Produce all other documents related to any discipline recommended and/or ultimately imposed related to the Incident, including, but not limited to, all e-mails and other communications related to any Command Discipline recommended and imposed.

Response:       Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

28. Produce all documents concerning each Department of Investigation ("DOI") complaint or investigation concerning the Incident, including, but not limited to, all recordings of witness interviews or statements, and transcripts thereof, all notes, logs, and attachments, and all underlying documents and communications, including e-mails, related to each such complaint or investigation.

Response:       Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

29. Produce all documents concerning any other complaint received, or investigation or prosecution, whether actual or potential, concerning the Incident undertaken by the City of New York or any of its agencies.

Response:       Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

30. Produce all documents concerning any other complaint received, or investigation or prosecution – actual or potential - concerning the Incident undertaken by any County, State, Federal, or other entity, including, but not limited to, the KCDA's Office.

Response:       Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

31. Produce each Individual NYPD Defendant's NYPD Academy transcript.

Response:       Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

32. Produce each Individual NYPD Defendant's current NYPD Personnel Profile

Report – All History.

Response:       Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

33. Produce each Individual NYPD Defendant's current NYPD Central Personnel Index ("CPI") report.

Response:       Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

34. Produce each Individual NYPD Defendant's current NYPD IAB resume and all related NYPD documents, including communications and documents reflecting the ultimate disposition of each IAB complaint or investigation, whether created within the NYPD's IAB or otherwise.

Response:       Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

35. Produce each Individual NYPD Defendant's current CCRB history and all underlying CCRB documents, including communications and documents reflecting the ultimate disposition of each IAB complaint or investigation.

Response:       Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

36. Produce all documents concerning internal police disciplinary action, letters in the personnel file, command discipline A or B, charges and specifications, transfers, and/or warnings and admonishment against any of the Individual NYPD Defendants, including, but not limited to, any GO-15 statements.

Response:       Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

37. Produce each Individual NYPD Defendant's complete NYPD personnel file.

Response:        Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

38. Produce all documents reflecting any early intervention monitoring or force monitoring or NYPD or external monitoring any Individual NYPD Defendant has been subjected to during their time as a NYPD member.

Response:        Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

39. Produce all Risk Assessment Information Liability System ("RAILS") documents related to each Individual NYPD Defendant.

Response:        Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

40. Produce any notices of claim, 50-h transcripts and exhibits, pleadings, discovery requests and responses, deposition transcripts and exhibits, settlement agreements, and judgments from each civil lawsuit against each Individual Defendant identified in response to Interrogatory No. 17.

Response:        Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

41. Produce any criminal court complaints, documents reflecting the dates or events at court proceedings, transcripts of testimony or proceedings, certificates or other proof of disposition, related to each criminal proceeding against each Individual Defendant identified in response to Interrogatory No. 17.

Response:        Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

42. Produce all documents reflecting the training each Individual NYPD Defendant received, whether at the NYPD Academy or afterward, prior to August of 2022, whether at the NYPD

Academy or afterward, whomever and wherever from, including, but not limited to, any command-

level, in-service, executive level, or other training, related to the following topics:

a. the requirements under VTL § 402(a) and/or (b), 34 RCNY § 4-08(j)(2), or other

New York laws requiring that valid license plates must be properly and

conspicuously displayed and kept in a clean and readable condition;

b. probable cause to arrest and/or issue a C-Summons or Desk Appearance Ticket

("DAT") for violating VTL § 402(a) and/or (b), 34 RCNY § 4-08(j)(2), or other

New York laws requiring that valid license plates must be properly and

conspicuously displayed and kept in a clean and readable condition;

c. identifying illegally obscured, covered, or defaced license plates (so-called "ghost

plates") and/or so-called "ghost cars";

d. responding appropriately to such "ghost plates" once identified, including, but not

limited to, through prompt and meaningful investigation and, where warranted, by

issuing legal process and/or making arrests and/or taking other appropriate law

enforcement action;

e. probable cause to arrest and/or prosecute for committing Criminal Mischief under New York

Penal Law, including, but not limited to, under PL § 145.00(1); f. whether and under what

circumstances a NYPD member can detain, arrest, and/or issue a C-Summons or DAT to, a person

who illegally obscures or obstructs their license plate, including, but not limited to, whether a

NYPD member must personally observe such a violation of the law in order to detain, arrest,

and/or issue a C-Summons or DAT; g. responding appropriately to citizen complaints about

illegally obscured "ghost plates" including, but not limited to, through prompt and meaningful

investigation and, where warranted, by issuing legal process and/or making arrests and/or

taking other appropriate law enforcement action;

h. responding appropriately to citizen complaints about illegally obscured "ghost plates" in a

manner that protects the rights of those who complain about such illegally parked vehicles; and

i. A private person's right(s) to make complaints to police about illegal conduct; and

j. Police retaliation in violation First Amendment rights, including, but not limited

to, what constitutes such retaliation, and any prohibitions on such retaliation.

Response:        Defendant Klein objects to this request because it seeks information that is not

within its possession, custody, or control.

43. Produce all documents reflecting the substance of the training each Individual NYPD

Defendant received, if any, whether at the NYPD Academy or afterward, whomever and wherever

from, including, but not limited to, any command-level, in-service, executive level, or other

training, related to the topics in Document Request No. 42.

Response:        Defendant Klein objects to this request because it seeks information that is not

within its possession, custody, or control.

44. Produce all documents reflecting the NYPD's practices and policies that were in effect between

2020 and the present, related to the topics in Document Request No. 42, including, but not limited

to, any related NYPD Patrol Guide and Administrative Guide provisions, and any related NYPD

Legal Bureau or other guidance.

Response:        Defendant Klein objects to this request because it seeks information that is not

within its possession, custody, or control.

45. Produce all documents reflecting or relating to press conferences, press coverage, news clips,

social media postings, Internet links, related to the Incident gathered or maintained by or on behalf

of any Defendant, including, but not limited to, any gathered by the NYPD's Deputy

commissioner for Public Information ("DCPI"), Intelligence Division, Counterterrorism Bureau, or

otherwise.

Response:        Defendant Klein objects to this request because it seeks information that is not

within its possession, custody, or control.

46. Produce all documents reflecting or related to, or responding to, press inquiries,

press statements, and interviews related to the Incident.

Response:       Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

47. Produce all documents regarding the "NYPD and New York City Sheriff's Office's joint "crack down" on "ghost cars" and "robust ghost car enforcement initiative" described in ¶¶ 44 and 47-48 of the Complaint.

Response:       Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

48. Produce all documents regarding the "2022 Vehicle License Plates Working Group" and the work of the NYPD's patrol officers and "several City agencies – including the Sheriff's office"… "to crack down on obscured and illegal plates" in 2022 described in ¶¶ 44 and 47-48 of the Complaint.

Response:       Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

49. Produce all documents regarding or reflecting the nature and extent of any investigations undertaken by Defendant City related to the 59 incidents of "ghost plates" on the cars of police officers, firefighters, and other law enforcement personnel documented in Gersh Kuntzmann's Criminal Mischief Article and the "Criminal Mischief follow up sheet" described and linked to in ¶¶ 215-216 of the Complaint.

Response:       Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

50. Produce all documents to support to the claim made by a spokesperson from Defendant City to Gersh Kuntzman that "The relevant city agency will review each incident of alleged violations and evaluate them for potential disciplinary action" described in ¶ 223 of the Complaint.

Response:       Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

51. Produce all documents regarding the nature and extent of each investigation into the 13 documented incidents of NYPD members' and/or employees' using "ghost plates" in the Criminal Mischief follow up sheet ¶¶ 215-216 of the Complaint, *see id.* at ¶¶ 225 52. To the extent Defendant City investigated any of the other incidents documented in the Criminal Mischief follow up sheet described in the Complaint, produce all documents regarding the nature and extent of each such investigation, including, but not limited to, documents reflecting the outcome.

Response:     Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

53. Produce all documents reflecting the nature and extent of the 5,000 inspections related to NYPD sidewalk parking, bent plate, license covers, and parking violations referred to in ¶ 226 of the Complaint, as well as the results of any related complaints or investigations (including any Command Disciplines or other consequences resulting therefrom).

Response:     Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

54. Produce all documents regarding 311 complaints made by Plaintiff regarding motor vehicles that are illegally parked and/or that have defaced, obscured, fake, and missing license plates between 2020 and the present, and Defendant City's responses thereto.

Response:     Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

55. Produce all documents regarding or reflecting 311 or 911 complaints regarding "ghost plates" or "ghost vehicles" between 2020 and the present, and Defendant City's responses thereto.

Response:     Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

56. Produce all documents regarding the Defendant City's position as to its formal and/or informal relationship with the Rockaway Nassau Safety Patrol ("RNSP") and other "Shomrim" groups between 2022 and the present.

Response:      Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

57. Produce all documents, including e-mails, social media posts, and messages, regarding social events such as parties, barbeques, and other, similar events for NYPD and Shomrim members, including, but not limited to, such events with members of the NYPD's 78th,100th, and/or 101st Precincts, and/or the 4th Precinct National Council, the events described in ¶¶ 62 and 63 of the Complaint, and other such events.

Response:      Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

58. Produce all documents released by the NYPD, the CCRB, the Office of the Comptroller, or any other City agency pursuant to the Freedom of Information Law regarding Plaintiff or the Incident.

Response:      Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

59. Produce all documents received by defense counsel related to Plaintiff or the Incident pursuant to subpoena or to Plaintiff's authorization or Freedom of Information Law request or otherwise, along with copies of the request(s) made by the Law Department for such documents and any related correspondence.

Response:      Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

60. Produce all documents any Defendant intends to use at any deposition in this case, including for impeachment purposes.

Response:      Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

61. Produce all documents any Defendant intends to use at the time of trial, including for impeachment purposes.

Response:       Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

62. Produce all documents related to or reflecting requests by any Individual NYPD Defendant for representation and the City's responses thereto.

Response:       Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

63. Produce all documents related to or reflecting whether any Individual NYPD Defendant was acting under color of law and/or within the scope of his duty and/or employment related to the Incident.

Response:       Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

64. Produce all documents related to each Defendant's defenses.

Response:       Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

65. Produce all documents related to each and all of Defendant Klein's cross-claims, including, but not limited to, any agreements, correspondence, or other documents any crossclaim is based on.

Response:       Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

66. Produce all other documents related to the Incident that are not otherwise requested, or disclosed in response to the requests, above.

Response:       Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control. Defendant also objects that it is overbroad in scope seeking unspecified information.

## DOCUMENT REQUESTS TO DEFENDANT KLEIN ONLY

67. Produce all photographs and videos depicting the SUV, license plate, and license plate cover described in the Complaint between 2020 and the present.

Response:     See Attached as Response to Document Request 67

68. Produce all summonses, tickets, or other citations issued to Defendant Klein regarding running red lights, speeding, or failing to pay tolls, between 2010 and the present.

Response:     Defendant Klien objects to this Interrogatory because it seeks information that is private and sensitive, and not relevant to any party's claims or defenses, and therefore exceeds the scope of Federal Rule of Civil Procedure 26(b)(1).

On the same grounds, the Interrogatory is burdensome and not proportional to the needs of the case, considering that such discovery would have no value in resolving the issues in the case, but disclosing an unspecified period of would impose serious burdens on Defendant's privacy interests that would outweigh any potential benefit of disclosure to any issue in this litigation.

Defendant also objects that it is overbroad in time in seeking an unspecified period of time of information.

69. Produce all e-mails, texts, and social media posts and messages regarding Plaintiff, the incident, or this lawsuit between August of 2022 and the present.

Response:     Defendant Klien objects to this request to the extent that Defendant Klein is not in possession of any e-mails, texts, or social media posts and messages, in reference to this request.

70. Produce all documents regarding or reflecting any of Defendant Klein's communications regarding Plaintiff or the Incident between August of 2022 and the present, including, but not limited to, any such communications with any prosecutor from the KCDA's Office, including, but not limited to, any e-mails, texts, voicemail messages, or other documents.

Response:     Defendant Klein objects to the Interrogatory as unduly burdensome in that it may refer to oral communications that were not recorded electronically or otherwise, including because information about such oral communications is more readily obtained through other means, such as

through deposition testimony. In response, Defendant Klein communicated with the KCDA's office, however Defendant Sholem is not in possession of any documents reflecting such communications.

71. Produce all documents reflecting Defendant Klein's role and/or status in the Rockaway Nassau Safety Patrol ("RNSP") between 2010 and the present.

Response:       Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

## DEMAND TO INSPECT

72. Plaintiff demands to inspect the license plate described in the Complaint.

Response:       Defendant Klein is no longer in possession of the vehicle with the license plates as described in the Complaint. The vehicle was a leased vehicle which was returned to the dealer.

73. Plaintiff demands to inspect the license plate cover described in the Complaint.

Response:       Defendant Klein is no longer in possession of the vehicle with the license plates as described in the Complaint. The vehicle was a leased vehicle which was returned to the dealer.

74. Plaintiff demands to inspect the piece of plastic described in the Complaint.

Defendant Klein is no longer in possession of the vehicle with the license plates as described in the Complaint. The vehicle was a leased vehicle which was returned to the dealer.

75. Plaintiff demands to inspect any and all property seized by the NYPD related to the Incident.

Response: Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

**Dated:** Richmond Hill, New York
        October 17, 2023

Law Office of Hector M. Roman, P.C.
Hector M. Roman, Esq

By:     *Hector Roman*
        _____
        Hector M. Roman (HR3196)
        Attorneys for DEFENDANT KLEIN
        108-14 Jamaica Ave
        Richmond Hill, NY 11418
        Tel: 718.533.8444
        Fax: 718.732.2151

## VERIFICATION OF SUBSTANTIVE INTERROGATORY RESPONSES, DOCUMENT REQUESTS, AND DEMAND TO INSPECT

I, Sholem Klein, hereby declare under penalty of perjury that the following is true and correct: I have read the answers to the interrogatories, document requests, and demands to inspect above and they are true and correct to the best of my knowledge, information, and belief, except as to any objections interposed by counsel and any matters stated therein to be upon information and belief, and as to those matters I believe them to be true.

Dated: March 18, 2024

_____
Sholem Klein

**RESPONSE TO DOCUMENT REQUEST (#1 and #3)**

















**RESPONSE TO DOCUMENT REQUEST FROM KLEIN ONLY (#67)**





EXHIBIT 3

Hector Roman, Esq
Law Office of Hector M. Roman, P.C.
108-14 Jamaica Avenue
Richmond Hill, NY 11418
(718) 533-8444
hroman@roman-law.org
Attorney for DEFENDANT SHOLEM KLEIN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------------X

ADAM D. WHITE.,                                                    Civ. No.: 1:23-cv-6924

                                         Plaintiff(s),

          v.

SHOLEM KLEIN, THE CITY OF NEW YOK, NEW YORK
CITY POLICE DEPARTMENT ("NYPD") SERGEANT
LEIGHTON BARRETT, NYPD SERGEANT KURT KLENKE,
NYPD OFFICER AHMED ALI, NYPD OFFICER PALAKPREET
KAUR, NYPD OFFICER ADMAM PHILLIPS, NYPD OFFICER
CARLOS REBOLLEDOCORTES, and NYPD OFFICER IKRAM
ULLAH,

                                         Defendant(s)
-----------------------------------------------------------------------------------X

## DEFENDANT KLEIN RESPONSES TO PLAINTIFF'S
## INTERROGATORIES AND DOCUMENT REQUESTS

### GENERAL OBJECTIONS

1.      Defendants object to each instruction, definition, and document request to the extent that

it purports to impose any requirement or discovery obligation greater than or different from those

under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Defendants object to each document request that is overly broad, unduly burdensome, or

not reasonably calculated to lead to the discovery of admissible evidence.

3.      Defendants object to each definition, instruction, and document requests, to the extent

that it seeks documents protected from disclosure by the attorney-client privilege, deliberative

process privilege, attorney work product doctrine, or any other applicable privilege. Should any

such disclosure by Defendant occur, it is inadvertent and shall not constitute a waiver of any

privilege.

4.        Defendants object to each definition, instruction, and document request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to Plaintiff from Plaintiff's own files or documents that Plaintiff previously produced to Defendant. Responding to such requests would be oppressive, unduly burdensome and unnecessarily expensive, and the burden of responding to such requests is substantially the same or less for Plaintiff as for Defendant.

5.        To the extent any of Plaintiff's document requests seek documents that include expert material, including but not limited to survey materials, Defendant objects to any such requests as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports to be determined by the Court.

6.        Defendants incorporate by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Defendant does not waive its right to amend its responses.

## RESPONSES TO PLAINTIFF'S INTERROGATORIES

1.        Identify each person who has Personal Knowledge regarding Plaintiff's conduct on August 5, 2022 with respect to Defendant Sholem Klein.

Response:        Sholem Klein.

2.        Identify each person who has Personal Knowledge regarding Plaintiff's conduct on November 11, 2022 leading up to Plaintiff's arrest, including, but not limited to, any such conduct that any Defendant claims gave rise to, or contributed to, probable cause or justification to use force on, arrest, or prosecute Plaintiff.

Response:     Sholem Klein.

3.      Identify each law, statute, code provision, order, regulation, or other ground that any

Defendant claims gave rise to, or contributed to, probable cause to arrest Plaintiff.

Response:     Defendant Klein objects to this Interrogatory because it seeks information that is not

within its possession, custody, or control.

4.      Identify each person who determined, or participated in the determination, that Plaintiff

should be arrested.

Response:     Defendant Klein objects to this Interrogatory because it seeks information that is not

within its possession, custody, or control.  Generally, NYPD.  Individual NYPD agents names,

while provided are unknown to the Defendant Klein.

5.      Identify each person who placed Plaintiff in handcuffs.

Response:     Defendant Klein objects in part to the interrogatory to the extent that Defendant

Klein did not arrest Plaintiff White.

Response:     Generally, NYPD.  Individual NYPD agents names, while provided by Plaintiff's

initial disclosures are unknown to the Defendant Klein.

6.      Identify each person who used physical force in any manner on Plaintiff on November 11,

2022 prior to or in connection with Plaintiff's arrest.

Response:     Defendant Klein objects in part to the interrogatory to the extent that Defendant

Klein did not arrest Plaintiff White.

Response:     None.

7.      Identify each person who decided, or participated in deciding, whether Plaintiff would be

processed for release with a C-Summons or Desk Appearance Ticket, or for arraignment.

Response:     Defendant Klein objects in part to the interrogatory to the extent that Defendant

Klein does not have personal knowledge of this information.

8.      Identify each person who has Personal Knowledge related to Plaintiff's detention from

arrest to release, including, but not limited to, each step of Plaintiff's arrest processing.

Response:     Defendant Klein objects in part to the interrogatory to the extent that Defendant
Klein does not have personal knowledge of this information.

9.     Identify each NYPD agent who assisted in or supervised the Individual NYPD Defendants'
creation of arrest processing documents related to the Incident, including, but not limited to,
Activity Log/Memo Book entries, Online Booking System Arrest Report ("OLBS") Reports,
Property Voucher(s), Desk Appearance Ticket ("DAT") and related investigation documents, and
all other arrest processing documents.

Response:     Defendant Klein objects in part to the interrogatory to the extent that Defendant
Klein did not arrest Plaintiff White and does not have any personal knowledge thereof.

10. For each Individual NYPD Defendant who was involved in processing Plaintiff's arrest,
identify each NYPD agent with whom that Individual Defendant consulted in creating arrest
processing paperwork related to the Protest.

Response:     Defendant Klein objects in part to the interrogatory to the extent that Defendant
Klein did not arrest Plaintiff White and does not have any personal knowledge thereof.

11.     For each Individual NYPD Defendant who consulted with a NYPD Legal Bureau
attorney in connection with Plaintiff's arrest, arrest processing, or prosecution, identify each such
NYPD Legal Bureau attorney.

Response:     Defendant Klein objects in part to the interrogatory to the extent that Defendant
Klein did not arrest Plaintiff White and does not have any personal knowledge thereof.

12.     Identify each person with whom Defendant Sholem Klein communicated regarding
Plaintiff or the Incident between 2022 and the present, and all documents regarding or
reflecting such communications.

Response:     Kings County District Attorney's Office.  Defendant Sholem does not recall any
specific individual at the Kings County District Attorney's Office. Defendant Sholem is not in
possession of any documents reflecting such communications.

13.     Identify each Individual NYPD Defendant who communicated with Defendant Sholem Klein regarding Plaintiff or the Incident between 2022 and the present, and all documents regarding or reflecting such communications.

Response:      Defendant Klein cannot recall or identify each individual NYPD Defendant who communicated with Defendant Klein regarding Plaintiff or the Incident between 2022 and the present.  Defendant Sholem is not in possession custody or control of any documents reflecting such communications.

14.     For each Individual Defendant who communicated with Office of the Kings County District Attorney (the "KCDA's Office") regarding Plaintiff or the Incident between 2022 and the present, identify each such communication and all documents regarding or reflecting each such communication.

Response:      Defendant Klein objects to the Interrogatory as unduly burdensome in that it may refer to oral communications that were not recorded electronically or otherwise, including because information about such oral communications is more readily obtained through other means, such as through deposition testimony. In response,  Defendant Klein communicated with the KCDA's office, however Defendant Sholem is not in possession of any documents reflecting such communications.

15.     Identify each statement (including, but not limited to, communications such as emails, text messages, and social media posts and messages) made by each Individual Defendant regarding Plaintiff or the Incident between 2022 and the present, and all documents regarding or reflecting such communications.

Response:      Defendant Klein does not have any communications or documents, as referenced.

16.     Identify all other documents (including, but not limited to, communications such as e-mails, text messages, and social media posts and messages) regarding Plaintiff or the Incident between 2022 and the present.

Response:      Defendant Klein does not have any communications or documents, as referenced.

17.    Identify by caption, venue, and docket number each legal proceeding in which an

Individual Defendant was alleged to have engaged in abuse of their lawful authority, false

swearing, or violation of any federal or state constitutional right or criminal law.

Response:    United States v. Jacobowitz (1:03-mj-01253)

## INTERROGATORIES TO DEFENDANT KLEIN ONLY

18.    Identify the exact manufacturer, make or model number, and type of the license

plate cover described in the Complaint.

Response:    Defendant Klein obtained the vehicle at a Chevy Dealer in Monroe County, NY in

2019. The Vehicle is a 2019 Chevy Tahoe.  The license plate cover came stock from the

dealership.  No modifications to the license plate cover was made or purchased.

19.    State the date on which Defendant Klein obtained the license plate cover described in the

Complaint.

Response:    Defendant Klein obtained the vehicle at a Chevy Dealer in Monroe County, NY in

2019. The Vehicle is a 2019 Chevy Tahoe.  The license plate cover came stock from the

dealership. No modifications to the license plate cover was made or purchased.

20.    State the exact manner in which Mr. White allegedly damaged Defendant Klein's

property on August 5, 2022.

Response:    The Plaintiff used his hands or a tool on his person to break and damage the license

plate cover.

21.    State the exact manner in which Mr. White allegedly damaged Defendant Klein's

property on November 11, 2022.

Response:    The Plaintiff used his hands or a tool on his person to break and damage the license

plate cover.

22.    Identify all summonses, tickets, or other citations issued to Defendant Klein

Response:     Defendant Klien objects to this Interrogatory because it seeks information that is private and sensitive, and not relevant to any party's claims or defenses, and therefore exceeds the scope of Federal Rule of Civil Procedure 26(b)(1).

On the same grounds, the Interrogatory is burdensome and not proportional to the needs of the case, considering that such discovery would have no value in resolving the issues in the case, but disclosing an unspecified period of would impose serious burdens on Defendant's privacy interests that would outweigh any potential benefit of disclosure to any issue in this litigation.

Defendant also objects that it is overbroad in time in seeking an unspecified period of time of information.

## DOCUMENT REQUESTS

1.     Produce all documents identified or consulted in responding to the interrogatories above.

Response:     See Attached as Response to Document Request 1 and 3.

2.     Produce all videos related to Plaintiff's arrest or to the Incident, including, but not limited to, all:

a. NYPD body-worn camera footage, including, but not limited to, such footage from each Individual NYPD Defendant and every NYPD member within 30' of each Individual NYPD Defendant who created such footage related to the Incident, along with all related audit trails and metadata;

b. "ARGUS" footage;

c. New York City Department of Transportation ("NYCDOT") footage; and

d. All other video footage in Defendants' care, custody, or control.

Response: Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

3. Produce all photographs related to the Incident depicting Plaintiff or an Individual NYPD Defendant or created in connection with or that relates to or concerns Plaintiff's arrest, pre-arrest conduct, arrest processing, or prosecution, including, but not limited to, all:

a. Arrest photographs, whether taken at the scene of the arrest or other NYPD location, or otherwise;

b. Prisoner movement slips; and

c. All other photographs.

See Attached as Response to Document Request 1 and 3.

4. Produce all recorded (including NYPD) communications related to Plaintiff's arrest or the Incident, including, but not limited to:

a. 911 calls related to the Incident, and all documents related to responses thereto;

b. 311 calls related to the Incident, and all documents related to responses thereto;

c. Internal NYPD communications on Citywide and other dedicated NYPD channels related to the Incident; and

d. Texts, e-mails, and other digitally recorded communications related to Plaintiff or the Incident.

Response: Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

5. Produce all SPRINT reports related to the Incident.

Response: Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

6. Produce all Event Chronologies and Event Summaries related to the Incident.

Response: Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

7. Produce all ICAD Chronologies and reports related to the Incident.

Response:      Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

8. Produce documents sufficient to interpret any NYPD codes included in any SPRINT reports, ICAD chronologies and reports, and event chronologies, including, but not limited to, any NYPD or other agency training manuals related to using and understanding such reports, such as user manuals or training materials related to the "I/NETDispatcher system."

Response:      Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

9. Produce all documents including statements made by each Individual Defendant or other person who has or may have Personal Knowledge related to Plaintiff's arrest or the Incident, including, but not limited to, all scratch and other NYPD arrest processing paperwork, and all e-mails, text messages, social media, and/or direct messages.

Response:      Defendant Klein hast no responsive information or documents in his care, custody, or control.

10. Produce all other documents created related to Plaintiff's arrest, detention, or prosecution, including, but not limited to, all copies of Activity Log/Memo Book entries, Online Booking System Arrest Report ("OLBS") Reports, Desk Appearance Ticket ("DAT") and related investigation documents.

Response:      Defendant Klein hast no responsive information or documents in his care, custody, or control.

11. Produce all documents regarding or reflecting internal NYPD communications related to Plaintiff or the Incident, including, but not limited to, all e-mails, text messages, phone call logs and recordings, and other digital documents reflecting or regarding such internal NYPD communications,

Response:      Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

12. Produce all documents regarding or reflecting communications to or from any of the Individual Defendants regarding Plaintiff or the Incident, between August of 2022 and the present.

Response: Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

13. Produce a complete copy of all Command Log entries from the NYPD's 78th Precinct on November 11, 2022.

Response:     Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

14. Produce all other NYPD records reflecting the seizure, disposition of any property seized from Plaintiff and/or related to the Incident, including, but not limited to, any Produce all Property Clerk Invoices (PD 521-141) and other NYPD Property and Evidence Tracking System ("PETS") documents.

Response:     Defendant Klein hast no responsive information or documents in his care, custody, or control.

15. Produce the Online Prisoner Arraignment ("OLPA") Report regarding Plaintiff's arrest and detention.

Response:     Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

16. For each Individual Defendant, produce all documents provided by or on behalf of that Individual Defendant to any prosecutor, including, but not limited to, a prosecutor from the KCDA's Office, or court, related to Plaintiff or the Incident.

Response:     Defendant Klein hast no responsive information or documents in his care, custody, or control.

17. Produce all documents reflecting the nature, extent, timing, and contents of each Individual Defendant's communications regarding Plaintiff or the Incident between 2022 and the

present, including, but not limited to, all texts, e-mails, and social media posts and messages.

Response: Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

18. Produce all documents reflecting communications between and among any other employees or agents of Defendant City of New York regarding Plaintiff or the Incident.

Response:      Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

19. Produce all documents reflecting statements made by each Individual Defendant or any other person to a prosecutor, including, but not limited to, one from the KCDA's Office, or court, related to Plaintiff or the Incident, including, but not limited to, e-mails, faxes, notifications, and all other documents.

Response:      Defendant Klein hast no responsive information or documents in his care, custody, or control.

20. Produce all documents reflecting or including any other statements made by each Individual Defendant or other witness related to Plaintiff or the Incident, including, but not limited to, all texts, e-mails, and social media posts and messages.

Response:      Defendant Klein hast no responsive information or documents in his care, custody, or control.

21. Produce all documents provided by any Individual Defendant or NYPD member to a prosecutor, including, but not limited to, one from the KCDA's Office, or court, related to Plaintiff or the Incident.

Response:      Defendant Klein hast no responsive information or documents in his care, custody, or control.

22. Produce all other documents related to or reflecting communications between a prosecutor or court and an Individual Defendant related to Plaintiff's prosecution.

Response:     Defendant Klein hast no responsive information or documents in his care, custody, or control.

23. Produce all documents reflecting or related to any decisions by a prosecutor or court to decline to prosecute, or to dismiss, any potential charges against Plaintiff, including, but not limited to, any communications regarding any such decision.

Response:     Defendant Klein hast no responsive information or documents in his care, custody, or control.

24. Produce all demands for preservation or litigation holds received or created by the NYPD related to the Incident, including, but not limited to, any such demands or holds created by the NYPD's Legal Bureau.

Response:     Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

25. Produce all documents concerning any NYPD Civilian Complaint Review Board ("CCRB") complaint or investigation concerning the Incident, including, but not limited to, all such documents within the CCRB's care, custody, or control, including, but not limited to, the CCRB Complaint Report; CTS+ Logs; Closing Report; and all notes, underlying documents, and communications, including e-mails, related to each such complaint or investigation.

Response:     Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

26. Produce all documents concerning each NYPD Internal Affairs Bureau ("IAB") complaint or investigation concerning the Incident, including, but not limited to, all recordings of witness interviews or statements, and transcripts thereof, and all notes, Internal Case Management System ("ICMS") worksheets, logs, and attachments, and all underlying documents and communications, including e-mails, related to each such complaint or investigation.

Response:     Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

27. Produce all other documents related to any discipline recommended and/or ultimately imposed related to the Incident, including, but not limited to, all e-mails and other communications related to any Command Discipline recommended and imposed.

Response:    Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

28. Produce all documents concerning each Department of Investigation ("DOI") complaint or investigation concerning the Incident, including, but not limited to, all recordings of witness interviews or statements, and transcripts thereof, all notes, logs, and attachments, and all underlying documents and communications, including e-mails, related to each such complaint or investigation.

Response:    Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

29. Produce all documents concerning any other complaint received, or investigation or prosecution, whether actual or potential, concerning the Incident undertaken by the City of New York or any of its agencies.

Response:    Defendant Klein hast no responsive information or documents in his care, custody, or control.

30. Produce all documents concerning any other complaint received, or investigation or prosecution – actual or potential - concerning the Incident undertaken by any County, State, Federal, or other entity, including, but not limited to, the KCDA's Office.

Response:    Defendant Klein hast no responsive information or documents in his care, custody, or control.

31. Produce each Individual NYPD Defendant's NYPD Academy transcript.

Response:    Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

32. Produce each Individual NYPD Defendant's current NYPD Personnel Profile

Report – All History.

Response: Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

33. Produce each Individual NYPD Defendant's current NYPD Central Personnel Index ("CPI") report.

Response: Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

34. Produce each Individual NYPD Defendant's current NYPD IAB resume and all related NYPD documents, including communications and documents reflecting the ultimate disposition of each IAB complaint or investigation, whether created within the NYPD's IAB or otherwise.

Response: Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

35. Produce each Individual NYPD Defendant's current CCRB history and all underlying CCRB documents, including communications and documents reflecting the ultimate disposition of each IAB complaint or investigation.

Response: Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

36. Produce all documents concerning internal police disciplinary action, letters in the personnel file, command discipline A or B, charges and specifications, transfers, and/or warnings and admonishment against any of the Individual NYPD Defendants, including, but not limited to, any GO-15 statements.

Response: Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

37. Produce each Individual NYPD Defendant's complete NYPD personnel file.

Response: Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

38. Produce all documents reflecting any early intervention monitoring or force monitoring or NYPD or external monitoring any Individual NYPD Defendant has been subjected to during their time as a NYPD member.

Response: Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

39. Produce all Risk Assessment Information Liability System ("RAILS") documents related to each Individual NYPD Defendant.

Response: Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

40. Produce any notices of claim, 50-h transcripts and exhibits, pleadings, discovery requests and responses, deposition transcripts and exhibits, settlement agreements, and judgments from each civil lawsuit against each Individual Defendant identified in response to Interrogatory No. 17.

Response: Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

41. Produce any criminal court complaints, documents reflecting the dates or events at court proceedings, transcripts of testimony or proceedings, certificates or other proof of disposition, related to each criminal proceeding against each Individual Defendant identified in response to Interrogatory No. 17.

Response: Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

42. Produce all documents reflecting the training each Individual NYPD Defendant received, whether at the NYPD Academy or afterward, prior to August of 2022, whether at the NYPD

Academy or afterward, whomever and wherever from, including, but not limited to, any command-level, in-service, executive level, or other training, related to the following topics:

a. the requirements under VTL § 402(a) and/or (b), 34 RCNY § 4-08(j)(2), or other New York laws requiring that valid license plates must be properly and conspicuously displayed and kept in a clean and readable condition;

b. probable cause to arrest and/or issue a C-Summons or Desk Appearance Ticket ("DAT") for violating VTL § 402(a) and/or (b), 34 RCNY § 4-08(j)(2), or other New York laws requiring that valid license plates must be properly and conspicuously displayed and kept in a clean and readable condition;

c. identifying illegally obscured, covered, or defaced license plates (so-called "ghost plates") and/or so-called "ghost cars";

d. responding appropriately to such "ghost plates" once identified, including, but not limited to, through prompt and meaningful investigation and, where warranted, by issuing legal process and/or making arrests and/or taking other appropriate law enforcement action;

e. probable cause to arrest and/or prosecute for committing Criminal Mischief under New York Penal Law, including, but not limited to, under PL § 145.00(1); f. whether and under what circumstances a NYPD member can detain, arrest, and/or issue a C-Summons or DAT to, a person who illegally obscures or obstructs their license plate, including, but not limited to, whether a NYPD member must personally observe such a violation of the law in order to detain, arrest, and/or issue a C-Summons or DAT; g. responding appropriately to citizen complaints about illegally obscured "ghost plates" including, but not limited to, through prompt and meaningful investigation and, where warranted, by issuing legal process and/or making arrests and/or taking other appropriate law enforcement action;

h. responding appropriately to citizen complaints about illegally obscured "ghost plates" in a manner that protects the rights of those who complain about such illegally parked vehicles; and

i. A private person's right(s) to make complaints to police about illegal conduct; and

j. Police retaliation in violation First Amendment rights, including, but not limited

to, what constitutes such retaliation, and any prohibitions on such retaliation.

Response:     Defendant Klein objects to this request because it seeks information that is not

within its possession, custody, or control.

43. Produce all documents reflecting the substance of the training each Individual NYPD

Defendant received, if any, whether at the NYPD Academy or afterward, whomever and wherever

from, including, but not limited to, any command-level, in-service, executive level, or other

training, related to the topics in Document Request No. 42.

Response:     Defendant Klein objects to this request because it seeks information that is not

within its possession, custody, or control.

44. Produce all documents reflecting the NYPD's practices and policies that were in effect between

2020 and the present, related to the topics in Document Request No. 42, including, but not limited

to, any related NYPD Patrol Guide and Administrative Guide provisions, and any related NYPD

Legal Bureau or other guidance.

Response:     Defendant Klein objects to this request because it seeks information that is not

within its possession, custody, or control.

45. Produce all documents reflecting or relating to press conferences, press coverage, news clips,

social media postings, Internet links, related to the Incident gathered or maintained by or on behalf

of any Defendant, including, but not limited to, any gathered by the NYPD's Deputy

commissioner for Public Information ("DCPI"), Intelligence Division, Counterterrorism Bureau, or

otherwise.

Response:     Defendant Klein objects to this request because it seeks information that is not

within its possession, custody, or control.

46. Produce all documents reflecting or related to, or responding to, press inquiries,

press statements, and interviews related to the Incident.

Response:     Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

47. Produce all documents regarding the "NYPD and New York City Sheriff's Office's joint "crack down" on "ghost cars" and "robust ghost car enforcement initiative" described in ¶¶ 44 and 47-48 of the Complaint.

Response:     Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

48. Produce all documents regarding the "2022 Vehicle License Plates Working Group" and the work of the NYPD's patrol officers and "several City agencies – including the Sheriff's office"… "to crack down on obscured and illegal plates" in 2022 described in ¶¶ 44 and 47-48 of the Complaint.

Response:     Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

49. Produce all documents regarding or reflecting the nature and extent of any investigations undertaken by Defendant City related to the 59 incidents of "ghost plates" on the cars of police officers, firefighters, and other law enforcement personnel documented in Gersh Kuntzmann's Criminal Mischief Article and the "Criminal Mischief follow up sheet" described and linked to in ¶¶ 215-216 of the Complaint.

Response:     Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

50. Produce all documents to support to the claim made by a spokesperson from Defendant City to Gersh Kuntzmann that "The relevant city agency will review each incident of alleged violations and evaluate them for potential disciplinary action" described in ¶ 223 of the Complaint.

Response:     Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

51. Produce all documents regarding the nature and extent of each investigation into the 13 documented incidents of NYPD members' and/or employees' using "ghost plates" in the Criminal Mischief follow up sheet ¶¶ 215-216 of the Complaint, *see id.* at ¶¶ 225 52. To the extent Defendant City investigated any of the other incidents documented in the Criminal Mischief follow up sheet described in the Complaint, produce all documents regarding the nature and extent of each such investigation, including, but not limited to, documents reflecting the outcome.

Response:     Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

53. Produce all documents reflecting the nature and extent of the 5,000 inspections related to NYPD sidewalk parking, bent plate, license covers, and parking violations referred to in ¶ 226 of the Complaint, as well as the results of any related complaints or investigations (including any Command Disciplines or other consequences resulting therefrom).

Response:     Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

54. Produce all documents regarding 311 complaints made by Plaintiff regarding motor vehicles that are illegally parked and/or that have defaced, obscured, fake, and missing license plates between 2020 and the present, and Defendant City's responses thereto.

Response:     Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

55. Produce all documents regarding or reflecting 311 or 911 complaints regarding "ghost plates" or "ghost vehicles" between 2020 and the present, and Defendant City's responses thereto.

Response:     Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

56. Produce all documents regarding the Defendant City's position as to its formal and/or informal relationship with the Rockaway Nassau Safety Patrol ("RNSP") and other "Shomrim" groups between 2022 and the present.

Response:     Defendant Klein hast no responsive information or documents in his care, custody, or control. The Defendant reserves the right to supplement this response if and when responsive information or documents related to this request come into Defendant Klein's possession.

57. Produce all documents, including e-mails, social media posts, and messages, regarding social events such as parties, barbeques, and other, similar events for NYPD and Shomrim members, including, but not limited to, such events with members of the NYPD's 78th,100th, and/or 101st Precincts, and/or the 4th Precinct National Council, the events described in ¶¶ 62 and 63 of the Complaint, and other such events.

Response:     Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

58. Produce all documents released by the NYPD, the CCRB, the Office of the Comptroller, or any other City agency pursuant to the Freedom of Information Law regarding Plaintiff or the Incident.

Response:     Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

59. Produce all documents received by defense counsel related to Plaintiff or the Incident pursuant to subpoena or to Plaintiff's authorization or Freedom of Information Law request or otherwise, along with copies of the request(s) made by the Law Department for such documents and any related correspondence.

Response:     Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

60. Produce all documents any Defendant intends to use at any deposition in this case, including for impeachment purposes.

Response:     Defendant Klein hast no responsive information or documents in his care, custody, or control. The Defendant reserves the right to supplement this response if and when responsive information or documents related to this request come into Defendant Klein's possession.

61. Produce all documents any Defendant intends to use at the time of trial, including for impeachment purposes.

Response:     Defendant Klein hast no responsive information or documents in his care, custody, or control. The Defendant reserves the right to supplement this response if and when responsive information or documents related to this request come into Defendant Klein's possession.

62. Produce all documents related to or reflecting requests by any Individual NYPD Defendant for representation and the City's responses thereto.

Response:     Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

63. Produce all documents related to or reflecting whether any Individual NYPD Defendant was acting under color of law and/or within the scope of his duty and/or employment related to the Incident.

Response:     Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

64. Produce all documents related to each Defendant's defenses.

Response:     Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

65. Produce all documents related to each and all of Defendant Klein's cross-claims, including, but not limited to, any agreements, correspondence, or other documents any crossclaim is based on.

Response:     Defendant Klein hast no responsive information or documents in his care, custody, or control. The Defendant reserves the right to supplement this response if and when responsive information or documents related to this request come into Defendant Klein's possession.

66. Produce all other documents related to the Incident that are not otherwise requested, or disclosed in response to the requests, above.

Response:     Defendant Klein hast no responsive information or documents in his care, custody, or control.

## DOCUMENT REQUESTS TO DEFENDANT KLEIN ONLY

67. Produce all photographs and videos depicting the SUV, license plate, and license plate cover described in the Complaint between 2020 and the present.

Response:     See Attached as Response to Document Request 67

68. Produce all summonses, tickets, or other citations issued to Defendant Klein regarding running red lights, speeding, or failing to pay tolls, between 2010 and the present.

Response:     Defendant Klien objects to this Interrogatory because it seeks information that is private and sensitive, and not relevant to any party's claims or defenses, and therefore exceeds the scope of Federal Rule of Civil Procedure 26(b)(1).

On the same grounds, the Interrogatory is burdensome and not proportional to the needs of the case, considering that such discovery would have no value in resolving the issues in the case, but disclosing an unspecified period of would impose serious burdens on Defendant's privacy interests that would outweigh any potential benefit of disclosure to any issue in this litigation.

Defendant also objects that it is overbroad in time in seeking an unspecified period of time of information.

69. Produce all e-mails, texts, and social media posts and messages regarding Plaintiff, the incident, or this lawsuit between August of 2022 and the present.

Response:     Defendant Klein hast no responsive information or documents in his care, custody, or control.

70. Produce all documents regarding or reflecting any of Defendant Klein's communications regarding Plaintiff or the Incident between August of 2022 and the present, including, but not limited to, any such communications with any prosecutor from the KCDA's Office, including, but not limited to, any e-mails, texts, voicemail messages, or other documents.

Response:     Defendant Klein objects to the Interrogatory as unduly burdensome in that it may refer

to oral communications that were not recorded electronically or otherwise, including because information about such oral communications is more readily obtained through other means, such as through deposition testimony. In response, Defendant Klein communicated with the KCDA's office, however Defendant Sholem is not in possession of any documents reflecting such communications.

71. Produce all documents reflecting Defendant Klein's role and/or status in the Rockaway Nassau Safety Patrol ("RNSP") between 2010 and the present.

Response: Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

## DEMAND TO INSPECT

72. Plaintiff demands to inspect the license plate described in the Complaint.

Response: Defendant Klein is no longer in possession of the vehicle with the license plates as described in the Complaint. The vehicle was a leased vehicle which was returned to the dealer.

73. Plaintiff demands to inspect the license plate cover described in the Complaint.

Response: Defendant Klein is no longer in possession of the vehicle with the license plates as described in the Complaint. The vehicle was a leased vehicle which was returned to the dealer.

74. Plaintiff demands to inspect the piece of plastic described in the Complaint.

Defendant Klein is no longer in possession of the vehicle with the license plates as described in the Complaint. The vehicle was a leased vehicle which was returned to the dealer.

75. Plaintiff demands to inspect any and all property seized by the NYPD related to the Incident.

Response: Defendant Klein objects to this request because it seeks information that is not within its possession, custody, or control.

**Dated:** Richmond Hill, New York
       March 26, 2024

Law Office of Hector M. Roman, P.C.
Hector M. Roman, Esq

By:     *Hector Roman*
            Hector M. Roman (HR3196)
            Attorneys for DEFENDANT KLEIN

108-14 Jamaica Ave
Richmond Hill, NY 11418
Tel: 718.533.8444
Fax: 718.732.2151
Email: hroman@roman-law.org

## VERIFICATION OF SUBSTANTIVE INTERROGATORY RESPONSES, DOCUMENT REQUESTS, AND DEMAND TO INSPECT

I, Sholem Klein, hereby declare under penalty of perjury that the following is true and correct: I have read the answers to the interrogatories, document requests, and demands to inspect above and they are true and correct to the best of my knowledge, information, and belief, except as to any objections interposed by counsel and any matters stated therein to be upon information and belief, and as to those matters I believe them to be true.

Dated: March 26, 2024

_____
Sholem Klein

**RESPONSE TO DOCUMENT REQUEST (#1 and #3)**

















**RESPONSE TO DOCUMENT REQUEST FROM KLEIN ONLY (#67)**





# EXHIBIT 4

Hector Roman, Esq
Law Office of Hector M. Roman, P.C.
108-14 Jamaica Avenue
Richmond Hill, NY 11418
(718) 533-8444
hroman@roman-law.org
Attorney for DEFENDANT SHOLEM KLEIN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------X

ADAM D. WHITE.,                                                            Civ. No.: 1:23-cv-6924

       v.                                          Plaintiff(s),

SHOLEM KLEIN, THE CITY OF NEW YOK, NEW YORK
CITY POLICE DEPARTMENT ("NYPD") SERGEANT
LEIGHTON BARRETT, NYPD SERGEANT KURT KLENKE,
NYPD OFFICER AHMED ALI, NYPD OFFICER PALAKPREET
KAUR, NYPD OFFICER ADMAM PHILLIPS, NYPD OFFICER
CARLOS REBOLLEDOCORTES, and NYPD OFFICER IKRAM
ULLAH,

                                     Defendant(s)
------------------------------------------------------------------------------------X

## DEFENDANT KLEIN RESPONSES TO PLAINTIFF'S
## REQUESTS AFTER KLEIN'S DEPOSITION

### GENERAL OBJECTIONS

1.    Defendants object to each instruction, definition, and document request to the extent that

it purports to impose any requirement or discovery obligation greater than or different from those

under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.    Defendants object to each document request that is overly broad, unduly burdensome, or

not reasonably calculated to lead to the discovery of admissible evidence.

3.    Defendants object to each definition, instruction, and document requests, to the extent

that it seeks documents protected from disclosure by the attorney-client privilege, deliberative

process privilege, attorney work product doctrine, or any other applicable privilege. Should any

such disclosure by Defendant occur, it is inadvertent and shall not constitute a waiver of any

privilege.

4. Defendants object to each definition, instruction, and document request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to Plaintiff from Plaintiff's own files or documents that Plaintiff previously produced to Defendant. Responding to such requests would be oppressive, unduly burdensome and unnecessarily expensive, and the burden of responding to such requests is substantially the same or less for Plaintiff as for Defendant.

5. To the extent any of Plaintiff's document requests seek documents that include expert material, including but not limited to survey materials, Defendant objects to any such requests as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports to be determined by the Court.

6. Defendants incorporate by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Defendant does not waive its right to amend its responses.

**RESPONSES**

1. Produce records related to any work that was done on the SUV, both by Defendant Klein's brother and by J&J Collision shop (Tr. 104-105).

Response: I do not have any responsive documents in my possession. I requested any information from J&J Collision shop, but I was informed that they did not have any documents related to this request.

2. Produce all records related to Mr. Klein's participation in the 14-week NYPD Citizens Police Academy training (Tr. 21-22).

Response: I am unable to locate any records related to this request.

3. Produce Moses Friedrich's business address and phone number (Tr. 22).

Response:      1111 Rogers Ave, Brooklyn, NY 11226 –

              347-409-7859

4. Produce Elkanah Adelman's business address and phone number (Tr. 61).

Response:  I do not know the business address or phone number.  Furthermore, I am unable to provide it because my request for the information was denied.

5. Produce Shmuly Kassover's business address and phone number (Tr. 61).

Response: I do not know the business address or phone number.  Furthermore, I am unable to provide it because my request for the information was denied.

6. Produce a copy of the lease from the SUV Mr. Klein possessed on August 5, 2022 and November 11, 2022 (Tr. 67).

Response: Please see attached all of the documents related to the vehicle.  I do not have the lease in possession.

7. Identify Joel Rutner's business address and phone number (Tr. 68-69).

Response: I do not know the business address or phone number.  Furthermore, I am unable to provide it because my request for the information was denied.

8. Produce a copy of lease from the Chevy Tahoe SUV Mr. Klein currently possesses (Tr. 69-70).

Response: I am unable to locate any records related to this request.

9. Provide Defendant Klein's brother Yoely Klein's business address and phone number for a company that does tinting work (Tr. 71).

Response: I do not have this information at this time, however, I will supplement this response, if it becomes available.

10. Provide the first name, business address, and phone number of Mr. Gutman (Defendant Klein's accountant) (Tr. 73).

11. Identify the name of Defendant Kleins' brother Yoely Klein's company that does tinting work (Tr. 74).

12. Provide the business address and phone number of J&J Collision shop (Tr.104).

Response:      1668 Utica Ave, Brooklyn, NY 11234

              718-622-0700

13. Produce records related to any work done on the SUV by or on behalf of Joel Rutner (Tr. 104-105).

Response: The vehicle never received "work done" on the SUV, therefore I do not have documents related to this request.

14. Produce texts, e-mails, or other records reflecting communications between or among Defendant Klein,

his brother, Joel Rutner, or the dealerships where the SUV Defendant

Klein leased in 2022 and 2023 came from, including any invoices or bills and records regarding payments that were made for the leases or any work on theSUV (Tr. 106).

Response: I do not have documents related to this request.

15. Produce records regarding the purchase or replacement of the license plate covers on the SUV in 2022 and 2023 (Tr. 106).

Response: I do not have documents related to this request.

16. Produce the metadata from the photos Defendant Klein produced in his discovery responses. (Tr. 110).

Response: Will be provided.

17. Produce all pictures that relate to Mr. White or Defendant Klein's interactions with him on August 5, 2022 or November 11, 2022, including metadata. (Tr.115).

Response: All photos were provided. I will provide the metadata as soon as I can.

18. Identify Defendant Klein's iCloud account name and any other identifying information (Tr. 119).

Response: I am currently unable to provide account name and information.

19. Produce all additional pictures of the SUV from 2019 through 2022 that have not yet been disclosed. (Tr. 119-120).

Response: I do not have any records or receipts for this request.

20. Produce all communications from Defendant Klein's family WhatsApp group between 2022 and the present regarding Mr. White, the incident, or this lawsuit.(Tr. 121).

Response: I do not have any records related to this request.

21. Produce all photographs of Defendant Klein's SUV from the WhatsApp group between 2019 and the present. (Tr. 121)

Response:. I do not have any records related to this request.

22. Produce copies of the SUV's registration during August 2022 and November 2022. (Tr. 122).

Response: See attached.

23. Provide the business address and phone number of Goldie Klein (Defendant Klein's sister-in-law. (Tr. 123).

Response:        114 Shuart Road Airmont NY 10952

24. Identify the drop-off/traffic ticket company that Defendant Klein testified he used to handle tickets, including, but not limited to, by providing its specific address

and phone number. (Tr. 125-127).

Response:. I do not have any records related to this request.

25. Produce all documents reflecting payments to that company related to any kind of tickets, summonses or notices of violation, between 2019 and the present. (Tr.127)

Response:. I do not have any records related to this request.

26. Identify the name, address, and phone number of the car wash Defendant Klein testified that he used for buffing out scratches the paint on the SUV. (Tr. 179-180)

Response: Burnside Ave Inwood, NY 11096

215-618-8808

27. Produce all messages that were forwarded to Defendant Klein on any social media platform (including Twitter) that he says were harassment and/or

embarrassing him after August 5, 2022 and November 11, 2022, as well as any responses thereto. (Tr. 183).

Response:. I do not have any records related to this request.

28. Identify anyone who communicated with Defendant Klein about the August 5, 2022 and November 11, 2022 incidents, including, but not limited to, all six of his brothers, and all of his brother-in-laws, other family members, and each of the "lot of different people" he testified about. (Tr. 185-186, 188-189).

Response:. Moses Friedrich 347-409-7859

29. Produce a copy of the Rockaway Nassau Safety Patrol Community Patrol Volunteer identification Mr. Klein had in his wallet on November 11, 2022. (Tr. 210).

Response: I do not have any records related to this request.

30. Produce cell phone records reflecting the calls between Defendant Klein and representatives of the Office of the Kings County District Attorney between November 11, 2022 and November 29, 2022. (Tr. 233).

Response: I do not have any records related to this request.

31. Identify the person Defendant Klein testified had a store down the block from the incident location, whom Defendant Klein claimed had complained to him about someone damaging his vehicle.

Response: I am unable to provide any information regarding this request as I have been unable to locate the person for their information.

## VERIFICATION RESPONSES

I, Sholem Klein, hereby declare under penalty of perjury that the following is true and correct: I have read the answers to the interrogatories, document requests, and demands to inspect above and they are true and correct to the best of my knowledge, information, and belief, except as to any objections interposed by counsel and any matters stated therein to be upon information and belief, and as to those matters I believe them to be true.

Dated: June 20, 2024

/s/ Sholem Klein
Sholem Klein