**Gideon Orion Oliver**
—ATTORNEY AT LAW—
He/him/his

277 Broadway, Suite 1501
New York, NY 10007

1825 Foster Avenue, Suite 1K
Brooklyn, NY 11230

Gideon@GideonLaw.com*
GideonLaw.com

**Office**: (718) 783-3682
**Signal**: (646) 263-3495
**Fax**: (646) 349-2914*

*Not for service*

February 12, 2026

**BY ECF**

Hon. Marcia M. Henry, United States Magistrate Judge
United State District Court, Eastern District of New York

    Re:    <u>Adam White v. Sholem Klein, et al.</u>, 23-cv-06924 (RER)(MMH)

Your Honor:

    I am co-counsel for Plaintiff. I write to report about the status of settlement negotiations as to the only issue remaining in the case – the amount of attorney's fees, costs, and expenses Plaintiff is entitled to – and seeking the following relief: (1) a settlement conference; (2) an order directing Defendants to make offers by a reasonable, prompt date certain in advance; and (3) a stay or adjustment of the February 27, 2026 final deadline by which Plaintiff must make any application for the Court to resolve the issue.[1] Defendant Sholem Klein consents to this application. I asked counsel for the City and the remaining Defendants (the "City Defendants") for their position at around 3:15pm on February 10, 2026, stating that I wanted to file this application that day. I have not yet had a response.

    Plaintiff provided detailed timesheets and a settlement demand to Defendants on June 20, 2025. At that time, the City Defendants were represented by Joseph J. Hiaraoka, Jr., Esq. As of mid-July of 2025, Mr. Hiraoka was no longer on the case, and, as of around July 24, 2025, new counsel was assigned. However, at no time since June 20, 2025 have the City Defendants responded to Plaintiff's demand with an offer, and it does not yet appear the City Defendants have authority to do so yet. As a result, there is no longer time to engage in meaningful negotiations before the February 27, 2026 deadline for Plaintiffs' motion.

---

[1] For background on prior applications for extensions of the deadline in this matter, Plaintiff accepted offers of judgment pursuant to Fed.R.Civ.P. Rule 68, which resolved all of the claims in the case except those for attorney's fees, costs, and expenses. In a March 11, 2025 text-only order, the Court extended the deadline to file any application for attorney's fees, costs, and expenses until 60 days after the Clerk of the Court entered the judgments. The judgments were subsequently entered on March 12, 2025, making the deadline for any attorney's fees, costs, and expenses application May 12, 2025. On May 12, 2025, the Court granted a joint application by all parties (ECF 46) to extend that deadline to July 14, 2025. On July 7, 2025, the Court granted another joint application by all parties (ECF 47) to extend that deadline to September 29, 2025. On September 18, 2025, the Court granted another joint application by all parties (ECF 48) to extend that deadline to December 29, 2025. On December 11, 2025, the Court granted another joint application by all parties (ECF 49) to extend that deadline to February 27, 2026, stating that there would be no further extensions.

Since June 20, 2025, the ball has been in the City Defendants' court[2]. Since July 24, 2025, I have e-mailed counsel for the City Defendants no fewer than seven times to ask for a response to the June 20, 2025 demand.[3] As of a November 20, 2025 e-mail, although around four months had passed since counsel was assigned to the case, counsel was "not yet in a position to discuss" and "need[ed] more time to review the extensive billing records." And, as of the parties' December 8, 2025 application for an additional 60 days, counsel stated:

> This undertaking, however, which entails the review of more than forty pages of detailed billing records, has proven much more time consuming than expected. While the undersigned has begun this process, additional tie is needed to complete the review, conduct legal research, as needed, and then confer with the Comptroller's Office on a reasonable resolution.

As of early February, there had not been communication from counsel for the City Defendants about the matter. On February 10, 2026, I pointed out that "Plaintiff's fee application is again due soon and there is again no longer time for us to engage in meaningful negotiations before the deadline," asking for a response to the June 20, 2025 demand "as soon as possible, and in any event, before close of business" on February 11, 2026. Counsel for the City Defendants responded: "I am working on it and hope to be able to respond next week."

However, as stated above, a first response to a June 20, 2025 demand at some point the week before a fee application is due is simply too late, particularly when the parties were supposed to be engaging in negotiations well before the eleventh hour. And, as a result of the timing, Plaintiff will be prejudiced in any resulting, necessarily truncated, negotiations before the February 27, 2026 deadline.

For the foregoing reasons, I ask that the Court (1) schedule a settlement conference; (2) issue an order directing Defendants to make offers by a reasonable, prompt date certain in advance; and (3) stay or adjust the February 27, 2026 final deadline by which Plaintiff must make any application for the Court to resolve the issue. Thank you for the Court's attention to this matter.

Respectfully submitted,

/S/

Gideon Orion Oliver

---

[2] Relatedly, my understanding is that counsel for Defendant Klein intends to make an offer on behalf of his client after the City Defendants have authority and the Defendants have consulted together.

[3] Those contacts included e-mails from Plaintiff's counsel on September 12, 2025; September 15, 2025; November 12, 2025; November 20, 2025; December 3, 2025; February 6, 2026; and February 10, 2026.